IRELL & MANELLA LLP
Jonathan S. Kagan (SBN 166039)
jkagan@irell.com
Joshua Glucoft (SBN 301249)
jglucoft@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Rebecca Carson (SBN 254105)
rcarson@irell.com
Nima Hefazi (SBN 272816)
nhefazi@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:17-cv-05659-WHA<br><br>**JUNIPER NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       February 1, 2018<br>Time:       8:00 a.m.<br>Judge:      William Alsup<br>Courtroom:  12 – 19th Floor |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:17-cv-05659-WHA

10402320

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 1, 2018, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12, 19th Floor, of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable William Alsup, Defendant Juniper Networks, Inc. ("Juniper") will and hereby does move for an order dismissing with prejudice the claims of willful infringement and indirect infringement in the complaint filed by Plaintiff Finjan, Inc. ("Finjan") on September 29, 2017 (the "Complaint").  This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Rebecca L. Carson, all documents in the Court's file, and such other written or oral argument as may be presented at or before the time this motion is heard by the Court.

## STATEMENT OF RELIEF REQUESTED

Juniper seeks an order dismissing Finjan's willful infringement and indirect infringement claims pursuant to Rules 8 and 16(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## STATEMENT OF ISSUES TO BE DECIDED

Whether the Complaint fails to state claims for willful infringement with respect to U.S. Patent Nos. 6,154,844, 6,804,780, 7,647,633, 7,613,926, 8,141,154, 6,677,494, 7,975,305, and 8,225,408 because Finjan has not set forth adequate factual allegations to establish that Juniper (1) had pre-suit knowledge of the asserted patents, or (2) engaged in "egregious" conduct that would warrant enhanced damages.

///

///

///

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:17-cv-05659-WHA

- 1 -

1       Whether the Complaint fails to state a claim for indirect infringement with respect to U.S.

2  Patent Nos. 6,154,844, 6,804,780, 7,647,633, 7,613,926, 6,677,494, 7,975,305, and 8,225,408

3  because Finjan has not set forth adequate factual allegations to establish that Juniper had

4  (1) knowledge of the asserted patents and alleged infringement, or (2) specific intent to induce a

5  third party to infringe the asserted patents.

6  Dated: December 22, 2017               Respectfully submitted,

7                                   IRELL & MANELLA LLP

8

9                         By:   */s/ Rebecca Carson*

                              Rebecca Carson
10                          Attorneys for Defendant

                              JUNIPER NETWORKS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

- 2 -

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:17-cv-05659-WHA

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION.................................................................................................1

II.   FACTUAL BACKGROUND ............................................................................2

III.  LEGAL STANDARD .........................................................................................5

IV.   ARGUMENT ......................................................................................................6

    A.    Finjan Fails To Adequately Plead Willful Infringement.........................6

        1.    Finjan Has Not Adequately Plead Pre-Suit Knowledge..............7

        2.    Finjan Also Fails To Adequately Allege "Egregious Conduct."............................................................................9

    B.    Finjan Also Fails To Adequately Plead Indirect Infringement. ...........12

V.    CONCLUSION .................................................................................................18

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ameranth, Inc. v. Hilton Resorts Corp.*,
5
    2013 WL 12071642 (S.D. Cal. July 18, 2013).................................................................16

6

*Apple, Inc. v. Samsung Electronics Co., Ltd.*,
7
    258 F. Supp. 3d 1013 (N.D. Cal. 2017) ....................................................................12

*Ashcroft v. Iqbal*,
8
    556 U.S. 662 (2009) ..............................................................................................6, 14

9

*Avocet Sports Tech., Inc. v. Garmin Intern., Inc.*,
10
    2012 WL 2343163 (N.D. Cal. June 5, 2012) ...........................................................12, 15

*Bell Atlantic Corp. v. Twombly*,
11
    550 U.S. 544 (2007) ................................................................................................5, 6

12

*CAP Co., Ltd. v. McAfee, Inc.*,
13
    2015 WL 3945875 (N.D. Cal. June 26, 2015) ................................................................13

14

*Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*,
15
    77 F.Supp.3d 756 (N.D. Ill. 2015) .........................................................................8, 13

16

*CG Tech. Dev., LLC v. Big Fish Games, Inc.*,
    2016 WL 4521682 (D. Nev. Aug. 29, 2016)...............................................................11

17

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
18
    2017 WL 58572 (D. Nev. Jan. 4, 2017) ...................................................................11

19

*Commil USA, LLC v. Cisco Sys., Inc.*,
20
    135 S. Ct. 1920 (2015) ...........................................................................................12

*Conley v. Gibson*,
21
    355 U.S. 41 (1957) ..................................................................................................5

22

*Cont'l Circuits LLC v. Intel Corp.*,
23
    2017 WL 2651709 (D. Ariz. June 19, 2017)................................................................11

24

*Dorman Products, Inc. v. Paccar, Inc.*,
    201 F.Supp.3d 663 (E.D. Penn. 2016) ......................................................................11

25

*DSU Med. Corp. v. JMS Co., Ltd.*,
26
    471 F.3d 1293 (Fed. Cir. 2006)................................................................................12

27

*Emazing Lights, LLC v. De Oca*,
28
    2016 WL 7507765 (C.D. Cal. June 20, 2016)............................................................11

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

- ii -

**Page**

*Evolved Wireless, LLC v. Samsung Electronics Co., Ltd.*,
2016 WL 1019667 (D. Del. March 15, 2016) ....................................................................8, 13

*Finjan, Inc. v. Cisco Systems Inc.*,
2017 WL 2462423 (N.D. Cal. June 7, 2017) ..................................................................... *passim*

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) ...........................................................................................................17

*Greatbatch Ltd. v. AVX Corporation*,
2016 WL 7217625 (D. Del. Dec. 13, 2016) .........................................................................11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016) ......................................................................................................6, 9

*Longitude Licensing v. Apple Inc.*,
2015 WL 1143071 (N.D. Cal. Mar. 13, 2015) .....................................................................7, 8

