PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**PLAINTIFF FINJAN, INC.'S LETTER BRIEF REGARDING MOTION TO COMPEL** |

Dear Judge William Alsup,

Plaintiff Finjan, Inc. ("Finjan") submits the following motion to compel Juniper Networks, Inc. ("Juniper") to provide focused discovery responsive to Finjan's Requests for Production ("RFPs") regarding the Accused Products: Sky Advanced Threat Protection ("Sky ATP") and the Advanced Threat Prevention Appliance ("ATP Appliance"). On April 3, 2018, the parties met and conferred by telephone over the issues identified in this motion to compel.

## I.  INTRODUCTION

The Court should compel Juniper to produce a tailored set of confidential, technical documents for Sky ATP and the ATP Appliance by April 13, 2018, which Finjan needs for its Motion for Summary Judgment to be filed on June 7, 2018, under the Court's expedited schedule. Dkt. No. 35 at 4. To date, Juniper has not produced a single internal technical document for any accused product and did not produce any documents with its February 28, 2018, Initial Disclosures. While Juniper refuses to produce any internal design and development documents for the Sky ATP for another month, it is entirely refusing to provide any discovery into the ATP Appliance. Given the expedited schedule, Juniper should be compelled to produce these technical documents by April 13, 2018, so that Finjan has adequate time to prepare its case.

## II.  DOCUMENTS RELATING TO SKY ATP

Finjan is seeking confidential, internal design documents, such as design specifications, wiki pages, API guides, and flow charts, regarding the malware inspection pipeline, dynamic analysis, and static analysis for Sky ATP. *See* Ex. 1 (2/23/18 RFPs), RFP No. 37 (malware inspection pipeline); No. 38 (dynamic analysis); No. 39 (static analysis). Such confidential, technical documentation regarding the design, development, and operation of Sky ATP is relevant and time sensitive as Sky ATP is one of the accused products under the Court's expedited schedule. Dkt. No. 35 at 4. Finjan diligently sought this discovery since it served these document requests on February 23, 2018. *See* Ex. 1 (2/23/18 RFPs).

Despite its relevance, Juniper is seeking to further delay its production, representing during the April 3rd meet and confer that it would provide a "substantial" production of technical documents by

1

April 13th, but this production would not include any documents related to Sky ATP. Such production would take another "few weeks" after that with no specific deadline. Finjan cannot wait this long for Juniper's technical documents on Sky ATP, which has been at issue from the outset of the case. Under Juniper's proposed production schedule, Finjan will not have sufficient time to: (1) follow up on the confidential information produced, including new information that these documents will certainly provide, (2) seek and take depositions with all the appropriate Sky ATP documents, and (3) prepare its summary judgment motion with such discovery. Thus, Juniper should be compelled to produce responsive documents by April 13th.

### III.  DOCUMENTS RELATING TO THE ATP APPLIANCE

Juniper is refusing to provide any discovery into the ATP Appliance, claiming it is not at issue in the case because the words "ATP Appliance" were not used in the complaint. However, Juniper acknowledges that Finjan sought discovery of the ATP Appliance in its February 23rd RFPs and provided infringement charts for the ATP Appliance in its infringement contentions, which were served on March 8, 2018. *See* Ex. 1, Definitions at ¶6 (defining "Accused Instrumentalities" to include ATP Appliance); *id.* at RFP Nos. 11–17. Finjan is seeking confidential technical documents regarding the dynamic (also called sandboxing) and static analysis for the ATP Appliance and all source code for the ATP Appliance by April 13th. Again, this material is time sensitive because the ATP Appliance is accused of infringing both claims that are part of the expedited summary judgment procedure beginning in two months.

Juniper's refusal to provide documents is intended to delay discovery. First, the technology of "ATP Appliance" was identified in the complaint as Sky ATP, which offers the same type of dynamic analysis through sandboxing functionality as the ATP Appliance, and Sky ATP and the ATP Appliance are the only products in Juniper's ATP product line. *Compare* Dkt. No. 1 at ¶¶46, 49 (describing sandboxing functionality) *with* Ex. 2 (ATP Appliance Datasheet describing sandbox functionality). Finjan could not have used the exact ATP Appliance name in its complaint because Juniper acquired the product when it completed its purchase of another company, Cyphort, Inc., shortly before Finjan served its complaint. Juniper did not advertise this product under its current name until

approximately mid-December 2017.  *Compare* Ex. 3 (10/3/2017 Wayback Machine printout showing only Sky ATP) *with* Ex. 4 (12/14/17 Wayback Machine printout showing Sky ATP and ATP Appliance).  Second, Juniper will agree to Finjan amending its complaint to add the words "ATP Appliance" and provide discovery on the product as long as Finjan agrees ***not*** to include the ATP Appliance in the expedited summary judgment motion due in April.  Third, to date, Juniper has not produced a single internal technical document on any accused product.  These facts highlight Juniper's attempts to delay discovery.

      To the extent that Finjan needs to amend its complaint to specifically use the ATP Appliance name, which it will do shortly if this does not get resolved, Finjan requests that Juniper provide discovery into the ATP Appliance until Finjan's motion to amend can be heard, as Finjan has good cause to amend.  Indeed, amendment of Finjan's complaint to specifically name the ATP Appliance is timely because Juniper did not list the ATP Appliance on its website until after Finjan filed its complaint.  *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-BLF, 2014 WL 6386727, at *1 (N.D. Cal. Nov. 14, 2014) (granting leave to amend).

      Further evidence of such good cause includes the fact that Finjan does not seek to amend its pleadings in bad faith, and seeking to amend is not the result of undue delay, as Juniper just began listing the product on its website a few months ago.  *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2017 WL 3149297, at *3-4 (N.D. Cal. Jul. 25, 2017) (granting motion to amend despite a delay of over six months delay); *see also Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 3007078, at *3 (N.D. Cal. Jul. 14, 2017).  Juniper is not prejudiced because this case is still in its early stages, no depositions have been taken, and Juniper knew that Finjan was seeking discovery specifically into the ATP Appliance, which utilizes the same technology as Sky ATP, since being served with Finjan's February 23rd RFPs which included the ATP Appliance as an accused product.  Juniper's willingness to stipulate to an amendment to Finjan's complaint further demonstrates no prejudice.  Finally, Finjan's infringement contentions demonstrate that its claim of infringement against the ATP Appliance is not futile.  As such, Juniper should be compelled to provide discovery into the ATP Appliance.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated:  April 6, 2018 | By: */s/ Kristopher Kastens*<br>Paul J. Andre<br>Lisa Kobialka<br>James Hannah<br>Kristopher Kastens<br>KRAMER LEVIN NAFTALIS<br>& FRANKEL LLP<br>990 Marsh Road<br>Menlo Park, CA 94025<br>Telephone: (650) 752-1700<br>Facsimile: (650) 752-1800<br>pandre@kramerlevin.com<br>lkobialka@kramerlevin.com<br>jhannah@kramerlevin.com<br>kkastens@kramerlevin.com<br><br>*Counsel for Plaintiff*<br>FINJAN, INC. |

4