**IRELL & MANELLA LLP**

Jonathan S. Kagan (SBN 166039)
jkagan@irell.com
Joshua P. Glucoft (SBN 301249)
jglucoft@irell.com
Casey Curran (SBN 305210)
ccurran@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Rebecca L. Carson (SBN 254105)
rcarson@irell.com
Kevin Wang (SBN 318024)
kwang@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>JUNIPER NETWORKS, INC.,<br><br>   Defendant. | Case No. 3:17-cv-05659-WHA<br><br>**DEFENDANT JUNIPER NETWORKS, INC.'S ADMINISTRATIVE MOTION TO DEFER PATENT LOCAL RULE 4**<br><br>Hon. William H, Alsup |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10487239

- 1 -

JUNIPER'S ADMINISTRATIVE MOTION TO DEFER
PATENT LOCAL RULE 4
Case No. 3:17-cv-05659-WHA

**NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rules 7-11 and 6-3, Defendant Juniper Networks, Inc. ("Juniper") respectfully moves the Court for an Order deferring the start of Patent Local Rule 4 until January 11, 2019.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the Declaration of Joshua Glucoft ("Glucoft Dec.") filed herewith, all documents in the Court's file, and such other written or oral argument as may be presented at or before the time this motion is heard or considered by the Court.

The parties have met and conferred regarding this issue but were unable to reach agreement. *See* Glucoft Dec. at ¶ 3.

**MEMORANDUM OF POINTS AND AUTHORITIES**

To improve efficiency, the Court has set a unique schedule for this matter, setting the case for early summary judgment with a trial on any remaining factual issues to follow shortly after the early summary judgment hearing. Dkt. No. 35 at ¶ 11 (Case Management Order). On the current schedule, two patent claims will be fully adjudicated (by summary judgment or trial) by August of 2018, with any remaining patent claims adjudicated on or before the larger trial set for July of 2019. *Id*. at ¶¶ 11, 14. This accelerated schedule makes it impossible for the parties to follow the Court's usual procedure of citing portions of the claim construction briefing in summary judgment papers because all of the early summary judgment papers will be filed before opening claim construction briefing is due under Patent L.R. 4. *See* Dkt. No. 35 at ¶¶ 11, 20. The parties will therefore need to brief claim construction issues for the first two patent claims as part of early summary judgment briefing, not in separate claim construction briefs per Patent L.R. 4.

Claim construction issues for the remaining claims, however, will be presented in separate claim construction briefs pursuant to Patent L.R. 4. The question presented by this motion is simply whether it would be more efficient to: (A) simultaneously prepare for trial on any fact issues remaining after early summary judgment on the first two patent claims while also briefing claim construction on all other patent claims, or (B) defer claim construction on all other patent

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10487239

- 2 -

JUNIPER'S ADMINISTRATIVE MOTION TO DEFER
PATENT LOCAL RULE 4
Case No. 3:17-cv-05659-WHA

claims until after the first two claims are adjudicated and the parties have had the opportunity to consider the outcome of that adjudication in settlement discussions. Juniper suggests that the latter approach is more efficient. Under the current schedule, the parties will prepare claim construction briefs in August of 2018 on four patents not at issue in early summary judgment, just as they are preparing for trial on any issues not resolved by early summary judgment. *See* Dkt. No. 35 at ¶ 11. Even in the best of circumstances, claim construction briefing is involved and time consuming; it will be particularly burdensome if (as under the current schedule) the parties are expected to prepare briefs while in the midst of trial preparation.

In addition, the claim construction briefing might be rendered completely unnecessary if, as is likely, the outcome of early summary judgment on the first two patent claims impacts the parties' opinions of the strength of their positions and thus their appetite for settlement. Giving the parties a "reality check" will almost certainly increase prospects for settlement. Indeed, one of the primary motivations underlying the early adjudication procedure in this case was to defer work that might not be necessary after the parties received feedback on the strength of their claims. *See* Dkt. No. 35 at ¶ 11 (early summary judgment will serve to "indicat[e] the relative strengths (or weaknesses) of both sides' positions"). Conducting claim construction briefing before the parties have received this feedback—much less digested it and had the opportunity to participate in meaningful settlement discussions—would undermine these efficiency advantages.

In light of the above, Juniper proposes deferring the start of Patent Local Rule 4 until January 11, 2019, a date that would cause claim construction discovery to close on the same date as fact discovery. *See* Dkt. No. 35 at ¶ 4.

Dated: April 11, 2018          Respectfully submitted,

                            IRELL & MANELLA LLP

                            By:     */s/ Joshua Glucoft*
                                   Joshua Glucoft
                                   *Attorneys for Defendant*
                                   Juniper Networks, Inc.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10487239                                    - 3 -                              JUNIPER'S ADMINISTRATIVE MOTION TO DEFER
                                                                               PATENT LOCAL RULE 4
                                                                               Case No. 3:17-cv-05659-WHA