IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7189

April 13, 2018

Hon. William Alsup
U.S. District Court
Northern District of California

Re:     *Finjan, Inc. v. Juniper Networks, Inc.*, Case No. 3:17-cv-05659-WHA

Dear Judge Alsup:

Finjan's motion to compel (Dkt. No. 48) is both misleading and premature. The gravamen of Finjan's motion—that "To date, Juniper has not produced a single internal technical document for any accused product"—is, quite frankly, absurd. Contrary to Finjan's claim, 11 days after Finjan served its initial infringement contentions, Juniper produced the mother lode of technical documentation: the actual source code for each product identified in Finjan's Complaint. Because the source code is the actual programming used to control Juniper's products, it is the single most authoritative source about the functionality of Juniper's products and is more than sufficient to describe their operation. In addition, Juniper has agreed to produce additional technical documentation for Sky ATP (and the other products identified in the Complaint) starting this week and which Juniper expects to complete in April. Nonetheless, Finjan has elected to file this motion seeking (1) documents that Juniper has already agreed to produce this month, and (2) expedited discovery on products that are not yet within the scope of this case. Neither request has merit.

I.     **Finjan's Request To Compel Sky ATP Documents Is Much Ado About Nothing**.

Although Juniper was not required to produce documents demonstrating the functionality of Sky ATP or the other two products identified in the Complaint until April 23, 2018, Juniper produced source code for all three accused products on March 19, 2018, a mere 11 days after Finjan served its infringement contentions. Declaration of Joshua Glucoft ("Glucoft Dec") at ¶ 3. On March 7, 2018, Juniper produced an additional 160,000 pages of technical documentation concerning these products, including hardware and software documentation, data sheets, validation reports, configuration guides, and user manuals. While this documentation is more than sufficient to demonstrate the operation of the accused Juniper functionality in the accused products, Finjan insisted, and Juniper agreed, to expedite the production of thousands of additional technical documents—including design and development documents for Sky ATP—starting this week, with an expected completion date before the end of April. Glucoft Dec at ¶ 4. Thus, by the time the Court rules on this motion, Juniper expects that the bulk of the additional SRX, Sky ATP and Space Security Director documents will already have been produced, rendering Finjan's motion effectively moot.

Moreover, it is unclear why Finjan allegedly needs additional development and design documents to set forth its infringement case. Under Rule 11, Finjan should have fully vetted and reverse engineered Juniper's products prior to bringing its lawsuit. *See Comcast Cable*

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

*Communications, LLC v. OpenTV, Inc.*, Case No. 3:16-cv-06180-WHA, Dkt. No. 79 at 29 (N.D. Cal. March 8, 2017) ("Don't give me that old 'I need discovery' excuse….You should have reverse engineered this product up and down instead of just speculating."). By now, Finjan should have been able to confirm its infringement theory by reviewing Juniper's source code. The only reason Finjan would need access to additional technical documents is (as Juniper suspects) if Finjan's source code review did not support its infringement theory. It appears that Finjan now needs to "find something in [Juniper's] files to make [its] case because [it does not] have a case." *Id.* at 30.

In sum, Finjan's request to compel Sky ATP documents is both moot—because Juniper has already agreed to produce them—and overstated—because Finjan should be fully capable of making its case (if one exists) based on the source code and documents already produced.

## II.   Finjan's Allegations Pertaining To ATP Appliance Are Not Part Of The Operative Complaint Nor Timely Raised For Purposes Of Early Summary Judgment.

Finjan's request for expedited discovery on the ATP Appliance product is also meritless. As Finjan recognizes, "ATP Appliance" is the rebranded name for a product made by Cyphort, Inc., a company Juniper acquired last fall. Dkt. No. 48 at p. 2. Although Finjan was aware that Juniper acquired Cyphort, Finjan elected not to accuse any Cyphort products in its Complaint. The Complaint does not identify Cyphort's SmartCore, Fabric Web Collector, or All-in-One products (the original branding for the product that became the ATP Appliance) by name, nor does the Complaint identify ATP Appliance by name, even though Finjan admits that Juniper publicly advertised the ATP Appliance at least as early as December 2017. *See* Dkt. No. 48 at p. 3, Ex. 4.

