PAGES 1 - 19

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JUDGE WILLIAM ALSUP

FINJAN, INC., A DELAWARE        )
CORPORATION,                    )
                                )
        VS.                     ) NO. 17-5659 WHA
                                )
THIS DOCUMENT RELATES TO ALL    )
ACTIONS.                        )SAN FRANCISCO,
                                )CALIFORNIA
                                )TUESDAY
                                )APRIL 17, 2018
_____ )  11:30 A.M.

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**FOR PLAINTIFF:**

KRAMER LEVIN NAFTALIS & FRANKEL LLP

990 MARSH ROAD

MENLO PARK, CALIFORNIA 94025

BY:  KRISTOPHER KASTENS, ESQUIRE

     PHUONG (STEPHANIE) NGUYEN, ATTORNEY AT LAW

FOR DEFENDANTS:
IRELL & MANELLA LLP
1800 AVENUE OF THE STARS, SUITE 900

LOS ANGELES, CALIFORNIA 90067

BY:  JOSHUA GLUCOFT, ESQUIRE


*REPORTED BY:    KATHERINE WYATT, CSR 9866, RMR, RPR*
*PRO TEM REPORTER - US DISTRICT COURT*
*COMPUTERIZED TRANSCRIPTION BY ECLIPSE*

```
 1  APRIL 17, 2018                          11:30 O'CLOCK  A.M.

 2

 3                      P R O C E E D I N G S

 4          THE CLERK:  WE ARE CALLING CIVIL ACTION 17-5659,

 5  FINJAN, INC. VERSUS JUNIPER NETWORKS, INC.

 6      COUNSEL, PLEASE STATE YOUR APPEARANCES.

 7          MR. KASTENS:  KRISTOPHER KASTENS ON BEHALF OF FINJAN,

 8  INC.  AND WITH ME IS PHUONG NGUYEN, WHO IS ALSO HERE ON BEHALF OF

 9  FINJAN.  AND SHE'S ONE OF OUR JUNIOR ASSOCIATES WHO WILL ACTUALLY

10  BE ARGUING THE MOTION.

11          THE COURT:  OKAY.  GREAT.  LET HER COME FORWARD, THEN.

12          MR. KASTENS:  YES, YOUR HONOR.

13          THE COURT:  AND ADJUST THE MIC SO IT CATCHES YOUR

14  VOICE.  WHAT IS YOUR NAME AGAIN?

15          MS. NGUYEN:  PHUONG NGUYEN, YOUR HONOR.

16          THE COURT:  PHUONG?

17          MS. NGUYEN:  NGUYEN.

18          THE COURT:  NGUYEN. OKAY.  GOOD.

19      AND YOUR NAME?

20          MR. GLUCOFT:  JOSHUA GLUCOFT OF IRELL & MANELLA ON

21  BEHALF OF DEFENDANT JUNIPER NETWORKS, INC.

22          THE COURT:  GREAT.

23      SO LET'S HELP ME OUT HERE.  WHAT ISSUE HAVE YOU SOLVED ON

24  YOUR OWN?

25          MS. NGUYEN:  SO WITH REGARD TO THE MOTION FOR
```

1   COMPELLING DISCOVERY, WE WERE ABLE TO RESOLVE THE FIRST ISSUE

2   WITH REGARD TO SKY ATP AND PRODUCTION OF THOSE DOCUMENTS.

3   HOWEVER --

4           **THE COURT:**  SAY THAT AGAIN.

5           **MS. NGUYEN:**  WE'VE RESOLVED THE FIRST ISSUE IN OUR

6   MOTION TO COMPEL DISCOVERY WITH REGARD TO SKY ATP.

7           **THE COURT:**  SKY ATP.  ALL RIGHT.  SO THAT'S GONE.

8           **MS. NGUYEN:**  YES, YOUR HONOR.

9           **THE COURT:**  RIGHT?

10          **MR. GLUCOFT:**  YES, YOUR HONOR.  THERE'S AN ADDITIONAL

11  AGREEMENT, AS WELL.

12          **THE COURT:**  PLEASE, GO AHEAD AND SAY IT, WHATEVER YOU

13  WANT TO SAY SO WE GET IT ON THE RECORD.  YOU DON'T HAVE TO PUT IT

14  ON THE RECORD, BUT DO YOU WANT TO SAY MORE?

15          **MR. GLUCOFT:**  THANK YOU, YOUR HONOR.  MY UNDERSTANDING

16  IS THAT FINJAN HAS AGREED TO WITHDRAW THEIR OPPOSITION TO OUR

17  MOTION TO DEFER CLAIM CONSTRUCTION.  AND IN EXCHANGE WE HAVE

18  AGREED TO NOT MARK TECHNICAL SPECIFICATION DOCUMENTS AS SOURCE

19  CODE UNDER THE PROTECTIVE ORDER, ESSENTIALLY ADOPTING THEIR

20  PROPOSAL AS TO THE DEFINITION OF A HIGHLY CONFIDENTIAL SOURCE

21  CODE IN THE PROTECTIVE ORDER.

22      AND ALSO THAT THE PARTIES WOULD BE EXCHANGING THE TERMS THAT

23  THEY INTEND TO PROPOSE CONSTRUCTIONS FOR IN THE EARLY SUMMARY

24  JUDGMENT BRIEFING AS CURRENTLY SCHEDULED.

25          **THE COURT:**  WELL, I THOUGHT THAT'S A DIFFERENT PROBLEM.

