PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>          Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**PLAINTIFF FINJAN, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ITS COMPLAINT**<br><br>Date:   May 3, 2018<br>Time:  8:00 am<br>Judge:  Honorable William Alsup<br>Dept.:  Courtroom 12, 19th Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on May 3, 2018, at 8:00 a.m., or as soon thereafter as counsel may be heard by the Honorable William Alsup in Courtroom 12, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Finjan, Inc. ("Finjan") will and hereby does move the Court for an order granting Finjan's Motion to Amend its Complaint ("Motion to Amend").

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the proposed order submitted herewith, the pleadings and papers on file in this action, any evidence and argument presented to the Court at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

**STATEMENT OF RELIEF REQUESTED**

Finjan seeks leave to amend its Complaint to update the claims to reflect the current status of the case, and to include the Advanced Threat Prevention Appliance ("ATP Appliance") as an accused product.  A copy of the Amended Complaint that Finjan seeks leave to file is attached as Exhibit 1 to the Declaration of Kristopher Kastens, filed in support of this Motion to Amend ("Kastens Decl.").  A redline copy of the Amended Complaint showing a comparison of the original Complaint and the Amended Complaint is attached as Exhibit 18 to the Kastens Declaration.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should grant Finjan's Motion for Leave to Amend the Complaint to include Juniper Networks Inc.'s ("Juniper") ATP Appliance, which was not publicly known as a Juniper product until well after Finjan filed its Complaint but includes the same type of technology as Juniper's Sky Advanced Threat Prevention service ("Sky ATP") that was named in the Complaint.

FINJAN'S NOTICE OF MOTION AND MOTION          CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO AMEND ITS COMPLAINT

## I.   INTRODUCTION

Finjan seeks leave to amend the Complaint to specifically name the ATP Appliance as an accused product in this case, because otherwise Finjan would be required to waste resources by bring a separate lawsuit regarding this product.[1]   Finjan's motion should be granted because leave to amend is freely given and does not require a showing of good cause when done according the schedule set by the Court.   There is no reason to deny Finjan's motion to amend, as Finjan promptly notified Juniper and brought this motion, and Juniper will not be prejudiced because of Finjan's prompt notification.

Finjan could not have originally raised the ATP Appliance in its Complaint because Juniper's completion of the acquisition of Cyphort Inc. ("Cyphort"), who originally sold the ATP Appliance, was first publicly announced in November 2017, over a month after Finjan filed its Complaint on September 29, 2017.   Furthermore, Finjan did not originally see Juniper's announcement of the acquisition because it was buried 29 pages into a 10-Q filing of Juniper. There was also little public information disclosed for Finjan to see, as Juniper did not include any mention of the ATP Appliance on its website until December 14, 2017.   Finjan did not discover that Juniper had completed its acquisition of Cyphort and was selling the ATP Appliance until early February 2018, which was just before its infringement contentions were due and served on March 8, 2018.   At the time of this discovery, Finjan did not believe it was necessary to amend its Complaint because the Complaint already named Juniper's Sky ATP service, which included substantially the same accused technology as the ATP Appliance and is part of the same ATP product line.   To avoid unnecessary motion practice, Finjan requested during meet and confers that Juniper stipulate to allow Finjan to amend its Complaint.   Juniper agreed, but only if Finjan would agree that the ATP Appliance was not part of the early summary judgment process.   Finjan could not agree to this request because it undercut the purpose of early summary judgment – to provide clarity and increase judicial economy.

---

[1] As a matter of housekeeping, Finjan has also amended the Complaint to reflect the current case status, including that Finjan is no longer asserting willfulness, indirect infringement, and two patents in the original Complaint.

FINJAN'S NOTICE OF MOTION AND MOTION                    CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO AMEND ITS COMPLAINT

At the hearing on April 17, 2018, the Court stated Finjan must amend its pleadings to explicitly name the ATP Appliance.  Thus, Finjan diligently brings this Motion to Amend, two days later, and respectfully requests that the Court grant it leave to amend the Complaint.

