IRELL & MANELLA LLP
Jonathan S. Kagan (SBN 166039)
jkagan@irell.com
Joshua Glucoft (SBN 301249)
jglucoft@irell.com
Casey Curran (SBN 305210)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Rebecca Carson (SBN 254105)
rcarson@irell.com
Kevin Wang (SBN 318024)
kwang@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:17-cv-05659-WHA<br><br>**DEFENDANT JUNIPER NETWORKS, INC.'S OPPOSITION TO FINJAN, INC'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**<br><br>Date: May 9, 2018<br>Time: 8:00 a.m.<br>Judge: Honorable William Alsup<br>Courtroom: 12 – 19th Floor |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10497844

OPPOSITION TO FINJAN'S MOTION FOR
FOR LEAVE TO AMEND ITS COMPLAINT
Case No. 3:17-cv-05659-WHA

## I. INTRODUCTION

As Juniper explained to Finjan on April 3, 2018, Juniper is not opposed to Finjan amending its complaint if the sole purpose of that amendment is to add the ATP Appliance to the list of accused products in this case—the ostensible purpose of Finjan's amendment. Unfortunately, however, Finjan's proposed amended complaint is a Trojan Horse; rather than simply adding a new accused product to the case, Finjan is attempting to both: (1) revive its dismissed willfulness allegations (despite its claim that it would not do so) and (2) modify the list of products that are subject to the early summary judgment procedure, for which motions are due in less than four weeks. Juniper will be severely prejudiced if it is suddenly forced, all in less than a month, to collect and produce discovery and file and respond to motions on a product that Juniper did not even create. If Finjan is willing to correct these defects with its proposed amended complaint, Juniper will withdraw its objections to it. To date, however, Finjan has refused to do so. For that reason, Juniper opposes allowing Finjan to amend its complaint it its current form.

## II. BACKGROUND

### A. Finjan's Knowledge of Cyphort Products.

Finjan was aware Juniper was acquiring Cyphort before it filed its original Complaint on September 29, 2017. *See* Ex. A. Yet Finjan's original Complaint neither includes Cyphort as a defendant, nor identifies any Cyphort products. Finjan also concedes that Juniper publicly announced the completion of the Cyphort acquisition on November 7, 2017, Dkt. No. 67 at 3, and that Juniper began advertising Cyphort products—specifically including the ATP Appliance— by December 14, 2017. *Id.* at 4.

Despite its knowledge of the Cyphort products—including specifically the ATP Appliance—Finjan elected not to amend its complaint, even as the parties engaged in discovery for the early summary judgment process, despite multiple opportunities to do so. For example, on February 14, 2018 this Court dismissed Plaintiff's claims of willfulness and induced infringement from the original Complaint. Dkt. No. 30 at 8. The Court held that Finjan "may move for leave to file an amended complaint, subject to the conditions stated herein, by February 22 at noon." *Id.* The Court also found that Juniper "may promptly take depositions in advance of Finjan's motion for leave in order to test

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10497844

- 1 -

OPPOSITION TO FINJAN'S MOTION FOR
FOR LEAVE TO AMEND ITS COMPLAINT
Case No. 3:17-cv-05659-WHA

the validity of any new allegations added " *Id*. On February 12, 2018, Finjan informed Juniper that it was not going to seek leave to amend its complaint related to willfulness, and Finjan did not even mention the possibility of adding new products at this time. *See* Ex. E. Again, at the Initial Case Management Conference on February 22, 2018, where the Court notified the parties of the early summary judgment procedure that would be employed in this case, Finjan did not even suggest that it would seek leave to amend its complaint to add new products, much less try to include them in this procedure.

The first time Finjan accused the ATP Appliance was on March 8, 2018, when it included them in its infringement contentions.[1] Yet at that time, Finjan still did not chose to amend its complaint even though Juniper specifically informed Finjan that it would need to do so if it wanted to accuse the ATP Appliance in this case. Specifically, on March 15, 2018, counsel for Juniper emailed counsel for Finjan, citing this Court's ruling in *Richtek Tech. Corp. v. uPi Semiconductor Corp.*:

> "the filing of a complaint sets the cut-off date for the scope of a case, subject to the possibility of supplementation. Nevertheless, for some time, patent owners have made open-ended allegations in their complaint that do not specifically identify the accused products and used amendments to their infringement contentions to expand the scope of the case to encompass products . . . without the need to file a supplemental complaint—essentially sneaking new products into the case through the back door of infringement contentions."

