PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
AUSTIN MANES (State Bar No. 284065)
amanes@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>        v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>            Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**PLAINTIFF FINJAN, INC.'S REPLY IN SUPPORT OF ITS MOTION TO AMEND THE COMPLAINT**<br><br>Date:   May 9, 2018<br>Time:   8:00 am<br>Judge:  Honorable William Alsup<br>Dept.:  Courtroom 12, 19th Floor |

**I.    INTRODUCTION**

Finjan's Motion to Amend its Complaint ("Motion") should be granted because Juniper agrees that the ATP Appliance can be properly brought into the case and has no complaints that Finjan has dropped an entire line of accused products and two asserted patents from the case.  Rather than oppose Finjan's request for leave to amend, Juniper dedicated the majority of its opposition brief to Finjan's Motion to arguing for relief that is not appropriately raised in Juniper's Opposition to Finjan's Motion for Leave to Amend its Complaint.  Specifically, Juniper seeks to have the Court to amend the Court's Amended Case Management Order ("CM Order") to delay discovery of the ATP Appliance and exclude the ATP Appliance from the early summary judgment process. Dkt. No. 35.  To the extent Juniper is seeking relief from the current case schedule, Juniper is required to file a separate motion to either modify the current Case Management Order case or some other motion for relief.

The only other issue raised in Juniper's opposition is willfulness.  Finjan has notified the Court and Juniper that it is not asserting willful infringement in the case.  *See* Dkt. No. 67 ("Motion") at 2 n.1; Dkt. No. 72.  Finjan has maintained its allegations for an exceptional case and enhanced damages in the case.  *See* Dkt. No. 67-20 at ¶¶ 65, 79, 94, 109, 123, 140.  Thus, the allegations that Juniper equates are for a claim for willful infringement are allegations that are directed toward seeking an exceptional case and enhanced damages.

**II.    ARGUMENT**

**A.  Juniper's Opposition is an Improper Request for Relief**

Finjan made a motion in compliance with the Court's schedule to Amend its Complaint to include the ATP Appliance.  In response, Juniper concedes that it would allow the ATP Appliance to be in the case but it did not want it in early summary judgment. Opp. at 1, 8; *see also* Ex. 1 attached hereto, 4/17/18 Hearing Tr. at 5.  Truly, there can be no dispute that Finjan has demonstrated the necessary diligence required under the law to amend its complaint to include the ATP Appliance, as Juniper concedes that it can be brought into the case and does not address any of Finjan's case law showing that much greater delays in seeking to amend were still found to be diligent.

FINJAN'S REPLY IN SUPPORT OF ITS                              CASE NO.: 3:17-cv-05659-WHA
MOTION TO AMEND THE COMPLAINT

Instead, Juniper asks to exclude the ATP Appliance from discovery and from early summary judgment. However, once Finjan's amended complaint is entered, then the ATP Appliance is in the case. Juniper does not dispute that the ATP Appliance was accused of infringing claims selected for early summary judgment in Finjan's Infringement Contentions, which make it subject to the early summary judgment procedure under the CM Order set forth by the Court. Additionally, requesting a delay of discovery and that the ATP Appliance be excluded from early summary judgment is not a basis to oppose Finjan's Motion to Amend its Complaint and is something that Juniper needs to request in a separate motion. As Juniper opposition relies on an improper request for relief from the Court, it should be denied outright.

### B. There is no Prejudice to Juniper

Juniper will not be prejudice by the inclusion of the ATP Appliance. First, Finjan dropped an entire product line and two asserted patents from the case which significantly reduced the case from the outset. Second, Finjan disclosed the ATP Appliance with its infringement contentions. Thus, Juniper has been aware of Finjan's infringement case for the ATP Appliance for the same amount of time as the other accused products at issue in the early summary judgment. In this two month period, Juniper has had sufficient time to review Finjan's contentions with respect to the ATP Appliance. Juniper's claims of prejudice, therefore, ring hollow, as Finjan put Juniper on notice of the details of such infringement when Finjan served its specific infringement contentions on March 8, 2018. Dkt. No. 77 ("Opp.") at 2, n.1.[1]

Juniper's argument that it will be burdened by producing discovery on the ATP Appliance for early summary judgment is also misplaced because Juniper is in possession of all the relevant documents. Opp. at 5-6. Juniper should be able to make the ATP Appliance's source code available in only a few days and Juniper's counsel has demonstrated that it is capable of producing technical documents on the ATP Appliance in a timely manner. Indeed, Juniper claims it is possible to produce source code on three accused products "a mere 11 days after Finjan served infringement contentions"

---

[1] Juniper's claim that Finjan's discovery requests did not put it on notice is specious. Juniper offers no support for this position and admits that the February 23 requests specifically named the ATP Appliance as an accused product. Opp. at 2.

