1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

          Plaintiff,

  v.

JUNIPER NETWORKS, INC.,

          Defendant.

_____/

No. C 17-05659 WHA

**ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR LEAVE TO
AMEND COMPLAINT**

**INTRODUCTION**

     In this patent infringement action, plaintiff moves for leave to amend the complaint.

The motion is **GRANTED IN PART** and **DENIED IN PART**.

**STATEMENT**

     Plaintiff Finjan, Inc., accuses defendant Juniper Networks, Inc., of infringing patents

pertaining to malware-detection technology. Finjan's allegations have been summarized in a

prior order dated February 14, which dismissed Finjan's claims of willfulness and induced

infringement but allowed Finjan to move for leave to amend by February 22 (Dkt. No. 30 at 8).

Finjan decided not to seek leave to amend to cure the deficiencies in those claims (*see* Dkt. No.

31 at 2). A case management order dated February 23 then provided, among other things, that

leave to amend pleadings must be sought by May 31 (Dkt. No. 35 at 1). The case management

order also set forth a procedure whereby each side will move for early summary judgment on

one claim by June 7 (*id.* at 4).

On April 6, Finjan moved via discovery letter to compel discovery regarding a Juniper product called Advanced Threat Prevention Appliance ("ATP Appliance") (Dkt. No. 48). Another order denied that motion because the complaint did not properly identify ATP Appliance as an accused product and Finjan had not successfully amended — or even moved to amend — the complaint to accuse ATP Appliance (*see* Dkt. No. 69). Finjan then filed the instant motion for leave to amend the complaint and add ATP Appliance as an accused product (Dkt. No. 67). This order follows full briefing and oral argument.

## ANALYSIS

Juniper does not oppose allowing Finjan to amend the complaint to add ATP Appliance as an accused product. Juniper protests, however, that Finjan's proposed amendment would (1) improperly revive Finjan's dismissed "willfulness" allegations and (2) unfairly prejudice Juniper in the early summary judgment procedure already well underway (*see* Dkt. No. 77 at 1).

### 1.     ALLEGATIONS OF WILLFULNESS.

As the February 14 order noted, the original complaint alleged in boilerplate language that "Juniper 'has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement' of all eight patents-in-suit such that enhanced damages and attorney's fees are justified under Sections 284 and 285, respectively, of Title 35 of the United States Code" (Dkt. No. 30 at 3). That order agreed with Juniper that Finjan had not alleged sufficient facts to show willfulness under Section 284 (*id.* at 4–7). Juniper therefore takes issue with the fact that Finjan's proposed amendment contains the exact same boilerplate allegations, complete with citations to Sections 284 and 285, despite the dismissal of Finjan's willfulness allegations (*compare, e.g.*, Dkt. No. 1 at 25–26 *with* Dkt. No. 67-3 at 26).

Finjan's reply is muddled but seems to be that, while it no longer seeks "enhanced damages" under Section 284 for willful *infringement*, it continues to seek "enhanced damages" under Section 284 and fee-shifting under Section 285 for Juniper's "subjective bad faith" in this litigation (*see* Dkt. No. 78 at 1, 4). *First*, Finjan cannot reassert dismissed allegations *verbatim* simply by dressing them up in attorney argument and pretending this somehow qualitatively changes the nature of the allegations. *Second*, none of Finjan's cited authorities support its

2

suggestion that allegations insufficient to state a claim for willful *infringement* under Section 284 can nevertheless suffice to state a claim for some other kind of nebulous "willfulness" under the same. Neither the February 14 order nor the authorities cited therein made any such distinction. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."). Under these circumstances, this order agrees with Juniper that Finjan has no excuse for reasserting dismissed allegations of "willfulness" in service of any supposed claim for "enhanced damages" under Section 284.[*]

Fee-shifting under Section 285 presents a different question, and one that would be premature to consider at this stage. Possibly, by the end of this litigation, Finjan could emerge the "prevailing party" and establish entitlement to reasonable attorney's fees by virtue of this having been an "exceptional" case. The allegations in question, however, nudge us no closer to that possibility. As the February 14 order explained, Finjan's "willfulness" allegations simply fail to show that Juniper did anything wrong. "[E]ven viewed in the light most favorable to Finjan, [they] show at most that Juniper gave Finjan less attention than Finjan felt it deserved" and was unwilling "to spend more time and energy rebutting what it perceived to be meritless accusations of infringement" (*see* Dkt. No. 30 at 5–7). This remains true whether Finjan's allegations are considered for "enhanced damages" purposes under Section 284 or fee-shifting purposes under Section 285. In short, Finjan's intent to eventually seek attorney's fees under Section 285 cannot justify its present attempt to reassert dismissed allegations of "willfulness."

