PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**PLAINTIFF FINJAN, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:   July 5, 2018<br>Time:   8:00 am<br>Judge:  Honorable William Alsup<br>Dept.:  Courtroom 12, 19th Floor |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on July 5, 2018, at 8:00 a.m., or as soon thereafter as counsel may be heard by the Honorable William Alsup in Courtroom 12, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Finjan, Inc. ("Finjan") will and hereby does move the Court for an order granting Finjan's Motion for Leave to File Second Amended Complaint ("Motion").

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the proposed order submitted herewith, the pleadings and papers on file in this action, any evidence and argument presented to the Court at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

**STATEMENT OF RELIEF REQUESTED**

Finjan seeks leave to amend its Complaint to assert Claims 1 and 17 of U.S. Patent No. 7,418,731 (the "'731 Patent") against products already named in the complaint: SRX Gateways and Sky Advanced Threat Protection ("Sky ATP"). A copy of the Second Amended Complaint that Finjan seeks leave to file is attached as Exhibit 1 to the Declaration of Kristopher Kastens, filed in support of this Motion to Amend ("Kastens Decl."). A redline copy of the Amended Complaint showing a comparison of the First Amended Complaint and the Second Amended Complaint is attached as Exhibit 5 to the Kastens Declaration.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should grant Finjan's Motion for Leave to Amend the Complaint to include the '731 Patent based on (1) the recent deposition of Juniper's employee during which confidential information relating to Sky ATP was revealed and (2) a review of source code of the Accused Instrumentalities.

## I. INTRODUCTION

Finjan's motion for leave to amend the complaint to assert Claims 1 and 17 of the '731 Patent (the "Motion") should be granted because leave to amend is freely granted, particularly where there are no issues of undue delay, bad faith, or futility of the proposed amendments, and when requested according to the Court's schedule. Finjan's requested amendments are based on new information that was revealed during the recent deposition of Juniper's employee, Ms. Yuly Tenorio, who was the first witness deposed in this case. In that deposition, Finjan discovered information relating to the internal design of Sky ATP and the relevance of Sky ATP in combination with SRX Gateways as infringing the '731 Patent. A few weeks after the deposition of Juniper's witness, Finjan reached out to Juniper's counsel to amend its complaint to add the '731 Patent, and brought this Motion shortly thereafter.

Finjan's amendments will cause no prejudice to Juniper given the early status of the case and because Finjan seeks to assert only two claims from the '731 Patent against products that are already accused in this case—namely, the SRX gateway and Sky ATP.[1] Accordingly, any additional discovery Finjan may need will be minimal at best. Any underlying evidence will be based on Juniper's information or facts under Juniper's control. Furthermore, Finjan agrees to limit the total number of claims in the case to 16, so the total number of claims in the case will not increase. Finjan also agrees to alleviate any delay by promptly serving its infringement contentions for the '731 Patent within three days of the Court issuing an order granting Finjan leave to amend to assert the '731 Patent. As there is over nine months of fact discovery remaining in the case, Juniper will have ample time to investigate Finjan's claims and there will be no prejudice to Juniper. The proposed amendments will also not be futile. Finjan's amendments with the '731 Patent are consistent with its pleadings of infringement for the patents asserted in its complaint. There, Finjan sets forth how the SRX Gateway and Sky ATP meet the claim limitations.

Therefore, the Court should grant Finjan's motion to amend its complaint.

---

[1] Finjan does not seek to include the '731 Patent as part of the early summary judgment proceedings.

## II. BACKGROUND

Finjan filed its Complaint on September 29, 2017. Dkt. No. 1. The Complaint alleged that a number of Juniper's products and services infringed U.S. Patent Nos. 6,154,844; 6,804,780; 7,613,926; 7,647,633; 7,975,305; 8,141,154; 8,225,408; 8,677,494 ("Original Asserted Patents"). On April 19, 2018, Finjan filed motion for leave to amend its complaint to include the newly released ATP Appliance (Dkt. No. 67), which the Court granted on May 11, 2018 (Dkt. No. 85).[2] Finjan filed its First Amended Complaint on May 18, 2018. Finjan's amendment included dropping an accused product and two of the asserted patents, narrowing the case. Dkt. No. 88. Finjan took the deposition of the first Juniper witness on May 9, 2018. *See* Declaration of Kristopher Kastens in Support of Finjan's Motion for Leave to File Second Amended Complaint ("Kastens Decl."), Ex. 2. Non-expert discovery does not close until March 29, 2019 and trial is not until July 8, 2019. Dkt. No. 35 at 1, 5.

### A. Recent Events are the Basis for Finjan's Motion.

A series of recent events in the last month led to Finjan's basis for this motion. Juniper first produced internal design and development documents related to Sky ATP on April 30, 2018. On May 9, 2018, Finjan took the deposition of Ms. Yuly Tenorio, who confirmed the relevance of the '731 Patent to this case because she described ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Kastens Decl., Ex. 2 (Tenorio Tr.) at 226:16–227:4 (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬). Finjan conducted its source code review from May 15, 22–25, 2018, to confirm the described operation in the source code. Kastens Decl., ¶8.

Based on these events, Finjan now brings its proposed amendments for direct infringement of the '731 Patent. Kastens Decl., Ex. 3 (the "'731 Patent"). Finjan accuses the same products of infringing the '731 Patent as those accused in its complaint filed on September 29, 2017, *i.e.*, Sky ATP and the SRX Gateways. *Compare* Kastens Decl., Ex. 5 (Second Amended Complaint) at

---

[2] Finjan's First Amended Complaint also removed allegations of willfulness, indirect infringement, and two patents in the original Complaint (the '305 Patent and '408 Patent).

¶130 (identifying products infringing the '731 Patent) *with* Original Complaint, Dkt. No. 1 at ¶¶43–50 (identifying products infringing other Asserted Patents). The '731 Patent is substantively different from the currently asserted claims because it includes claims directed at new components, such as policy and file caches. *See* '731 Patent, Claims 1 and 17.

### B. This Case is in its Early Stages and Trial is Over a Year Away.

This case is still in its relatively early stages. Trial for this case is not scheduled for over another year from now, on July 8, 2019. Dkt. No. 35 at 5. Non-expert discovery closes on March 29, 2019, and opening expert reports are to be served at that time. *Id.* at 1. Dispositive motions are not due until April 11, 2019. *Id.* at 4.

Under the Court's Scheduling Order (Dkt. No. 35), Finjan may seek to amend its complaint until May 31, 2018. On May 25, 2018, in a good faith effort to avoid unnecessary motion practice, Finjan contacted Juniper asking if it would stipulate to Finjan amending its complaint to include the '731 Patent. Kastens Decl., Ex. 4. The parties met and conferred on May 29, 2018, during which Juniper indicated it would consider Finjan's amendment if Finjan agreed to allow additional deposition time for the only Finjan witness who had been deposed. Finjan confirmed the following day that it would agree to allow Juniper two additional hours with the Finjan witness if Juniper stipulated to the amendment. Kastens Decl., ¶¶9–10. On the date of Finjan bringing this Motion, Finjan provided Juniper with its proposed Second Amended Complaint and requested that Juniper indicate by 2:00 p.m. whether it would stipulate to the amendment given that it was the last day for the parties to seek leave to amend the pleadings. *Id.*, ¶12. Juniper did not provide Finjan with an affirmative response by that time.

### III. ARGUMENT

Leave to amend is freely given under Federal Rule of Civil Procedure 15(a), and Finjan seeks this amendment diligently and in good faith in order to assert the '731 Patent against products that are already accused in the Complaint. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that refusal to grant leave without reason is inconsistent with the spirit of the Federal Rules). The determination of whether to grant leave to amend according to

1 the schedule set forth by the Court should be "performed with all inferences in favor of granting
2 the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Because Finjan
3 requests this amendment according to the Court's schedule, Finjan is not required to show good
4 cause to modify the schedule under Federal Rule of Civil Procedure 16. *See* Dkt. No. 35.

However, the Court may consider factors such as undue delay, bad faith, actual prejudice to the non-moving party, and futility, all of which support granting Finjan leave to amend its Complaint to assert Finjan's '731 Patent based on the recent deposition of Juniper's witness, Ms. Tenorio, during which she described the confidential, internal structures of Sky ATP, under Rule 15(a). Kastens Decl., Ex. 2 (Tenorio Tr.) at 226:16–228:10; *Foman*, 371 U.S. at 182; *Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 3007078, at *3 (N.D. Cal. July 14, 2017) ("Where a party moves to amend its pleadings on or before the deadline to amend the pleadings, a motion for leave to amend is evaluated under Fed. R. Civ. Proc. 15.") (citation omitted). Furthermore, even if Juniper argues that Finjan should have been able to determine that the structure of these backend systems for Sky ATP from the source code, Finjan was still diligent because Juniper only made the source code (which contained millions of pages of code) available about two months ago. As such, leave should be granted because Juniper will not be prejudiced.

### A. Finjan's Amendments Are Made in Good Faith.

Finjan's proposed amendment should be granted because it is requested in good faith, and there is no bad faith or dilatory motive on the part of Finjan. As described above, Finjan seeks to amend to include a patent based on the recent deposition of Juniper's employee and after a review of Juniper's source code. Because Sky ATP is a cloud-based product, Finjan did not have access to certain aspects of the internal structure that are not ascertainable from public documents, such as the presence and structure of a file cache. For example, Claim 1 of the '731 Patent require a "file cache" that is "indexed by a file identifier." *See* '731 Patent, Claim 1. Additionally, Claim 17 of the '731 Patent requires a "file cache" and "indexing the retrieved file in the file cache with a file ID." *Id.*, Claim 17. The deposition of Ms. Tenorio confirmed the internal operation of Sky ATP, and described how it infringed Claims 1 and 17 of the '731 Patent. In particular, Ms.

1    Tenorio provided information on the ███████████████████, along with the other
2    elements of the claims.  Kastens Decl., Ex. 2 (Tenorio Tr.) at 226:16–228:10.  The internal
3    workings of Sky ATP related to its ██████ was otherwise not publicly known until after the
4    deposition of Ms. Tenorio.
5        Further, there have been no contentions of bad faith in seeking to amend the complaint and
6    no such facts exist.  Finjan is not seeking to add the '731 Patent for any oppressive reasons, but
7    has the legitimate reason of seeking amendment because the '731 Patent includes claims with a
8    different scope from what is already included in the case, including claims covering components
9    like a policy cache and file cache that are otherwise not discussed in the asserted claims.  *See* '731
10   Patent, Claims 1 and 17.  Furthermore, Finjan has the legitimate reason of adding the '731 Patent
11   because it does not expire for two or more years after four of the six patents currently asserted.
12       Finjan's good faith is also shown by its willingness to work with Juniper to address
13   changes in discovery based on Finjan's addition of the '731 Patent.  For example, Juniper
14   requested additional deposition time of one of Finjan's witnesses, Mr. Garland, to discuss issues
15   related to notice specific to the '731 Patent.  Finjan agreed to make Mr. Garland available for an
16   additional two hours of deposition if Juniper agreed to Finjan's amendment.  Kastens Decl., ¶¶9–
17   10.  Furthermore, Finjan agreed to work with Juniper to adjust the claim construction schedule to
18   accommodate Juniper and the inclusion of the '731 Patent.  *Id*., ¶11.  Finjan requested a schedule
19   that Juniper believed would allow it sufficient time to address the '731 Patent for claim
20   construction.
21       Thus, Finjan, in good faith, seeks to amend its Complaint based on recent discovery of
22   information, and this factor weighs in favor of granting Finjan leave to amend.
23       **B.   Finjan Did Not Unduly Delay Because It Diligently Sought to Amend its Complaint.**
24       Finjan did not unduly delay its request for leave to amend because it promptly sought such
25   leave within two days of meeting and conferring with Juniper, two weeks after taking the
26   deposition of Ms. Tenorio, and after only two months of reviewing the millions of pages of
27   Juniper's source code for Sky ATP and SRX Gateways, during which Finjan confirmed Juniper's
28

infringement. Kastens Decl., ¶8. Shortly after the deposition of Ms. Tenorio, Finjan met and conferred with Juniper on May 29th, in order to determine whether Juniper would stipulate to Finjan's amendments. *Id.*, ¶9. Finjan then immediately filed its Motion two days after the meet and confer. Thus, this factor weighs in favor of granting leave to amend. *See Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-6441-JST, 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014) (granting motion to amend even though plaintiff waited approximately three months to seek the Court's permission to add new patents to the case); *see also Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2017 WL 3149297, at *3-4 (N.D. Cal. Jul. 25, 2017) (granting motion to amend despite a delay of over six months between learning of the basis for new pleadings and filing a motion to amend); *Finjan v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2014 WL 6626227, at *2 (N.D. Cal. Nov. 20, 2014) (stating that an almost two month period between receiving confidential information and filing a motion to amend pleadings based on that confidential disclosure demonstrates diligence, and does not demonstrate undue delay). Further, under the Court's Scheduling Order, the deadline for the parties to file leave to amend is May 31, 2018. Dkt. No. 35. As such, Finjan did not unduly delay given the circumstances and the recent deposition of Ms. Tenorio. Thus, this factor weighs in favor of granting Finjan's request.

**C.   Juniper Will Not Be Prejudiced by Finjan's Amendments.**

Juniper will not be prejudiced because the documents concerning Juniper's infringement of the '731 Patent are in its possession and are substantially similar to documents that pertain to infringement of the Original Asserted Patents given the same set of accused products is at issue. *Compare* Kastens Decl., Ex. 5, Second Amended Complaint at ¶130 (identifying products infringing the '731 Patent) *with* Original Complaint, Dkt. No. 1 at ¶¶43–50 (identifying products infringing other asserted patents). In addition, Finjan agrees to provide Juniper with supplemental infringement contentions within three days after the Court grants leave to file the Second Amended Complaint regarding the newly asserted patent so that it will not affect the Court's current schedule. Kastens Decl., ¶13.

Moreover, discovery is ongoing in the case. Non-expert discovery does not close until March 29, 2019 (Dkt. No. 35), and therefore will not need to be reopened. *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-BLF, 2014 WL 6386727, at *3 (N.D. Cal. Nov. 14, 2014) (no prejudice because case still in early stages). There is no additional burden on Juniper's witnesses, as Finjan does not seek to retake any depositions of Juniper witnesses. Additionally, Juniper has only taken the deposition of a single Finjan witness to date and Finjan offered to allow additional time with this witness to specifically address the '731 Patent. Kastens Decl., ¶¶ 9–10, 14. Accordingly, Juniper cannot credibly claim that it would be prejudiced because it does not have sufficient time to prepare discovery with respect to the infringement of the '731 Patent, or to prepare its defenses.

As such, Finjan's amendments to the Complaint to assert the '731 Patent will not prejudice Juniper, and this factor weighs in favor of granting Finjan leave to amend.

### D. Finjan's Amendment is not Futile.

Finjan's proposed amendment to assert the '731 Patent is not futile because Finjan's allegations can survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Finjan's direct infringement allegations of the '731 Patent based on Sky ATP and the SRX Gateways contain sufficient facts that, when accepted as true, state a claim of relief that is plausible on its face under the *Twombly/Iqbal* pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The claims of infringement sufficiently provide notice to Juniper, as they identify and describe how Juniper's Sky ATP and SRX Gateways infringe the Asserted Patents. Kastens Decl., Ex. 1 (Second Amended Complaint) at ¶¶ 126–136. Courts routinely hold that such allegations more than satisfy the pleading requirements of *Iqbal* and *Twombly*. *See, e.g., Windy City Innovations, LLC v. Microsoft Corp.*, No. 16-cv-01729-YGR, 2016 WL 3361858, at *4-5 (N.D. Cal. June 17, 2016) (finding direct infringement adequately pled by identification of accused instrumentalities and description of how claim elements are satisfied); *Iqbal*, 556 U.S. at 678. Indeed, Finjan's claims of direct infringement parallel its claims of infringement of the Original Asserted Patents in the Original Complaint (Dkt. No. 1) and First Amended Complaint

1  (Dkt. No. 88).  As such, Finjan has properly pleaded facts stating a plausible claim for relief.

2  Further, this is not the situation where the proposed amendment is clearly insufficient or frivolous such that the Court should deny Finjan's motion to amend.  Because "the underlying facts or circumstances relied upon by [Finjan] may be a proper subject of relief, [Finjan] ought to be afforded an opportunity to test [its] claim on the merits."  *Foman*, 371 U.S. at 182.  Indeed, the "denial of a motion for leave to amend on the ground of futility 'is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'"  *Oracle*, 2017 WL 3149297, at *4 (citation omitted).  Thus the Court should grant Finjan's motion for leave to amend its Complaint to assert direct infringement of Finjan's 731 Patent.

**IV.    CONCLUSION**

For the foregoing reasons, Finjan respectfully requests that the Court grant Finjan's Motion to Amend its Complaint.

Respectfully submitted,

Dated:  May 31, 2018               By:   */s/ Kristopher Kastens*
                                         Paul J. Andre
                                         Lisa Kobialka
                                         James Hannah
                                         Kristopher Kastens
                                         KRAMER LEVIN NAFTALIS
                                         & FRANKEL LLP
                                         990 Marsh Road
                                         Menlo Park, CA 94025
                                         Telephone: (650) 752-1700
                                         Facsimile: (650) 752-1800
                                         pandre@kramerlevin.com
                                         lkobialka@kramerlevin.com
                                         jhannah@kramerlevin.com
                                         kkastens@kramerlevin.com

                                         *Attorneys for Plaintiff*
                                         FINJAN, INC.