PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation, | Case No.: 3:17-cv-05659-WHA |
| Plaintiff, | **PLAINTIFF FINJAN, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF INRINGEMENT OF CLAIM 10 OF U.S. PATENT NO. 8,677,494; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| JUNIPER NETWORKS, INC., a Delaware Corporation, | |
| Defendant. | Date:       July 26, 2018 |
| | Time:       8:00 a.m. |
| | Courtroom: Courtroom 12, 19th Floor |
| | Before:     Hon. William Alsup |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ..............................1

STATEMENT OF RELIEF SOUGHT ....................................................................................1

STATEMENT OF THE ISSUES..............................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES .........................................................2

I.      INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ...................2

II.     STATEMENT OF FACTS ............................................................................................3

        A.    Finjan .................................................................................................................3

        B.    The '494 Patent ..................................................................................................3

              1.    Claim Constructions for the '494 Patent...........................................5

              2.    Previous Findings of Infringement of the '494 Patent......................5

              3.    Claim 10 of the '494 Patent Has Withstood Numerous Validity and
                    Patentability Challenges......................................................................6

        C.    Juniper and the Accused Products .....................................................................6

              1.    SRX Gateways .....................................................................................7

              2.    Sky ATP ...............................................................................................7

        D.    Discovery ...........................................................................................................9

III.    ARGUMENT ................................................................................................................10

        A.    The Preamble is Non-Limiting, but is Still Met by the Accused Products..........10

        B.    Element 10(a) of the '494 Patent is Met by the Accused Products ....................12

              1.    The SRX Gateway is a Receiver.........................................................12

              2.    The SRX ███ Software in Sky ATP is a Receiver ...........................13

        C.    Element 10(b) of the '494 Patent is Met by the Accused Products ....................14

              1.    Malware Analysis Pipeline - Static Analysis.....................................16

              2.    Malware Analysis Pipeline - Dynamic Analysis ...............................18

i

3. Doctrine of Equivalents for Element 10(b)................................................20

D. Element 10(c) of the '494 Patent is Met by the Accused Products ....................................20

1. The ███████ Management Software is a "Database Manager"...............................21

2. The ██████ includes a "Database"..........................................................22

3. Doctrine of Equivalents for Element 10(c)................................................24

E. Juniper Directly Infringes the Claim 10 of the '494 Patent................................24

IV. CONCLUSION.................................................................................25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FINJAN'S NOTICE OF MOTION AND      CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Blue Coat Systems, Inc. v. Finjan, Inc.*,
IPR2016-00890, Paper 2 (P.T.A.B. Apr. 14, 2016) ........................................................... 6

*Blue Coat Systems, Inc. v. Finjan, Inc.*,
IPR2016-01174, Paper 2 (P.T.A.B. Jun. 10, 2016) ........................................................... 6

*Blue Coat Systems, Inc. v. Finjan, Inc.*,
IPR2016-01443, Paper 2 (P.T.A.B. Jul. 15, 2016) ........................................................... 6

*Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*,
289 F.3d 801 (Fed. Cir. 2002) ......................................................................................... 11

*Cisco Systems, Inc. v. Finjan, Inc.*,
IPR2017-02155, Paper 1 (P.T.A.B. Sep. 22, 2017) ........................................................... 6

*Finjan, Inc. v. Blue Coat Systems, LLC*,
No. 15-cv-03295-BLF, 2016 WL 7212322 (N.D. Cal. Dec. 13, 2016) ........................ 4, 6

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
879 F.3d 1299 (Fed. Cir. 2018) ...................................................................................... 3, 6

*Finjan, Inc. v. Sophos, Inc.*,
244 F. Supp. 3d 1016 (N.D. Cal. 2017) ......................................................................... 5, 6

*Finjan, Inc. v. Sophos, Inc.*,
No. 14-cv-01197-WHO, 2015 WL 890621 (N.D. Cal. Mar. 2, 2015) ............................. 5

*Finjan, Inc. v. Symantec Corp.*,
No. 14-cv-02998-HSG, 2017 WL 550453 (N.D. Cal. Feb. 10, 2017) ............................. 5

*Novatek, Inc. v. Sollami Co.*,
559 Fed. Appx. 1011 (Fed. Cir. 2014) ........................................................................... 11

*NTP, Inc. v. Research in Motion, Ltd.*,
418 F.3d 1282 (Fed. Cir. 2005) ...................................................................................... 25

*Palo Alto Networks, Inc. v. Finjan, Inc.*,
IPR2016-00159, Paper 1 (P.T.A.B. Nov. 06, 2015) ......................................................... 6

*Pfizer, Inc. v. Teva Pharm., USA, Inc.*,
429 F.3d 1364 (Fed. Cir. 2005) ...................................................................................... 10

*Sophos, Inc. v. Finjan, Inc.*,
    IPR2015-01022, Paper 1 (P.T.A.B. Apr. 8, 2015) ................................................................ 6

*Symantec Corporation v. Finjan, Inc.*,
    IPR2015-01892, Paper 1 (P.T.A.B. Sept. 10, 2015) ............................................................ 6

*Symantec Corporation v. Finjan, Inc.*,
    IPR2015-01897, Paper 1 (P.T.A.B. Sept. 11, 2015) ............................................................ 6

*TechSearch, L.L.C. v. Intel Corp.*,
    286 F.3d 1360 (Fed. Cir. 2002) ....................................................................................... 10

**Statutes**

35 U.S.C. § 101 ......................................................................................................................... 6

35 U.S.C. § 271 ................................................................................................................... 24, 25

35 U.S.C. §271(a) ............................................................................................................... 3, 25

**Other Authorities**

Federal Rules of Civil Procedure 56(a) .................................................................................. 10

FINJAN'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

CASE NO. 3:17-cv-05659-WHA

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 26, 2018, at 8:00 a.m., or as soon thereafter as the matter may be heard by the Honorable William Alsup in Courtroom 12, 19th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Finjan, Inc. ("Finjan") moves the Court for an Order granting summary judgment of infringement in favor of Finjan, that Defendant Juniper Network, Inc. ("Juniper") infringes claim 10 of U.S. Patent No. 8,677,494 (the "'494 Patent"). Ex. 1.[1]

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declarations of Dr. Eric Cole and Kristopher Kastens, filed herewith, the pleadings and papers on file herein, and any evidence and argument presented to the Court at the hearing.

**STATEMENT OF RELIEF SOUGHT**

Finjan seeks an Order that Juniper infringes Claim 10 of the '494 Patent because it uses and sells in the United States the following Juniper products: (1) Juniper's SRX Gateways[2] used in combination with Sky ATP[3] and (2) Sky ATP alone ("Accused Products").

---

[1] All "Ex." citations herein are to the Declaration of Kristopher Kastens ("Kastens Decl.") filed herewith.

[2] SRX Gateways include all SRX Gateways used in conjunction with Sky ATP, which includes SRX100, SRX110, SRX210, SRX220, SRX240, SRX300, SRX340, SRX345, SRX550, SRX550m, SRX650, SRX1400, SRX1500, SRX3400, SRX3600, SRX4000, SRX4100, SRX4200, SRX5400, SRX5600, SRX5800, vSRX Virtual Firewall, vSRX (including 10Mbps, 100Mps, 1000Mbps, 2000Mbps, 4000Mbps version), Next Generation Firewall, cSRX Container Firewall. SRX Gateways are understood to include all supporting server and/or cloud infrastructure, feeds, and other components utilized by SRX Gateways; Ex. 3, May 30, 2018 Deposition Of Raju Manthena ("Manthena Tr.") at 16:14-16 ("Sky ATP is a cloud-based service, and it requires some subscription, and people can go ahead, but ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.").

[3] Sky ATP refers to Juniper's "cloud" advanced anti-malware service, which is used with the SRX Gateways and includes multiple subscriptions, including Free Sky ATP, Basic Sky ATP (SRX340-THRTFEED-1, 3, 5; SRX345-THRTFEED-1, 3, 5; SRX550-THRTFEED-1, 3, 5; SRX1500-THRTFEED-1, 3, 5; SRX4100THRTFEED-1, 3, 5; SRX4200-THRTFEED-1, 3, 5; SRX5400-THRTFEED-1, 3, 5; SRX5600-THRTFEED-1, 3, 5; SRX5800-THRTFEED-1, 3, 5; VSRX10MTHRTFEED-1, 3, 5; VSRX100MTHRTFEED-1, 3, 5; VSRX1GTHRTFEED-1, 3, 5; VSRX2GTHRTFEED-1, 3, 5; and VSRX4GTHRTFEED-1, 3, 5) and Premium Sky ATP (SRX340-ATP-1, 3, 5; SRX345-ATP-1, 3, 5; SRX550-ATP-1, 3, 5; SRX1500-ATP-1, 3, 5; SRX4100-ATP-1, 3, 5; SRX4200-ATP-1, 3, 5; SRX5400-ATP-1, 3, 5; SRX5600-ATP-1, 3, 5; SRX5800-ATP-1, 3, 5;

**STATEMENT OF THE ISSUES**

Whether summary judgment of infringement should be granted as to claim 10 of the '494 Patent with respect to: (1) Juniper's SRX Gateways in combination with Sky ATP and (2) Sky ATP alone.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED**

Juniper infringes Finjan's computer security patents, including Finjan's '494 Patent, which pioneered an approach to scanning malware that focuses on the behavior of the malware.  In particular, Juniper's SRX Gateways and Sky ATP infringe Claim 10 of the '494 Patent, because Juniper makes, uses and sells these products in the United States and they satisfy each element of Claim 10.  Claim 10 of the '494 Patent recites:

> 10. A system for managing Downloadables, comprising:
>
> 10(a) a receiver for receiving an incoming Downloadable;
>
> 10(b) a Downloadable scanner coupled with said receiver, for deriving security profile data for the Downloadable, including a list of suspicious computer operations that may be attempted by the Downloadable; and
>
> 10(c) a database manager coupled with said Downloadable scanner, for storing the Downloadable security profile data in a database.

Ex. 1, Claim 10.  Juniper's SRX Gateways and Sky ATP map directly to the language of this claim because they receive Downloadables from servers on the Internet, scan these Downloadables using dynamic and static analysis to generate a behavioral profile, and store the resulting behavioral profile in a results database.

There is no genuine dispute of material fact that SRX Gateways and Sky ATP operate in a manner that satisfies the elements of Claim 10, based on the unequivocal descriptions in Juniper's documents, source code, testimony of its employees and discovery responses.  In fact, Juniper has

---

VSRX10M-ATP-1, 3, 5; VSRX100M-ATP-1, 3, 5; VSRX1G-ATP-1, 3, 5; VSRX2G-ATP-1, 3, 5; and VSRX4G-ATP-1, 3, 5).  Sky ATP is understood to include all supporting server and/or cloud infrastructure, feeds, and other components that are utilized by Sky ATP, including Spotlight Secure Threat Intelligence Platform.  Sky ATP is also understood to include all products that receive updates from the service.

FINJAN'S NOTICE OF MOTION AND                                    CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

admitted in discovery that SRX Gateways and Sky ATP include the "receiver" recited in Claim 10.

Juniper also conceded that the results of its Malware Analysis Pipeline scanner, which creates a list of

"behaviors," are stored in its Results Database.  Juniper's only disclosed non-infringement position for

Claim 10 is that its "Results Database" is not actually a database—an argument belied not only by the

name of this component, but also by numerous Juniper documents that confirm that it is indeed a

database.

There are also no claim construction issues that would preclude summary judgment.  Claim 10

is written in a straightforward manner, such that there are only two terms in Claim 10 that require

construction, "Downloadable" and "database."  Courts have already construed these two terms in

multiple prior cases and Juniper admits that these prior constructions are correct.  Because Finjan

applies these same prior constructions here, there can be no dispute regarding claim construction.

Furthermore, Juniper directly infringes because it is a U.S.-based company that makes, uses,

and sells the SRX Gateways and Sky ATP in the United States, which satisfies the standard for direct

infringement under 35 U.S.C. §271(a).  Therefore, because the undisputed operation of Juniper's

products meets the clear language of Claim 10, summary judgment of infringement of Claim 10 is

proper.

## II.     STATEMENT OF FACTS

### A.     Finjan

Finjan was formed in 1996 and achieved groundbreaking technology through the innovation of

its employees and the investment of over $65 million in development and research.  The Federal

Circuit recognized Finjan as the pioneer in the behavior-based computer security.  *Finjan, Inc. v. Blue

Coat Sys., Inc.*, 879 F.3d 1299, 1304 (Fed. Cir. 2018) (affirming the patentability of Finjan's related

patent, U.S. Patent No. 6,154,844, which stems from the same parent as the '494 Patent).  In this

manner, Finjan was the first to develop techniques for dealing with new "zero-day" malware that had

never been seen before.

### B.     The '494 Patent

The '494 Patent stems directly from Finjan's "behavior-based" approach to malware analysis.

3

1   The technology of the '494 Patent generally relates to protecting against a potentially malicious

2   "downloadable." Ex. 1, '494 Patent at Col. 1, ll. 60-63. A downloadable is often in the form of

3   executables, JavaScript, etc. *Id.* at Col. 2, ll. 59-64, Col. 3, ll. 7-8. In a typical scenario, a

4   downloadable is delivered to a computer from another computer on the Internet (sometimes called a

5   server). *Id.* at Figs. 1a-c. The downloadable code often comes from untrusted sites or persons on the

6   Internet. This is a common way adversaries deliver malicious code to a system, which could run

7   without the user's knowledge or permission. *Id.* at Col. 4, ll. 42-58. Claim 10 of the '494 Patent

8   describes a system addressing this problem, which downloads content, inspects content that is

9   downloaded, generates a security profile of malicious or suspicious operations that the downloaded

10  content may perform, and stores this security profile in a database. *Id.*, Claim 10. The '494 Patent

11  describes that this downloadable security profile, or "DSP," includes a list of suspicious operations that

12  may be attempted by the Downloadable. The patent provides examples of these suspicious operations

13  that include creating a file, connecting to a server, receiving data from a network, writing to a

14  computer's operating systems, and starting new processes. Ex. 2, U.S. Patent No. 6,804,780 ("'780

15  Patent")[4] at Col. 6, ll. 1-15.

16       The '494 Patent sets forth a number of ways that the security profile can be used to protect

17  against threats. *Id.* at Col. 2, ll. 17-27. In one example, the security profile may be used in real-time to

18  make a decision of what operations by the downloaded content should be allowed. *Id.* In other

19  instances, the profile could be analyzed by other processes as part of a security system used to classify

20  malicious content. *Id.* at Col. 7, ll. 44-59. Also, the profile could be used to provide information to a

21  customer regarding the types of threats that are observed on the network. *Id.*

22

23

24  [4] The '780 Patent is treated as part of the '494 Patent because it is a parent to the '494 Patent and was
    specifically incorporated by reference into the '494 Patent. *See Finjan, Inc. v. Blue Coat Systems,*
25  *LLC*, No. 15-cv-03295-BLF, 2016 WL 7212322, at *8 (N.D. Cal. Dec. 13, 2016) (incorporating the
    entire U.S. Patent No. 6,092,194 (the "'194 Patent"), which is a parent of both the '780 and '494
26  Patents, into the '494 Patent because "the '494 patent identifies the material it is incorporating with
    sufficient particularly: it indicates that it is incorporating the entire '194 patent, and provides enough
27  information for the reader to locate this information.") (citing *Zenon Envtl., Inc. v. U.S. Filter Corp.*,
    506 F.3d 1370, 1378 (Fed. Cir. 2007)).

28

4

1

### 1.    Claim Constructions for the '494 Patent

Claim 10 of the '494 Patent was written in a straightforward and easy to understand manner, with only two terms that require construction, "Downloadable" and "database."  Courts have previously construed these two terms and Juniper agrees that these previous constructions control.

First, Courts have construed the term "Downloadable" on multiple occasions, including in this District, as "an executable application program, which is downloaded from a source computer and run on the destination computer" in the context of the '494 Patent.  *See*, for example, *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-02998-HSG, 2017 WL 550453, at *2 (N.D. Cal. Feb. 10, 2017).  These Courts determined that Finjan acted as its own lexicographer by specifically defining this term in the specification as "[a] Downloadable is an executable application program, which is downloaded from a source computer and run on the destination computer."  Ex. 2, '780 Patent, Col. 1, ll. 51-53.  As such, there is an established construction of this claim term, which Juniper agrees is correct.  *See* Ex. 4, Juniper's Objs. & Resps. to Finjan's First Set of Requests for Admission (Nos. 1-4, 7-8).

Second, a Court in this District has construed the term "database" as having its plain and ordinary meaning of "a collection of interrelated data organized according to a database schema to serve one or more application."  *See Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2015 WL 890621, at *2-4 (N.D. Cal. Mar. 2, 2015).  This definition comes from the 1994 version of the IBM Dictionary, which sets forth the plain and ordinary meaning of the term.  Thus, as with "Downloadable," "database" has an established construction, which Juniper agrees is correct.  *See* Ex. 4, Juniper's Objs. & Resps. to Finjan's First Set of Requests for Admission (Nos. 1-4, 7-8).

Courts have not construed the remaining terms in Claim 10 of the '494 Patent and those terms do not need to be construed here.  Furthermore, Juniper did not provide any positions during discovery that relate to the scope or construction of any terms of Claim 10 of the '494 Patent.

### 2.    Previous Findings of Infringement of the '494 Patent

In September 2016, a jury in this District found that Claim 10 of the '494 Patent was infringed by the Sophos Live Cloud scanning service, a finding that the Court later determined to be supported by substantial evidence in a post-trial order.  *Finjan, Inc. v. Sophos, Inc.*, 244 F. Supp. 3d 1016, 1052

FINJAN'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

CASE NO. 3:17-cv-05659-WHA

(N.D. Cal. 2017).  Sophos Live Cloud is a service that receives content that is submitted to it from its UTM Gateways, scans this content using dynamic analysis to identify suspicious operations, and stores the results in a database.  Ex. 5, *Finjan, Inc. v. Sophos, Inc.*, No. 3:14-cv-1197, Trial Tr. at 334:23-336:2 (N.D. Cal. Sept. 8, 2016) (describing how Sophos Live Cloud Service uses the "Warzone" sandbox to observe and monitor behavior and store the results in a database).

### 3.     Claim 10 of the '494 Patent Has Withstood Numerous Validity and Patentability Challenges

Claim 10 of the '494 Patent has withstood at least sixteen different challenges before Courts and the Patent Office.  Each time, Claim 10 was found to be valid over numerous prior art references.  For example, the Patent Trial and Appeal Board has rejected at least eight different challenges to the validity of Claim 10.[5]  Separately, Judge Freeman found the '494 Patent patentable under 35 U.S.C. § 101 ("§ 101"), finding that the claims, including Claim 10, recited an inventive concept.  *Finjan, Inc. v. Blue Coat Systems, LLC*, No. 15-cv-03295-BLF, 2016 WL 7212322, at *12 (N.D. Cal. Dec. 13, 2016).  The '494 Patent faced another § 101 challenge and Judge Orrick also upheld the patentability of the '494 Patent. *Finjan v. Sophos*, 244 F.Supp.3d 1016, 1055 (N.D. Cal. Mar. 14, 2017) ("This is not the first time that the '494 and '844 patent have been challenged under section 101 . . . I conclude that both the '494 and '844 patents are patent-eligible.").  Finally, the Federal Circuit upheld the patentability of the '844 Patent, which is related to the '494 Patent.  *Blue Coat, supra*, 879 F.3d at 1304.

### C.     Juniper and the Accused Products

Juniper is a network technology company that offers a line of security products.  In 2004, Juniper determined that its flagship security product, the SRX Gateway, ██████████████

██████████████  Ex. 6, JNPR-FNJN_29002_00173278 at 83.  ████████████████████

---

[5] *See Sophos, Inc. v. Finjan, Inc.*, IPR2015-01022, Paper 1 (P.T.A.B. Apr. 8, 2015); *Symantec Corporation v. Finjan, Inc.*, IPR2015-01892, Paper 1 (P.T.A.B. Sept. 10, 2015); *Symantec Corporation v. Finjan, Inc.*, IPR2015-01897, Paper 1 (P.T.A.B. Sept. 11, 2015); *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00159, Paper 1 (P.T.A.B. Nov. 06, 2015); *Blue Coat Systems, Inc. v. Finjan, Inc.*, IPR2016-00890, Paper 2 (P.T.A.B. Apr. 14, 2016); *Blue Coat Systems, Inc. v. Finjan, Inc.*, IPR2016-01174, Paper 2 (P.T.A.B. Jun. 10, 2016); *Blue Coat Systems, Inc. v. Finjan, Inc.*, IPR2016-01443, Paper 2 (P.T.A.B. Jul. 15, 2016); *Cisco Systems, Inc. v. Finjan, Inc.*, IPR2017-02155, Paper 1 (P.T.A.B. Sep. 22, 2017).

FINJAN'S NOTICE OF MOTION AND                CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

1  ██████████████████████ Juniper determined that it needed to develop a new in-house

2  cloud based service, which it called "Sky Advanced Threat Protection," because it could be used with

3  the SRX Gateways to "██████████████████████."  *Id.*  Sky ATP integrated with the SRX

4  Gateways to provide an advanced system for detecting malware.  *Id.*

**1.  SRX Gateways**

6      Juniper's SRX Gateways generally operate by analyzing and potentially blocking content

7  entering a network.  Ex. 7, FINJAN-JN 005382 at 83.  In 2015, the SRX Gateway ██████████

8  ██████████████████████████ integrated with Sky ATP.  Ex. 8, May 9,

9  2018 Deposition of Yuly Tenorio ("Tenorio Tr.") at 137:18-138:15.  The general flow of processing

10  incoming files by SRX Gateways can be seen in Juniper's Sky ATP website, where the SRX Gateway

11  acts as an intermediary between the computer in an internal network (shown in the box) and the

12  Internet, where malicious content like viruses and malware could be lurking to infect the computer on

13  the internal network.  Ex. 7, FINJAN-JN 005382 at 85.

**2.  Sky ATP**

15      When Juniper integrated Sky ATP with the SRX Gateways, it allowed SRX Gateways to

16  provide advanced malware scanning and protection in an increasingly dangerous and fast moving

17  Internet.  Ex. 9, FINJAN-JN 005438 at 38 ("Advanced Threat Prevention provides advanced anti-

18  malware and anti-ransomware protection against sophisticated 'zero-day' and unknown threats …").

19  Sky ATP provides this benefit by scanning files with its "Malware Analysis Pipeline" of technologies

20  that use advanced static analysis and dynamic analysis techniques to create a complete behavioral

21  profile for the Downloadable.  *Id.* at 39 (describing the Sky ATP "pipeline analysis" as having static

22  and dynamic analysis); *see also* Ex. 10, JNPR-FNJN_29017_00552807 (describing sample malware

23  analysis processing pipeline).

24      The general flow of the "Malware Analysis Pipeline" is described at FINJAN-JN 044744 at 62,

25  which shows that first Sky ATP determines if it has already analyzed the file; next Sky ATP scans the

26  file with off-the-shelf antivirus scanners from third-parties; then Sky ATP performs detailed static

27  analysis that generates a profile including suspicious signs like unusual operations; and last, for the

28

7

most dangerous and difficult to detect malware, Sky ATP scans the file using dynamic analysis, which runs the Downloadable in a decoy machine and watches to see if the file performs any suspicious activity.  This processing is described showing how the pipeline is used for suspicious downloaded files.  Ex. 11, FINJAN-JN 044744 at 62.

Sky ATP uses this "Malware Analysis Pipeline" because each step requires an increased amount of processing power to perform.  The pipeline analysis allows malware that is easily detected to be identified first, and then the most dangerous and hard-to-detect malware to be processed through all steps.  *Id.* at 63-64.  The results of this pipeline analysis include a "verdict," which provides an overall score for how dangerous the file is.  *Id.* at 62 ("If Sky Advanced Threat Prevention returns a bad verdict, the SRX Series device drops the connection and the file is blocked").

The Malware Analysis Pipeline uses "Static Analysis [that] examines files without actually running them."  *Id.* at 62.  The static analysis scans for suspicious features in a file, such as if a file includes unusual operations that indicate it is performing malicious or potentially malicious operations. *Id.* at 62 ("Static Analysis … Does the file contain suspicious signs, like unusual instructions or structures?"), 63 ("Is the file modifying the Windows registry? Is it touching disk I/O APIs?").

The Malware Analysis Pipeline also uses "dynamic analysis," "often called sandboxing," which studies a file "as it is executed in a secure environment."  *Id.* at 63.  In doing so, Sky ATP will actually run the file in a "virtual" system or "sandbox" (a fake system that mimics a real computer system) that is meant to be infected.  *Id.* at 63-64.  Sky ATP watches the Downloadable run in this sandbox, records operations the file performs, and determines which of those operations are suspicious or malicious.  *Id.* at 763-64.  In this way, Sky ATP uses dynamic analysis to determine "[w]hat happens when we execute the file in a real environment?"  Ex. 12, FINJAN-JN 005387 at 87.  The dynamic analyses are based on "behavioral analysis," which includes collecting and listing different suspicious or malicious behaviors, including hundreds of different behaviors that are "Often Malicious behaviors," to reach a verdict on whether the file is dangerous.  Kastens Decl., ¶ 31 (https://www.youtube.com/watch?v=K8Y0MkbJwcs&feature=youtu.be) ("Lanworks & Juniper Sky ATP Lunch and Learn") (FINJAN-JN 317958).

The below excerpt of Juniper's administration guide for Sky ATP includes an example list of suspicious operations that the Malware Analysis Pipeline generates, which includes: operations related to error logging; extensive use of GetProcAddress; contains functionality to register its own exception handler; and contains functionality to query specific information like local system time and windows version.



Figure 3: Screen Capture: Malicious Behavior Summary

Ex. 11, FINJAN-JN 044744 at 75.

While the file is analyzed in the analysis pipeline, the results of the analysis are being stored in a database of results.  Ex. 11, FINJAN-JN 0044744 at 63 (When a file is analyzed [with Sky ATP] . . . the results of the analysis are stored in a database.").  Sky ATP correlates these results into a combined results database, which keeps track of the different operations that were detected by the static and dynamic analysis.  Ex. 8, Tenorio Tr. at 153:20-22.

**D.    Discovery**

Finjan served an interrogatory seeking all of Juniper's non-infringement positions with respect to Claim 10 of the '494 Patent.  Ex. 13, Juniper's Resps. to Finjan's Third Set of Interrogatories at 18-19.  On May 7, 2018, Juniper responded by providing only boilerplate statements that not all elements of the claim are met.  *Id.*  Juniper did not provide any specific analysis for any accused product, and did not identify any terms that it contended required claim construction.  Finjan served an interrogatory asking Juniper to identify all databases used in the accused products.  Ex. 14, Juniper's Resps. to

FINJAN'S NOTICE OF MOTION AND                    CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

1   Finjan's Fourth Set of Interrogatories at 14.  On May 29, 2018, Juniper responded that ██████████

2   ████████████████████████████████████████████████████████████████████

3   ██████████████████████████████████████████████████████████████████

4   ████████████████████████   *Id.*

5         Furthermore, on April 30, 2018, Finjan served requests for admission on Juniper.  On May 30,

6   2018, Juniper responded, admitting that element 10(a) of the '494 Patent is met by both the SRX

7   Gateway and Sky ATP, and also that Finjan's constructions of "Downloadable" and "database" are

8   correct.  Ex. 4, Juniper's Objs. & Resps. to Finjan's First Set of Requests for Admission (Nos. 1-4, 7-

9   8).  Finjan has also deposed four of Juniper's engineers, have reviewed Juniper's internal documents,

10  and spent over 100 hours reviewing its source code.

11  **III.   ARGUMENT**

12        Finjan should be granted summary judgment of infringement of Claim 10 of the '494 Patent

13  because "there is no genuine dispute as to any material fact and [Finjan] is entitled to judgment as a

14  matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment of infringement in Finjan's favor is

15  appropriate because "it is apparent that only one conclusion as to infringement could be reached by a

16  reasonable jury." *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1369 (Fed. Cir. 2002) (citation

17  omitted).  Here, there are no material disputes related to the operation and structure of the SRX

18  Gateways and Sky ATP, based on the irrefutable descriptions in Juniper's documents, source code,

19  witness testimony and discovery responses, as well as the declaration of Finjan's expert Dr. Cole, a

20  highly-respected leader in the security industry, formerly a senior officer of the CIA and CTO of

21  McAfee, Inc.  Thus, because the overwhelming evidence demonstrates that SRX Gateways and Sky

22  ATP "meet[] every claim limitation either literally or under the doctrine of equivalents," summary

23  judgment of infringement of Claim 10 of the '494 Patent is warranted.  *See Pfizer, Inc. v. Teva Pharm.,*

24  *USA, Inc.*, 429 F.3d 1364, 1376 (Fed. Cir. 2005) (citation omitted).

25      **A.    The Preamble is Non-Limiting, but is Still Met by the Accused Products**

26        The preamble of Claim 10 of the '494 Patent, which recites "[a] system for managing

27  Downloadables," is non-limiting, but regardless the SRX Gateways with Sky ATP, as well as Sky

28

FINJAN'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

CASE NO. 3:17-cv-05659-WHA

ATP alone, satisfy the preamble.  The preamble of Claim 10 is non-limiting because it is not necessary to understand the rest of the claim.  *See Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002).  Typically, a preamble is not necessary to understand the rest of the claim when it does not introduce elements that are later referenced in the body of the claim.  *Novatek, Inc. v. Sollami Co.*, 559 Fed. Appx. 1011, 1015 (Fed. Cir. 2014) (holding "when a patentee defines a structurally complete invention in the claim body and uses the preamble only to state a purpose or intended use for the invention, the preamble is not a claim limitation") (citations and internal quotations omitted).  Here, there are no elements in the preamble of Claim 10 that are referenced later in the body of the claim.  Instead, the preamble sets forth the general purpose of the claim, which is to manage Downloadables through the elements set forth in the body of the claim.  Because the preamble is not limiting, there is no need to show that the Accused Products satisfy this element in order to show that Claim 10 is infringed.

Even if the preamble is considered in the infringement analysis, the SRX Gateways with Sky ATP, and also Sky ATP alone, satisfy the preamble because they operate as systems that manage, process, and analyze Downloadables for security purposes.  As the parties agree, a Downloadable is "an executable application program, which is downloaded from a source computer and run on the destination computer."  The Juniper products manage these Downloadables because they identify malicious or suspicious downloaded executable files, block subsequent attempts to download the file, and provide actionable intelligence on the file.  Ex. 11, FINJAN-JN 044744 at 62-65, 75 (describing features of the SRX Gateways with Sky ATP).

The combination of SRX Gateways with Sky ATP is a system for managing Downloadables because they work together to analyze downloaded executable files, and then allow the management of the downloaded files based on the generated information.  *Id.*; Declaration of Dr. Eric Cole ("Cole Decl.") filed herewith, ¶ 25.  In particular, SRX Gateways send executable files that they receive to Sky ATP for processing in the Malware Analysis Pipeline.  The Malware Analysis Pipeline is orchestrated by the pipeline manager that directs the performance of both static and dynamic analysis to determine if the file is suspicious or malicious based on its behaviors.  Ex. 11, FINJAN-JN 044744

FINJAN'S NOTICE OF MOTION AND                                      CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

at 75; Cole Decl., ¶¶ 32-33, 36.  Therefore, SRX Gateways and Sky ATP manage the downloadable

during analysis, as well as the results that are generated during analysis, in order to then manage other

Downloadables that a user may attempt to download.  Cole Decl., ¶¶ 32-33, 36-43.  Similarly, Sky

ATP on its own is a system for managing Downloadables because it receives Downloadables that are

submitted to it from SRX Gateways, as well as through a web interface.  Ex. 11, FINJAN-JN 044744

at 759 (showing Sky ATP managing Downloadables that it received from the SRX Gateway); Cole

Decl., ¶¶ 36-43.  Sky ATP manages, processes, and analyzes the Downloadable during analysis,

generating results that are then used to manage other Downloadables that a user may download.  Cole

Decl., ¶¶ 36-43.  As such, the SRX Gateway with Sky ATP, and Sky ATP alone, each act as systems

for managing Downloadables and satisfy the preamble of Claim 10.

**B.    Element 10(a) of the '494 Patent is Met by the Accused Products**

SRX Gateways with Sky ATP, and Sky ATP alone, include "a receiver for receiving an

incoming Downloadable" because they have software components for receiving and downloading

executable files from the Internet and passing these downloaded files to components for scanning, as

shown below.  In fact, Juniper has ***admitted*** that both the SRX Gateway and Sky ATP practice this

element.

**1.    The SRX Gateway is a Receiver**

SRX Gateway is a receiver because it receives downloadable files that have been requested on

the Internet.  Cole Decl., ¶¶ 26-29.  Namely, SRX Gateways are designed to receive files that a user's

computer is attempting to download to determine if they are malicious by passing them to Sky ATP.

Cole Decl., ¶ 28. SRX Gateways first determine if the file is of a type that is likely to perform

suspicious operations (i.e. an executable file type), and if so, passes the file to Sky ATP.  Ex. 11,

FINJAN-JN 044744 at 62 ("SRX Series device looks for specific types of files, like .exe files, to

inspect … [and if one is found] sends the file to the Sky Advanced Threat Prevention cloud for

inspection"); Cole Decl., ¶¶ 27-28.  This process can be seen in the figure below, which shows a SRX

Gateway receiving a file from the Internet (arrow 2).

FINJAN'S NOTICE OF MOTION AND                          CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT



Ex. 7, FINJAN-JN 005382 at 85 (highlighting added).

As shown, there can be no dispute that the SRX Gateways act as receivers that receive incoming Downloadables.

### 2.    The SRX ████ Software in Sky ATP is a Receiver

Sky ATP also includes software that is "a receiver for receiving an incoming Downloadable" because Sky ATP receives files that SRX Gateways send to Sky ATP for analysis.  Cole Decl., ¶¶ 29, 32-33.  This receiver software in Sky ATP acts as a proxy that implements an API (application programming interface) for submission of files to Sky ATP for analysis.  The software forming this API layer on Sky ATP is internally referred to as the "████████ and it serves as a receiver for receiving files that SRX Gateways submit for analysis.  Cole Decl., ¶¶ 32-33, 36.  This ████████ includes the ability to receive submitted Downloadables by connecting to the SRX Gateways.  Ex. 15, JNPR-FNJN_29017_00552691 (showing the ████████████████████).  Additionally, the receiver software in Sky ATP also includes the ability to receive files through a web portal.  Cole Decl., ¶ 36.

As shown below, the SRX Gateways submit files to Sky ATP, which receives the incoming files using the ████████ of Sky ATP.

FINJAN'S NOTICE OF MOTION AND                    CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT



Ex. 7, FINJAN-JN 005382 at 85 (highlighting added).

As such, the Sky ATP receive the Downloadable through the SRX API software component, which is a receiver for receiving files from SRX Gateways to Sky ATP.

**C.    Element 10(b) of the '494 Patent is Met by the Accused Products**

The SRX Gateways with Sky ATP, and Sky ATP alone, include "a Downloadable scanner coupled with said receiver, for deriving security profile data for the Downloadable, including a list of suspicious computer operations that may be attempted by the Downloadable" because the SRX Gateways and SRX API software components (the "receivers" described above) pass the received files (the "Downloadable") into the Malware Analysis Pipeline (which is a "Downloadable scanner") that performs both static and dynamic analysis on the file to generate a security profile data that lists the behaviors ("suspicious computer operations") that the file may perform.

Specifically, Sky ATP includes a Malware Analysis Pipeline that scans received Downloadables with static and dynamic analysis to generate a security profile that lists suspicious and malicious operations the file may perform.  Ex. 11, FINJAN-JN 044744 at 62-64 (describing the scanning performed by the Malware Analysis Pipeline, including the static and dynamic analysis performed); Cole Decl., ¶¶ 25, 32-33, 36.  This Malware Analysis Pipeline first receives the Downloadables that are submitted from SRX Gateways to Sky ATP through the SRX API.  Ex. 11,

FINJAN'S NOTICE OF MOTION AND                    CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

FINJAN-JN 044744 at 62 (describing SRX Gateways receiving files and passing them to Sky ATP);

Cole Decl., ¶¶ 25, 32-33.  An overview of this process is set forth in the figure below, which shows the

different types of processing by Sky ATP in the Malware Analysis Pipeline for scanning

Downloadables.



Ex. 11, FINJAN-JN 044744 at 759.

The SRX API software is "coupled" with the Malware Analysis Pipeline because the SRX API

software causes Downloadables that have been submitted to Sky ATP be processed in the Malware

Analysis Pipeline.  Cole Decl., ¶¶ 32-33.  Sky ATP's Malware Analysis Pipeline includes "static

analysis" and "dynamic analysis" using "a Sandbox with Deception."  Ex. 8, Tenorio Tr. at 28:1-13;

Ex. 11, FINJAN-JN 044744 at 759; Cole Decl., ¶ 32.  The Malware Analysis Pipeline has a "pipeline

manager" component that causes the Downloadable to be scanned so that the "security profile data" of

element 10(b) is generated for the Downloadable.  Exhibit 11, FINJAN-JN 044744 at 762-764; Exhibit

8, Tenorio at 27:13-28:-13; Cole Decl. ¶¶ 25, 32-33, 44-48.  The Malware Analysis Pipeline uses its

static analysis and dynamic analysis components to contribute information to the security profile data,

including generating "a list of suspicious computer operations that may be attempted by the

Downloadable" of element 10(b), by recording suspicious behaviors observed in the Downloadable.

Exhibit 11, FINJAN-JN 044744 at 62-64; Exhibit 8, Tenorio Tr. at 27:13-28:-13; Cole Decl.,

¶¶ 32, 56-57.  This Downloadable security profile data is linked to the Downloadable through an

FINJAN'S NOTICE OF MOTION AND                          CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

identification code for the Downloadable, which is called the "███████ Ex. 8, Tenorio Tr. at

11:22-12:4; Cole Decl., ¶¶ 54-55.  The Malware Analysis Pipeline takes the results from the static and

dynamic analysis and stores them in a database of results, or what is internally called the ███████"

Cole Decl., ¶¶ 21-22, 56-60.

### 1.    Malware Analysis Pipeline - Static Analysis

The Malware Analysis Pipeline uses its static analysis components to generate a list of "behaviors"

for the file, which include a list of suspicious operations.  The static analysis components perform this

analysis through the identification of features based on information such as the "instruction categories

used" by the Downloadable.  Cole Decl., ¶¶ 35-36; Ex. 16, FINJAN-JN 044832 at 46.  The static

analysis components record the identified features in memory that can be used for malware analysis to

identify suspicious behaviors of the Downloadable.  Cole Decl., ¶¶ 33-34; Ex. 8, Tenorio Tr. at 42:13-

43:1; Ex. 16, FINJAN-JN 044832 at 46; Ex. 12, FINJAN-JN 005387; Juniper Source Code at p. ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████).

As set forth below, these features are fed into a machine learning algorithm to return a verdict on

whether the malware is malicious or potentially malicious.  Cole Decl., ¶¶ 21, 27-29, 43.



Kastens Decl., ¶ 31 (https://www.youtube.com/watch?v=K8Y0MkbJwcs&feature=youtu.be)

("Lanworks & Juniper Sky ATP Lunch and Learn") (FINJAN-JN 317958); Ex. 16, FINJAN-JN

16

044832 at 46.

The static analysis components of Sky ATP use the internal code names of "███████████g" and "████████." Cole Decl., ¶¶ 36, 46-50.  These static analysis components act as "████████" in the Malware Analysis Pipeline because they plug into the pipeline and are used to statically generate a list of suspicious operations that the Downloadable may perform.  Cole Decl., ¶¶ 36, 46; Ex. 8, Tenorio Tr. at 42:13-43:1; Ex. 16, FINJAN-JN 044832 at 46.  The features that are extracted from the Downloadable describe the likelihood of the Downloadable being malicious, including different suspicious behaviors it may exhibit.  Cole Decl., ¶ 36.  Examples of the behaviors that are identified as part of the static analysis include: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████).  These behaviors correlate directly to the examples provided in the '494 Patent as suspicious operations.  For example, the behaviors identified in the results include ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  Many of these behaviors are specifically identified in the '494 Patent as examples of suspicious operations.  Ex. 2, '780 Patent at Col. 6, ll. 1-15.  This information is recorded as security profile data in memory by Sky ATP, so that it can be used for making security decisions.  Cole Decl., ¶¶ 31-34.  After static analysis is complete, the Malware Analysis Pipeline takes the results and stores them in a database of results, or what is internally called the "████████."  Cole Decl., ¶¶ 21-22, 56-60; Ex. 14, Juniper's Resps. to Finjan's Fourth Set of Interrogatories at 14 (No. 12).

After completing static analysis, the Malware Analysis Pipeline can also submit the Downloadable for further scanning through dynamic analysis if the static analysis did not return a conclusive verdict, or if Sky ATP determines that it would like to generate additional data on that particular file.  Cole Decl., ¶¶ 32-33; Ex. 11, FINJAN-JN 044744 at 62-64.

FINJAN'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

CASE NO. 3:17-cv-05659-WHA

### 2.       Malware Analysis Pipeline - Dynamic Analysis

The Malware Analysis Pipeline in Sky ATP submits Downloadables for scanning with dynamic analysis, which includes a "sandbox" to generate a list of suspicious behaviors for the Downloadable. Ex. 11, FINJAN-JN 044744 at 59; Cole Decl., ¶¶ 37-38.  The Malware Analysis Pipeline uses dynamic analysis (sandboxing) components to identify hundreds of different malicious behaviors, such as allocating large chunks of memory, unusually long sleep times, and executing a document exploit. Cole Decl. 37-43.



Kastens Decl., ¶ 31 (https://www.youtube.com/watch?v=K8Y0MkbJwcs&feature=youtu.be) ("Lanworks & Juniper Sky ATP Lunch and Learn") (FINJAN-JN 317958).  These suspicious behaviors can also include suspicious operations like "Executes file created in Windows and launched," "IE proxy settings modified," "Executable file created by not launched," etc.  These behaviors are each given a specific "Impact" score that indicates the suspiciousness of the behavior.

FINJAN'S NOTICE OF MOTION AND                              CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

1



Ex. 18, FINJAN-JN 317942.

The internal names for the components used by the Malware Analysis Pipeline for dynamic analysis are ████████" and "████████."  Cole Decl., ¶¶ 40-41.  The dynamic analysis components will run the Downloadable and watch what it does in the "sandbox."  This sandbox allows the Malware Analysis Pipeline to actually see what types of operations the Downloadable will perform, and determine if any should be deemed as suspicious.  To this end, the dynamic analysis components apply different "Behavioral Signatures" that can be matched during the dynamic analysis.  Cole Decl., ¶ 42.  The figure below shows examples of types of these "Behavior Signatures":

**Matching Signatures**

Behavior Signatures
**Creates files inside the user directory**
**Queries a list of all running processes**
**Spawns processes**
**Urls found in memory or binary data**
**Binary may include packed or crypted data**
**Checks if the current process is beeing debugged**
**Creates files inside the system directory**

Ex. 19, FINJAN-JN 304955 at 55.  These "Behavioral Signatures" show suspicious operations that relate to suspicious behavior.  Several also match up directly with the types of example operations that

FINJAN'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

CASE NO. 3:17-cv-05659-WHA

1    the '494 Patent identifies as "suspicious," because they include operations like creating files and

2    processes.  Ex. 2, '780 Patent, Col. 6, ll. 1-15.  This information is collected and returned as part of the

3    results of the dynamic analysis components in the Malware Analysis Pipeline, thereby generating

4    Downloadable security profile data.  Cole Decl., ¶ 43; Ex. 8, Tenorio Tr. at 107:11-110:2.

5            Furthermore, the static analysis components can also use these results to find additional

6    suspicious behaviors, such as ███████████████████████████████████████

7    ████████████████████████████████."  Cole Decl., ¶ 46.  Sky ATP records

8    this dynamic analysis information as security profile data in memory, so that it can be used for making

9    security decisions.  Cole Decl., ¶ 43; Juniper Source Code at p. ██████████████████

10   ███████████████████████████████████████████████

11   ███████████████████████████████████ Ex. 14, Juniper's Resps. to

12   Finjan's Fourth Set of Interrogatories at 14 (No. 12).

13           Thus, because the SRX Gateways with Sky ATP, and Sky ATP alone, include the Malware

14   Analysis Pipeline as a "Downloadable scanner" that performs static and dynamic analysis to generate a

15   security profile data that lists the suspicious behaviors of Downloadables, these products satisfy

16   element 10(b).

17                   **3.    Doctrine of Equivalents for Element 10(b)**

18           While Juniper has not identified any specific non-infringement arguments for Claim 10 of the

19   '494 Patent, to the extent that Juniper raises an argument that this element is not literally met, it is at

20   least met through the doctrine of equivalents.  Ex. 13, Juniper's Resps. to Finjan's Third Set of

21   Interrogatories at 18-19.  At this point, Juniper has not provided any contentions of why these elements

22   are not literally met.  To the extent Juniper raises such contentions for the first time in its opposition to

23   this Motion, Finjan reserves the right to respond to those contentions in its reply to the extent Juniper

24   raises such newly disclosed positions.

25           **D.    Element 10(c) of the '494 Patent is Met by the Accused Products**

26           The SRX Gateways with Sky ATP, and Sky ATP alone, include "a database manager coupled

27   with said Downloadable scanner, for storing the Downloadable security profile data in a database"

28

FINJAN'S NOTICE OF MOTION AND                          CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

because the results of the Sky ATP static and dynamic analysis are stored in a database of results.  As discussed above, "database" should be construed as its plain and ordinary meaning: "a collection of interrelated data organized according to a database schema to serve one or more application."  Juniper has agreed that this is the correct interpretation of this claim element.  Ex. 4, Juniper's Objs. & Resps. to Finjan's First Set of Requests for Admission (Nos. 1-4, 7-8).

Juniper has also readily admitted that Sky ATP includes software components to manage a database of results returned from the Malware Analysis Pipeline, stating in its administration guide that "[w]hen a file is analyzed [with Sky ATP] … the results of the analysis are stored in a database."  Ex. 11, FINJAN-JN 0044744 at 63.  Juniper internally refers to this database where the results are stored as the "███████", which refers both to the software components of Sky ATP that manage the results, as well as the underlying databases that physically store the results for future use.  Cole Decl., ¶¶ 56-57. In fact, Juniper acknowledges that the "███████████ means "database."  Ex. 20, JNPR-FNJN_29030_00553972 at 74 (███████████████████████"); Ex. 8, Tenorio Tr. at 59:2-4.

### 1.    The ███████ Management Software is a "Database Manager"

The ███████ management software is a "database manager" because it acts as an interface to other software components in Sky ATP, and allows the Malware Analysis Pipeline to store and retrieve the results of its analysis in the ███████, including the behaviors that were detected during static and dynamic analysis. Cole Decl., ¶ 58; Ex. 8, Tenorio Tr. at 237:15-238:8.  As such, the ███████ management software component manages the results data in a database.  In this way, the ███████ management software acts as an easy to use interface that abstracts the internal operation and technical implementation of how the data is physically stored and managed in its database of results.  Cole Decl., ¶ 59; Ex. 8, Tenorio Tr. at 56:22-57:8.  This management includes functionality to store the results from the Malware Analysis Pipeline in a results database and later retrieve those results.  Cole Decl., ¶ 60; Ex. 10, JNPR-FNJN_29017_00552807 (showing ███████████████████).

1      **2.      The ▮▮▮▮▮ includes a "Database"**

2      ▮▮▮▮▮▮ also meets every limitation of the "database" construction that has been previously

3      adopted as: "a collection of interrelated data organized according to a database schema to serve one or

4      more applications."  The ▮▮▮▮▮ divides the Downloadable security profile into different physical

5      databases, including a MySQL database, a DynamoDB database, and a S3 database.  In every case, the

6      data for the Downloadable security profile must conform to the formal database structure defined and

7      enforced by the ▮▮▮▮▮ management software.  Cole Decl., ¶¶ 59-71; Ex. 28, Juniper Source Code,

8      Page ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9      ▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 21, FINJAN-JN 303973 at 4008; Ex. 20, JNPR-

10     FNJN_29030_00553972 at 74; Ex. 3, Manthena Tr. at 101:5-16.  This structure includes the manner in

11     which ▮▮▮▮▮ organizes the results information into different tables, each of which includes

12     defined information that was generated for the Downloadable during the Malware Analysis Pipeline.

13     This is graphically represented in the figure below, where there is a "main" table for the

14     Downloadable, and also related tables for different adapter results.



Ex. 17, JNPR-FNJN_29017_00552908 at 15.  In this manner, the Downloadable security profile data

for a particular Downloadable is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Cole Decl., ¶¶ 54, 59, 62.  The

figure above shows how the information ▮▮▮▮▮▮▮▮▮▮▮▮▮

FINJAN'S NOTICE OF MOTION AND                    CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

1 ████████████████████████████████████████████████████████████

2       The ██████ is organized according to a database schema because it stores the results from

3 the different analyses performed by the Malware Analysis Pipeline in a strictly defined formal

4 structure that is enforced by the ███████ management software. Cole Decl., ¶¶ 59, 63; Ex. 3,

5 Manthena Tr. at 101:5-16; Ex. 22, JNPR-FNJN_29032_00590572 at 607 ██████████████

6 ████████████████████████████████████████████████████████████

7 ████████████████). A "database schema" is understood to identify a structure for how the

8 database is organized. Cole Decl., ¶¶ 56, 66, 75. The ██████ enforces a structure for the data that

9 is defined using "JSON," a language used to structure data. Cole Decl., ¶ 66. The ██████ will only

10 allow information to be stored in its database if the data is structured in this manner, thereby imposing

11 the structure on the underlying database. Thus, ██████ organizes the data according to a database

12 schema, because all of the data that the ██████ stores is subject to the defined "JSON" rules.

13       Furthermore, the underlying databases used by the ██████ to physically store the data also

14 include additional database schemas. First, the ███████ also uses a DynamoDB (the DB again

15 identifying it as a database), which stores results information from the Malware Analysis Pipeline. Ex.

16 14, Juniper's Resps. to Finjan's Fourth Set of Interrogatories at 14. The DynamoDB has an internal

17 schema, including a defined ███████" that is used for storing the results information. Cole Decl.,

18 ¶¶ 64-65; Ex. 29, Juniper Source Code at ████████████████████████

19 █████████████████████████████████

20 ████████████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████

23 ██████████████████████████████████████████████████████

24 ████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████

27 ████████████████. Again, all of the data stored in the ██████ conforms to the database schema

28

FINJAN'S NOTICE OF MOTION AND               CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

enforced by the ▮▮▮▮▮▮ management software.  Cole Decl., ¶¶ 59-71; Ex. 28, Juniper Source Code at p. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 21, FINJAN-JN 303973 at 4008; Ex. 20, JNPR-FNJN_29030_00552972 at 74; Ex. 3, Manthena Tr. at 101:5-16.  The graphical representation of some of the security profile data that is stored in the ▮▮▮▮▮▮ is shown in the above figure, including the stored results of static analysis and dynamic analysis (sandboxing with deception) and links to additional details on the suspicious behaviors detected when the Downloadable was scanned.

The ▮▮▮▮▮▮ database also is "to serve one or more applications" because it is used by different internal applications and components in Sky ATP, including the Malware Analysis Pipeline, to store the results of the analyses.  Cole Decl., ¶¶ 21, 27-29, 43, 59-71; Ex. 8, Tenorio Tr. at 59:2-24, 153:10-22.

Therefore, SRX Gateways with Sky ATP and Sky ATP alone include a database manager that stores the results of the Malware Analysis Pipeline (the security profile data) in a database and thus satisfy element 10(b).

### 3.    Doctrine of Equivalents for Element 10(c)

The only non-infringement argument that Juniper has raised with respect to element 10(c) of the '494 Patent, is that the "DynamoDB" portion of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ DynamoDB has a schema as explained above.  Further, the DynamoDB is just one component of the ▮▮▮▮▮▮, which uses many schemas to organize its database.  However, even to the extent that it is determined that the DynamoDB does not have a "schema," this element is still met under the doctrine of equivalents, because there is an equivalent structure imposed on the data that defines how data is stored in the ▮▮▮▮▮▮  This structure functions that same way because it gives the data structure, it generates the same results because the data is stored in a manner for easier access and searching, and the results are the same because the data is stored in a useable manner.  Cole Decl., ¶¶ 72-73.

### E.    Juniper Directly Infringes the Claim 10 of the '494 Patent

Direct infringement is found when a party "uses, offers to sell, or sells any patented invention[] within the United States."  35 U.S.C. § 271.  Juniper performs various acts with respect to its SRX

24

Gateways and Sky ATP products that satisfy 35 U.S.C. § 271.  As discussed above, there are no disputes of material fact that Juniper's SRX Gateways and Sky ATP products meet all the limitations of Claim 10 when used as intended and are therefore infringing products.  There is no dispute of material fact that Juniper sells both the SRX Gateways and Sky ATP in the United States.  This act alone satisfies 35 U.S.C. § 271.  There is also no dispute that Sky ATP is a service to support SRX Gateways that Juniper operates, therefore using itself.  Ex. 9, FINJAN-JN 005438 at 40.  Furthermore, Juniper sells the SRX Gateways and Sky ATP as a combined system for use by its U.S. customers.  Ex. 3, Manthena Tr. at 16:6-16.  Juniper also infringes under 35 U.S.C. § 271 when it directly uses the SRX Gateways with Sky ATP to perform ████████████████████████████████████ ████████████████  *Id.* at 104:6-10.  Juniper also operates Sky ATP in the United States in Oregon, and this is a self-contained deployment that includes all components of Sky ATP.  Ex. 8, Tenorio Tr. at 169:4-13; 169:23-170:11.

Further, to the extent that Juniper argues a component of these products is outside the United States, the entirety of the system is put into use for the protection of Juniper's U.S. customers, as those customers control the system and benefit from its operation.  *NTP, Inc. v. Research in Motion, Ltd.,* 418 F.3d 1282, 1317 (Fed. Cir. 2005) (finding infringement even where parts of the communication system were located outside the United States because "the use of a claimed system under section 271(a) is the place at which the system as a whole is put into service, i.e., the place where control of the system is exercised and beneficial use of the system obtained.").

Thus, there can be no material dispute that Juniper meets 35 U.S.C. § 271 when it makes, uses, offers to sell, and sells the SRX Gateways and Sky ATP in the United States.

**IV.    CONCLUSION**

For the reasons set forth above, Juniper infringes Claim 10 of the '494 Patent through making, using, offering to sell, and selling in the United States the SRX Gateways and Sky ATP.

FINJAN'S NOTICE OF MOTION AND                                   CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  June 7, 2018                    By:  */s/ Lisa Kobialka*

Paul J. Andre (State Bar No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
Kristopher Kastens (State Bar No. 254797)
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

FINJAN'S NOTICE OF MOTION AND                    CASE NO. 3:17-cv-05659-WHA
MOTION FOR SUMMARY JUDGMENT