1   IRELL & MANELLA LLP
    Jonathan S. Kagan (SBN 166039)
2   jkagan@irell.com
    Joshua Glucoft (SBN 301249)
3   jglucoft@irell.com
    Casey Curran (SBN 305210)
4   ccurran@irell.com
    Sharon Song (SBN 313535)
5   ssong@irell.com
    1800 Avenue of the Stars, Suite 900
6   Los Angeles, California 90067-4276
    Telephone:  (310) 277-1010
7   Facsimile:  (310) 203-7199

8   Rebecca Carson (SBN 254105)
    rcarson@irell.com
9   Kevin Wang (SBN 318024)
    kwang@irell.com
10  840 Newport Center Drive, Suite 400
    Newport Beach, California 92660-6324
11  Telephone:  (949) 760-0991
    Facsimile:  (949) 760-5200

12
    *Attorneys for Defendant*
13  JUNIPER NETWORKS, INC.

14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                       SAN FRANCISCO DIVISION
17
    FINJAN, INC., a Delaware Corporation,    )   Case No. 3:17-cv-05659-WHA
18                                           )
                        Plaintiff,           )   **DEFENDANT JUNIPER NETWORKS,**
19                                           )   **INC.'S OPPOSITION TO FINJAN, INC'S**
            vs.                              )   **MOTION FOR LEAVE TO FILE**
20                                           )   **SECOND AMENDED COMPLAINT**
    JUNIPER NETWORKS, INC., a Delaware       )
21  Corporation,                            )   Date:        July 5, 2018
                                             )   Time:        8:00 a.m.
22                      Defendant.           )   Judge:       Honorable William Alsup
                                             )   Courtroom:   12 – 19th Floor
23  _____ )

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10528593

OPPOSITION TO FINJAN'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
Case No. 3:17-cv-05659-WHA

# I.    **INTRODUCTION**

While Juniper did not oppose Finjan's first motion to file an amended complaint (filed April 19, 2018), Juniper does oppose Finjan's new, last-minute, second request to amend its complaint ("Motion to Amend").  Juniper opposes this second motion because: (1) it would prejudice Juniper by requiring it to both completely revise its claim construction strategy (well into the claim construction process) and review and produce significant additional discovery on a highly expedited basis during an already busy time period; and (2) it is based on a patent that Finjan knew about and charted against Juniper products in 2015, but that Finjan elected not to include either in its original complaint or in its first amended complaint (filed after Finjan reviewed Juniper's source code).

Finjan filed this case in September of 2017, accusing Juniper of infringing eight patents. Although Finjan had prepared a claim chart comparing U.S. Patent No. 7,418,731 ("the '731 Patent") against Juniper products in 2015, Finjan elected not to include this patent in its initial complaint.  On March 19, 2018, six months after Finjan filed its initial complaint, Juniper produced its source code to Finjan for review.  After reviewing this source code, Finjan sought leave to file a First Amended Complaint, which Juniper did not oppose, and which the Court granted on May 11, 2018.  Like its original complaint, Finjan's First Amended Complaint did not contain any allegations involving the '731 Patent.

Adding an entirely new patent at this point in the litigation would significantly prejudice Juniper.  As an initial matter, the parties have already identified the claim terms they believe are most significant for claim construction (along with proposed constructions).  If the '731 Patent is added to this case, Juniper will be forced to quickly identify and analyze numerous new claim construction issues relating to the '731 Patent on an extremely expedited schedule.  Moreover, because Juniper has designated the claim terms it believes are most important for a resolution of this case (pursuant to Patent Local Rule 4-3), Juniper will then need to reassess these designations to evaluate the significance of each of these terms against each of the terms from the '731 Patent.  Juniper will also need to propound (and likely produce) significant additional discovery relating to the '731 Patent within the next two months, during the time when Juniper is already heavily occupied conducting depositions and preparing dispositive motions and preparing for a possible trial pursuant to this

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

10528593

- 1 -

OPPOSITION TO FINJAN'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
Case No. 3:17-cv-05659-WHA

1    Court's "shootout" procedure.  Adding the '731 Patent at this late date would thus prejudice Juniper.

2    **II.      BACKGROUND**

3             **A.      Finjan's Knowledge of its Allegations Relating to the '731 Patent.**

4             Finjan has admitted in discovery that it had prepared claim charts for the '731 Patent by

5    October of 2015, roughly two years before it filed its original complaint against Juniper.  *See* Ex. B;

6    Ex. A at 5.  These charts allegedly analyze each element of Claim 1 of the '731 Patent against

7    Juniper's SRX products.  *See* Ex. C.  Yet Finjan's original Complaint does not assert the '731 Patent.

8    On March 19, 2018, Juniper produced its source code to Finjan.  Declaration of Sharon Song ("Song

9    Decl.") ¶ 10.  One month later, on April 19, 2018, Finjan sought leave of Court to file a First

10   Amended Complaint.  *See* Dkt. No. 67.  While this complaint added new infringement allegations

11   against Juniper, it again omitted any reference to the '731 Patent.  Instead, as Finjan concedes, it

12   waited until May 31, 2018 (the last day for the parties to seek leave to amend the pleadings), to seek

13   leave to add the '731 Patent to this case.  *See* Motion to Amend at 4.

14            Finjan claims that it should be able to add the '731 Patent at this late juncture because  it

15   supposedly learned about the manner in which files are stored and indexed by Sky ATP for the first

16   time on May 9, 2018, at the deposition of Ms. Yuly Tenorio.  Motion to Amend at 3.  But all details

17   about the operation of Juniper's products were known to Finjan months before, when it conducted its

18   source code review.  Moreover, even if Finjan did not have access to Juniper's source code (which it

19   did), information about Sky ATP's functions related to storing and indexing files has been publicly

20   disclosed in Sky ATP's administration guide at least since September 8, 2017.  *See* Ex. G at i, 51-52.

21   For example, Sky ATP's administration guide discloses that Sky ATP stores in the cloud emails with

22   attachments found to be malicious.  *Id.* at 51-52.  The recipients are then provided a link to the Sky

23   ATP quarantine portal where the email can be previewed.  *Id.* at 51.

24            **B.      This Case's Claim Construction Proceedings.**

25            On May 7, 2018, the parties exchanged their respective lists of claim terms for construction

26   for the patents asserted in the original Complaint (excluding the '731 Patent) pursuant to Patent Local

27   Rule ("PLR") 4-1.  *See* Song Decl. ¶ 12.

28            On May 22, 2018, Finjan produced to Juniper the claim charts for the '731 Patent that it had

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

10528593

- 2 -

OPPOSITION TO FINJAN'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
Case No. 3:17-cv-05659-WHA

1   prepared in October 2015. *See* Ex. B; Ex. C. This was the first time Finjan disclosed the '731 Patent

2   to Juniper, and the first time Juniper learned of the existence of this patent. Three days later, on

3   May 25, 2018, Finjan informed Juniper that it intended to seek leave to amend its complaint to assert

4   the '731 Patent. *See* Ex. D at 2. On May 27, 2018, Finjan emailed Juniper proposing modifications

5   to the claim construction schedule to accommodate the '731 Patent. *See* Ex. D at 1. Finjan's

6   proposed schedule sought to require Juniper to serve invalidity contentions for the '731 Patent within

7   three weeks, in the midst of the early summary judgment briefing schedule. *Id.* Given Finjan's

8   unreasonable demand that Juniper serve within three weeks invalidity contentions for a patent that

9   Juniper had no knowledge of prior to May 2018, Juniper did not agree to Finjan's proposed claim

10  construction schedule.

11          On May 28, 2018, the parties exchanged their respective proposed constructions and

12  corresponding intrinsic and extrinsic evidence for each term identified by each party for claim

13  construction from the patents asserted in the original Complaint (excluding the '731 Patent) pursuant

14  to PLR 4-2. *See* Song Decl. ¶ 12.

15          On June 8, 2018, Finjan served Juniper its infringement contentions for the '731 Patent. *See*

16  Ex. E. Despite the Court's order requiring Finjan to limit the total number of claims in the case to 16,

17  *see* Ex. F at 9-10, Finjan's infringement contentions assert a total of 17 claims. *See* Ex. E at 1-2;

18  Motion to Amend at 2.

19          On June 22, 2018, the same day this opposition is being filed, the parties will file a Joint

20  Claim Construction and Prehearing Statement identifying the 10 terms from the patents asserted in

21  the original Complaint (excluding the '731 Patent) whose construction will be most significant to the

22  resolution of this case, pursuant to PLR 4-3. *See* Song Decl. ¶ 12. Because the Court has placed a

23  limit on the number of claims it will construe, Juniper's selection of these claims reflects its

24  evaluation of the relative importance of numerous claim terms from multiple patents.

25          **C.      Discovery that has already been completed**

26          Discovery has already progressed substantially in this case, hastened by this Court's

27  "shootout" procedure. Juniper has produced all source code for the accused products, more than

28  560,000 technical documents, more than 2,400 financial and marketing documents totaling about

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10528593                                    - 3 -                    OPPOSITION TO FINJAN'S MOTION FOR LEAVE
                                                                     TO FILE SECOND AMENDED COMPLAINT
                                                                     Case No. 3:17-cv-05659-WHA

1  60,000 pages, and more than 39,000 emails and corresponding attachments from a Juniper engineer.

2  *See* Song Decl. ¶ 10.  Juniper has also provided four witnesses for deposition and taken the

3  deposition of Finjan's 30(b)(6) witness.  *Id.* at ¶ 11.  None of this discovery has focused on the '731

4  Patent.

5  **III.   ARGUMENT**

6        Leave to amend may be denied where the Court finds there is "undue delay, bad faith or

7  dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

8  previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

9  futility of the amendment, etc." *Boston Sci. Corp. v. Johnson & Johnson*, 2006 WL 3455009, at *4

10  (N.D. Cal. Nov. 29, 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Ninth Circuit

11  has also noted "that late amendments to assert new theories are not reviewed favorably when the facts

12  and the theory have been known to the party seeking amendment since the inception of the cause of

13  action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

14  Moreover, "[t]he district court's discretion to deny leave to amend is particularly broad where a

15  plaintiff previously has amended the complaint." *World Wide Rush, LLC v. City of Los Angeles*, 606

16  F.3d 676, 690 (9th Cir. 2010).  Nearly every one of the factors enumerated by these courts weighs

17  against allowing Finjan to file a second set of additional claims against Juniper at this late date.

18      **A.   Juniper Will Be Significantly Prejudiced by the Late Addition of the '731 Patent**

19        "Ultimately, prejudice is the <u>critical factor</u> in considering motions for leave to amend."

20  *Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011) (emphasis added);

21  *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (finding that "it

22  is the consideration of prejudice to the opposing party that carries the greatest weight" for a denial of

23  leave to amend).

24        Because of this Court's "shootout" procedure, Juniper has, for the past several months,

25  engaged in significantly high levels of litigation activity to make discovery available to Finjan on the

26  three products accused in the original Complaint on an extremely expedited schedule.  For example,

27  Juniper has produced the source code for all accused products (including the late-added ATP

28  Appliance); more than 560,000 technical documents to Finjan, the majority of which were highly

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10528593

- 4 -

OPPOSITION TO FINJAN'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
Case No. 3:17-cv-05659-WHA

1    confidential technical documents; and agreed to four early depositions of Juniper engineers, all before
2    summary judgment motions were due on June 7, 2018.

3        In addition to the early summary judgment procedure, Juniper has expended substantial time
4    to comply with the requirements of PLR 4-1, 4-2, and 4-3.  As of June 22, 2018, the parties will have
5    completed the exchange requirements of PLR 4-1 and 4-2, and filed the Joint Claim Construction and
6    Prehearing Statement, as prescribed in PLR 4-3.  In particular, Juniper has expended significant
7    resources to analyze the claim terms of the patents asserted in the original Complaint to identify the
8    10 terms whose construction will be most significant to the resolution of this case.

9        Notwithstanding the already heightened level of litigation activity, Finjan seeks to add a new
10   patent to the case a mere six weeks after it filed its first motion for leave to amend.  The late addition
11   of the '731 Patent will essentially require Juniper to re-do significant portions of the work it has
12   already completed for this case over the past three months.  For example, PLR 4-3 requires the parties
13   to jointly identify the 10 most important claim terms from all asserted claims in the case, including
14   the claims of the '731 Patent if Finjan's Motion to Amend is granted.  Allowing the late addition of
15   the '731 Patent will require Juniper to re-do its comparative analysis of the claim terms, repeat its
16   multiple meet and confers with Finjan, and create a new strategy for identifying and agreeing upon
17   the 10 claim terms most significant to this case.  Moreover, the addition of the '731 Patent will
18   require Juniper to prepare invalidity contentions for the '731 Patent within a short period of time in
19   the midst of the early summary judgment briefing schedule.  The '731 Patent will impose an
20   expedited claim construction schedule upon Juniper that overlaps substantially with the expedited
21   schedule imposed by the early summary judgment procedure.  *See Alzheimer's*, 274 F.R.D. at 278
22   (denying motion for leave to amend in part because "amendment would de-rail the existing claim
23   construction schedule"); *Alibaba.com Hong Kong Ltd. v. P.S. Prod., Inc.*, 2012 WL 13060303, at *2
24   (N.D. Cal. Mar. 19, 2012) (denying plaintiffs' motion to file a second amended complaint in part
25   because the amendment was likely to require extension of deadlines and additional claim
26   construction, which were deemed to be undue prejudice to defendants).

27       Finjan could have filed this motion, at the very least, well over three months ago in March
28   2018, when it gained access to Juniper's source code for the accused products.  *See* Song Decl. ¶ 10.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10528593

- 5 -

OPPOSITION TO FINJAN'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
Case No. 3:17-cv-05659-WHA

1   Finjan could also have sought leave to add the '731 Patent six weeks ago, when it filed its first

2   motion for leave to amend the complaint.  Instead, Finjan waited until literally the last possible day to

3   try to expand this case yet again.  Imposing this significant prejudice on Juniper by allowing Finjan to

4   add the '731 Patent to the case is unfair, unreasonable, and highly prejudicial.

5           **B.     Finjan Unduly Delayed in Seeking Leave to Amend, Acting with Dilatory Motive**

6           Finjan unduly delayed the filing of this second motion for leave to amend.  As Finjan admits,

7   it was aware of its infringement allegations for the '731 Patent since October 2015, roughly two years

8   before the original Complaint was filed in this case.  *See* Ex. B; Ex. A at 5.  In fact, in October 2015,

9   Finjan had already created claim charts for the '731 Patent that it chose not to share with Juniper.  *See*

10  *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal.

11  Sept. 29, 2017) (denying leave to amend the complaint in part because Plaintiff had known about the

12  facts and legal theories giving rise to its amendments for several years).

13          Even more striking is Finjan's decision not to seek leave to amend months ago after March

14  19, when Juniper made the source code for the accused products available for review.  Indeed, Finjan

15  did make a motion to amend its complaint on April 19, 2018—after it reviewed Juniper's source

16  code—but it decided not to identify the '731 Patent at that time.  In short, Finjan could have asserted

17  the '731 Patent either in the original Complaint or sought leave to include the '731 Patent in this case

18  in its first motion to amend.  In both instances, Finjan chose not to disclose the '731 Patent, even

19  though it had prepared claim charts for this patent years ago.

20          Finjan offers no explanation for its delay in seeking leave to add the '731 Patent to this case.

21  *See Alzheimer's*, 274 F.R.D. at 277 (finding that plaintiff's failure to address the reason for its delay

22  in seeking leave to amend indicated the delay was undue, justifying denial of the leave to amend).  In

23  fact, given the timing of Juniper's source code production, Finjan cannot offer a reasonable

24  explanation for its undue delay.  To the contrary, the record demonstrates that Finjan concealed its

25  intentions about the '731 Patent completely until May 22, 2018, when Finjan produced to Juniper, for

26  the first time, documents (the claim charts from October 2015) relating to the '731 Patent.  *See* Ex. B;

27  Ex. C.  Juniper did not know of the existence of the '731 Patent until that time.

28          Because Finjan fails to account for its undue delay, and this undue delay causes significant

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10528593                                                    - 6 -

OPPOSITION TO FINJAN'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
Case No. 3:17-cv-05659-WHA

1    prejudice to Juniper, Finjan's Motion to Amend should be denied.

2    **IV.    <u>CONCLUSION</u>**

3          Because the addition of the '731 Patent at this stage of litigation would substantially prejudice

4    Juniper, and because Finjan can offer no explanation for failing to seek leave to add the '731 Patent

5    to this case shortly after Juniper produced its source code, Juniper respectfully requests that this

6    Court deny Finjan's motion to amend its complaint for a second time..

7

8    Dated: June 22, 2018                                Respectfully submitted,

9                                                        IRELL & MANELLA LLP

10                                                       By:  */s/ Rebecca Carson*

11                                                            Rebecca Carson
                                                             Attorneys for Defendant
12                                                           JUNIPER NETWORKS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10528593                                  - 7 -

OPPOSITION TO FINJAN'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
Case No. 3:17-cv-05659-WHA