PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>             Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**PLAINTIFF FINJAN, INC.'S LETTER BRIEF REGARDING MOTION TO COMPEL**<br><br>Date:          July 5, 2018<br>Time:         8:00 a.m.<br>Courtroom:  12, 19th Floor<br>Before:       Hon. William H. Alsup |

Plaintiff Finjan, Inc. ("Finjan") moves to compel Juniper Networks, Inc. ("Juniper") and its counsel to comply with Local Rule 11-4 and engage in a meaningful meet and confer regarding the parties' Stipulated Protective Order, consistent with Juniper's counsel's other representations of plaintiff-patentees. In the alternative, Finjan seeks an Order clarifying the scope of the Interim Model Protective Order ("Model PO") to permit Paul Andre (CA Bar 196585), James Hannah (CA Bar 237978), Michael Lee (CA Bar 264592), and Jeff Price (NY Bar 5171350) ("Counsel") to participate in *inter partes* review ("IPR") provided they will not draft or amend patent claims.

On May 10, 2018, the Court rejected the parties' "stipulated" proposed protective order, which contained competing provisions, finding "no good reason to deviate from the [Model PO]" and instructed the parties to jointly agreed on a proposal. Dkt. No. 83. Since then, Finjan has attempted to meet and confer by phone and email with Juniper to prepare a Stipulated Protective Order. Declaration of James Hannah in Support of Finjan, Inc.'s Letter Brief Regarding Motion to Compel ("Hannah Decl.") filed herewith, ¶ 3. It has become apparent, however, that the parties' interpretations of the Model PO vary greatly. Finjan's interpretation is consistent with the Model PO's plain language, which issued before the America Invents Act introduced IPRs and was never amended to bar IPRs alongside other prosecution activities. Unlike prosecution, IPRs only allow a patentee to narrow its claims. 35 U.S.C. §§ 305, 314; 37 C.F.R. § 1.530(j). Thus, the prosecution bar should not apply to Finjan's trial counsel because the PO does not address IPRs, and the typical risk associated with prosecution does not apply when counsel cannot use confidential information from litigation to broaden a patentee's rights through PTO proceedings.

Contrary to the plain language of the Model PO, Juniper insists that counsel involved in Cisco Systems, Inc. pending IPR against Finjan regarding the '633 Patent (IPR2018-00391) must not have access to any of Juniper's confidential information. To that end, Juniper has refused to engage in any meaningful meet and confer regarding mutually acceptable language for a Stipulated Protective Order. To overcome the impasse, Finjan proposed clarifying language that prohibits litigation counsel who view confidential information to participate in IPRs if there are any amendments to the claims during the proceedings. This language is consistent with District precedent, all of this District's Protective Orders in Finjan's cases, and Orders that Juniper's

1  counsel, Irell & Manella LLP, has agreed to in cases in which it represents plaintiff-patentees.

2  *See, e.g.*, *Grobler v. Apple Inc.*, No. C 12-01534 JST (PSG), 2013 WL 3359274, at *2 (N.D. Cal.

3  May 7, 2013)(holding that litigation counsel may participate in IPRs, but not draft or amend

4  claims); *EPL Holdings, LLC v. Apple Inc.*, No. 12-cv-04306 JST (JSC), 2013 WL 2181584, at *4

5  (N.D. Cal. May 20, 2013)(same); Hannah Decl., ¶¶ 4-5.

6      Regardless, Juniper refused to dialogue about language addressing IPRs for the Stipulated

7  Protective Order, claiming that "it cannot think of any language" that would satisfy its concerns,

8  chiefly because it "did not think it was possible" for counsel to avoid adjusting the scope of

9  claims in IPR.  *Id.*., ¶ 2, Ex. 1 at 4.  Not only has this District held otherwise (see *supra*), but Irell

10  & Manella LLP has been both plaintiff and IPR counsel in at least 7 cases in the last 3 years—

11  none of which prohibited IPR participation, and at least 2 of which expressly allowed counsel to

12  make "submissions to and appearances at the [post-grant] proceeding, formulate reasons and

13  argue for patentability of such claim amendments": (1) *B/E Aerospace v. Zodiac Aerospace*; (2)

14  *Fraunhofer-Gesellschaft v. Sirius XM*; (3) *FISI v. LG*; (4) *FISI v. Samsung*; (5) *FISI v. ZTE*; (6)

15  *Immersion v. Apple.*; (7) *Kaist IP v. Samsung*.  Hannah Decl., ¶¶ 6-7, Exs. 2-3.  When Finjan

16  alerted Juniper of its inconsistent position, it ignored Finjan's request.  Thus, Finjan is forced to bring

17  this issue to the Court's attention, to require that Juniper's counsel practice with appropriate decorum

18  and fairness when it finds itself on the other side of the table.  N.D. Cal. L.R. 11-4.

19      To the extent the Court interprets the Model PO to preclude litigation counsel with access

20  to confidential information from participating in IPRs, good cause exists to modify it to allow

21  Finjan's Counsel to participate.  First, the modification is narrowly tailored to four attorneys that

22  view Juniper's confidential information.  Moreover, Finjan has already represented that Counsel

23  will not amend patent claims in IPRs.  This concession alone should alleviate Juniper's concerns:

24  "if the PTO and district court are just two fronts in the same battle, allowing a limited role for

25  litigation counsel while prohibiting counsel from crafting or amending claims is only reasonable."

26  *Grobler*, 2013 WL 3359274, at *2.  This District has routinely recognized that patentees such as

27  Finjan would suffer significant injury, and defendants like Juniper may profit from an unfair

28  advantage, if choice of counsel was restricted in IPR, causing additional cost and duplicative

preparation.  *Software Rights Archive, LLC v. Facebook, Inc.*, No. 5:12-cv-03970-RMW-PSG, 2014 WL 116366, at *3 (N.D. Cal. Jan. 13, 2014)(holding that litigation counsel may participate in IPRs, as there is danger in permitting a party to "box-out" another party's chosen counsel); *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, No. 11-cv-04494-WHO, 2013 WL 5935005, at *5 (N.D. Cal. Nov. 4, 2013)(holding that an IPR ban causes unwarranted expense, and a limited role is sufficient protection); *Shared Memory Graphics, LLC v. Apple, Inc.*, No. C-10-2475 VRW (EMC), 2010 WL 4704420, at * 4 (N.D. Cal. Nov. 12, 2010)(allowing participation in reexamination proceedings with an affirmation of no misuse of confidential information).  Finally, good cause exists here because Finjan's trial counsel is already participating in several IPRs that do not involve Juniper.

Finally, there is no risk to Juniper if Finjan's Counsel also participates in a limited role in IPRs.  Each of Finjan's patents has been through several IPRs; the record has largely been set prior to Juniper's involvement.  Also, Finjan has numerous litigations in this District; there is no reason to believe that Finjan would somehow tailor its validity arguments to Juniper, and Finjan is statutorily prohibited from broadening its claims in IPR to cover ***any*** defendant's accused product.  Further, it is presumed that counsel's obligations of confidentiality are sufficient protection against misuse.  *X One, Inc. v. Uber Techs., Inc.*, No. 16-cv-06050-LHK (SVK), 2017 WL 1020982, at *3-4 (N.D. Cal. Mar. 16, 2017) (holding that counsel's confidentiality obligations sufficiently protect against the risk of use of confidential information in IPRs); *see also Grobler*, 2013 WL 3359274, at *2 ("the risk of counsel ignoring its duties is inherent even under [Juniper's] proposed total ban, and in any event counsel is presumed to follow its obligations to adhere to this court's orders.").  Thus, good cause exists to allow a reasonably limited role for Finjan's Counsel in IPRs.

For these reasons, Finjan requests the Court to compel Juniper and its counsel to comply with Local Rule 11-4 by participating in the drafting of a Stipulated Protective Order consistent with Juniper's counsel's past representations, or alternatively, to order that Finjan's litigation Counsel may participate in IPR proceedings under the current PO so long as no amendments are made to the claims.

FINJAN, INC.'S LETTER BRIEF RE: MOTION TO COMPEL     CASE NO.: 3:17-cv-05659-WHA

1

2

                                              Respectfully submitted,

3   Dated:  June 22, 2018                  By:  */s/ James Hannah*
                                               Paul J. Andre (SBN 196585)
4                                              Lisa Kobialka (SBN 191404)
                                               James Hannah (SBN 237978)
5                                              Kristopher Kastens (SBN 254797)
                                               KRAMER LEVIN NAFTALIS
6                                              & FRANKEL LLP
                                               990 Marsh Road
7                                              Menlo Park, CA 94025
                                               Telephone: (650) 752-1700
8                                              Facsimile: (650) 752-1800
                                               pandre@kramerlevin.com
9                                              lkobialka@kramerlevin.com
                                               jhannah@kramerlevin.com
10                                             kkastens@kramerlevin.com

11                                             *Counsel for Plaintiff*
                                               FINJAN, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

FINJAN, INC.'S LETTER BRIEF RE: MOTION TO COMPEL     CASE NO.: 3:17-cv-05659-WHA