1   PAUL J. ANDRE (State Bar No. 196585)
    pandre@kramerlevin.com
2   LISA KOBIALKA (State Bar No. 191404)
    lkobialka@kramerlevin.com
3   JAMES HANNAH (State Bar No. 237978)
    jhannah@kramerlevin.com
4   KRISTOPHER KASTENS (State Bar No. 254797)
    kkastens@kramerlevin.com
5   KRAMER LEVIN NAFTALIS & FRANKEL LLP
6   990 Marsh Road
    Menlo Park, CA 94025
7   Telephone: (650) 752-1700
    Facsimile: (650) 752-1800
8

9   *Attorneys for Plaintiff*
    FINJAN, INC.
10

11              **IN THE UNITED STATES DISTRICT COURT**

12          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                  **SAN FRANCISCO DIVISION**

14

15  FINJAN, INC., a Delaware Corporation,          Case No.: 3:17-cv-05659-WHA

16          Plaintiff,                             **FINJAN'S PROPOSED REDACTIONS –**

17          v.                                     **EXHIBIT A TO DECLARATION OF
                                                   SHARON SONG IN SUPPORT OF
18  JUNIPER NETWORKS, INC., a Delaware             DEFENDANT JUNIPER NETWORKS, INC.'S
    Corporation,                                   OPPOSITION TO MOTION FOR LEAVE TO
19                                                 FILE SECOND AMENDED COMPLAINT –
            Defendant.                             REDACTED
20

21

22

23

24

25

26

27

28

EX. A TO SONG DECLARATION - REDACTED            CASE NO. 17-cv-05659-WHA

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# Exhibit A

# (Filed Under Seal)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**<br><br>**PLAINTIFF FINJAN, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT JUNIPER NETWORKS, INC.'S FIRST SET OF INTERROGATORIES (NO. 6)** |

1    Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff Finjan, Inc. ("Finjan") provides these

2    supplemental responses to Defendant, Juniper Networks, Inc.'s ("Juniper" or "Defendant") First Set of

3    Interrogatories ("Interrogatories") No. 6.  Finjan makes these objections and responses herein

4    (collectively "Responses") based solely on its current knowledge, understanding, and belief as to the

5    facts and information reasonably available to it as of the date of the Responses.

6    Additional discovery and investigation may lead to additions to, changes in, or modifications of

7    these Responses.  The Responses, therefore, are given without prejudice to Finjan's right to further

8    supplement these Responses pursuant to Fed. R. Civ. P. 26(e), or to provide subsequently discovered

9    information and to introduce such subsequently discovered information at the time of any trial or

10   proceeding in this action.

11   Finjan hereby incorporates by reference each and every general objection and objection to

12   definition and instruction set forth in Finjan's original and first supplemental objections and responses

13   to Juniper's First Set of Interrogatories into each and every specific Response as if fully set forth

14   herein.

## INTERROGATORY RESPONSES

### INTERROGATORY NO. 6:

17   For each of the Patents-in-Suit, state the complete legal and factual basis for any contention that

18   Juniper was notified of its alleged infringement and continued to infringe thereafter, including by

19   identifying: the date of the alleged notification; any persons involved or with knowledge; the form of

20   notification; what information was specifically conveyed in the alleged notification; what patents were

21   specifically identified; what products were specifically identified; any documents provided to Juniper;

22   and all other relevant facts, documents, or evidence.

1

FINJAN'S SECOND SUPP. OBJ. & RESP. TO JUNIPER'S              CASE NO.: 3:17-cv-05659-WHA
FIRST SET OF INTERROGATORIES (NO. 6)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 **RESPONSE TO INTERROGATORY NO. 6:**

2        Finjan objects to this Interrogatory as overbroad, unduly burdensome, and oppressive to the

3 extent it seeks information not relevant to any claim or defense of any party and/or not reasonably

4 calculated to lead to the discovery of admissible evidence.  Finjan objects to this Interrogatory to the

5 extent it calls for a legal conclusion.  Finjan objects to this Interrogatory to the extent it seeks

6 information beyond Finjan's actual knowledge, custody, or control.  Finjan objects to this Interrogatory

7 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or

8 any other applicable law, privilege, doctrine or immunity.  Finjan objects to this Interrogatory to the

9 extent it seeks information within Defendants' possession, custody or control, or to the extent it seeks

10 information in the public domain; Defendant can ascertain such information from its own records or

11 from other sources at least as readily as Finjan.  Finjan objects to this Interrogatory to the extent it is

12 compound because it is comprised of multiple discrete subparts.  Finjan also objects to this Interrogatory

13 as vague and ambiguous, including the terms "was notified of its alleged infringement" and "all other

14 relevant facts, documents, or evidence."

15        Subject to and without waiving the foregoing general and specific objections, Finjan responds as

16 follows:

17        Finjan incorporates its response to Juniper's Interrogatory No. 2.

18        Finjan understands based on representations by Juniper's Senior Director of IP, Litigation and

19 Strategy, Mr. Scott Coonan, that Juniper has either participated or spoken with a group comprised of

20 defendants in Finjan's prior litigations, defendants in Finjan's currently pending litigations, and other

21 entities that are concerned that they need a license to Finjan's patents.  Juniper has been a member of, or

22 in communication with, this group since at least in or about November 2014.  On or about November

23 24, 2015, Mr. Scott Coonan told Finjan about this group, and also confirmed that Juniper communicates

24 regularly with defendants in Finjan's other patent litigations.

25        Finjan filed a separate lawsuit against Palo Alto Networks, Inc. ("PAN") on November 4, 2014,

26 Case No. 14-cv-04908 (N.D. Cal. 2014), asserting five patents that are also asserted against Juniper in

27 this case.  Mr. Coonan told Finjan that PAN is also a member of the group.  Shortly after Finjan filed its

28

2

FINJAN'S SECOND SUPP. OBJ. & RESP. TO JUNIPER'S            CASE NO.: 3:17-cv-05659-WHA
FIRST SET OF INTERROGATORIES (NO. 6)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  complaint against PAN, Mr. Coonan offered to meet with Finjan to discuss Finjan's case against PAN

2  and that he had personal knowledge of PAN's litigation strategy. Based on Mr. Coonan's statements,

3  Finjan understands that Mr. Coonan read Finjan's complaint against PAN at least as early as in or about

4  December 2014. In or about December 2014, Mr. Coonan confirmed to Finjan by telephone that he had

5  done a prior art search on Finjan's patents. Mr. Coonan visited Finjan's offices at least twice, in or

6  about December 2014 and January 2015, to discuss Juniper's infringement of Finjan's patents. During

7  the last meeting, Mr. Coonan stated he would disclose PAN's litigation strategy to Finjan in exchange

8  for a low value license to Finjan's patent portfolio. Finjan terminated the discussions at that point with

9  Juniper, as it was not interested in being involved with such a discussion regarding another party's

10  litigation strategy. Juniper knew of the Patents-in-Suit and how Finjan was asserting and interpreting

11  these patents since at least as early as November 2014, if not earlier, given Juniper's offer to sell PAN's

12  confidential litigation strategy information to Finjan in exchange for a license.

13      Prior to becoming Deputy General Counsel at Juniper, Ms. McKenzie was the Senior Director

14  of Intellectual Property at Symantec, Inc. During Ms. McKenzie's time as Senior Director of

15  Intellectual Property at Symantec, Inc., from in or about 2010-2012, Symantec Inc. was a defendant

16  against Finjan in a patent infringement case involving two patents that are related to seven of the eight

17  patents asserted against Juniper here. Juniper's Deputy General Counsel, Ms. McKenzie, and Juniper's

18  General Counsel, have also had specific knowledge of the patents-in-suit since at least in or around

19  December 2014. Finjan understands based on discussions with Mr. Coonan that Mr. Coonan and Ms.

20  McKenzie presented an idea of collaboration with Finjan to Juniper's General Counsel.

21      Finjan's investigation of this matter is ongoing and it will comply with Fed. R. Civ. P. 26(e)

22  should additional information become known to it.

23  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

24      Subject to and without waiving the foregoing general and specific objections, Finjan responds

25  as follows:

26      Finjan provided actual notice to Juniper of its infringement of the patents-in-suit since 2014,

27  and as discussed in response to Finjan's Interrogatory No. 2, which was previously incorporated into

28

3

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  Finjan's response.  First, Finjan initiated discussions with Juniper in 2014 by providing a claim chart

2  for how the '968 Patent relates to Juniper.  FINJAN-JN 193514-517.  Finjan continued discussions

3  with Juniper, notified Juniper of Finjan's patent portfolio, and stated that a license discussions were

4  related to a license of Finjan's patent portfolio.  In 2014, 2015, and 2016, Finjan reached out to Juniper

5  for discussions related to licensing Finjan's patents, including the Patents-In-Suit.  FINJAN-JN

6  192859-861.  FINJAN-JN 193526-527; FINJAN-JN 193539-541; FINJAN-JN 193499-3500.  Finjan

7  requested that Juniper enter an non-disclosure agreement ("NDA") so that Finjan can provide already

8  prepared confidential claim charts on other Patents-in-Suit, including the '494 Patent, as part of the

9  licensing discussions and Juniper's infringement.  FINJAN-JN 193526-527; FINJAN-JN 193539-541;

10  FINJAN-JN 193499-3500.  Juniper refused to enter an NDA, stated all communications were not

11  subject to FRE 408, and also indicated its intent to share any information Finjan shared with third

12  parties.  FINJAN-JN 193535-538.  Juniper's refusal to enter an NDA, statements that none of the

13  communications were under FRE 408, and that it could publicly disclose any material that Finjan

14  provided hampered discussions between the parties and limited the information that Finjan could share

15  with Juniper.  Finjan notified Juniper that it was its established practice to limit the information shared

16  unless under an NDA, and that it was not willing to declassify its confidential information to non-

17  confidential for Juniper's unfettered disclosures.  FINJAN-JN 193526-527.

18      Furthermore, Finjan notified Juniper on several occasions that Finjan had additional claim

19  charts that Finjan could share with Juniper that described its infringement of at least the '494 and '154

20  Patents.  By October 9, 2015, Finjan had created claim charts for the '494 Patent that it offered to share

21  with Juniper.  Furthermore, by October 30, 2015, Finjan had completed a claim chart for the '154

22  Patent that it offered to share with Juniper.  However, because of Juniper's refusal to enter an NDA

23  and threats to publicly publish any claim charts provided, Finjan could not and did not provide these

24  charts to Juniper.

25      As previously provided in Finjan's incorporated response to Interrogatory No. 2, documents

26  related to these discussions between Finjan and Juniper include: FINJAN-JN 192859-865, 192859-

27  192865, 192866-193543, 193544-193575.

28

4

FINJAN'S SECOND SUPP. OBJ. & RESP. TO JUNIPER'S          CASE NO.: 3:17-cv-05659-WHA
FIRST SET OF INTERROGATORIES (NO. 6)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Furthermore, Finjan notified Cyphort, Inc. (acquired by Juniper) of its infringement on several

2    occasions.  Finjan sent Cyphort a letter on February 9, 2015, addressed to Mr. Manoj Leelanivas, then

3    Cyphort's President and Chief Executive Officer, notifying Cyphort of Finjan's patent portfolio and

4    requesting that Cyphort initiate a patent license discussion with Finjan.  FINJAN-JN 180255-266.

5    ███████████████████████████████████████████████████████

6    ███████████████████████████████████████████

7    ███████████████████████████████████████████████████████

8    ████████████████████████████████ ) On January 28, 2016, Finjan sent Cyphort a

9    non-confidential letter that notified Cyphort that the '494 Patent, the '844 Patent, and the '154 Patent

10   cover Cyphort's ATP Appliance.  FINJAN-JN 193290-292. ( █████████████████ )

11   ( ███████████████████████████████████████████ )

12   ( ███████████████████████████████████████████ )

13   ███████████████████████████████████████████████

14   ( ██████████████████████████████████ ) As previously

15   disclosed in Finjan's incorporated response to Interrogatory No. 2, documents related to these

16   discussions between Finjan and Cyphort include: FINJAN-JN 180255-368, 192859-192865, 192866-

17   193543, 193544-193575.

18   **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

19       Subject to and without waiving the foregoing general and specific objections, Finjan responds

20   as follows:

21       By 2015, Finjan also notified Juniper that it had charts prepared and ready to share with Juniper

22   for U.S. Patent Nos. 8,225,408; 8,141,154; and 7,418,731.  Finjan did not share these charts because of

23   Juniper's unwillingness to enter an NDA.

24       Finjan provided further notice of Finjan's patents and Juniper's infringement of those patents

25   during a November 2015 phone call between John Garland of Finjan and Mr. Coonan of Juniper.

26   During this call, Mr. Garland stated that Finjan had at least six patents that Finjan believed Juniper

27   infringed and had claim charts directed to Juniper's security products, including the SRX Gateways

28   

5

FINJAN'S SECOND SUPP. OBJ. & RESP. TO JUNIPER'S          CASE NO.: 3:17-cv-05659-WHA
FIRST SET OF INTERROGATORIES (NO. 6)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 and Sky ATP, and could share them with Juniper, so long as Juniper treated the charts as confidential.

2 Mr. Coonan stated on this call that he would not treat the charts as confidential and would publicly

3 share any charts provided by Finjan to Juniper.

4 Additional evidence of notice to Juniper is that the '968 Patent includes references to the '844

5 Patent and U.S. Patent No. 6,092,194 ("the '194 Patent").  The '194 Patent is a parent to the '780,

6 '494, and '633 Patents.  The '780 Patent is a parent to the '926 Patent.  Juniper would have been put on

7 notice of these patents when it performed invalidity analysis of the '968 Patent, and also through its

8 knowledge of the '780, '926, '633, '154, and '494 Patents being asserted against Palo Alto Networks,

9 which was discussed between Finjan and Juniper.

10 Finjan's investigation of this matter is ongoing and it will comply with Fed. R. Civ. P. 26(e)

11 should additional information become known to it.

14 Dated:  May 23, 2018

By: */s/ Kristopher Kastens*
Paul J. Andre
Lisa Kobialka
James Hannah
Kristopher Kastens
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

6

FINJAN'S SECOND SUPP. OBJ. & RESP. TO JUNIPER'S          CASE NO.: 3:17-cv-05659-WHA
FIRST SET OF INTERROGATORIES (NO. 6)