PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**PLAINTIFF FINJAN, INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:  July 5, 2018<br>Time:  8:00 am<br>Judge:  Honorable William Alsup<br>Dept.:  Courtroom 12, 19th Floor |

**REDACTED VERSION OF DOCUMENTS SOUGHT TO BE SEALED**

## I. INTRODUCTION

The Court should grant Plaintiff Finjan, Inc.'s ("Finjan") motion for leave to file a second amended complaint ("Motion") because Finjan was diligent in seeking to amend and Juniper Networks, Inc. ("Juniper") will not be prejudiced by the amendment. In the absence of prejudice, leave to amend is freely given. Fed. R. Civ. P. 15(a)(2).

Finjan was diligent in seeking to amend because it sought leave to amend within the deadline set forth in the Court's Scheduling Order, and also within a few weeks of learning new information relating to the internal design of Sky ATP during a deposition, and about two months after first getting access to Juniper's source code. There is no prejudice to Juniper because Finjan seeks discovery on products that are currently accused in the case. Further, there is ample time to complete the discovery as fact discovery does not close for another nine months and trial is set for a year away. And Finjan has already agreed to reasonable modifications to the claim construction schedule to accommodate the '731 Patent.

Juniper's arguments of prejudice and delay are without merit and illogical. First, Juniper incorrectly argues that it would need to provide discovery "on a highly expedited basis" because of the Court's "showdown" procedure. This is wrong, as the '731 Patent is not part of the early "showdown." Next, Juniper's argument that it would be prejudiced by modifying the claim construction schedule is incorrect, as Finjan agreed to work with Juniper in providing reasonable adjustments to the schedule.[1] Juniper is also mistaken in its assertion that Finjan was dilatory in seeking to amend its complaint, attempting to make much of a chart that Finjan created as a starting point for licensing discussions, and that applies the '731 Patent to SRX Gateways. However, Finjan did not use this theory as it required all elements of the claims of the '731 Patent

---

[1] Juniper claims that it has been working in good faith to narrow the terms at issue before this Court, while at the same time flouting this Court's order requesting that the parties to claim construction to six terms. Dkt. No. 35, ¶20. Instead Juniper <u>has so far identified 14 terms for construction</u>, including seven terms in the Joint Claim Construction Statement (against Finjan's objections), three terms in its opening summary judgment motion on Claim 1 of the '780 Patent (Dkt. No. 96 at 4–10), and four terms in its opposition to Finjan's motion for summary judgment on Claim 10 of the '494 Patent (Dkt. No. 126 at 7–13). Finjan has identified an additional three claims for construction, consistent with the Court Order.

1

FINJAN'S REPLY IN SUPPORT OF MOTION  CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

being present on the SRX Gateways, and, according to Juniper's own engineers, the SRX Gateways ■■■■■■■■■■. As such, it was not until Finjan was provided confidential discovery into the inner workings of Sky ATP that Finjan was able to confirm that Sky ATP, which is used in conjunction with the SRX Gateways, included the necessary indexed file cache.

Therefore, given that all factors weigh in favor of granting leave for Finjan to amend, the Court should grant Finjan's Motion.

## II.  ARGUMENT

### A.  Finjan's Proposed Amendments Are Not Futile and are Not in Bad Faith.

Juniper does not dispute that Finjan's proposed amendments would not be futile or brought in bad faith. As such, these factors weigh in favor of granting Finjan leave to amend.

### B.  Finjan Did Not Unduly Delay and There Is No Dilatory Motive in Seeking to Amend.

Finjan was diligent in seeking to amend because it sought such leave (1) two weeks after taking the deposition of Ms. Tenorio, (2) after only two months of reviewing the millions of pages of Juniper's source code for Sky ATP and SRX Gateways, and (3) within two days of meeting and conferring with Juniper—and within the Court's deadline to file leave to amend.[2] Because Sky ATP is a cloud-based product, Finjan did not have access to certain aspects of the internal structures that are not ascertainable from public documents, including the presence and structure of a file cache. It was not until the deposition of Ms. Tenorio on May 9, 2018, that Finjan confirmed ■■■■■■■■■■■■■■■■■■■■ Dkt. No. 91-1, Declaration of Kristopher Kastens in Support of Finjan's Motion for Leave to File Second Amended Complaint ("Kastens Decl."), Ex. 2 (Tenorio Tr.) at 226:16–228:10. As Finjan stated in its Motion, the ■■■■■■■■ relates to the internal working of Sky ATP and is otherwise not publicly known. Motion at 5–6.

Juniper cannot credibly claim that such information was not publicly known, given that Juniper submitted a declaration supporting Finjan's motion to seal (Dkt. No. 93) information

---

[2] Finjan filed its Motion on the deadline because it attempted to meet and confer with Juniper prior to filing its Motion in order to avoid unnecessary briefing. However, when Finjan determined that the parties would not reach an agreement, Finjan brought its Motion on May 31, 2018.

related to the operation of Sky ATP, where Juniper stated that the figures showing the file cache in Sky ATP "have never been made public and contain information related to the technical underpinnings and development of Juniper's highly proprietary software—which includes much information that Juniper maintains as trade secrets. ***Juniper expends significant effort in maintaining the secrecy of its software architecture and development***, including, for example, implementing strict screening procedures for visitors to its engineering campus." Dkt. No. 93 at ¶5 (emphasis added).  Such admissions by Juniper highlight the fact that this information is not publicly disclosed, and Finjan could not have known this information prior to Juniper's disclosure of its confidential information during discovery in this case.

Juniper also argues that the Sky ATP Guide should have made Finjan aware of a file cache in Sky ATP.  Opp. at 2.  However, Juniper's own declaration supporting Finjan's motion to seal thoroughly refutes this allegation, showing that Juniper's file cache is not publicly known information.  Further, the material Juniper cites describes "stor[ing] in the cloud emails with attachments found to be malicious … The recipients are then provided a link to the Sky ATP quarantine portal where the email can be previewed." Opp. at 2.  But this does not demonstrate that the Sky ATP caches files or indexes the stored files, as the '731 Patent requires.  *Compare* Opp. at 2 *with* '731 Patent, Claim 1 at Col. 11, ll. 43-45 (requiring "a file cache for storing files that have been scanned by the scanner for future access, wherein each of the stored files is indexed by a file identifier"); *see also id.*, Claim 17 at Col. 13, ll. 34-36 ("file cache" and "indexing the retrieved file in the file cache with a file ID.").  Accordingly, contrary to Juniper's assertion, the internal structures of Sky ATP could not be determined from this information.

Contrary to Juniper's allegation, Finjan could not have known of the "file cache" immediately after Juniper made its source code available in mid-March.  Finjan was reviewing ***millions of pages of source code*** for the accused products, which was a time consuming process, particularly given the Court's showdown schedule.  Nonetheless, even if Finjan could have instantly known of every aspect of the source code the moment it was made available, Finjan still brought this Motion within approximately two months of starting its review, such that this factor

should weigh in favor of granting Finjan leave to amend. *See* Motion at 7 (citing *See Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-6441-JST, 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014) (granting motion to amend even though plaintiff waited approximately three months to seek the Court's permission to add new patents to the case); *see also Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2017 WL 3149297, at *3-4 (N.D. Cal. Jul. 25, 2017) (granting motion to amend despite a delay of over six months between learning of the basis for new pleadings and filing a motion to amend); *Finjan v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2014 WL 6626227, at *2 (N.D. Cal. Nov. 20, 2014) (stating that an almost two month period between receiving confidential information and filing a motion to amend pleadings based on that confidential disclosure demonstrates diligence, and does not demonstrate undue delay)).

Further, Finjan's creation of a chart for the '731 Patent in 2015 for the SRX Gateways alone (the "2015 SRX Gateways Chart") to start licensing discussions with Juniper is irrelevant, because it addresses different technology, and did not include components that are only present on Sky ATP, which is a necessary component in Finjan's infringement position for the '731 Patent.[3] Opp. at 2, 4–5; Dkt. No. 113-1, Declaration of Sharon Song in Support of Juniper's Opposition ("Song Decl."), Ex. C ('731 Patent Chart for SRX Gateways). As such, Juniper's claim that "the acts and the theory have been known" is wrong, as Finjan was not aware that Sky ATP included certain internal features that the SRX Gateways do not have—namely, ▬▬▬▬▬▬▬— information which Juniper holds as a closely guarded trade secret. Motion at 3, 5–6; Opp. at 4 (citing *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986); Opp. at 6 (citing *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017)). As Juniper is aware from the infringement contentions that Finjan served on June 8th,[4] Finjan alleges infringement requires Sky ATP. *Compare* Song Decl., Ex. C ('731 Patent Chart for SRX Gateways) *with* Declaration of

---

[3] Finjan did not provide Juniper with the '731 Patent Chart in 2015 because of Juniper's refusal to enter into a nondisclosure agreement with Finjan.
[4] Prior to the Court vacating its order granting Finjan leave to file a second amended complaint (Dkt. No. 107), Finjan served Juniper its infringement contentions for the '731 Patent within two days. Kastens Reply Decl., ¶6.

4

FINJAN'S REPLY IN SUPPORT OF MOTION　　　　　CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Kristopher Kastens in Support of Finjan's Reply ("Kastens Reply Decl.") filed herewith, Ex. 1 (SRX Gateway and Sky ATP), and Ex. 2 (Sky ATP).  In fact, Juniper's argument that Finjan should have asserted the '731 Patent from the outset of this case is belied by the fact that Juniper's witness, Mr. Raju Manthena, stated during his deposition that the SRX Gateways ████████ ██████, which the claims of the '731 Patent requires.  *See* Kastens Reply Decl., Ex. 3 (5/30/18 Deposition Transcript of Raju Manthena) at 51:2–9.  As such, Juniper takes the unreasonable position that Finjan should have asserted the '731 Patent against the SRX Gateways, when Juniper's own engineers stated the SRX Gateways were missing a claim element.

The cases that Juniper cites support Finjan's arguments or are inapposite to the facts of this case.  In *Eminence Capital*, the Ninth Circuit **reversed** the district court's denial of the plaintiff's motion to amend the complaint.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) ("district court did not appropriately exercise its discretion by denying plaintiffs leave to amend").  With regard to the next set of cases, the party seeking leave to amend waited years before moving to amend, compared to Finjan's two months of purported delay, at best.  *Boston Sci. Corp. v. Johnson & Johnson*, No. C 02-00790 SI, 2006 WL 3455009, at *5 (N.D. Cal. Nov. 29, 2006) (defendant waited almost four years since the deposition which provided the factual basis for the new defense before moving to amend); *Slot Speaker Techs.*, 2017 WL 4354999, at *2 (plaintiff had known about the facts and legal theories giving rise to its amendments for several years).  For the remainder of the cases, the parties filed leave to amend after the deadline set forth under the scheduling order.  *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010) (the party "already had been given leave to amend the complaint more than a year into the litigation and several months after passage of the scheduling order's deadline."); *Alibaba.com Hong Kong Ltd. v. P.S. Prods., Inc.*, No. C 10-04457 WHA, 2012 WL 13060303, at *2 (N.D. Cal. Mar. 19, 2012) (plaintiff waited eight months after the deadline to seek leave to amend to file its motion).

Thus, Finjan did not unduly delay and this factor weighs in favor of granting Finjan's request, and Finjan's Motion should be granted because courts routinely grant leave to amend and

"this policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citations omitted).

### C. Juniper Will Not Be Prejudiced by Finjan's Amendments.

Juniper cannot meet its burden of establishing that it will be prejudiced by the inclusion of the '731 Patent at this stage of the case because Finjan is not accusing any new products, nine months of discovery are left, trial is set a year away, Finjan has not submitted its opening claim construction brief, and Finjan has agreed to reasonable modifications to the claim construction schedule. *Sage*, 2014 WL 1379282, at *3 ("The party opposing amendment bears the burden of showing prejudice.") (*quoting DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)). The documents concerning Juniper's infringement of the '731 Patent are substantially similar to documents that pertain to infringement of the Original Asserted Patents because the same products are at issue. Motion at 7. Furthermore, Juniper has been in possession of Finjan's infringement theories for three weeks, as Finjan served Juniper with its infringement contentions for the '731 Patent within two days of the Court's original order (Dkt. No. 94) (which was subsequently withdrawn) granting Finjan leave to amend. Kastens Reply Decl., ¶6. As such, Juniper had nearly a week to review Finjan's infringement theories for two claims prior to the Court vacating its order on June 13, 2018.[5]

Despite Juniper's cries of prejudice based on its efforts to comply with the Court's showdown procedure (Opp. at 4–5), such discussion is a red herring in this case because the '731 Patent is not part of this proceeding, nor did Finjan request that Juniper provide discovery on an expedited basis. Should the Court grant Finjan's request to assert the '731 Patent, Juniper will have ample time to provide Finjan with any additional discovery that may be necessary because fact discovery does not close until March 29, 2018—which is nine months away. Dkt. No. 35. Similarly, Finjan does not seek to retake any depositions of Juniper's witnesses that have already occurred or additional depositions that exceed the number permitted by this Court. Therefore, Juniper cannot credibly claim that it would be prejudiced because it does not have sufficient time

---

[5] If the Court grants Finjan's Motion, Finjan will re-serve its infringement contentions within one business day, which will narrow its asserted claims to 16.

6

FINJAN'S REPLY IN SUPPORT OF MOTION   CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

to prepare discovery with respect to the infringement of the '731 Patent, or to prepare its defenses.

Juniper also cannot argue that it would be prejudiced by claim construction, as Finjan has not yet submitted its opening claim construction briefing, which is not due until August 6, 2018. In light of this deadline—which was over two months away when Finjan brought its Motion—Finjan proposed a possible schedule to Juniper, and also requested Juniper provide an alternate proposal to the extent Juniper did not agree with Finjan's proposal. Song Decl., Ex. D ("If Juniper has an alternative proposal, please provide it and Finjan will consider it."). Accordingly, although Juniper relies on the claim construction process as a means to establish prejudice, any such prejudice could be addressed by Juniper engaging with Finjan in good faith on a revised schedule. *Sage*, 2014 WL 1379282, at *3 (granting leave to amend in more egregious of circumstances, where "[plaintiff] sat silently through the claim construction process, during which the parties had to jointly identify which ten terms were most significant to the resolution of this case, without disclosing that it knew it would be introducing new patents to the overall mix of the case."). In fact, Juniper's new claim of prejudice based on modifying the claim construction schedule seem to be manufactured in order to prevent Finjan from asserting the '731 Patent against it, as Juniper has twice requested that this Court postpone claim construction. *See* Dkt. No. 52 (Juniper's Administrative Motion to Defer Patent Local Rule 4); Dkt. No. 31 (Joint Case Management Statement & [Proposed] Order) at 13, Appendix A at ii–iii.

Juniper's reliance on *Alzheimers* to establish prejudice based on claim construction is inapplicable because that case does not state that requiring additional claim construction is *per se* prejudicial. Rather, there were multiple defendants in that case and the Court recognized that it could be prejudicial when other defendants have already taken positions on the construction of claim terms contrary to the prejudiced party. *Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011) ("Jackson also persuasively argued that it will be prejudiced because it has not participated in the claim construction process regarding the '169 Patent to date, and the other defendants have taken positions contradictory to its tentative position regarding construction of a key, non-overlapping claim term."). That simply is not an issue here where

7

FINJAN'S REPLY IN SUPPORT OF MOTION   CASE NO.: 3:17-cv-05659-WHA
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Juniper is the only defendant in this case.

Finally, Juniper's argument that it is prejudiced because Finjan has already sought leave to amend once is irrelevant, as Finjan filed its first Motion to Amend the Complaint (Dkt. No. 67) on April 19, 2018, *prior to* the May 9th deposition of Juniper's witness, Ms. Yuly Tenorio. Motion at 3; Kastens Decl., Ex. 2 (5/9/18 Deposition Transcript of Yuly Tenorio).

As such, Finjan's amendments to the Complaint to assert the '731 Patent will not prejudice Juniper, and this factor weighs in favor of granting Finjan leave to amend.

### III. CONCLUSION

For the foregoing reasons, Finjan respectfully requests that the Court grant Finjan's Motion to Amend its Complaint.

Respectfully submitted,

Dated: June 29, 2018

By: */s/ Kristopher Kastens*
Paul J. Andre
Lisa Kobialka
James Hannah
Kristopher Kastens
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.