# IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7189

June 26, 2018

Hon. William Alsup
U.S. District Court, Northern District of California

    Re:    *Finjan, Inc. v. Juniper Networks, Inc.*, Case No. 3:17-cv-05659-WHA

Dear Judge Alsup:

    Defendant Juniper Networks, Inc. ("Juniper") respectfully moves the Court to issue an Order compelling Plaintiff Finjan, Inc. ("Finjan") to produce notes Finjan's Rule 30(b)(6) designee, Mr. John Garland, used to refresh his recollection before his deposition. The topic of this deposition is a crucial one in this case—notice. Finjan claims that it provided Juniper with specific notice about the patents-in-suit and the products—Sky ATP and the SRX—before it filed this lawsuit in a telephone call between Mr. Garland of Finjan and Scott Coonan of Juniper. Juniper, on the other hand, claims Finjan provided no such notice on this call; that it requested this information, but Finjan refused to provide it unless Juniper signed a confidentiality agreement (which it was unwilling to do). Juniper further contends that Finjan never even mentioned SkyATP on the call and made no specific accusations against the SRX, and that Finjan has not made any accusations in this case against the one product it mentioned, Juniper's Advanced Malware Module.

    To help flesh out the dispute between the parties, Juniper served a Rule 30(b)(6) notice on Finjan directed to "[a]ll facts and circumstances regarding any efforts taken to comply with the marking and notice provisions of 35 U.S.C. § 287 with respect to the Asserted Patents, including any efforts by Finjan to ensure compliance by its licensees with said marking provisions." Ex. A (Notice of Dep.) at 2:2-4. Finjan designated Mr. Garland as its representative for the deposition. As part of his preparation,



10538482

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS



Ex. B at 221:16-224:14.

   The next day, Juniper's Counsel again asked for these notes, or, if Finjan was attempting to claim some privilege, the basis for any such claim. Ex. C. Finjan's Counsel never responded, so Juniper's Counsel requested to meet and confer on the issue. Ex. D. The parties met and conferred on June 11, 2018 and were unable to reach an agreement. That day, Juniper's Counsel sent a follow-up email explaining (again) that (1) Finjan is required to produce Mr. Garland's notes pursuant to paragraph 29 of this Court's Supplemental Order; (2) Mr. Garland's notes are responsive to a number of Juniper's Requests for Production; (3) Mr. Garland's notes are responsive to two of Juniper's Interrogatories; and (4) no privilege could apply to these documents, as they are not identified on Finjan's privilege log. *See* Ex. D. In other words, the notes are responsive to discovery requests, not protected by any privilege, and are required to be produced pursuant to this Court's order regarding documents used to refresh recollection at depositions. Again, Finjan's counsel never responded. Therefore, on June 29, 2018 Juniper's Counsel informed Finjan that if it did not agree to produce the notes by July 2, 2018, Juniper would need to raise the issue with the Court. Ex. F. Again, Finjan failed to respond.

   It is settled law that documents used to prepare a Rule 30(b)(6) deponent are subject to disclosure. Under Rule 612 of the Federal Rules of Evidence, if a witness uses a writing to refresh his memory before testifying, the trial court is authorized to compel the production of that writing "if the court decides that justice requires the party to have those options." "Rule 612 applies to written materials reviewed prior to a deposition." *United States v. 22.80 Acres of Land*, 107 F.R.D. 20, 25 (N.D. Cal. 1985) (citing *In re Comair Air Disaster Litig.*, 100 F.R.D. 350, 353 (E.D. Ky. 1983)). "Rule 612(2) in particular has been interpreted to permit discovery of writings (or portions thereof) that a witness reviewed before a deposition for the purpose of refreshing his or her recollection; any privilege or work product protection against disclosure is deemed waived as to those portions so reviewed." *Id*[1]. Further, pursuant to this Court's Supplemental Order Finjan was required to "segregate and retain all materials used to refresh [Mr. Garland's] memories" and "provide them to [Juniper's] counsel at the outset of the deposition." *See* Supplemental Order To Order Setting Initial Case Management Conference In Civil Cases Before Judge William Alsup ¶ 29.

   Juniper therefore seeks an order compelling Finjan to produce the notes that Mr. Garland made about his call with Mr. Coonan.

---

[1] Mr. Garland's notes, which he described as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. B at 223:2-3), are not privileged and, even if they could somehow be considered privileged, Finjan has waived the privilege by failing to timely assert it.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

                                        Respectfully submitted,
                                        */s/ Jonathan S. Kagan*
                                        Jonathan S. Kagan
                                        IRELL & MANELLA LLP
                                        *Attorneys for Juniper Networks, Inc.*