*Novitaz, Inc. v. inMarket Media, LLC*,
2017 WL 2311407 (N.D. Cal. May 26, 2017) .........................................................................6

*Radware Ltd. v. A10 Networks, Inc.*,
2013 WL 5373305 (N.D. Cal. Sept. 24, 2013) ......................................................................16

*Radware Ltd. v. A10 Networks, Inc.*,
Case No. 5:13-cv-02021-RMW, Dkt. No. 28 .......................................................................16

*Radware, Ltd. v. F5 Networks, Inc.*,
2016 WL 4427490 (N.D. Cal. Aug. 22, 2016) ........................................................................7

*Star Envirotech, Inc. v. Redline Detection, LLC*,
2014 WL 12589111 (C.D. Cal. Oct. 30, 2014) .....................................................................15

*Straight Path IP Group, Inc. v. Apple Inc.*,
2016 WL 8729942 (N.D. Cal. Oct. 21, 2016) ....................................................................13, 16

*Straight Path IP Group, Inc. v. Apple Inc.*,
Case 3:16-cv-03582-WHA, Dkt. No. 34 ...............................................................................16

*TCL Communications Technology Holdings Ltd v. Telefonaktenbologet
LM Ericsson*,
2014 WL 12588293 (C.D. Cal. Sept. 30, 2014) ....................................................................17

*U.S. Ethernet Innovations, LLC v. Netgear, Inc.*,
2013 WL 4112601 (N.D. Cal. Aug. 12, 2013) .......................................................................16

*Unisone Strategic IP, Inc. v. Life Techs. Corp.*,
2013 WL 5729487 (S.D. Cal. Oct. 22, 2013) .........................................................................15

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

**Page**

*Unisone Strategic IP, Inc. v. Tracelink, Inc.*,
    2013 WL 12077477 (S.D. Cal. Dec. 16, 2013) ............................................................13

*Unwired Planet, LLC v. Apple Inc.*,
    2017 WL 1175379 (N.D. Cal. Feb. 14, 2017)..........................................................8, 13

*Varion Med. Sys., Inc. v. Elekta AB*,
    2016 WL 3748772 (D. Del. July 12, 2016)....................................................................11

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
    2012 WL 1831543 (N.D. Cal. May 18, 2012) ..........................................................8, 12

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016) .......................................................................................7

*XpertUniverse, Inc. v. Cisco Sys.*,
    2017 WL 4551519 (N.D. Cal. Oct. 11, 2017)..............................................................10

**Statutes**

35 U.S.C. § 284 ..........................................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 8(a).....................................................................................................................5

Fed. R. Civ. P. 8(a)(2) ................................................................................................................5

Fed. R. Civ. P. 12(b)(6)......................................................................................................6, 11

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Finjan's willfulness and indirect infringement claims fail to meet the pleading requirements and must be dismissed.  The Complaint purports to assert claims for willful infringement for all eight Patents-in-Suit, as well as claims for induced infringement of seven of the Patents-in-Suit.  But the allegations are lacking in numerous respects.

As an initial matter, a prerequisite to any claim for willfulness is establishing that the defendant had pre-suit knowledge of the asserted patent and the alleged infringement.  Here, the Complaint is devoid of any factual allegations showing that Juniper had pre-suit knowledge of the Patents-in-Suit, much less that Juniper knew its products infringed the Patents-in-Suit.  To try to distract from this failure, Finjan focuses on Juniper's purported knowledge of a non-asserted Finjan patent and Finjan's "patent portfolio" generally.  It is well-settled in this District, however, that knowledge of a patent portfolio or other, similar patents is not sufficient to sustain a claim of willfulness.  *See, e.g., Finjan, Inc. v. Cisco Systems Inc.*, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) ("Knowledge of a patent portfolio generally is not the same thing as knowledge of a specific patent.").  Finjan's willfulness claims also fail because it has not plead sufficient facts for this Court to make a plausible inference that Juniper's actions were "egregious."  The Complaint does not set forth any allegation that Juniper had a subjective belief that it was infringing the Patents-in-Suit.  Nor are there any facts in the Complaint to suggest that Juniper's alleged conduct is anything more than a "typical" case of infringement.  Because Finjan has not—and indeed, cannot—assert that Juniper had pre-suit knowledge of the Patents-in-Suit or that Juniper's conduct was "egregious," Finjan's claims for willfulness should be dismissed.

Finjan's failure to adequately plead that Juniper had pre-suit knowledge of the Patents-in-Suit and the alleged infringement is also fatal to its indirect infringement claims.  As with willfulness, general knowledge of a patent portfolio or of other, similar patents is simply not sufficient to support a claim for inducement.  Finjan does not allege that it provided Juniper with pre-suit notice of the specific Patents-in-Suit.  Nor does Finjan explicitly allege that Juniper was put on notice of the Patents-in-Suit when it filed its Complaint or attempt to set forth a theory of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

- 1 -

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

indirect infringement based on Juniper's post-Complaint conduct.  As such, Finjan's indirect infringement claims are insufficient.  Even if Finjan had adequately plead the requisite knowledge elements, however, its indirect infringement claims should still be dismissed because the Complaint fails to adequately allege that Juniper had "specific intent" to induce a third party to infringe the Patents-in-Suit.

## II.  FACTUAL BACKGROUND

Finjan filed a Complaint against Juniper on September 29, 2017, alleging that Juniper directly infringed eight patents: U.S. Patent Nos. 6,154,844 ("'844 Patent"), 6,804,780 ("'780 patent"), 7,647,633 ("'633 patent"), 7,613,926 ("'926 patent"), 8,141,154 ("'154 patent"), 6,677,494 ("'494 patent"), 7,975,305 ("'305 patent"), and 8,225,408 ("'408 patent") (collectively, the "Patents-in-Suit").[1]

For each of these patents, Finjan also alleges that Juniper's infringement was willful.  Dkt. No. 1 (Complaint) at ¶¶ 70, 86, 105, 123, 140, 155, 175, and 192.  Finjan's willful infringement allegations are identical for each of the Patents-in-Suit, and are as follows:

> 68.    Defendant has been long-aware of Finjan's patents, including the [] Patent, and continued its infringing activity despite this knowledge.  On or about June 10, 2014, Finjan informed Defendant of its patent portfolio, including the Asserted patents and Defendant's infringement thereof.  On or about July 2, 2014, Finjan provided a representative claim chart mapping one of Finjan's patents to Defendant's accused products and services.  Finjan diligently, but unsuccessfully, attempted to engage in good faith negotiations with Defendant regarding Finjan's patent portfolio,

---

[1] The '844, '494, '926, and '633 patents expired before Finjan filed its Complaint.  *See* Declaration of Rebecca Carson ¶ 4.  The '844 patent and '494 patent claim priority to U.S. Patent No. 6,156,520 ('520 patent), which was filed on January 29, 1997 and expired on January 29, 2017.  *Id.*  Thus, the '844 and '494 patent expired on January 29, 2017.  *Id.*  The '926 patent is subject to a terminal disclaimer against the '844 patent so the '926 expired on January 29, 2017 as well.  *Id.*  Finally, the '633 patent is subject to a terminal disclaimer against U.S. Patent No. 7,058,822 ('822 patent), which claims priority to the '520 patent.  Since the '520 patent expired on January 29, 2017, the '822 patent is expired, as is the '633 patent.  *Id.*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

- 2 -

explaining Defendant's infringement of each claim of a representative patent, element-by-element.

69.     Even after being shown that its products infringe Finjan's patents, on information and belief Defendant has made no effort to design its products or services around Finjan's patents, in order to avoid infringement.  Instead, on information and belief Defendant incorporated infringing technology into additional products, such as those identified in this complaint.  Defendant was dismissive of Finjan's attempts, over several years, to engage in licensing discussions and expressed more interest in Finjan's status as a practicing entity than in Finjan's analysis of how Defendant's products read on Finjan's patents.  For years Defendant refused to seriously consider Finjan's patent portfolio under a non-disclosure agreement.  All of these actions demonstrate Defendant's blatant and egregious disregard for Finjan's patent rights.

70.     Despite its knowledge of Finjan's patent portfolio and Asserted Patents, being provided a representative claim chart of Finjan patents, and engaging in multiple meetings regarding infringement of Defendant's products and services, Defendant has sold and continues to sell the accused products and services in complete and reckless disregard of Finjan's patent rights.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the [] Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

Dkt. No. 1 (Complaint) ¶¶ 68-70, 84-86, 103-105, 121-123, 138-140, 153-155, 173-175, 190-192 (containing identical language).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

- 3 -

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

1      Another part of the Complaint—entitled "Finjan's Notice of Infringement to Defendant"

2   makes clear that the "representative claim chart" that Finjan provided to Juniper in 2014 was for

3   U.S. Patent No. 6,965,968 (the "'968 Patent"), which is not one of the Patents-in-Suit.  *Id.* at

4   ¶¶ 34-35.  Finjan further alleges that, in response to its '968 patent claim chart, Juniper "sent a

5   letter to Finjan listing ten patents that [Juniper] believed would be considered 'prior art' to the

6   '968 Patent."  *Id.* at ¶ 37.  Moreover, the Complaint acknowledges that Finjan chose ***not*** to provide

7   Juniper with any claim charts for other patents because Juniper declined Finjan's request to enter

8   into a non-disclosure agreement.  *Id.* at ¶¶ 35-36.

9      In addition to allegations of direct and willful infringement, the Complaint also alleges that

10  Juniper induced others to infringe each of the Patent-in-Suit, other than the '154 patent.  Finjan

11  bases its claims for induced infringement on the same boiler-plate allegations for each of the

12  patents, save for the patent and claim numbers:

13          73.     In addition to directly infringing the [] Patent, Defendant

14                  indirectly infringes the [] Patent pursuant to 35 U.S.C. § 271(b) by

15                  instructing, directing, and/or requiring others, including its

16                  customers, purchasers, users, and developers, to perform one or

17                  more of the steps of the method claims, either literally or under the

18                  doctrine of equivalents, of the [] Patent, where all the steps of the

19                  method claims are performed by either Defendant, its customers,

20                  purchasers, users or developers, or some combination thereof.

21                  Defendant knew or was willfully blind to the fact that it was

22                  inducing others, including customers, purchasers, users or

23                  developers, to infringe by practicing, either themselves or in

24                  conjunction with Defendant, one or more method claims of the []

25                  Patent, including at least Claims [].

26

27          74.     Defendant knowingly and actively aided and abetted the

28                  direct infringement of the [] Patent by instructing and encouraging

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

10402320                                - 4 -

1    its customers, purchasers, users and developers to use the [] Accused

2    Products.  Such instruction and encouragement includes, but is not

3    limited to, advising third parties to use the [] Accused Products in an

4    infringing manner, providing a mechanism through which third

5    parties may infringe the [] Patent, advertising and promoting the use

6    of the [] Accused Products in an infringing manner, and distributing

7    guidelines and instructions to third parties on how to use the []

8    Accused Products in an infringing manner.

9

10    75.    Defendant updates and maintains an HTTP site called the

11    "Technical Assistance Center" with Defendant's installation guides,

12    troubleshooting guides, user guides, and operating instructions for

13    Defendant's accused products.  *See, e.g.,*

14    http://www.juniper.net/documentation/;

15    https://www.juniper.net/documentation/en_US/release-

16    independent/junos/topics/concept/servicesgateway-srx240-jtac.html,

17    attached hereto as Exhibits 21, 22.[2]

18  Dkt. No. 1 (Complaint) ¶¶ 73-75, 89-91, 108-110, 126-128, 158-160, 178-180, 195-197.

19  **III.    LEGAL STANDARD**

20    Under Rule 8(a), a complaint must plead facts sufficient to "show[] that the pleader is

21  entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of this rule is to ensure that the plaintiff

22  "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests."

23  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  "[A] plaintiff's obligation to provide the 'grounds' of

24  his 'entitle[ment] to relief'" under Rule 8(a) "requires more than labels and conclusions, and a

25  formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v.*

26

27    [2] Exhibits 21 and 22 are nothing more than the directory page to Juniper's online product

28  resources, and an information page that provides contact information for Juniper's customer
support.  Carson Decl. Exs. A and B.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

10402320                                                   - 5 -

*Twombly*, 550 U.S. 544, 555 (2007).  Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Dismissal under Rule 12(b)(6) is thus appropriate if the factual allegations do not "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555-56.

When deciding a Rule 12(b)(6) motion to dismiss, only well-pleaded **facts** alleged in the complaint are to be considered.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Further, "only a complaint that states a *plausible* claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (emphasis added).

## IV.   <u>ARGUMENT</u>

### A.   Finjan Fails To Adequately Plead Willful Infringement.

Finjan's claims for willful infringement are inadequate and the Court should therefore dismiss them.  "Section 284 gives district courts the discretion to award enhanced damages against those guilty of patent infringement."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).  In applying this discretion, however, district courts are to limit "the award of enhanced damages to *egregious cases of misconduct beyond typical infringement*."  *Id.* (emphasis added). The "sort of conduct warranting enhanced damages [under 35 U.S.C. § 284] has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Id.* at 1932.

Willfulness is "a separate claim that can be subject to a motion to dismiss."  *Novitaz, Inc. v. inMarket Media, LLC*, 2017 WL 2311407, at *5 (N.D. Cal. May 26, 2017).  As such, any willfulness allegations must meet the factual and plausibility pleading requirements, just as any

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

10402320

- 6 -

other claim.  To state a claim for willful infringement, the complaint must plead sufficient facts to show the alleged infringer: (1) had adequate knowledge of the asserted patents and infringement, and (2) engaged in egregious conduct that would warrant enhanced damages.  *See Finjan, Inc. v. Cisco Systems Inc.*, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017).  Here, Finjan has not adequately alleged either of these elements, and its willfulness claims should thus be dismissed.

### 1. *Finjan Has Not Adequately Plead Pre-Suit Knowledge.*

"Claims of willful patent infringement require an allegation that the defendant had knowledge of the asserted patents and its alleged infringement of those patents before the lawsuit was filed." *Longitude Licensing v. Apple Inc.*, 2015 WL 1143071, at *2 (N.D. Cal. Mar. 13, 2015); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."); *Finjan, Inc.*, 2017 WL 2462423, at *5 (dismissing willfulness claim where Complaint did "not contain factual allegations that would enable the Court to plausibly conclude that Cisco had pre-suit knowledge"); *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 4427490, at *3 (N.D. Cal. Aug. 22, 2016) (no willfulness where there was inadequate evidence of pre-suit knowledge).

Here, the Complaint does not adequately allege that Juniper had pre-suit knowledge of the Patents-in-Suit, much less any knowledge that it was infringing those patents.  Tellingly, while the Complaint contains a section entitled "Finjan's Notice of Infringement," it is devoid of any mention of the Patents-in-Suit.  *See* Dkt. No.1 (Complaint) ¶¶ 34-42.  Instead, Finjan merely alleges that it notified Juniper of a patent that is not even asserted against Juniper in this case—the '968 patent—as well as Finjan's "patents" and "patent portfolio" generally.  *Id*.  In fact, the **only** mention in the Complaint of Juniper's purported knowledge of the Patents-in-Suit—as opposed to Juniper's knowledge of Finjan's patents generally or the non-asserted '968 patent—is an ambiguous statement in each Count that "[o]n or about June 10, 2014, Finjan informed Defendant of its patent portfolio, including the Asserted patents and Defendant's infringement thereof." *See* Dkt. No. 1 (Complaint) ¶¶ 68, 84, 103, 121, 138, 153, 173, and 190 (containing identical language).  Finjan's own description of that June 10, 2014 communication, however, makes clear that Finjan chose **not** to provide Juniper with information about any specific patents other than the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

- 7 -

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

1   '968 patent because Juniper declined to enter into a non-disclosure agreement.  *Id.*  Moreover, the

2   Complaint lacks any underlying factual allegations that would allow this Court to infer that

3   Juniper was provided specific notice of the Patents-in-Suit, including basic facts such as how

4   many patents are included in Finjan's "patent portfolio" or whether Finjan provided Juniper with a

5   list of the patents included in its portfolio (and if so, how the Patents-in-Suit were identified).

6          Finjan's allegation that Juniper had pre-suit knowledge of its patent portfolio is insufficient

7   as a matter of law to state a claim for willfulness.  Indeed, courts in this jurisdiction and others

8   have routinely determined that notice of a plaintiff's patent portfolio is not sufficient to plead the

9   knowledge elements of a willfulness claim.  *See e.g., Longitude Licensing*, 2015 WL 1143071, at

10  *2 (allegation that "[Apple] had knowledge of the Patents–in–Suit as part of the SanDisk patent

11  portfolio . . ." was insufficient to state a claim for willfulness as knowledge of a patent portfolio

12  "is insufficient to allege Apple's pre-lawsuit knowledge of the specific patents-in-suit" and

13  "[e]ven if it could be construed as a general allegation that Apple had knowledge of the patents-in-

14  suit prior to the lawsuit, it fails as a recitation of the legal standard for willful infringement without

15  underlying factual support"); *Finjan*, 2017 WL 2462423, at *5 ("Knowledge of a patent portfolio

16  generally is not the same thing as knowledge of a specific patent."); *Vasudevan Software, Inc. v.*

17  *TIBCO Software Inc.*, 2012 WL 1831543, at *3, 6 (N.D. Cal. May 18, 2012) (granting motion to

18  dismiss because knowledge of the patent-in-suit may not be inferred from "TIBCO's alleged

19  awareness of the '006 patent [a family member of the asserted patent], or, more generally, VSI's

20  'patent portfolio,' whatever it may include" and noting that "[t]he requisite knowledge of the

21  patent allegedly infringed simply cannot be inferred from mere knowledge of other patents, even if

22  somewhat similar"); *Unwired Planet, LLC v. Apple Inc.*, 2017 WL 1175379, at *2 (N.D. Cal. Feb.

23  14, 2017) (familiarity with a patent portfolio does not "give[] a jury reason to infer Apple's

24  subjective belief that the patent was infringed"); *Evolved Wireless, LLC v. Samsung Electronics*

25  *Co., Ltd.*, 2016 WL 1019667 (D. Del. March 15, 2016) ("[A] patent included in an appendix

26  containing dozens of patents does not place a defendant on notice of the patents-in-suit");

27  *Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, 77 F.Supp.3d 756, 766 (N.D. Ill.

28  2015) (concluding that the listing of the patent-in-suit in the appendix of thirty-nine patents

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

10402320                               - 8 -

1  without further explanation was insufficient to create a triable issue as to the defendant's

2  knowledge).

3      This is not the first time Finjan has tried to bring a claim of willfulness against a defendant

4  in this District without an adequate factual basis for pre-suit knowledge.  For example, in *Finjan,*

5  *Inc. v. Cisco Systems Inc.*, 2017 WL 2462423, at *2 (N.D. Cal. June 7, 2017), Finjan tried to assert

6  a claim of willfulness against Cisco based on allegations that Cisco had gained knowledge of

7  Finjan's "patent portfolio and patented technology" through "multiple substantial investments . . .

8  beginning as early as 2004," just as it is trying to rely on allegations of Juniper's general

9  knowledge of Finjan's "patents" and "patent portfolio" here.  And, just as it does here against

10  Juniper, Finjan included the conclusory allegation that Cisco was "well aware of Finjan's patents,

11  including the [Asserted Patents]."  *Id.*  The *Cisco* court correctly held that this was insufficient,

12  noting that "[k]nowledge of a patent portfolio generally is not the same thing as knowledge of a

13  specific patent" and finding that the complaint failed to include adequate factual support for the

14  conclusory statement that Cisco was aware of the specific asserted patents.  *Id*. at 5.  Because

15  Finjan's allegations of pre-suit knowledge against Juniper are no better than the allegations against

16  Cisco, the same result is warranted.  The Court should dismiss Finjan's claims for willful

17  infringement.

18          2.      ***Finjan Also Fails To Adequately Allege "Egregious Conduct."***

19      Even if Finjan had adequately alleged knowledge (which it did not), its willful

20  infringement allegations should still be dismissed because the Complaint also fails to adequately

21  allege any "egregious" conduct.  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935

22  (2016) (enhanced damages are reserved for "***egregious*** cases of misconduct ***beyond typical***

23  ***infringement***"); *see also Finjan*, 2017 WL 2462423, at *5 (granting motion to dismiss willfulness

24  claims where complaint "does not contain sufficient factual allegations to make it plausible that

25  Cisco engaged in 'egregious' conduct").

26      Here, the complaint lacks any allegations that would allow the Court to infer that Juniper

27  had a subjective intent to infringe the Patents-in-Suit or that Juniper acted in a way that was

28  "willful, wanton, malicious, [in] bad-faith, deliberate, consciously wrongful, flagrant, or . . .

---

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

characteristic of a pirate."  For example, the Complaint does not include any allegation that Finjan provided Juniper with specific allegations of infringement for the Patents-in-Suit or any claim charts for these patents.  Nor are there any other factual allegations that would allow the Court to infer that Juniper subjectively believed it infringed the Patents-in-Suit.  Indeed, assuming that all of the allegations in the Complaint are true, they at most establish the following scenario:

- Finjan approached Juniper about taking a license to Finjan's patent portfolio and provided Juniper with a claim chart for a ***non-asserted*** patent (Dkt. No. 1 (Complaint) at ¶ 35);

- Juniper responded to Finjan by identifying various prior art that Juniper believed invalidated the non-asserted patent (*id.* at ¶ 37);

- Finjan asked Juniper to sign a non-disclosure agreement to continue the licensing negotiations (*id.* at ¶¶ 35-36);

- Juniper told Finjan it was not interested in a license and declined to enter into a non-disclosure agreement (*id.* at ¶36);

- Finjan chose not to share any additional information with Juniper regarding any other specific patents (*See generally id.* at 35-42); and

- Juniper continued to sell its products (*Id.* at ¶¶ 70, 86, 105, 123, 140, 155, 175, 192).

    In other words, Finjan approached Juniper to take a license to its patent portfolio, presented Juniper with specific allegations of infringement about a ***non-asserted*** patent, Juniper disagreed with Finjan's analysis, and then the negotiations between the parties broke down.  This does not amount to "egregiousness."  In fact, even if Finjan had provided Juniper with infringement contentions concerning the Patents-in-Suit—which it did not—that would still be insufficient.  As courts in this District have held, "[d]isagreement about the existence of continued infringement does not necessarily indicate willful or deliberate misconduct."  *XpertUniverse, Inc. v. Cisco Sys.*, 2017 WL 4551519 (N.D. Cal. Oct. 11, 2017) (dismissing willful infringement claim).  Moreover, an allegation that "despite knowledge of [a plaintiff's] patent portfolio, Defendant has sold and continues to sell the accused products and services" is not sufficient to state a claim for willfulness without "specific factual allegations about [the defendant's] subjective

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

- 10 -

intent" or other facts that "would suggest its behavior was 'egregious.'"  *Finjan*, 2017 WL 2462423, at *5.  This is particularly true where, as here, Finjan has not even asserted that Juniper infringes the only patent that Finjan specifically identified during the pre-suit negotiations.[3] Multiple other district courts have reached the same conclusion.  *See, e.g.*, *Emazing Lights, LLC v. De Oca*, 2016 WL 7507765, at *2 (C.D. Cal. June 20, 2016) ("Even under the more relaxed standard" set forth in "*Halo*," a willfulness claim based on a "'mere allegation, without more,' that Defendants knew of the patents-in-suit will not survive a Rule 12(b)(6) motion."); *CG Tech. Dev., LLC v. FanDuel, Inc.*, 2017 WL 58572, at *6 (D. Nev. Jan. 4, 2017) ("Plaintiffs have not sufficiently alleged willful infringement of [the asserted patents] by reference to a pre-suit Notice Letter that did not identify them but only other patents that were 'part of a much larger portfolio.' Nor are the allegations of infringement in the [First Amended Complaint] sufficient to support allegations of willful infringement in the [Second Amended Complaint]."); *CG Tech. Dev., LLC v. Big Fish Games, Inc.*, 2016 WL 4521682, at *14 (D. Nev. Aug. 29, 2016) ("allegations that [a] Defendant was made aware of the . . . patents" and "continued use of its [allegedly] infringing products" are not "facts suggesting that [the] Defendant's conduct is 'egregious.'"); *Varion Med. Sys., Inc. v. Elekta AB*, 2016 WL 3748772, at *8 (D. Del. July 12, 2016) (dismissing willfulness claim because merely alleging that defendants "continued their actions" after knowing the risk of infringement "does not sufficiently articulate . . . an egregious case of infringement"); *Cont'l Circuits LLC v. Intel Corp.*, 2017 WL 2651709, at *8 (D. Ariz. June 19, 2017) (dismissing

---

[3] Not only are Finjan's allegations insufficient to establish "egregious" conduct, they actually refute any claim for willfulness by acknowledging that Juniper had a subjective belief that the non-asserted Finjan patent was invalid.  Dkt. No. 1 (Complaint) ¶ 37 ("Defendant sent a letter to Finjan listing ten patents that *Defendant believed* would be considered 'prior art' to the '968 Patent.") (emphasis added).  Finjan's admission that Juniper subjectively believed that the one patent that Finjan identified to Juniper was invalid thus forecloses any claim for willfulness.  *See, e.g., Dorman Products, Inc. v. Paccar, Inc.*, 201 F.Supp.3d 663, 680-81 (E.D. Penn. 2016) (finding that PACCAR'S willful infringement claims fail as a matter of law partly because Dorman had a good-faith belief of invalidity); *Greatbatch Ltd. v. AVX Corporation*, 2016 WL 7217625 (D. Del. Dec. 13, 2016) (holding that the defendant did not willfully infringe as a matter of law partly because of its reasonable belief of invalidity before litigation).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

- 11 -

1  willfulness claims because "allegations of knowledge alone are insufficient," and the allegations

2  of continued infringement did not "go beyond those 'in a typical infringement case'").[4]

3  **B.    Finjan Also Fails To Adequately Plead Indirect Infringement.**

4       "To prove a claim for induced infringement, a patentee must show the following elements:

5  (1) that the infringer knew or should have known its actions would induce actual infringement;

6  (2) the infringer had specific intent to induce infringement by another; and (3) direct infringement

7  by another." *Avocet Sports Tech., Inc. v. Garmin Intern., Inc.*, 2012 WL 2343163, *3 (N.D. Cal.

8  June 5, 2012) (J. Ware); *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1925 (2015)

9  (induced infringement "requires knowledge of the patent in suit and knowledge of patent

10  infringement").   "To sufficiently plead a claim for induced infringement, a patentee must allege

11  facts to support each element." *Avocet Sports Tech.*, 2012 WL 2343163, *3.  Here, the Complaint

12  fails to adequately allege the first and second elements, and Finjan's claims for indirect

13  infringement must therefore be dismissed.

14       As a threshold matter, "[t]he requirement that the alleged infringer knew or should have

15  known [that its] actions would induce actual infringement necessarily includes the requirement

16  that [it] knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir.

17  2006).  And, as noted above, the Complaint fails to adequately allege that Juniper had pre-suit

18  knowledge of the Patents-in-Suit.  *See* Section IV(A)(1).  Rather, the Complaint merely alleges

19  that Finjan provided Juniper with notice of Finjan's patent portfolio generally, and its specific

20  infringement contentions with regard to the non-asserted '968 patent.  Courts have routinely

21  determined that notice of a patent portfolio or notice of other, similar patents is not sufficient to

22  satisfy the knowledge requirement for a claim of inducement.  *See, e.g.*, *Vasudevan Software*,

23

---

24   **4**  In *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 258 F. Supp. 3d 1013, 1027 (N.D. Cal. 2017) (J. Koh), another court in this District found that post-filing conduct could support a jury

25  finding of willful infringement.  That case is distinguishable from the circumstances here.  First, it addressed whether there was sufficient evidence to support a jury's verdict, not the requirements

26  for adequately pleading a claim for willful infringement.  Moreover, Apple presented evidence that Samsung had deliberately copied Apple's patented product, and that it explicitly chose not to

27  implement an available alternative after learning of the patents because that design was inferior and it did not want to lose market share.  *Id*. at 1030-1031.  Here, Finjan fails to allege any facts to

28  support an argument that Juniper "copied" Finjan's product or otherwise engaged in any "egregious" actions akin to those of Samsung—either before or after the Complaint was filed.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

- 12 -

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

2012 WL 1831543, at *3, 6 ("TIBCO's alleged awareness of the '006 patent [a family member of the asserted patent], or, more generally, VSI's 'patent portfolio,' whatever it may include.  The requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of other patents, even if somewhat similar."); *Unwired Planet*, 2017 WL 1175379, at *2 ("Unwired also offers evidence suggesting that Apple should have been familiar with the '092 patent because of its inclusion in the Unwired portfolio.  But none of this gives a jury reason to infer Apple's subjective belief that the patent was infringed."); *Evolved Wireless*, 2016 WL 1019667 (granting motion to dismiss induced infringement claim – "a patent included in an appendix containing dozens of patents does not place a defendant on notice of the patents-in-suit"); *Cascades Computer Innovation*, 77 F.Supp.3d at 766 (concluding that the listing of the patent-in-suit in the appendix of thirty-nine patents without further explanation was insufficient to create a triable issue as to the defendant's knowledge at the time).

Finjan's failure to adequately allege pre-suit knowledge of the Patents-in-Suit is fatal to its indirect infringement claims under the '844, '926, '633, and '949 patents, as those patents expired prior to the filing of the Complaint.  Carson Decl. ¶ 4.  As to the remaining patents for which Finjan has asserted induced infringement—i.e., the '780, '305, and '408 patents—the question of whether a plaintiff can pursue post-complaint induced infringement claims where there was no pre-suit knowledge has not been addressed by the Federal Circuit and "[t]he district courts that have addressed the issue have not agreed upon a common answer." *CAP Co., Ltd. v. McAfee, Inc.*, 2015 WL 3945875, at *4 (N.D. Cal. June 26, 2015).  This is of no moment here, however, as Finjan has not explicitly alleged that Juniper gained knowledge of the patents as a result of the filing of the Complaint, or otherwise attempted to set forth a theory of induced infringement based on post-Complaint conduct. *Unisone Strategic IP, Inc. v. Tracelink, Inc.*, 2013 WL 12077477, at *2 (S.D. Cal. Dec. 16, 2013) (dismissing post-complaint claims for inducement because "[n]o where in the Complaint does Plaintiff allege that the filing of the Complaint satisfied the knowledge requirement for induced infringement").  In any event, this Court has previously noted that a plaintiff "may not use this litigation to seek money relief as to infringement that post-dated the complaint unless it later supplements its complaint." *Straight Path IP Group, Inc. v. Apple*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

- 13 -

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

*Inc.*, 2016 WL 8729942, at *2 n.1 (N.D. Cal. Oct. 21, 2016) (J. Alsup) (limiting induced infringement claims to the patents Apple learned of prior to the filing of the action's complaint). Thus, under this Court's prior rulings, the Complaint cannot sustain a claim for induced infringement for any of the Patents-in-Suit without an adequate allegation of pre-suit knowledge.

Finjan's Complaint also fails to allege sufficient facts to support a plausible inference that Juniper "knew or should have known its actions would induce actual infringement" or that it had "specific intent to induce infringement." Each of Finjan's Counts for indirect infringement contains the same, identical, boiler-plate allegations, save for the patent and claim numbers. They first state the following:

> In addition to directly infringing the [] Patent, Defendant indirectly infringes the [] Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing, and/or requiring others, including its customers, purchasers, users, and developers, to perform one or more of the steps of the method claims, either literally or under the doctrine of equivalents, of the [] Patent, where all the steps of the method claims are performed by either Defendant, its customers, purchasers, users or developers, or some combination thereof. Defendant knew or was willfully blind to the fact that it was inducing others, including customers, purchasers, users or developers, to infringe by practicing, either themselves or in conjunction with Defendant, one or more method claims of the [] Patent, including at least Claims [].

Dkt. No. 1 (Complaint) ¶¶ 73, 89, 108, 126, 158, 178, 195. This statement does not allege any *facts*, but rather includes mere "[t]hreadbare recitals of the elements of [the] cause of action" which are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79. Nor does it address whether Juniper had knowledge that its actions would result in infringement by third parties or that Juniper had the required "specific intent."

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

- 14 -

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

1    Finjan's boiler-plate indirect infringement allegations go on to state the following:

2         Defendant knowingly and actively aided and abetted the direct

3         infringement of the [] Patent by instructing and encouraging its

4         customers, purchasers, users and developers to use the [] Accused

5         Products.

6    Dkt. No. 1 (Complaint) ¶¶ 74, 90, 109, 127, 159, 179, 196.  This allegation does nothing to bolster

7    Finjan's claims.  The fact that Juniper instructs third parties how to use the accused products does

8    not address whether Juniper acted with ***knowledge that the accused products were infringing***, or

9    with the ***specific intent to induce infringement***.  *See Avocet Sports*, 2012 WL 2343163, at *4

10   (allegation that defendant provided "'instruction' and 'training' in the use of [its] own products"

11   did "not constitute evidence . . . of 'culpable conduct' that was 'directed to encouraging another's

12   infringement'") (quoting *DSU Med.*, 471 F.3d at 1306); *see also Star Envirotech, Inc. v. Redline*

13   *Detection, LLC*, 2014 WL 12589111, at *5 (C.D. Cal. Oct. 30, 2014) (allegations that defendant

14   "encourage[d] its customers to use the [Accused Products]" and provided "instructions and

15   technical assistance" were "insufficient to establish induced infringement"); *Unisone Strategic IP,*

16   *Inc. v. Life Techs. Corp.*, 2013 WL 5729487, at *3 (S.D. Cal. Oct. 22, 2013) (allegations that

17   defendant "provides instruction, technical support, and training for using its own software" were

18   "not sufficient to plausibly infer that Defendant had the specific intent to induce others to

19   infringe").

20       The Complaint then includes a series of vague allegations about Juniper's alleged

21   "instruction and encouragement":

22        Such instruction and encouragement includes, but is not limited to,

23        advising third parties to use the [] Accused Products in an infringing

24        manner, providing a mechanism through which third parties may

25        infringe the [] Patent, advertising and promoting the use of the []

26        Accused Products in an infringing manner, and distributing

27        guidelines and instructions to third parties on how to use the []

28        Accused Products in an infringing manner.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

- 15 -

Dkt. No. 1 (Complaint) ¶¶ 74, 90, 109, 127, 159, 179, 196.  Once again, however, these allegations lack any factual support for the notion that Juniper was aware of any allegation that the accused products were infringing the Patents-in-Suit, or that it specifically intended for its customers to infringe those patents.  Indeed, nowhere does Finjan identify any specific instruction, advertisement or guideline provided by Juniper that allegedly encouraged or resulted in infringement.  Nor does Finjan allege that Juniper provided such an instruction with the specific intent of inducing infringement.  As a result, these conclusory and vague allegations simply cannot sustain Finjan's burden to allege that Juniper knew its acts would result in infringement or that it had the requisite "specific intent."  *See U.S. Ethernet Innovations, LLC v. Netgear, Inc.*, 2013 WL 4112601, at *3 (N.D. Cal. Aug. 12, 2013) ("USEI has plead that Netgear provided instructions to its customers on how to use its products and that, when the customers operated the products as instructed by Netgear, they directly infringed the patents-in-suit.  However, USEI has not adequately plead that Netgear knew these acts would constitute patent infringement."); *Ameranth, Inc. v. Hilton Resorts Corp.*, 2013 WL 12071642, at *8-9 (S.D. Cal. July 18, 2013) (mere allegations that defendant "advertises, promotes, and encourages the use of" the accused products were insufficient to infer that defendants knew or specifically intended that those products infringe).[5]

Each Count of indirect infringement in the Complaint concludes as follows:

> Defendant updates and maintains an HTTP site called the "Technical Assistance Center" with Defendant's installation guides,

---

[5] While some courts have found that allegations that a defendant has instructed its customers to use its products in an infringing manner are sufficient to establish the "specific intent" element at the pleading phase for purposes of post-filing inducement, those cases are distinguishable from the facts here.  For example, in *Radware Ltd. v. A10 Networks, Inc.*, 2013 WL 5373305 (N.D. Cal. Sept. 24, 2013), the plaintiff identified specific user guides that discussed the specific features that were accused, and also alleged that the products did not have any substantial non-infringing use.  *See Radware Ltd. v. A10 Networks, Inc.*, Case No. 5:13-cv-02021-RMW, Dkt. No. 28 (First Amended Complaint) at ¶¶ 19, 25-26, 35-36, 45-46.  Similarly, in *Straight Path IP Group, Inc. v. Apple Inc.*, 2016 WL 8729942 at *2 n.1 (N.D. Cal. Oct. 21, 2016), the plaintiff had identified detailed statements from the defendant's website for each of the patents-in-suit that discussed the specific accused features.  *Straight Path IP Group, Inc. v. Apple Inc.*, Case 3:16-cv-03582-WHA, Dkt. No. 34 (Amended Complaint) at ¶¶ 32-33, 47-48, 62-63, 77-78, 92-93.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

- 16 -

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

1             troubleshooting guides, user guides, and operating instructions for

2             Defendant's accused products.  *See, e.g.*,

3             http://www.juniper.net/documentation/;

4             https://www.juniper.net/documentation/en_US/release-

5             independent/junos/topics/concept/servicesgateway-srx240-jtac.html,

6             attached hereto as Exhibits 21, 22.

7  Dkt. No. 1 (Complaint) ¶¶ 75, 91, 110, 128, 160, 180, 197.  Exhibits 21 and 22 are nothing more

8  than the directory page of Juniper's online "Guidance Center" for its product set and a page that

9  provides contact information for customers to get in touch with Juniper for customer support

10  issues.  Carson Decl. Exs. A and B.  These webpages do not contain any specific statements about

11  how customers should use the accused products, much less any instructions that would lead to

12  infringement.  Once again, then, these allegations at most support an inference that Juniper

13  provided technical support to its customers, not that Juniper knew the accused products were

14  infringing or specifically intended to induce infringement.[6]

15       In sum, for each of the Patents-in-Suit, the Complaint's boilerplate allegations fail to plead

16  any facts from which the required knowledge and specific intent elements of an induced

17  infringement claim could be plausibly inferred.  Finjan's inducement allegations must therefore be

18  dismissed.[7]

19

20

[6] In each of its Counts for induced infringement, Finjan includes a conclusory allegation that "Defendant knew or was *willfully blind* to the fact that it was inducing others, . . . ."  *See, e.g.*, Dkt. No. 1 (Complaint) ¶ 108.  This conclusory statement is not supported, however, by any of the underlying factual allegations that would be required to establish a claim of willful blindness.  For example, Finjan has not asserted any facts tending to show that Juniper subjectively believed there was a high probability that the Patents-in-Suit existed, let alone that it was infringing them.  Moreover, there are no allegations that Juniper took any deliberate actions to avoid learning of the Patents-in-Suit or the alleged infringement.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (for a defendant to be willfully blind: "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.").

[7] To the extent this Court is inclined to allow Finjan to pursue post-Complaint inducement claims for the patents that have not expired, the Court should at a minimum make clear that "damages for any such indirect infringement will be limited to infringement occurring after [Juniper] obtained knowledge of the patent[s]."  *TCL Communications Technology Holdings Ltd v. Telefonaktiebologet LM Ericsson*, 2014 WL 12588293, at *11 (C.D. Cal. Sept. 30, 2014).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA

- 17 -

1    **V.    <u>CONCLUSION</u>**

2    The allegations in Finjan's Complaint are insufficient to plausibly state claims for willful

3    or indirect infringement.  Finjan's attempt to rely on purported knowledge of its "patent portfolio"

4    is insufficient to establish the knowledge requirements of claims for willful infringement or

5    indirect infringement.  Moreover, Finjan's Complaint also lacks sufficient facts to establish that

6    Juniper's conduct was "egregious" for purposes of willfulness, or that it had the "specific intent"

7    required to state a claim for induced infringement.  Accordingly, the Court should grant Juniper's

8    motion to dismiss.

9    Dated:  December 22, 2017                          Respectfully submitted,

10                                                                        IRELL & MANELLA LLP

11                                                                        By:  */s/ Rebecca Carson*

12                                                                                Rebecca Carson
                                                                                    Attorneys for Defendant
13                                                                                JUNIPER NETWORKS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10402320

- 18 -

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:17-cv-05659-WHA