Finjan acknowledges that its Complaint did not accuse the ATP Appliance by name and instead argues that "the ***technology*** of 'ATP Appliance' was identified in the complaint ***as*** Sky ATP." Dkt. No. 48 at p. 2 (emphasis added). This is completely false: The ATP Appliance and Sky ATP are two distinct products with difference code bases and fundamentally different functionality, and a reference to one is simply not an identification of the other. Glucoft Dec at ¶ 5. Indeed, as shown in Finjan's own exhibits, the ATP Appliance is a physical ***good*** developed by ***Cyphort*** (*see* picture in Dkt. No. 48-2 at p. 2), in contrast to Sky ATP, which is a cloud-based ***service*** developed internally by ***Juniper***. Finjan's Complaint clearly identifies Sky ATP as the infringing product through, among other things, headings such as "<u>Sky ATP</u>." *See* Dkt. No. 1 at ¶¶ 45-50 (emphasis in original). Finjan's Complaint is devoid of any reference to the ATP Appliance or any other Cyphort product or service, and the Complaint contains no allegation that all products purportedly offering "dynamic analysis through sandboxing" functionality infringe the asserted patents. *See generally* Dkt. No. 1. Without any doubt, neither ATP Appliance nor all products purportedly offering "dynamic analysis through sandboxing" were accused in Finjan's Complaint.

Finjan has never sought leave to amend its Complaint to add any Cyphort products (including the ATP Appliance) to the case, even though Finjan was aware that Juniper acquired Cyphort last fall and was aware that Juniper was publicly selling Cyphort's product (rebranded as ATP Appliance) at least as early as December 2017. *See* Dkt. No. 48 at p. 3, Ex. 4. Rather than seeking leave from this Court to amend its Complaint and add new products to this case, Finjan attempts to add ATP Appliance by simply identifying it in Finjan's infringement contentions, which Finjan served just 14 days before the parties were required to select claims to address in the early summary judgment proceedings. This is improper. *See Richtek Tech. Corp. v. uPi*

IRELL & MANELLA LLP
A REGISTERED  LIMITED  LIABILITY  LAW  PARTNERSHIP
INCLUDING  PROFESSIONAL  CORPORATIONS

*Semiconductor Corp.*, No. C 09-05659 WHA, 2016 WL 1718135, at *2 (N.D. Cal. Apr. 29, 2016) (Alsup, J.) ("[T]he filing of a complaint sets the cut-off date for the scope of a case, subject to the possibility of supplementation.  Nevertheless, for some time, patent owners have made open-ended allegations in their complaint that do not specifically identify the accused products and used amendments to their infringement contentions to expand the scope of the case to encompass products developed or released after the date of the complaint without the need to file a supplemental complaint—essentially sneaking new products into the case through the back door of infringement contentions.").

Juniper has tried to cooperate with Finjan regarding the ATP Appliance by, among other things, agreeing not to oppose Finjan's request to amend its Complaint so long as Finjan would not try to add claims against ATP Appliance to the early summary judgment proceedings.  Finjan, however, refused this compromise proposal (though it remains open).

Juniper would be prejudiced if Finjan is allowed to add the ATP Appliance to the early summary judgment procedure, which is set to begin on June 7, 2018, for at least two reasons:

1. Finjan has had since at least the end of 2017 to prepare for early summary judgment regarding the ATP Appliance, but Juniper could not have even started evaluating ATP Appliance until Finjan served its infringement contentions on March 8, 2018.[1]
2. By omitting any reference to the ATP Appliance in its Complaint and even through the Case Management Conference, Finjan concealed its intentions about ATP Appliance until two weeks before the parties were required to elect the claim on which they would move for early summary judgment.  Finjan thus effectively prevented Juniper from fully evaluating the impact of ATP Appliance on the early summary judgment procedure.

In short, Juniper requests that the Court deny as moot Finjan's motion to compel production of additional technical documentation regarding Sky ATP and also deny Finjan's motion to compel production of documentation regarding ATP Appliance because Finjan has not satisfied its procedural obligations to amend its Complaint to properly accuse that product.  To the extent that Finjan's motion to compel is understood to also be a motion for leave to amend its Complaint, Juniper requests that the Court deny Finjan's motion as improperly noticed under L.R. 7.  *See* L.R. 7-1(a)(1) ("Any written request to the Court for an order must be presented by one of the following means: (1) Duly noticed motion pursuant to Civil L.R. 7-2").

> Respectfully submitted,
> */s/ Joshua Glucoft*
> Joshua Glucoft
> IRELL & MANELLA LLP
> *Attorneys for Defendant Juniper Networks, Inc.*

---

[1] Defining "Accused Instrumentalities" in a request for production to include ATP Appliance does not put Juniper on notice; indeed, there is no description in Finjan's RFPs of what such instrumentalities are even accused of.  *See* Dkt. No. 48-1 at ¶ 6.