1   I AM -- I HAVE A PRETTY STRONG VIEW THAT YOU SHOULD CONTINUE AS

2   TO EVERYTHING YOU'VE ALLEGED IN THE COMPLAINT, THAT YOU SHOULD

3   CONTINUE TO DO YOUR CLAIM CONSTRUCTIONS, EVEN THOUGH THEY ARE NOT

4   THE ONES THAT WE WILL REVIEW IN THE SHOWDOWN, BECAUSE SOMEDAY

5   WE'RE GOING TO HAVE TO GET TO THOSE.  AND IT WILL JUST KICK THE

6   CAN DOWN THE ROAD IF WE LET YOU POSTPONE THAT.

7      SO I THINK THAT IT'S FOR THE BETTER -- FOR THE BEST IF YOU

8   CONTINUE TO FOLLOW THE RULE, MY LOCAL RULE, ON EXCHANGING YOUR

9   TERMS AND PROPOSED -- PROPOSED CONSTRUCTIONS.

10      **MR. GLUCOFT:**  YOUR HONOR, MAY I BE HEARD BRIEFLY ON

11   THIS ISSUE?

12      **THE COURT:**  SURE. YES.

13      **MR. GLUCOFT:**  WE FULLY APPRECIATE YOUR HONOR'S

14   PREFERENCE, AND WE ARE TRYING TO REACH SOME AGREEMENT. I THINK

15   OUR CONFUSION WAS PRIMARILY SPECIFICALLY IN LIGHT OF THE EARLY

16   SUMMARY JUDGMENT.  IT'S UNCLEAR TO US WHETHER WE WOULD EVEN HAVE

17   TO BRIEF CONSTRUCTION FOR TERMS THAT WAS ALREADY FULLY BRIEFED IN

18   EARLY SUMMARY JUDGMENT.  SO IF WE COULD AT LEAST CARVE OUT --

19      **THE COURT:**  OH, FOR THOSE I WOULD CARVE. THE ONES IN

20   THE EARLY SUMMARY JUDGMENT MOTIONS THAT I TOLD YOU TO BRING ON

21   WHAT I CALL THE "SHOWDOWN" --

22      **MR. GLUCOFT:**  RIGHT.

23      **THE COURT:**  -- YES.  SO THOSE DON'T HAVE TO BE IN THE

24   CLAIM CONSTRUCTION DISCLOSURES UNDER OUR LOCAL RULE, BECAUSE YOU

25   ARE GOING TO DISCLOSE THAT IN YOUR SUMMARY JUDGMENT MOTIONS.

1    OKAY. FAIR ENOUGH.

2        BUT FOR EVERYTHING ELSE THAT'S IN PLAY IN THE COMPLAINT, I

3    THINK YOU SHOULD CONTINUE WITH THE NORMAL PROCESS.

4            **MR. GLUCOFT:** AND SO WE ARE. WE'LL FOLLOW THE COURT'S

5    ORDER ON THE ISSUE. I THINK OUR PRIMARY CONCERN THERE IS JUST IF

6    THERE ARE OUTSTANDING ISSUES REMAINING AFTER EARLY SUMMARY

7    JUDGMENT, WE WILL BE IN TRIAL IN THIS COURT WHILE OUR OPPOSITION

8    BRIEFING AND REPLY BRIEFING IS DUE ON THOSE ISSUES. AND JUST

9    THAT, GIVEN THAT, I THINK ONE OF THE HOPES OF EARLY SUMMARY

10   JUDGMENT IS TO PROMOTE AN EFFICIENT RESOLUTION, WE JUST WEREN'T

11   CERTAIN THAT HAVING TO BRIEF THESE TERMS, THESE ADDITIONAL TERMS

12   NOT AT ISSUE IN EARLY SUMMARY JUDGMENT WOULD BE A BURDEN, I THINK

13   THAT PROMOTES THAT EARLY RESOLUTION.

14           **THE COURT:** HOW MANY TERMS ARE WE TALKING ABOUT BEYOND

15   THOSE IN THE -- EACH OF YOU JUST GET TO ATTACK OR CHALLENGE ONE

16   CLAIM. IN OTHER WORDS, YOU'RE THE PLAINTIFF. RIGHT?

17           **MS. NGUYEN:** YES.

18           **THE COURT:** YOU GET TO ASSERT ONE CLAIM AGAINST THE

19   ACCUSED PRODUCT. RIGHT? THEN MAYBE YOU WIN. THEN MAYBE THERE'S

20   AN INJUNCTION. THE PRODUCT COMES OFF THE SHELF PRONTO, IF THEY

21   WIN.

22       IF THEY LOSE, MAYBE THEY PAY SANCTIONS FOR BRINGING A BOGUS

23   CLAIM. I DON'T KNOW YET. WE'LL SEE HOW THAT ALL SORTS OUT.

24       BUT, MEANWHILE, WE GOT MANY OTHER CLAIMS. AND I DON'T WANT

25   TO WIND UP BEING -- GET TO THE END OF THIS SUMMARY JUDGMENT

1   PROCESS, AND THEN YOU ALL SAY:

2           "OH, JUDGE, IT'S GOING TO -- WE HAVEN'T BEEN DOING

3       ANYTHING ELSE ON THE REST OF THE CASE."

4       SO I THINK WE GOT TO KEEP THE REST OF THE CASE MOVING ALONG,

5   TOO.

6           **MR. GLUCOFT:**  AND, YOUR HONOR, WE ARE ABSOLUTELY

7   PREPARED TO DO SO. AGAIN, IT WAS OUR UNDERSTANDING THAT THIS

8   EARLY RESOLUTION IS MEANT TO SORT OF FOCUS THE ISSUES, AND

9   ULTIMATELY, WE WILL, I GUESS SUBMIT ON THE PAPERS TO THE

10  COURT --

11          **THE COURT:**  I WANT YOU TO CONTINUE WITH THE LOCAL RULE

12  DISCLOSURES ON ALL CLAIMS IN THE CASE, ALL OF THE THINGS THAT

13  DEAL WITH CLAIM CONSTRUCTION, EXCEPT YOU CAN CARVE OUT THE ONES

14  THAT ARE GOING TO BE IN YOUR EARLY SUMMARY JUDGMENT MOTIONS.

15          **MR. GLUCOFT:**  THANK YOU, YOUR HONOR.

16          **THE COURT:**  OKAY. ALL RIGHT. NOW, WITH THAT HAVING BEEN

17  SAID, DO YOU STILL HAVE AN AGREEMENT ON SOMETHING?

18          **MS. NGUYEN:**  I BELIEVE WE HAVE TO -- THAT'S UP TO YOU.

19  I DON'T KNOW IF YOU WANT TO TALK ABOUT --

20          **MR. GLUCOFT:**  MY UNDERSTANDING -- AND WE CAN FOLLOW-UP

21  AFTER -- BUT MY UNDERSTANDING IS THAT THAT WOULD BE ESSENTIALLY

22  OUR AGREEMENT.

23          **THE COURT:**  YOU MEAN THAT I HAVE SCREWED UP YOUR

24  AGREEMENT OR THAT YOU STILL HAVE AN AGREEMENT?

25          **MR. GLUCOFT:**  THE AGREEMENT WAS THAT THEY WOULD

1    WITHDRAW THEIR OPPOSITION TO OUR DEFERRED MOTION, SO I DON'T

2    THINK THAT THAT HAS DERAILED OUR AGREEMENT.

3            **THE COURT:**  WELL, ALL RIGHT.  SO WE STILL HAVE AN

4    AGREEMENT?

5            **MR. GLUCOFT:**  YES, YOUR HONOR.

6            **THE COURT:**  OKAY.  ALL RIGHT. SO IS THERE ANYTHING

7    MORE, THEN, THAT I NEED TO DO?  WELL, LET'S GO TO SOMETHING NEW

8    THAT I CAN RULE ON THAT'S STILL IN DISPUTE.

9         WHAT WOULD THAT BE, MS. NGUYEN?

10            **MS. NGUYEN:**  SO IN OUR MOTION TO COMPEL DISCOVERY WE

11   HAD TO ISSUES, AND THE FIRST ONE WHICH I MENTIONED EARLIER HAD TO

12   DO WITH SKY ATP AND DEFENDANT INDICATED THEY WOULD PRODUCE THESE

13   DOCUMENTS BY APRIL 30TH.

14        NOW, THE OUTSTANDING ISSUE IS WHETHER DEFENDANT SHOULD BE

15   REQUIRED TO PRODUCE DOCUMENTS FOR THE ATP APPLIANCE.

16            **THE COURT:**  ON THE WHAT?

17            **MS. NGUYEN:**  ATP APPLIANCE.

18            **THE COURT:**  APPLIANCE?

19            **MS. NGUYEN:**  YES, YOUR HONOR.

20            **THE COURT:**  SO WHAT?  I MEAN, WHAT'S THE ISSUE THERE?

21            **MS. NGUYEN:**  DEFENDANT CLAIMED THAT WE DIDN'T

22   SUFFICIENTLY PLEAD IT IN OUR COMPLAINT. AND IT'S OUR POSITION

23   THAT WE DID GIVE THEM SUFFICIENT --

24            **THE COURT:**  WELL, HERE'S THE RULING.  IF YOU ACTUALLY

25   HAD PUT IT IN THE COMPLAINT AS AN ACCUSED PRODUCT AND EXPLAINED

1 WHICH CLAIMS THE PRODUCT INFRINGES, THEN IT IS IN THE COMPLAINT.

2 BUT IF IT'S JUST A BACKGROUND FACT, THAT'S NOT GOOD ENOUGH.  SO

3 WHICH IS IT?

4       **MS. NGUYEN:**  WE WEREN'T ABLE TO SPECIFICALLY NAME THE

5 ATP APPLIANCE BECAUSE IT WASN'T RELEASED UNTIL AFTER FINJAN FILED

6 ITS COMPLAINT.

7       **THE COURT:**  LOOK, THAT'S YOUR PROBLEM. I MEAN, I CAN'T

8 SOLVE THAT FOR YOU.  YOU GOT TO GO BACK AND REPLEAD.  IF YOU --

9 IF YOU REALLY FEEL YOU HAVE A GOOD FAITH BASIS.  BUT I'M NOT JUST

10 GOING TO HAND OVER THE DOCUMENTS TO YOU UNTIL YOU DO THAT.  YOU

11 GOT TO PLEAD IT.

12   IF YOU SURVIVE -- PLEAD IT.  SURVIVE THE MOTION TO DISMISS.

13 THEN YOU GET -- ASSUMING THEY MAKE ONE.  I HOPE THEY DON'T MAKE

14 ONE.  BUT IF THEY MAKE ONE, THEN YOU GET THE DOCUMENTS.

15       **MS. NGUYEN:**  YES, YOUR HONOR.

16       **THE COURT:**  ALL RIGHT.  SO THAT'S MY RULING ON THAT

17 ONE.

18   OKAY. WHAT'S NEXT?

19       **MS. NGUYEN:**  THE OTHER MOTION WE HAVE PENDING IS

20 OVERRULING DEFENDANT'S OBJECTION TO DR. COLE WHO IS FINJAN'S

21 EXPERT AND --

22       **THE COURT:**  YES, BUT ISN'T HE A FORMER COMPETITOR,

23 IN-HOUSE LAWYER OR IS HE A LAWYER?

24       **MR. GLUCOFT:**  NO, YOUR HONOR.  HE'S A TECHNICAL EXPERT.

25       **THE COURT:**  TECHNICAL GUY.  OKAY.  NEVERTHELESS, DIDN'T

1    HE USED TO WORK FOR A COMPETITOR?

2         **MS. NGUYEN:**  HE USED TO WORK FOR MCAFEE EIGHT YEARS

3    AGO.  AND SINCE THEN, HE HAS NOT, YOUR HONOR.

4         **THE COURT:**  WELL, ARE THESE -- WHAT TIME PERIOD ARE

5    THESE PATENTS INVOLVED WITH EIGHT YEARS AGO?

6         **MS. NGUYEN:**  THERE'S A RANGE OF DATES.  I DON'T KNOW

7    THEM OFF THE TOP OF MY HEAD, YOUR HONOR.

8         **THE COURT:**  HERE'S THE THING. THE RULE DOES SAY "PAST

9    OR PRESENT."  RIGHT?

10        **MS. NGUYEN:**  YES, YOUR HONOR.

11        **THE COURT:**  SO I GOT TO THINKING ABOUT IT, YOU KNOW,

12   WHY IS IT PAST OR PRESENT?  I CAN SEE WHY PRESENT, BUT WHY WOULD

13   A PAST COMPETITOR MATTER?  WHY WOULD A PAST COMPETITOR MATTER?

14        **MR. GLUCOFT:**  YOUR HONOR, THAT IS A POLICY DECISION

15   THAT I BELIEVE THIS DISTRICT RIGHTFULLY ADOPTED, AND THAT'S

16   BECAUSE WHEN THERE IS A SIGNIFICANT FINANCIAL RELATIONSHIP, EVEN

17   IN THE PAST, BETWEEN A PURPORTED EXPERT AND A SPECIFIC COMPANY

18   THERE IS A GOOD REASON TO BELIEVE THAT THERE'S A CONCERN THAT

19   THAT EXPERT MAY ULTIMATELY RETURN TO THAT COMPETITOR AND THEIR

20   FORMER EMPLOYER.

21        AND, IN FACT, WE OFFERED TO WITHDRAW OUR OBJECTION TO DR.

22   COLE IF HE WOULD CONFIRM NOT TO WORK FOR COMPETITORS FOR A

23   LIMITED DURATION.  AND HE WOULDN'T DO THAT.  AND SO FROM OUR

24   PERSPECTIVE THERE IS A SERIOUS CONCERN THAT HE MAY RETURN TO

25   MCAFEE OR TO ANOTHER COMPETITOR.

1   AND JUST TO PUT THINGS IN CONTEXT, FIRST FINJAN ALREADY HAS

2   DISCLOSED THREE OTHER EXPERTS TO WHICH WE HAVE NOT OBJECTED, ONE

3   OF WHICH HAS EVEN REVIEWED OUR SOURCE CODE ALREADY; ONE OF WHICH

4   HAS FILED MULTIPLE DECLARATIONS RELATED SPECIFICALLY TO THE '494

5   PATENT.  THERE'S NO ISSUE THAT THEY HAVE PLENTY OF EXPERTS TO

6   FILL THEIR BENCH.  WE JUST HAVE AN ISSUE WITH THIS ONE SPECIFIC

7   EXPERT AS CLEARLY NOT MEETING THE EXPRESS DEFINITION OF "EXPERT"

8   IN THE DISTRICT'S MODEL ORDER.

9   AND I WILL SAY HE CAN STILL ACT AS THEIR EXPERT.  WE JUST

10  DON'T WANT HIM VIEWING JUNIPER'S HIGHLY CONFIDENTIAL SOURCE CODE.

11  **THE COURT:**  ALL RIGHT. WHAT DO YOU SAY TO THAT,

12  MS. NGUYEN?

13  **MS. NGUYEN:**  YOUR HONOR, HERE THE DEFENDANTS HAVE THE

14  BURDEN OF ESTABLISHING THAT -- THEY HAVE TO PROVE HARM OF DR.

15  COLE REVIEWING THEIR SOURCE CODE SUBSTANTIALLY OUTWEIGHS THE

16  PREJUDICE TO FINJAN.  AND HERE THEY HAVEN'T DONE THAT.  AND

17  DISQUALIFICATION IS A DRASTIC MEASURE FOR THE COURT THAT IS NOT

18  JUST READILY APPLIED JUST BECAUSE HE IS A FORMER EMPLOYEE OF A

19  COMPETITOR.

20  **THE COURT:**  WELL, BUT YOU WON'T AGREE TO THAT CONDITION

21  THAT HE WON'T GO BACK TO MCAFEE. IT'S MCAFEE.  RIGHT?

22  **MR. GLUCOFT:**  CORRECT, YOUR HONOR.

23  **MS. NGUYEN:**  YES, YOUR HONOR.  WE'VE OFFERED DURING THE

24  MEET AND CONFER THAT DR. COLE WOULD SUBMIT A DECLARATION THAT

25  INDICATES THAT HE'S COMPLIED WITH THE ETHICAL RULES, WHICH IS ONE

1    OF THE POINTS THAT DEFENDANT HAS RAISED THAT IS PREJUDICIAL TO

2    THEM; AND THAT HE HAS NO CONTACT AT MCAFEE AND HAS NO INTENT TO

3    WORK AS AN EMPLOYEE OF JUNIPER'S COMPETITORS, WHICH IS CONSISTENT

4    WITH THE LANGUAGE IN 2.7 OF THE MODEL --

5           **THE COURT:**  WELL, HOW DO YOU GET AROUND THE THING

6    THAT -- THE RULE THAT SAYS "PAST OR PRESENT"?

7           **MS. NGUYEN:**  YOUR HONOR, SO IN THE CASES THAT WE CITED

8    IN OUR MOTION, THIS CONCERNED PRIOR -- PRIOR EXPERTS WHO WERE

9    ENGAGED FOR THE PARTY THAT WAS BEING CHALLENGED.  AND, IN FACT,

10   THE CASES THAT DEFENDANTS CITE ALL DEAL WITH EXPERTS WHO ARE

11   CURRENTLY EMPLOYED BY THE PLAINTIFF OR THE COMPETITOR.

12          **THE COURT:**  BUT DO THOSE CASES DEAL WITH OUR RULE, THIS

13   LANGUAGE IN THE RULE?

14          **MS. NGUYEN:**  THE BASIS FOR THE CHALLENGE IS SLIGHTLY

15   DIFFERENT IN THAT THE CASES THAT WE CITE, FINJAN CITES HAVE TO DO

16   WITH WHETHER DISQUALIFICATION IS APPROPRIATE.  SO THE -- THERE'S

17   A BIT OF A DIFFERENCE IN HOW WE ARE PERCEIVING THIS.

18     SO WE'RE PERCEIVING THIS AS NOT MODIFYING THE PROTECTIVE

19   ORDER, BUT IT'S ACTUALLY JUST THAT DEFENDANT IS TRYING TO

20   DISQUALIFY OUR EXPERT FROM TESTIFYING.  AND THAT WOULD BE HIGHLY

21   PREJUDICIAL TO US.

22     AND WITH REGARD TO THEIR COMMENTS THAT WE HAVE OTHER EXPERTS

23   WHO WERE DISCLOSED, MR. TIEN (PHONETIC) IS NOT A TESTIFYING

24   EXPERT.  HE'S THERE TO HELP REVIEW SOURCE CODE.

25     AND DR. LITOVITCH (PHONETIC), WHICH IS ATTACHED AS EXHIBIT

1    3, HAS PROVIDED TESTIMONY REGARDING THE VALIDITY OF THE '494

2    PATENT AND NOT THE INFRINGEMENT ASPECT.

3          **THE COURT:**  WELL, WHY CAN'T YOU GET SOMEBODY ELSE TO DO

4    THE SOURCE CODE REVIEW?

5          **MS. NGUYEN:**  BECAUSE DR. COLE IS VERY FAMILIAR WITH THE

6    INFRINGEMENT READ OF THE '494 PATENT AS WE'VE USED HIM IN MANY

7    OTHER FINJAN CASES WITHOUT ISSUE.  AND HE HAS ALREADY READ THE

8    MODEL PROTECTIVE ORDER AND HAS STARTED WORK IN THIS CASE.

9          **THE COURT:**  WHERE IS HE LOCATED NOW?

10         **MS. NGUYEN:**  I BELIEVE HE'S LOCATED IN VIRGINIA, YOUR

11   HONOR.

12         **THE COURT:**  I MEAN, WHO DOES HE WORK FOR?

13         **MS. NGUYEN:**  OH, HE'S AN EXPERT WITNESS AND HE'S A

14   CONSULTANT FOR THE GOVERNMENT.

15         **THE COURT:**  FOR THE WHO?

16         **MS. NGUYEN:**  THE GOVERNMENT.

17         **THE COURT:**  GOVERNMENT?

18         **MS. NGUYEN:**  YES, YOUR HONOR.

19         **THE COURT:**  SO HE WORKS FOR THE U.S. GOVERNMENT?

20         **MS. NGUYEN:**  YES.  I'M NOT SURE IF HE'S STILL CURRENTLY

21   EMPLOYED BY THE U.S. GOVERNMENT, BUT HE WAS PREVIOUSLY WORKING

22   FOR PRESIDENT OBAMA FOR HIS SECURITY PURPOSES.

23         **THE COURT:**  ARE THESE CURRENT PRODUCTS OR PAST

24   PRODUCTS?  THE SOURCE CODE, ARE THESE JUNIPER'S PRODUCTS THAT

25   ARE BEING SOLD RIGHT NOW OR ARE THEY EARLIER OUT-OF-DATE

1  PRODUCTS?

2       **MR. GLUCOFT:** YOUR HONOR, THESE PRODUCTS ARE CURRENTLY

3  BEING SOLD.  AND, IN ADDITION, I'D LIKE TO JUST CLARIFY TWO

4  POINTS.

5       FIRST, THE REAL ISSUE HERE IS THAT DR. COLE DOES NOT MEET

6  THE EXPRESS DEFINITION OF "EXPERT" IN THE PROTECTIVE ORDER.  AND

7  SO THEY ARE TRYING TO RECLASSIFY THIS ISSUE AS ONE WHERE WE ARE

8  MOVING TO DISQUALIFY. THAT'S NOT THE CASE.

9       THIS IS AN ISSUE WHERE THEY ARE TRYING TO AMEND THE

10 PROTECTIVE ORDER THAT IS CURRENTLY APPLICABLE, AND IT IS THEIR

11 BURDEN TO SPECIFICALLY SHOW WHY THEY MUST USE DR. COLE.  AND THEY

12 CAN'T DO THAT WHEN THEY ALREADY HAVE SOMEONE REVIEWING OUR SOURCE

13 CODE.

14      THIS NOTION THAT HE'S ALREADY FAMILIAR WITH THE '494

15 INFRINGEMENT READ DOESN'T MAKE SENSE BECAUSE HE HASN'T SEEN ANY

16 JUNIPER SOURCE CODE.

17      SO, FIRST, THEY HAVE NOT MET THEIR BURDEN TO MODIFY THE

18 DEFINITION OF "EXPERT" IN THE PROTECTIVE ORDER.  AND THE SECOND

19 ISSUE IS THAT WE HAVEN'T SEEN ANY SUPPORT THAT HE'S BEEN SOME

20 SORT OF SECURITY EXPERT FOR PRESIDENT OBAMA'S ELECTION TEAM. THIS

21 IS ALL JUST BASED ESSENTIALLY ON HIS CV.  AND THE THING THAT HE

22 TOUTS VERY HIGHLY ON HIS CV IS HIS WORK FOR MCAFEE.  SO THAT IS

23 OUR PRIMARY CONCERN HERE.  AND THEY CANNOT MEET THEIR BURDEN TO

24 MODIFY THE DEFINITION OF "EXPERT" IN THE PROTECTIVE ORDER.

25      **THE COURT:** OKAY.  MS. NGUYEN, WHAT DO YOU SAY?

1      **MS. NGUYEN:** RESPONDING TO THE POINT ABOUT DR. COLE NOT

2   HAVING TESTED JUNIPER PRODUCTS, THE FACT IS THAT HE HAS DONE A

3   LOT OF ANALYSIS WITH REGARD TO THE '494 PATENT INFRINGEMENT READ.

4   IT MAY BE NOT BE SPECIFIC TO JUNIPER IN THIS INSTANCE, BUT HE IS

5   FAMILIAR WITH IT, WHEREAS THE OTHER EXPERTS THAT FINJAN HAS

6   DISCLOSED ARE NOT.

7      AND CONSIDERING WE WOULD LIKE TO USE HIM FOR THE UPCOMING

8   SUMMARY JUDGMENT MOTIONS WITH THE SHOOTOUT SCHEDULE, IT WOULD BE

9   PREJUDICIAL FOR FINJAN TO HAVE TO FIND ANOTHER EXPERT AND HAVE

10  THEM DIVE INTO THE '494 PATENT IN THAT WAY.

11     **THE COURT:** BUT THE THING IS YOU SHOULD HAVE KNOWN THAT

12  HE WAS NOT A QUALIFIED EXPERT UNDER THE MODEL PROTECTIVE ORDER

13  EVEN THOUGH I SEE YOUR POINT THAT HE'S BEEN USED IN OTHER CASES

14  BY YOU, SO I CAN APPRECIATE THAT.

15     SO THERE'S SOME ECONOMIES OF SCALE. BUT, NEVERTHELESS, WHEN

16  YOU CHOSE TO SUE JUNIPER YOU MUST HAVE KNOWN THAT HE WAS -- THAT

17  JUNIPER WAS A COMPETITOR OF MCAFEE, AND, THEREFORE, THIS ISSUE

18  WAS GOING TO COME UP UNDER OUR PROTECTIVE ORDER.  RIGHT?

19     **MS. NGUYEN:** YOUR HONOR, THERE'S NO -- THERE'S NO HARM

20  TO JUNIPER IF DR. COLE SERVES AS A WITNESS.  AGAIN, HE HASN'T

21  BEEN EMPLOYED BY MCAFEE FOR EIGHT YEARS, AND HE'S ALREADY

22  INDICATED THAT HE HAS NO PRESENT INTENT TO RETURN TO ANY

23  COMPETITOR.

24     **THE COURT:** WELL, THAT'S GOOD.  BUT WHAT THE OTHER SIDE

25  WANTS IS AN AGREEMENT THAT HE WON'T RETURN.  PRESENT INTENTIONS

1    CAN CHANGE.

2         **MS. NGUYEN:**  YES, YOUR HONOR.  BUT UNDER THE MODEL

3    PROTECTIVE ORDER IT STATES THAT -- UNDER MODEL PROTECTIVE ORDER

4    IT STATES THAT THE PARTY SEEKING TO EXCLUDE AN EXPERT FROM ACCESS

5    TO CONFIDENTIAL INFORMATION, THERE'S A BURDEN WHY HE SHOULD NOT

6    BE ABLE TO VIEW THAT INFORMATION.

7         SO THAT HAS TO DO WITH THE SOURCE CODE. BUT ALSO THE

8    LANGUAGE THAT FINJAN HAS PROPOSED FOR DR. COLE'S DECLARATION IS

9    CONSISTENT WITH THE LANGUAGE IN 2.7 OF THE MODEL PROTECTIVE

10   ORDER, WHICH IS THAT HE DOES NOT ANTICIPATE TO RETURN.

11        **THE COURT:**  I DON'T HAVE THE -- JUST A MINUTE.

12        **MR. KASTENS:**  I'M SORRY, YOUR HONOR.  IF I CAN JUST --

13        **THE COURT:**  WAIT.  WAIT.  WAIT.

14        ALL RIGHT.  GO AHEAD.  YOU WANTED TO SAY SOMETHING.

15        **MR. KASTENS:**  I WOULD JUST SAY THAT, YOUR HONOR, DR.

16   COLE HAS BEEN -- NONE OF THE OVERLAP OF WHEN HE WAS AT MCAFEE IS

17   GOING TO INVOLVE ANY OF THE PRODUCTS THAT ARE CURRENTLY USED IN

18   THE CASE.  IT WAS EIGHT YEARS AGO.  AND NONE OF THE PRODUCTS ARE

19   ACTUALLY GOING TO GO BACK THAT FAR FOR DAMAGES, SO THERE'S NO

20   POTENTIAL HARM TO THAT EXTENT.

21        FURTHERMORE, AS WE SAID, WE'VE AGREED THAT HE CAN SIGN A

22   DECLARATION SAYING HE DOESN'T TALK TO ANYONE AT MCAFEE, THEREFORE

23   ANY SORT OF PAST CONTACTS WITH MCAFEE WOULD BE A MOOT POINT.  AND

24   HE HAS NO INTENTION TO EVER GO BACK INTO THE COMPUTER INDUSTRY.

25        IT'S JUST THE LANGUAGE THEY HAD SUGGESTED WAS EXTREME.

1    **THE COURT:**  THEN WHY WON'T HE TELL US IN THAT AGREEMENT

2    THAT HE'LL NEVER GO WORK FOR --

3    **MR. KASTENS:**  THE AGREEMENT THEY GAVE TO US WAS HE

4    CANNOT WORK FOR ANY OTHER COMPANY DIRECTLY OR INDIRECTLY FOR THE

5    NEXT FIVE YEARS AS A COMPETITOR OF JUNIPER.  WE FOUND THAT

6    LANGUAGE TO BE OVERLY ONEROUS.  IF WE CAN --

7    **THE COURT:**  WELL, THAT'S NOT WHAT YOU TOLD ME.  DID YOU

8    MISREPRESENT WHAT -- WHAT WAS THE LANGUAGE?  YOU SAID HE WOULDN'T

9    WORK FOR MCAFEE.

10   **MR. GLUCOFT:**  I APOLOGIZE IF I MISSPOKE, YOUR HONOR.  I

11   DO BELIEVE I SAID THAT IT WAS THAT HE WOULD NOT WORK FOR A

12   COMPETITOR.

13   **THE COURT:**  WELL, BUT HOW DO WE KNOW WHO THE COMPETITOR

14   IS?  MCAFEE IS A CERTAINTY. WE KNOW WHO THAT IS.  BUT IT COULD BE

15   A GRAY AREA WHO A COMPETITOR IS.

16   **MR. GLUCOFT:**  YOU'RE CORRECT, YOUR HONOR.  AND WE WOULD

17   BE HAPPY TO PROPOSE A SPECIFIED LIST OF COMPETITORS BASED ON WHO

18   FINJAN HAS SUED IN THE PAST.

19   **THE COURT:**  ALL RIGHT.  I GOT A RULING HERE.  IF YOU

20   DID MISLEAD ME, MAYBE I MISUNDERSTOOD.

21    HERE'S THE ANSWER.  COLE IS OUT, O-U-T, UNLESS HE AGREES NOT

22   TO GO WORK FOR MCAFEE IN THE NEXT FIVE YEARS, EITHER AS A

23   CONSULTANT OR AS AN EMPLOYEE. ALL OF THAT WILL BE OFF LIMITS. HE

24   WOULD HAVE TO SAY THAT IN WRITING.

25    THAT ONLY APPLIES TO MCAFEE.  I'M NOT GOING TO MAKE THAT A

1   CONDITION FOR SOME OTHER COMPETITOR, BECAUSE WE'RE TALKING ABOUT

2   THE RULE SAYS "PAST OR CURRENT EMPLOYEE OF A PARTY OR PARTY'S

3   COMPETITOR."

4        WELL, THESE OTHER COMPETITORS OUT THERE, THOSE ARE FUTURE.

5   THOSE DON'T COUNT.  "PAST OR CURRENT EMPLOYEE OF A PARTY'S

6   COMPETITOR," THOUGH, THAT DOES COUNT HERE BECAUSE MCAFEE IS

7   A -- IS A COMPETITOR NOW AND HE'S A PAST EMPLOYEE OF THAT

8   COMPETITOR.

9        IT'S POSSIBLE HE WOULD RETURN OR DO CONSULTING WORK FOR

10  THEM. SO I THINK ON THE FACE OF THE RULE, I THINK DEFENDANT IS

11  CORRECT HERE. BUT IF HE WERE TO AGREE THAT HE WILL NOT GO BACK

12  AND WORK AS AN EMPLOYEE OR CONSULTANT FOR, OR AS AN EXPERT FOR

13  MCAFEE FOR THE NEXT FIVE YEARS, THEN I WOULD MODIFY THE

14  PROTECTIVE ORDER TO ALLOW ERIC COLE TO SEE THE SOURCE CODE.

15          **MS. NGUYEN:**  THANK YOU, YOUR HONOR.

16          **THE COURT:**  ALL RIGHT.  SO YOU LET ME KNOW WHICH WAY

17  THAT COMES OUT.

18      ALL RIGHT.  HOW ELSE CAN I HELP YOU?

19          **MR. GLUCOFT:**  YOUR HONOR, IF THE MODEL PROTECTIVE ORDER

20  IS GOING TO BE MODIFIED IN THAT WAY, WE WOULD LIKE TO ESSENTIALLY

21  FINALIZE THE APPLICABLE PROTECTIVE ORDER SO THE PARTIES KNOW WHAT

22  IS APPLICABLE AND SO CAN WE AT LEAST PROPOSE THAT THERE ARE NO

23  ADDITIONAL CHANGES TO THE MODEL PROTECTIVE ORDER SO WE DON'T END

24  UP IN FRONT OF THE COURT AGAIN?

25          **THE COURT:**  WELL, MOST LAWYERS IN YOUR POSITION WOULD

1   HAVE EITHER AGREED TO ONE BY NOW OR NOT AGREED TO ONE BY NOW. I

2   GUESS YOU HAVE NOT.  CORRECT?

3        **MR. GLUCOFT:**  THAT'S CORRECT.

4        **THE COURT:**  SO WHAT DO YOU WANT ME TO DO?  TWIST YOUR

5   ARMS AND SAY THAT THERE'S NOTHING ELSE THAT YOU CAN -- IF YOU ARE

6   STILL NEGOTIATING A DEAL ON THE PROTECTIVE ORDER, GOD BLESS YOU.

7   BUT I CAN'T -- I'M NOT GOING TO JUMP INTO THE MIDDLE OF THOSE

8   NEGOTIATIONS AND SAY ALL THE NEGOTIATIONS ARE OVER.

9        WHAT I HAVE TOLD YOU IS THAT IN THE MEANTIME THE MODEL IS

10  YOUR INTERIM.  AND I'M MODIFYING IT IN THE VERY LIMITED RESPECT

11  FOR THE GOOD CAUSE.  I'M MODIFYING IT AS I'VE ALREADY INDICATED,

12  BUT I'M NOT MODIFYING IT IN ANY OTHER WAY.  SO I'M DENYING THAT

13  MOTION.  I THINK IT'S VAGUE AND UNCLEAR WHAT YOU'RE EVEN TALKING

14  ABOUT.

15       ANYTHING ELSE I CAN SPEAK HELP YOU WITH?

16       **MS. NGUYEN:**  NO, YOUR HONOR.

17       **MR. GLUCOFT:**  NO, YOUR HONOR.  THANK YOU.

18       **THE COURT:**  ALL RIGHT.  MS. NGUYEN, I WANT YOU TO DRAFT

19  A PROPOSED ORDER THAT CAPTURES THE RULINGS THAT THE JUDGE HAS

20  MADE TODAY.  YOU DON'T HAVE TO PUT IN THERE THOSE THINGS I DIDN'T

21  RULE ON, LIKE YOUR SIDE AGREEMENTS THAT YOU'VE ALREADY REACHED.

22  OKAY?

23       **MS. NGUYEN:**  YES, YOUR HONOR.

24       **THE COURT:**  HOW MANY YEARS OUT OF LAW SCHOOL ARE YOU?

25       **MS. NGUYEN:**  TWO YEARS.

1    **THE COURT:**  TWO YEARS?

2    **MS. NGUYEN:**  THREE YEARS.

3    **THE COURT:**  WHERE DID YOU GO TO LAW SCHOOL?

4    **MS. NGUYEN:**  SANTA CLARA UNIVERSITY, YOUR HONOR.

5    **THE COURT:**  ALL RIGHT.  HOW MANY ARGUMENTS HAVE YOU

6  MADE IN FEDERAL COURT?

7    **MS. NGUYEN:**  THIS IS MY FIRST ONE.

8    **THE COURT:**  YOU DID A VERY GOOD JOB.

9    **MS. NGUYEN:**  THANK YOU.

10    **THE COURT:**  ALL RIGHT.

11    **THE CLERK:**  COURT IS IN RECESS.

12      (THEREUPON, THIS HEARING WAS CONCLUDED.)

13  STENOGRAPHY CERTIFICATION

14      "I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER."
15      APRIL 18, 2018
      /S/KATHERINE WYATT
16  _____

17

18

19

20

21

22

23

24

25