## II.   BACKGROUND

Finjan filed its Complaint on September 29, 2017.  Dkt. No. 1.  The Complaint alleged that a number of Juniper's products and services infringed the Asserted Patents, including *inter alia* Juniper's Sky ATP service, which offers malware detection features such as static analysis and dynamic analysis with sandboxing.  *Id*. at ¶¶ 45-50.  On February 22, 2018, the Court notified the parties that they would be involved in its "showdown" procedure involving early summary judgment on a single claim, with opening summary judgment briefs to be filed June 7, 2018.  On February 23, 2018, the Court issued a scheduling order that specifically contemplated the early summary judgment schedule while giving the parties until May 31, 2018 to seek leave to amend their pleadings.  Dkt. No. 35.

### A.   Juniper's Purchase of Cyphort

Juniper recently purchased Cyphort, a company that had been in negotiation with Finjan for a license to its patent portfolio since approximately February 2015 and that offered and sold its own advanced threat protection product.  While Juniper had announced its intent to purchase Cyphort by August 30, 2018, Juniper did not publicly announced that it had completed its acquisition of Cyphort until page 29 of Juniper's 10-Q that was publicly released on November 7, 2017.  Kastens Decl., Ex. 2 at 29.  In that November 2017 10-Q, Juniper stated on page 29 that the acquisition of Cyphort was complete and its technology *would be incorporated into Juniper's existing Sky ATP* service:

> We also completed the acquisition of Cyphort Inc., a software company that provides security analytics for advanced threat defense.  This acquisition is **expected to strengthen the capabilities of our cloud-based threat prevention service, Sky Advanced Threat Prevention, or Sky ATP**, by increasing efficiency and performance and providing additional threat detection functionalities and analytics.

*Id.* at 29 (emphasis added).

While Juniper concluded its purchase of Cyphort on September 14, 2017, and identified that it had completed this acquisition deep in a November 10-Q filing, it was not until December 14, 2017, that Juniper first publicly advertised the ATP Appliance on its website, nearly three months after Finjan had filed its Complaint.  Kastens Decl., Ex. 3.  Furthermore, it was not immediately clear that this product was acquired from Cyphort, and it was only by looking closely at images on the website that anyone could have ascertained that fact based on the inclusion of the Cyphort logo.  Indeed, Juniper has only recently ramped up issuing press releases, displaying at conferences, and releasing promotional videos for the ATP Appliance.  Kastens Decl., Ex. 4 (screenshot of first known Juniper video showing ATP Appliance released April 2, 2018, available at https://youtu.be/LCM1PRdK0Tg); *id*., Ex. 5 (Juniper announcing showing ATP Appliance at RSA 2018).

### B.       Finjan's Discovery of the ATP Appliance and Diligence Seeking to Amend.

In February 2018, Finjan was finalizing its infringement contentions in this case, which included revisiting Juniper's website and public documents for updated information on Juniper's products.  Kastens Decl., ¶ 8.  During this time, Finjan discovered that Juniper was offering the ATP Appliance as a new addition to its ATP suite of products, which previously only included the Sky ATP service.  *Id.*  On further review, Finjan discovered that the ATP Appliance operated in a similar manner as the Sky ATP service, including through the use of static analysis and dynamic analysis in a sandbox, identical to the functionality that was included in Sky ATP.  *Compare* Kastens Decl., Ex. 6 (Sky ATP Datasheet) *with* Ex. 7 (ATP Appliance Datasheet).  Because the new ATP Appliance included substantially the same accused technologies as the Sky ATP service that Finjan accused in its Complaint, Finjan believed the new ATP Products were covered by the existing allegations in the Complaint.

On February 23, 2018, Finjan served its first set of Requests for Production of Documents ("RFPs") and Interrogatories, both of which identified the ATP Appliance as an accused product. Kastens Decl., Ex. 8 at 3, ¶ 6; *id.*, Ex. 9 at 2, ¶ 6.  On March 8, 2018, Finjan served its infringement contentions in this case, which again identified the ATP Appliance as an accused

FINJAN'S NOTICE OF MOTION AND MOTION          CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO AMEND ITS COMPLAINT

product, and described how Finjan believed the ATP Appliance infringed the Asserted Patents,

including separate charts for the ATP Appliance.  Kastens Decl., Exs. 10-12.  Two weeks later, on

March 22, 2018, the parties identified the claims they were selecting for early summary judgment.

Finjan identified claim 10 of the '494 Patent for its early summary judgment claim and Juniper

selected claim 1 of the '780 Patent for its early summary judgment claim, both of which Finjan

asserted against the ATP Appliance in its infringement contentions.  Kastens Decl., Exs. 13-14.

On March 26, 2018, Juniper objected to Finjan's discovery requests that Finjan served on

February 23, indicating that it would not provide discovery into the ATP Appliance.  *Id.*, Ex. 15 at

9-10 (Juniper's Resp. to Request for Production No. 1).  The following day, Finjan requested that

Juniper meet and confer on Juniper's refusal to provide discovery into the ATP Appliance.

Kastens Decl., Ex. 16 (email from Kastens to Glucoft requesting meet and confer with Juniper).

Juniper asserted that it was not available to meet and confer until the following week on April 3rd.

Kastens Decl., ¶ 20.  During this meet and confer, Finjan explained that it properly named the

ATP Appliance and requested that Juniper provide its basis for refusing discovery into the

product.  *Id.*, ¶ 21.  Juniper refused to provide discovery on the ATP Appliance unless Finjan

amended its Complaint.  *Id.*, ¶ 22.  Finjan requested that Juniper stipulate to amend its Complaint

to specifically identify the ATP Appliance, but Juniper stated that it would only stipulate to such

an amendment if Finjan agreed to exclude the ATP Appliance from early summary judgment.  *Id.*,

¶ 23.  Finjan could not agree because Sky ATP and ATP Appliance have similar technologies, as

described above, and including the ATP Appliance is necessary in order to conduct a full and

complete early summary judgment.

Finjan filed a motion to compel production on April 6th, requesting that the Court compel

production for the ATP Appliance (among other issues) and provide guidance if amending the

Complaint was necessary.  Dkt. No. 48.  The Court held a hearing on April 17th, where it

indicated that Finjan should amend its Complaint to include the ATP Appliance if it wants to

assert the ATP Appliance in this case.  Kastens Decl., ¶ 24.  Finjan met and conferred with

counsel for Juniper in person immediately after the April 17th hearing and filed this motion to

FINJAN'S NOTICE OF MOTION AND MOTION          CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO AMEND ITS COMPLAINT

1    amend only two days later on April 19th, seeking leave for limited amendments to its Complaint

2    to include the ATP Appliance.  *Id.*, ¶ 25.

3    **III.    ARGUMENT**

4         Leave to amend is freely given under FRCP 15(a), and Finjan seeks this amendment

5    diligently and in good faith in order to include a new product that includes similar technology as

6    Sky ATP, which is accused in the Complaint.  Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S.

7    178, 182 (1962) (finding that refusal to grant leave without reason is inconsistent with the spirit of

8    the Federal Rules).  The determination of whether to grant leave to amend should be "performed

9    with all inferences in favor of granting the motion."  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877,

10   880 (9th Cir. 1999).  As Finjan requests this amendment according to the Court's schedule, Finjan

11   is not required to show good cause to modify the schedule under Federal Rule of Civil Procedure

12   16.

13        However, the Court may consider factors such as undue delay, bad faith, actual prejudice

14   to the non-moving party, and futility, all of which support granting Finjan leave to amend its

15   Complaint to include Juniper's newly released ATP Appliance under Rule 15(a).  *Foman*, 371

16   U.S. at 182; *Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 3007078, at *3 (N.D. Cal.

17   July 14, 2017) ("Where a party moves to amend its pleadings on or before the deadline to amend

18   the pleadings, a motion for leave to amend is evaluated under Fed. R. Civ. Proc. 15.") (citation

19   omitted).  Leave should be granted because Juniper will not be prejudiced, and all parties have an

20   interest in securing the just, speedy, and inexpensive determination of this action on all infringing

21   products, rather than a separate action accusing the ATP Appliance on similar issues.  Fed. R. Civ.

22   Proc. 1.

23        **A.    Finjan's Amendments Are Made in Good Faith.**

24        Juniper cannot establish that Finjan is seeking this amendment in bad faith.  In fact,

25   Finjan's conduct during this litigation demonstrates that its proposed amendments are made in

26   good faith, as Finjan acted to promptly identify the ATP Appliance as an accused product.

27   Finjan's counsel first learned that the ATP Appliance infringed the asserted patents in February

28

FINJAN'S NOTICE OF MOTION AND MOTION                    CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO AMEND ITS COMPLAINT

2018, and promptly notified Juniper that the ATP Appliance was an accused product by naming it in its discovery requests served on February 23rd.  Finjan then served its infringement contentions on March 8th, which included charts specifically dedicated to the ATP Appliance, and showed on an element-by-element basis how the ATP Appliance infringes the asserted patents.  Kastens Decl., Ex. 8 at 3, ¶ 6; *id.*, Exs. 10-13.  As such, Finjan's conduct shows that it was acting in good faith and it promptly apprised Juniper that the ATP Appliance was an accused product.

**B.  Finjan Did Not Unduly Delay Because It Diligently Sought to Amend its Complaint.**

Finjan did not unduly delay its request for leave to amend because it promptly sought such leave within days of being apprised by the Court that amendment was necessary, and within two months of first learning of the ATP Appliance's infringement.  As described above, until the Court's April 17th hearing, Finjan reasonably believed that the ATP Appliance was properly identified in its Complaint for infringement and that an amendment was not necessary.  Finjan filed this motion just two days after the hearing, which certainly does not qualify as an undue delay.  Finjan's belief that the ATP Appliance was adequately disclosed in its original Complaint was reasonable because Finjan included allegations against Sky ATP, which contains the same type of technology that was accused in ATP Appliance, namely static and dynamic analysis in a sandbox.  Kastens Decl., Ex. 6 (Sky ATP Datasheet); Ex. 7 (ATP Appliance Datasheet).  Further, Finjan diligently sought Court intervention when Juniper stated in its March 26, 2018, discovery responses that it would not provide discovery into the ATP Appliance.  In fact, Finjan requested a meet and confer the next day, met with Juniper on the first day that Juniper's counsel was available, and filed a discovery letter brief with the Court only two days after that meet and confer, when Juniper maintained that it would not provide discovery on the ATP Appliance.

Finjan did not unduly delay even if the Court concludes that Finjan should have been aware that it needed to amend its Complaint when it learned of the ATP Appliance, because Finjan did not discover that Juniper was offering the ATP Appliance until Finjan was finalizing its infringement contentions in February 2018, a mere two months ago.  Kastens Decl., ¶ 8.  Juniper did not provide any discovery into the ATP Appliance to make Finjan aware earlier, and Juniper

FINJAN'S NOTICE OF MOTION AND MOTION   CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO AMEND ITS COMPLAINT

has issued very little advertising or other public material on its website for Finjan to discover this product.  *See Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-6441-JST, 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014) (granting motion to amend even though plaintiff waited approximately three months to seek the Court's permission to add new patents to the case); *see also Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2017 WL 3149297, at *3-4 (N.D. Cal. Jul. 25, 2017) (granting motion to amend despite a delay of over six months between learning of the basis for new pleadings and filing a motion to amend); *Finjan v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2014 WL 6626227, at *2 (N.D. Cal. Nov. 20, 2014) (stating that an almost two month period between receiving confidential information and filing a motion to amend pleadings based on that confidential disclosure demonstrates diligence, and does not demonstrate undue delay).  In fact, Juniper has only recently ramped up issuing press releases and promotional material for the ATP Appliance.  Kastens Decl., Ex. 4 (screenshot of first known Juniper video showing ATP Appliance released April 2, 2018, available at https://youtu.be/LCM1PRdK0Tg); *id.*, Ex. 5 (Juniper announcing showing ATP Appliance at RSA 2018).  Thus, Finjan did not unduly delay given the circumstances and release date of the ATP Appliance.  The fact that there was no undue delay weighs in favor of granting Finjan's request.

### C.  Juniper Will Not Be Prejudiced by Finjan's Amendments

Finjan's proposed amendments will not prejudice Juniper because Juniper has been aware that Finjan accuses the ATP Appliance of infringing its patents since at least February 23rd, and because Finjan's infringement contentions served March 8th detailed how the ATP Appliance infringes the asserted claims.  Furthermore, Finjan's original Complaint outlined how the same technology found in the ATP Appliance—static and dynamic analysis with sandboxing— infringes in Juniper's Sky ATP.  As such, Juniper has long been on notice of Finjan's allegations and had ample time to prepare its defenses.  Additionally, discovery is ongoing in the case and will not need to be reopened, and depositions will not be retaken since the first deposition is not scheduled until May 9th.  Kastens Decl., ¶ 26; *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-

FINJAN'S NOTICE OF MOTION AND MOTION                    CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO AMEND ITS COMPLAINT

BLF, 2014 WL 6386727, at *3 (N.D. Cal. Nov. 14, 2014) (no prejudice because case is still in early stages).  As such, Juniper cannot credibly claim that it does not have sufficient time to prepare discovery with respect to the ATP Appliance, or to prepare its defenses.

Further demonstrating that there is no real prejudice to Juniper is the fact that Juniper stated it would not oppose Finjan's Motion to Amend the Complaint so long as Finjan does not include the ATP Appliance in early summary judgment, where opening motions are due on June 7th.  Kastens Decl., ¶ 23; Dkt. No. 53 (Juniper's Opp. to Motion to Compel) at 3.  Juniper's primary objection to including the ATP Appliance in early summary judgment is that it does not have time to provide discovery into the ATP Appliance.  Declaration of Austin Manes in Support of Motion to Shorten Time ("Manes Decl."), ¶¶ 15-16.  However, Juniper has known since February 23rd that Finjan sought discovery into the ATP Appliance, and the underlying evidence is all in Juniper's possession.  Kastens Decl., Exs. 8-9.  Moreover, Juniper should be able to collect the most relevant evidence for the ATP Appliance, its source code, in manner of days.  And Finjan has already noticed the deposition of the only Juniper employee that it intends to depose in the next month related to the ATP Appliance.

As such, Finjan's amendments to the Complaint to include the ATP Appliance will not prejudice Juniper.

### D.    Finjan's Amendment is not Futile

Finjan's proposed amendment to include the ATP Appliance is not futile because Finjan's allegations can survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Finjan's direct infringement allegations based on the ATP Appliance contain sufficient facts that, when accepted as true, state a claim of relief that is plausible on its face under the *Twombly/Iqbal* pleading standard.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The claims of infringement sufficiently provide notice to Juniper, as they identify and describe how the ATP Appliance infringes the Asserted Patents.  Ex. 1, Amended Complaint, ¶¶ 46-53, 60-61, 66-75 84-85, 89, 99, 104-105, 114-118, 128-129, 135-136.  Furthermore, and as discussed above, Finjan has also already provided Juniper with detailed infringement contentions demonstrating how the ATP

FINJAN'S NOTICE OF MOTION AND MOTION                    CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO AMEND ITS COMPLAINT

Appliance meets every claim limitation of every asserted claim in this case.  As such, Finjan has properly pleaded facts stating a plausible claim for relief.  The "denial of a motion for leave to amend on the ground of futility 'is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'"  *Oracle*, 2017 WL 3149297, at *4 (citation omitted).

Finally, this is not the situation where the proposed amendment is clearly insufficient or frivolous such that the Court should deny Finjan's motion to amend.  Because "the underlying facts or circumstances relied upon by [Finjan] may be a proper subject of relief, [Finjan] ought to be afforded an opportunity to test [its] claim on the merits." *Id*.  Thus the Court should grant Finjan's motion for leave to amend its Complaint to include the ATP Appliance.

## IV.   CONCLUSION

For the foregoing reasons, Finjan respectfully requests that the Court grant Finjan's Motion to Amend its Complaint.

Respectfully submitted,

Dated:  April 19, 2018

By:  */s/ Kristopher Kastens*
Paul J. Andre
Lisa Kobialka
James Hannah
Kristopher Kastens
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Counsel for Plaintiff*
FINJAN, INC.

FINJAN'S NOTICE OF MOTION AND MOTION
FOR LEAVE TO AMEND ITS COMPLAINT

CASE NO.: 3:17-cv-05659-WHA