2016 WL 1718135, at *2 (N.D. Cal. Apr. 29, 2016) (Alsup, J.).

On March 22, 2018, two weeks after Finjan served its infringement contentions, the parties identified the claims they were selecting for early summary judgment, and Finjan still had not even moved for leave to add claims against the ATP Appliance to this case.

On March 26, 2018, Juniper objected to Finjan's discovery requests served on February 23, 2018, again notifying Finjan that discovery into ATP Appliance was improper unless and until the operative complaint was amended. Dkt. No. 67 at 5. During the parties' meet and confer over discovery on April 3, 2018, Juniper stated that it was improper for Finjan to seek discovery on the

---

[1] Finjan argues that it notified Juniper in its February 23, 2018 discovery requests that ATP Appliance was accused. Dkt. No. 67 at 4. To the contrary, Finjan merely defined in its discovery requests "Accused Instrumentalities" to include ATP Appliance without describing what such instrumentalities are even accused of (i.e., no patent numbers nor specific accused functionality). Such superficial mention of the ATP Appliance does not put Juniper on notice. *See* Dkt. No. 48-1 at ¶ 6.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10497844 - 2 -

OPPOSITION TO FINJAN'S MOTION FOR
FOR LEAVE TO AMEND ITS COMPLAINT
Case No. 3:17-cv-05659-WHA

ATP Appliance until and unless Finjan amended its Complaint.  Declaration of Joshua Glucoft ("Glucoft Decl.") ¶ 10.  Juniper also informed Finjan during this meet and confer that Juniper was willing to stipulate to allow Finjan to amend its Complaint if Finjan agreed to exclude the ATP Appliance from early summary judgment.  *Id.*

Following the April 3, 2018 meet and confer, Finjan rejected Juniper's offer to stipulate to allow Finjan to amend its Complaint, but Finjan still did not seek leave to amend.  Instead, Finjan filed a motion to compel production on April 6, 2018, seeking discovery on the ATP Appliance.  *See* Dkt. No. 48.  At the hearing on this motion, this Court held that it was "not just going to hand over the documents" relating to the ATP Appliance until Finjan decided to "replead" and "put [the ATP Appliance] in the complaint as an accused product and explain[] which claims the product infringes."  *See* Ex. C at 7-8.  This Court expressly held that unless the ATP Appliance was accused in the Complaint, Finjan could not obtain discovery on the product.  *Id.*

### III.   ARGUMENT

#### A.   Plaintiff Should Not Be Allowed to File an Amended Complaint Containing the Same Willfulness Allegations this Court Previously Dismissed

On February 14, 2018 this Court dismissed Plaintiff's claims of willfulness and induced infringement from the original Complaint.  Dkt. No. 30 at 8.  The Court also held that Juniper "may promptly take depositions in advance of Finjan's motion for leave in order to test the validity of any new allegations."  *Id*.

Although Finjan asserts it "is no longer asserting willfulness," Dkt. No. 67 at 2 n.1, its proposed amended complaint contains the very same willfulness allegations the Court previously dismissed.  *See, e.g.*, Dkt. No. 67, Ex. 1 at ¶¶ 63-65.  On April 24, 2018, Juniper emailed Finjan asking Finjan to withdraw its current motion and file a new motion for leave to amend with a proposed complaint that does not actually assert willfulness.  *See* Ex. D; Glucoft Decl. ¶ 11.  Juniper did not receive any response from Finjan, and to date, Finjan *still* has not offered to substitute its proposed amended complaint to omit the renewed allegations of willfulness.  Glucoft Decl. ¶ 11.  As Juniper argued in its motion to dismiss—and as the Court held in its Order on that motion—Finjan's willfulness allegations are inadequate because, among other things, Finjan does not adequately allege

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10497844                                            - 3 -                      OPPOSITION TO FINJAN'S MOTION FOR
                                                                              FOR LEAVE TO AMEND ITS COMPLAINT
                                                                              Case No. 3:17-cv-05659-WHA

1  pre-suit knowledge. Dkt. No. 30 at 4-5.  Finjan has not added any allegations to cure these
2  deficiencies.  As such, if Finjan is granted leave to file its proposed complaint, it will be subject to
3  another motion to dismiss.

4  Even if Finjan had tried to resolve the issues with its willfulness claims—which it did not—
5  such an amendment would violate this Court's prior order.  This Court ordered Finjan to cure the
6  defects in its willfulness allegations by February 22, 2018. *Id.* at 8.  That deadline has long passed,
7  and any attempt by Finjan to revive its willfulness claims is tardy. *See Thomas v. Fedex Freight,*
8  *Inc.*, 627 F. App'x. 635, 636 (9th Cir. 2015) (affirming district court's denial of leave to amend on
9  the basis that Plaintiff failed to amend the complaint by the court-ordered deadline and failed to
10 establish good cause for its tardiness).  Moreover, this Court ordered that Finjan should not be
11 allowed to move to amend its Complaint as to willfulness until Juniper has had an opportunity to
12 depose Finjan's witnesses on those allegations. *Id.* at 8.  To the extent Finjan is seeking to amend its
13 willfulness allegations now, Juniper must first be afforded an opportunity to depose the relevant
14 Finjan witnesses.

15 Finjan should not be granted leave to file its proposed amended complaint because it
16 continues to assert willfulness allegations that have already been dismissed by this Court, and
17 because Finjan has not allowed Juniper the chance to depose its witnesses on the willfulness
18 allegations. *See Bonin v. Calderon*, 59 F.3d 915, 845 (9th Cir. 1995) ("Futility of amendment can, by
19 itself, justify the denial of a motion for leave to amend."); *Bivolarevic v. U.S. CIA*, 2010 WL 890147,
20 at *3 (N.D. Cal. Mar. 8, 2010) (denying Plaintiff's request to file an amended complaint upon finding
21 that leave to amend would be futile); *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, 2017 WL
22 2774339 (N.D. Cal. June 26, 2017) (same).

23 **B.   The ATP Appliance Should Be Excluded From Early Summary Judgment**

24 In this Court's order on Finjan's motion to shorten time, it cautioned that "[n]either side
25 should assume . . . that any amendment will justify expanding the universe of claims included in early
26 summary judgment." Dkt. No. 73 at 1.  Even if the Court decides to grant Finjan leave to amend, the
27 Court should order that Finjan is not allowed to seek discovery on ATP Appliance until after the early
28 summary judgment motions are filed on June 7, 2018, to prevent significant prejudice to Juniper.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10497844 — - 4 - — OPPOSITION TO FINJAN'S MOTION FOR
FOR LEAVE TO AMEND ITS COMPLAINT
Case No. 3:17-cv-05659-WHA

Finjan caused its own delay in seeking leave to amend its complaint, and Juniper should not have to shoulder the burden and prejudice caused by Finjan's delay.

### 1. *Juniper Will Be Significantly Prejudiced by the Late Addition of the ATP Appliance to Early Summary Judgment*

With its amendments to the Complaint, Finjan seeks to add the ATP Appliance to the early summary judgment proceedings. *See* Dkt. No. 67 at 2, 5. This late addition would significantly prejudice Juniper by imposing a tremendous extra burden on Juniper's resources less than one month before the early summary judgment procedure is set to begin, on June 7, 2018. Juniper should not be made to suffer such prejudice when Finjan is solely responsible for its undue delay in seeking leave to amend.

Because of this Court's "shootout" procedure in this case, Juniper has expended substantial resources to make discovery available to Finjan on the three products accused in the original Complaint on an extremely expedited schedule. Although Juniper was not required to produce documents demonstrating the functionality of Sky ATP or the other two products identified in the Complaint until April 23, 2018, Juniper produced source code for all three accused products on March 19, 2018, a mere 11 days after Finjan served infringement contentions. Glucoft Decl. ¶ 8. Juniper also collected, reviewed, and produced more than 160,000 additional pages of technical documentation on these products on March 7, 2018. *Id.* While this documentation is more than sufficient to demonstrate the operation of the accused Juniper functionality in the three accused products, upon Finjan's request, Juniper agreed to expedite production of hundreds of thousands of pages of additional confidential technical documents, including hardware and software documentation, data sheets, validation reports, configuration guides, user manuals, and other highly confidential technical specifications. *Id.* On April 30, 2018, Juniper completed its expedited production of the highly confidential technical documents relating to the three accused products in the original Complaint, which totaled more than 400,000 pages. *Id.* Juniper has also agreed to four early depositions of Juniper engineers, all scheduled to occur in the month before the summary judgment motions are due on June 7, 2018. *See* Glucoft Decl. ¶ 12.

Notwithstanding the already heightened level of litigation activity, Finjan seeks to suddenly

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10497844                                     - 5 -                         OPPOSITION TO FINJAN'S MOTION FOR
                                                                           FOR LEAVE TO AMEND ITS COMPLAINT
                                                                           Case No. 3:17-cv-05659-WHA

add a new and different product to the case less than four weeks before summary judgment motions must be filed. Finjan indicated in its motion to shorten time that it will need Juniper to complete discovery related to the ATP Appliance by May 17, 2018 in order to include the ATP Appliance in early summary judgment. *See* Dkt. No. 68 at 1. But even Finjan's counsel admits that, "[t]wo weeks is not enough time" to "process, review, and analyze" the discovery on the ATP Appliance (Dkt. No. 68-1 at ¶ 17), which Juniper will need to do itself before it can even begin producing documents on the ATP Appliance to Finjan (*e.g.*, reviewing for relevance and privilege). The burden on Juniper is particularly acute because (at Finjan's request) Juniper has labored to expedite production of hundreds of thousands of confidential documents related to the three accused products in the original Complaint, and because Juniper has already agreed to four depositions (again at Finjan's request) scheduled to occur in the month before early summary judgment motions are due. Given that Finjan could have filed this motion, at the very least, well over two months ago in February 2018, when it allegedly discovered that Juniper was offering the ATP Appliance, *see* Dkt. No. 67 at 4, imposing this extra burden on Juniper by allowing Finjan to add the ATP Appliance to early summary judgment is unfair, unreasonable, and highly prejudicial.

### 2. *Finjan is Solely Responsible for its Undue Delay in Seeking Leave to Amend*

Finjan unduly delayed the filing of this motion for leave to amend. Finjan knew that Juniper was acquiring Cyphort before September 29, 2017, when Finjan filed its Complaint in this case. *See* Ex. A. Finjan also admits that Juniper publicly advertised the ATP Appliance in 2017. *See* Dkt. No. 67 at 3, 4. In short, Finjan could either have identified Cyphort products when it initially filed this action, or it could have sought leave to amend its Complaint last year when Juniper first advertised Cyphort products under the Juniper name. In both instances, Finjan made the decision not to include (or even seek to include) Cyphort products in this case.

Even more striking is Finjan's decision not to seek leave to amend its Complaint about two months ago, on March 8, when it first accused the ATP Appliance in its infringement contentions. Instead, Finjan chose to unduly delay seeking leave of Court until the end of April—*after* the parties identified their respective claims for early summary judgment and *a mere six weeks* before early summary judgment motions are due.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10497844 - 6 -

OPPOSITION TO FINJAN'S MOTION FOR
FOR LEAVE TO AMEND ITS COMPLAINT
Case No. 3:17-cv-05659-WHA

In fact, Finjan concealed its intentions about the ATP Appliance completely, even through the Case Management Conference, until it served its infringement contentions two weeks before the parties were required to elect the claims on which they would move for early summary judgment. With such actions, Finjan prevented Juniper from fully evaluating the impact of ATP Appliance on the early summary judgment procedure. Indeed, only when the Court rejected its attempts to "sneak[] new products into the case through the back door of infringement contentions," *Richtek*, 2016 WL 1718135, at *2, did Finjan seek leave to amend as a late attempt to squeeze the ATP Appliance into the early summary judgment proceedings.

Finjan's only excuse for its undue delay is that it believed the "ATP Appliance was adequately disclosed in its original Complaint," even though it was not specifically named in the Complaint. In support of its argument, Finjan asserts that its infringement contentions on March 8 "showed an element-by-element basis how the ATP Appliance infringes the asserted patents." Dkt. No. 67 at 7. This excuse, though flimsy, might have been plausible had this Court not expressly addressed this precise issue in the 2016 case of *Richtek Tech. v. uPi Semiconductor Corp.*, 2016 WL 1718135. As this Court explained, "the filing of a complaint sets the cut-off date for the scope of a case, subject to the possibility of supplementation. Nevertheless, for some time, patent owners have made open-ended allegations in their complaint that do not specifically identify the accused products and used amendments to their infringement contentions to expand the scope of the case to encompass products . . . without the need to file a supplemental complaint—essentially sneaking new products into the case through the back door of infringement contentions." *Id.* at *2. Given this express guidance from the Court, it is unclear how Finjan can claim that it thought identifying the ATP Appliance in infringement contentions rather than its Complaint is legally sufficient.

Nor can Finjan seek to claim ignorance of the law: the week after Finjan served infringement contentions, Juniper expressly informed Finjan that it would need to amend its Complaint if it wanted to add ATP Appliance to the case and pointed Finjan to the *Richtek* case. *See* Ex. B. Again—for its own reasons—Finjan elected not to seek leave to amend at that time.

Finjan also argues that it was "reasonable" to believe that it was not required to identify the ATP Appliance in its Complaint because it includes "the same type of technology" as products it did

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10497844 — - 7 - — OPPOSITION TO FINJAN'S MOTION FOR FOR LEAVE TO AMEND ITS COMPLAINT
Case No. 3:17-cv-05659-WHA

1  accuse. Dkt. No. 67 at 7. This argument is legally and factually flawed. The law requires patent
2  plaintiffs to specifically identify the products they are accusing of infringement. *See Richtek*, 2016
3  WL 1718135 at *2. Defendants cannot be made to guess which specific technology within a product
4  plaintiffs will claim is infringed and what other products plaintiffs may later claim encompass this
5  technology. Even if Finjan's legal argument were correct (and it is not), the suggestion that ATP
6  Appliance and Sky ATP have "the same type of technology" such that an allegation against one is
7  sufficient to accuse another is false: Sky ATP was developed by Juniper, while the ATP Appliance
8  was developed by Cyphort when they were separate companies. They do not share source code, and
9  they contain fundamentally different functionality. Glucoft Decl. ¶ 9. Indeed, Finjan's own exhibits
10 confirm that the ATP Appliance is a physical good developed by Cyphort, Dkt. No. 48-2 at 2, while
11 Sky ATP is a cloud-based service developed by Juniper. Moreover, Finjan's Complaint contained no
12 allegation that all products purportedly including "the same type of technology" as Sky ATP infringe
13 the asserted patents. *See* Dkt. No. 1.

### 3. *Finjan is not prejudiced by the exclusion of the ATP Appliance from early summary judgment*

16 Finjan would not be prejudiced if its claims against the ATP Appliance are not heard during
17 early summary judgment. The exclusion of the ATP Appliance from the early summary judgment
18 proceedings would not limit Finjan's claims against the ATP Appliance, and Finjan would be free to
19 pursue those claims at a later stage in this case. Finjan can hardly claim any urgency in resolving
20 claims against the ATP Appliance when Finjan itself chose: (1) not to bring any claims against
21 Cyphort when it sold the product; and (2) not to seek leave to amend its complaint to add these
22 products until now.

## IV. CONCLUSION

24 For the foregoing reasons, Juniper respectfully requests that the Court (1) deny Finjan leave to
25 file its proposed amended complaint, which continues to assert previously dismissed willfulness
26 allegations and (2) exclude the ATP Appliance from early summary judgment.

27 [*Signature page follows*]

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10497844                                - 8 -                    OPPOSITION TO FINJAN'S MOTION FOR
                                                                 FOR LEAVE TO AMEND ITS COMPLAINT
                                                                 Case No. 3:17-cv-05659-WHA

| | | |
|---|---|---|
| 1 | Dated: May 1, 2018 | Respectfully submitted, |
| 2 | | IRELL & MANELLA LLP |
| 3 | | By: */s/ Joshua Glucoft* |
| 4 | | Joshua Glucoft<br>Attorneys for Defendant |
| 5 | | JUNIPER NETWORKS, INC. |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10497844

- 9 -

OPPOSITION TO FINJAN'S MOTION FOR
FOR LEAVE TO AMEND ITS COMPLAINT
Case No. 3:17-cv-05659-WHA