2

and produced "more than 160,000 pages of technical documents related to these products" just thirteen days after the parties learned of the Court's early summary judgment procedure. Dkt. No. 77-1 ("Glucoft Decl.") at ¶ 8; Opp. at 5. As such, Juniper cannot claim an actual inability to produce these documents quickly, only that it would be burdensome to require it to do so. Opp. at 6. Juniper's argument is hollow, because by its own admission, it will have to review and produce these documents eventually, whether the ATP Appliance is added now or later, so reviewing those documents now will impose no additional cost. Thus, Juniper fails to show any actual prejudice it would suffer if the ATP Appliance is litigated in early summary judgment.

Juniper also ignores the purpose of early summary judgment – to clarify the issues and increase judicial efficiency – claiming instead that Finjan "would be free to pursue those claims at a later stage in this case." *Id*. Thus, Juniper fails to refute that Finjan should be permitted to include the ATP Appliance in early summary judgment.

### C.  Juniper's Arguments Regarding Willfulness Are A Red-Herring

Juniper's argument that Finjan is attempting to reallege willfulness is a red herring, as Finjan expressly affirmed that it no longer seeks to assert willfulness or indirect infringement in the Complaint, in accordance with the Court's order striking those claims. Motion at 2, n.1. Furthermore, the Court has specifically stated that willfulness under 35 U.S.C. § 284 is no longer in the case, and Finjan does not seek to change this order, nor could it do so without specifically asking for leave of the Court. Dkt. No. 30. Finjan has been explicit that it was not asserting willfulness. Dkt. 67-3, Kastens Decl., Ex. 1 at 59.

In fact, Finjan was surprised when Juniper alleged in its Opposition to Finjan's Motion to Shorten Time that Finjan was re-raising willfulness, and Finjan promptly filed a request for judicial notice highlighting the fact that it was doing no such thing. Dkt. No. 72. Despite these assurances, Juniper's Opposition leads with the baseless accusation that Finjan's Motion to Amend is a "Trojan Horse" intended to "revive" a claim for willfulness after the Court struck those allegations. Opp. at 1, 3-4. This argument is designed to distract from the real reason Juniper opposes this Motion — that the

FINJAN'S REPLY IN SUPPORT OF ITS                    CASE NO.: 3:17-cv-05659-WHA
MOTION TO AMEND THE COMPLAINT

ATP Appliance should be in early summary judgment as Finjan has clearly stated it does not allege willfulness.

The crux of Juniper's argument is that Finjan's Amended Complaint includes the word "willfully" and "35 U.S.C. § 284" in its amended complaint. However, this relates to Finjan's request for enhanced damages under 35 U.S.C. § 284 and for an exceptional case, which relates to a wide range of facts. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992). Thus, Finjan only used "willfully" as a factual term describing Juniper's conduct, which is relevant to Finjan's current claim of "enhanced damages," which can be based on a party litigating in subjective bad faith. *See, e.g., Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 134 S. Ct. 1749, 1754-59 (2014) (holding willfulness can be a factor in fee-shifting for an exceptional case under § 285, which is separate from egregiousness under § 284 and can be based on "subjective bad faith"). Furthermore, this language is related to a request for shifting attorneys' fees under the common-law to show that Juniper has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 1758 (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259 (1975)). These allegations are appropriate because Juniper's Motion to Dismiss Finjan's willfulness claims was based solely on striking Finjan's claim for treble damages for willful *infringement* under 35 U.S.C. § 284, which Finjan no longer alleges. *See* Dkt. No. 23 at 1 and 6-11 (discussing only willful patent infringement and egregious conduct); Dkt. No. 25 at 9-10 (arguing willfulness should be struck because Finjan did not plead "egregious conduct").

### D.  Finjan Did Not Delay in Seeking to Amend

While ultimately irrelevant, as Juniper concedes that it would allow the ATP Appliance in this case, Juniper still accuses Finjan of delaying in seeking to amend its complaint. However, the undisputed facts show that Finjan did not delay, and that the parties simply disagreed on whether the ATP Appliance was accused by the Complaint. Motion at 3-5; Opp. at 1-3. Once Juniper definitively refused to provide discovery into the ATP Appliance, Finjan promptly requested a meet and confer (as required by this Court's Standing Supplemental Order at ¶ 34) and moved to compel discovery *three days* after that meet and confer. Opp. at 3; Glucoft Decl. at ¶ 10; Dkt. 48. Then, once the Court ruled

4

on Finjan's motion to compel on April 17, Finjan filed this Motion to Amend *two days* later. Glucoft Decl. ¶ 5; *id*. at Ex. D. Thus, Finjan was diligent in seeking to include the ATP Appliance in the action.

Contrary to the Opposition's misstatements, the facts show that Finjan did not conceal any intentions, but rather diligently notified Juniper and sought to amend. Opp. at 1-3. Juniper's sole support that Finjan knew of the acquisition before it was publicly announced was an email from Julie Mar-Spinola of Finjan to Juniper discussing this prospective acquisition. However, Juniper cannot dispute that Finjan could not include the ATP Appliance in its complaint, as Juniper did not publicly disclose that the acquisition was complete until over a month later, which would have been required for Finjan to include the ATP Appliances in the complaint. *Id*. at 1-3, 7.

Furthermore, Juniper cannot reasonably fault Finjan for assuming that the ATP Appliance was originally named in the Complaint as part of Sky ATP, since Juniper's own legal documents, filed with the SEC, demonstrate that Juniper intended to make the technology part of the Sky ATP Products, which were already specifically named in the complaint. Juniper's November 2017 10-Q specifically stated that the Cyphort acquisition was "expected to strengthen the capabilities of our cloud-based threat prevention service, Sky Advanced Threat Prevention, or Sky ATP, by increasing efficiency and performance." *See* Motion at 3 (citing Kastens Decl., Ex. 2 at 29). Juniper's Opposition wholly ignores this fact, which refutes its argument that Finjan could have known in November 2017 that the ATP Appliance was a separate product not already covered by Finjan's complaint. Opp. at 1.

Juniper's Opposition also makes no attempt to address the case law cited in Finjan's Motion, holding that the two-months between when Finjan learned of the ATP Appliance, moved to compel discovery on it, and moved to add it to the Complaint does not demonstrate undue delay, but rather demonstrates that Finjan was diligent. Motion at 6-8.[2] Instead, Juniper relies on a single case, *Richtek*

---

[2] Citing *Sage Electrochromics, Inc. v. View, Inc*., No. 12-cv-6441-JST, 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014) (granting motion to amend though plaintiff waited many months); *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2017 WL 3149297, at *3-4 (N.D. Cal. Jul. 25, 2017) (granting motion to amend despite a delay of six months between learning of the basis for new pleadings and moving to amend); *Finjan v. Blue Coat Sys., Inc*., No. 13-cv-03999-BLF, 2014 WL 6626227, at *2 (N.D. Cal. Nov. 20, 2014) (stating a two month period between receiving confidential information and filing a motion to amend pleadings demonstrates diligence, not undue delay)

5

*Tech. Corp. v. uPi Semiconductor Corp.*, No. C 09-05659 WHA, 2016 WL 1718135, at *2 (N.D. Cal. Apr. 29, 2016), for its argument that Finjan should have known to amend.  Opp. at 7-8.  However, *Richtek* is inapplicable because it involves unusual fact, which included a delay of seven years between the filing of the complaint and the plaintiff's motion to file its *second* amended infringement contentions.  *Richtek*, 2016 WL 1718135, at *1-3.  Finjan notes that the Court found no prejudice to the *Richtek* defendants, stating: "Rather, it appears that defendants are simply latching on to an opportunity to obstruct the progress of this case." *Id*. at *3.  The Court should not allow Juniper to continue to latch on to any opportunity to obstruct the progress of this case, this time under the guise of an "undue burden" of producing discovery that Juniper has known would be relevant for months.

## III. CONCLUSION

For the foregoing reasons, the Court should grant Finjan's Motion to Amend its complaint.

Respectfully submitted,

Dated:  May 4, 2018

By:  */s/ Lisa Kobialka*
Paul J. Andre
Lisa Kobialka
James Hannah
Kristopher Kastens
Austin Manes
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com
amanes@kramerlevin.com

*Counsel for Plaintiff*
FINJAN, INC.

FINJAN'S REPLY IN SUPPORT OF ITS
MOTION TO AMEND THE COMPLAINT

CASE NO.: 3:17-cv-05659-WHA