**2. IMPACT ON EARLY SUMMARY JUDGMENT PROCEDURE.**

Even by Finjan's own account, it could have sought to properly accuse ATP Appliance by, at the latest, February 2018 (*see* Dkt. No. 67 at 4). Instead, it brought the instant motion for leave to amend on April 19 — approximately halfway through the time allotted for early summary judgment motions. Although the parties do not dispute that leave to amend should be

---

[*] This order recognizes that the February 14 order dismissing Finjan's "willfulness" allegations applied only to products accused in the operative complaint at that time. The conclusion herein is not that Finjan had no way to amend to plead willful infringement as to the newly-accused ATP Appliance product, but rather that Finjan has not done so here because the allegations of "willfulness" in the proposed amendment remain *identical* to the dismissed allegations of "willfulness" from the original complaint.

3

granted, this order agrees with Juniper that allowing Finjan to shake up the playing field for the early summary judgment procedure at this time would be unduly prejudicial to Juniper.

Finjan raises several arguments, none persuasive. *First*, Finjan contends Juniper will not be prejudiced because it has been aware of Finjan's intent to accuse ATP Appliance since February 2018, when Finjan first mentioned the product in its infringement contentions (*see* Dkt. Nos. 67 at 8–9, 78 at 2). But Juniper had no obligation to shape its early summary judgment strategy around new products mentioned in infringement contentions, as opposed to what had actually been accused in the operative complaint. *Second*, Finjan contends Juniper will lose no preparation time because discovery has been ongoing, and the first deposition would not have taken place until May 9 anyway (*see* Dkt. No. 67 at 8–9). None of this changes the fact that half of Juniper's preparation time has already elapsed, and Juniper may have used that time or planned its discovery strategy differently had it known it would be defending ATP Appliance in the early summary judgment procedure. *Third*, Finjan points out that Juniper possesses all evidence pertaining to ATP Appliance, "should be able to collect the most relevant evidence . . . in manner [*sic*] of days," and would need to produce that evidence eventually anyway if leave to amend is granted (*id.* at 9; *see also* Dkt. No. 78 at 2–3). These observations suggest Juniper may be able to mitigate the prejudice that would flow from Finjan's proposed amendment but fail to justify imposing that prejudice on Juniper in the first place. *Fourth*, Finjan contends Juniper's opposition brief constitutes an "improper request for relief" since Juniper agreed to allow the proposed amendment, so any request to exclude ATP Appliance from the early summary judgment procedure must be teed up via a separate motion (Dkt. No. 78 at 1–2). Nonsense. Juniper was within its rights to take the position that it would not oppose amendment subject to certain conditions, and it certainly remains within the purview of this order to grant leave to amend subject to the requested conditions.

In summary, all agree that Finjan should be allowed to add ATP Appliance as an accused product. This order agrees with Juniper, however, that Finjan's proposed amendment revives dismissed "willfulness" allegations, and further agrees that ATP Appliance cannot in fairness be included in the early summary judgment procedure already well underway —

although Finjan may of course include ATP Appliance in subsequent rounds of the early summary judgment procedure going forward. This order therefore **GRANTS** leave to amend on the conditions that (1) Finjan removes its dismissed "willfulness" allegations and (2) ATP Appliance remains excluded from the first round of the early summary judgment procedure.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may file an amended complaint consistent with this order by **MAY 18 AT NOON**. Discovery that plaintiff previously propounded regarding ATP Appliance shall be deemed served as of the filing date of the amended complaint.

**IT IS SO ORDERED.**

Dated: May 11, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE