PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., | Case No.: 3:17-cv-05659-WHA |
| Plaintiff, | **FINJAN, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT JUNIPER NETWORKS, INC.'S THIRD, FOURTH, FIFTH, AND SIXTH COUNTERCLAIMS AND TO STRIKE JUNIPER'S TENTH, ELEVENTH, TWELFTH, AND FOURTEENTH AFFIRMATIVE DEFENSES** |
| v. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | |
| | Date:       July 26, 2018 |
| | Time:       8:00 a.m. |
| | Courtroom:  Courtroom 12, 19th Floor |
| | Before:     Hon. William Alsup |

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................................1

ARGUMENT ......................................................................................................................2

I.   JUNIPER'S PROSECUTION LACHES ALLEGATIONS ARE CONCLUSORY
     AND FACIALLY IMPLAUSIBLE...............................................................................2

II.  JUNIPER'S INEQUITABLE CONDUCT ALLEGATIONS REGARDING THE
     '494 AND '154 PATENTS ARE FACIALLY IMPLAUSIBLE ....................................4

     A.   The '494 Patent .................................................................................................5

          1.   Juniper's Inequitable Conduct Counterclaim and Affirmative
               Defense Based on the File History and Prior Litigation Documents
               Are Not Facially Plausible. .......................................................................5

          2.   Juniper Does Not Allege Facts Supporting Materiality of Purported
               Misrepresentation ...................................................................................7

          3.   Juniper Alleges no Facts Supporting Finjan's Specific Intent to
               Deceive the Patent Office. .......................................................................8

     B.   The '154 Patent .................................................................................................9

          1.   Juniper Does Not Sufficiently Plead Misrepresentation, Material
               Misrepresentation....................................................................................9

          2.   Juniper's Inequitable Conduct Counterclaim Does Not Sufficiently
               Plead Intent ...........................................................................................10

III. JUNIPER'S UNCLEAN HANDS ALLEGATIONS ARE FACIALLY
     IMPLAUSIBLE ...........................................................................................................10

IV.  JUNIPER'S TWELFTH AFFIRMATIVE DEFENSE FOR ENSNAREMENT
     FAILS TO PROVIDE FAIR NOTICE .......................................................................12

V.   FINJAN'S MOTION TO DISMISS AND TO STRIKE IS TIMELY ..........................13

VI.  JUNIPER SHOULD NOT BE GRANTED LEAVE TO AMEND...............................15

CONCLUSION .......................................................................................................................15

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS     CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
   No. C-96-0942 DLJ, 1996 WL 467273 (N.D. Cal. July 24, 1996).....................13

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
   41 U.S.P.Q.2d 1770 (Fed. Cir. 1997)..........................................................8

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
   No. C 10-cv-05696 CRB, 2011 WL 2690437 (N.D. Cal. July 8, 2011)............14

*In re Apple iPhone Antitrust Litig.*,
   846 F.3d 313 (9th Cir. 2017) ....................................................................13

*ASUSTeK Computer Inc. v. AFTG-TG LLC*,
   No. 5:CV 11-00192-EJD, 2011 WL 6845791 (N.D. Cal. Dec. 29, 2011).........12

*Cancer Research Tech. Ltd. v. Barr Labs., Inc.*,
   625 F.3d 724 (Fed. Cir. 2010)....................................................................2

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
   77 F. Supp. 3d 850 (N.D. Cal. 2014) ..........................................................8

*Chiron Corp. v. Genentech, Inc.*,
   268 F. Supp. 2d 1139 (E.D. Cal. 2002)........................................................4

*Collaboration Properties, Inc. v. Tandberg ASA*,
   No. C 05-01940 MHP, 2007 WL 205065 (N.D. Cal. Jan. 25, 2007) ...............12

*Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*,
   No. SACV 16-00437-AG-JPRX, 2016 WL 7496742 (C.D. Cal. July 8, 2016) .....12

*Cover v. Windsor Surry Co.*,
   No. 14-cv-05262-WHO, 2016 WL 520991 (N.D. Cal. Feb. 10, 2016) .............14

*Dunn v. Castro*,
   621 F.3d 1196 (9th Cir. 2010) ..................................................................11

*Elvig v. Calvin Presbyterian Church*,
   375 F.3d 951 (9th Cir. 2004) ....................................................................15

*Evans v. Arizona Cardinals Football Club, LLC*,
   231 F. Supp. 3d 342 (N.D. Cal. 2017)........................................................14

i

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009)..................................................................................4, 5

*Fed. Agr. Mortg. Corp. v. It's a Jungle Out There, Inc.*,
  No. C 03-3721 VRW, 2005 WL 3325051 (N.D. Cal. Dec. 7, 2005)...............................14

*Feit Elec. Co. v. Beacon Point Capital, LLC*,
  No. 13-cv-09339, 2015 WL 557262 (N.D. Ill. Feb. 9, 2015) .........................................3

*Fiskars, Inc. v. Hunt Mfg. Co.*,
  221 F.3d 1318 (Fed. Cir. 2000)....................................................................................12

*Galindo v. Ocwen Loan Servicing, LLC*,
  282 F. Supp. 3d 1193 (N.D. Cal. 2017) .......................................................................13

*Gilead Sciences, Inc. v. Merck & Co.*,
  88 F.3d 1231 (Fed. Cir. 2018)......................................................................................10

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ..................................................................................6, 11

*Grid Sys. Corp. v. Texas Instruments Inc.*,
  771 F. Supp. 1033 (N.D. Cal. 1991) ............................................................................12

*Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*,
  488 F.3d 982 (Fed. Cir. 2007)........................................................................................8

*Hynix Semiconductor Inc. v. Rambus Inc.*,
  No. CV-00-20905-RMW, 2007 WL 4209386 (N.D. Cal. Nov. 26, 2007) .......................4

*Int'l Test Sols., Inc. v. Mipox Int'l Corp.*,
  No. 16-cv-00791-RS, 2017 WL 2118314 (N.D. Cal. May 16, 2017) ...........................7, 8

*Inter-Tel, Inc. v. W. Coast Aircraft Eng'g, Inc.*,
  No. 804CIV2224T17MSS, 2006 WL 890010 (M.D. Fla. Mar. 31, 2006) .......................14

*Kaar v. Wells Fargo Bank, N.A.*,
  No. C 16-01290 WHA, 2016 WL 3068396 (N.D. Cal. June 1, 2016)...............................2

*Keystone Driller Co. v. Gen. Excavator Co.*,
  290 U.S. 240 (1933)......................................................................................................10

*Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prod., LLC*,
  No. 09-C-0916, 2010 WL 3386599 (E.D. Wis. Aug. 25, 2010)......................................11

*Network Caching Tech., LLC v. Novell, Inc.*,
  No. C-01-2079-VRW, 2001 WL 36043487 (N.D. Cal. Dec. 31, 2001) ...........................13

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS      CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

*Nomadix, Inc. v. Hosp. Core Servs. LLC,*
   No. CV 14-08256 DDP (VBKx), 2015 WL 3948804 (C.D. Cal. June 29, 2015) .............................. 3

*Oracle Corp. v. ORG Structure Innovations LLC,*
   No. C 11-3549 SBA, 2012 WL 12951187 (N.D. Cal. Mar. 30, 2012) .......................................... 2, 12

*PB Farradyne, Inc. v. Peterson,*
   No. C 05-03447 SI, 2006 WL 132182 (N.D. Cal. Jan. 17, 2006)..................................................... 13

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.,*
   No. 14-cv-2061-H (BGS), 2016 WL 7319533 (S.D. Cal. Feb. 10, 2016) ...................................... 15

*Qarbon.com Inc. v. eHelp Corp.,*
   315 F. Supp. 2d 1046 (N.D. Cal. 2004) ......................................................................................... 13

*Quad Envtl. Techs. Corp. v. Union Sanitary Dist.,*
   946 F.2d 870 (Fed. Cir. 1991) .......................................................................................................... 9

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.,*
   442 F.3d 741 (9th Cir. 2006) ........................................................................................................... 2

*Rowley v. McMillan,*
   502 F.2d 1326 (4th Cir. 1974) ....................................................................................................... 15

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
   806 F.2d 1393 (9th Cir. 1986) .......................................................................................................... 8

*SCVNGR, Inc. v. eCharge Licensing, LLC,*
   No. 13-12418-DJC, 2014 WL 4804738 (D. Mass. Sept. 25, 2014)................................................. 4

*SecurityProfiling, LLC v. Trend Micro Am., Inc.,*
   No. 6:16-cv-01165-RWS-JDL, 2017 WL 5150682 (E.D. Tex. Mar. 21, 2017)............................... 9

*Shwarz v. United States,*
   234 F.3d 428 (9th Cir. 2000) ........................................................................................................... 5

*Sonos, Inc. v. D&M Holdings Inc.,*
   No. 14-1330-RGA-MPT, 2016 WL 4249493 (D. Del. Aug. 10, 2016)............................................ 3

*Sun Microsystems, Inc. v. Dataram Corp.,*
   No. CIV. 96-20708 SW, 1997 WL 50272 (N.D. Cal. Feb. 4, 1997))............................................... 8

*Symantec Corp. v. Zscaler, Inc.,*
   No. 17-cv-04426-JST, 2018 WL 1456678 (N.D. Cal. Mar. 23, 2018)........................................... 13

*Symbol Techs, Inc. v. Lemelson Med., Educ. & Research Found., LP,*
   422 F.3d 1378 (Fed. Cir. 2005)........................................................................................................ 2

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS      CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)................................................................................................ 11

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011)........................................................................... 5

*Townsend Farms v. Goknur Gida Madderleri Enerji*
   *Imalat Ithalat Ihracat Ticaret Ve Sanayi A.S.*,
   No. SACV150837DOCJCGX, 2016 WL 10570248 (C.D. Cal. Aug. 17, 2016)............................. 14

*United States v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) ............................................................................. 2

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ............................................................................. 12

*Worldwide Home Prods., Inc. v. Bed Bath & Beyond, Inc.*,
   No. 11 CIV. 03633 LTS, 2013 WL 247839 (S.D.N.Y. Jan. 22, 2013)........................... 11

**Other Authorities**

37 C.F.R. § 1.78(a)(3) .......................................................................................... 5

Federal Rule of Civil Procedure 9(b)................................................................. 5, 8

Federal Rule of Civil Procedure 12(b)(6) ........................................................ *passim*

Federal Rule of Civil Procedure 12(c) .............................................................. 15

Federal Rule of Civil Procedure 12(f) ............................................................... 15

Federal Rule of Civil Procedure 12(g) .............................................................. 14

Federal Rule of Civil Procedure 12(h)(2) ........................................................ 15

Federal Rule of Evidence 201(b) ....................................................................... 2

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS     CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

**INTRODUCTION**

The Court should dismiss Juniper Networks, Inc.'s ("Juniper") Third, Fourth, Fifth, and Sixth Counterclaims and strike Juniper's Tenth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses, because Juniper either fails to allege sufficient facts or state a plausible defense as required by law.

First, with respect to Juniper's prosecution laches Third Counterclaim and Eleventh Affirmative Defense, Juniper fails to allege facts from which an unreasonable and unexplained delay, or prejudice based on the purported delay, can be inferred. Indeed, the patents themselves, which are subject to judicial notice, show that any inference of delay is unwarranted because Finjan diligently prosecuted its various patent applications. As such, this defense—which is seldom applied in patent cases—is not facially plausible and fails as a matter of law.

Second, with regard to Juniper's affirmative defense of inequitable conduct based on the '494 and '154 Patents, Juniper does not meet the Federal Circuit's heightened pleading standard of showing either a "material misrepresentation" with an "intent to deceive." Finjan's counsel filing petitions to correct priority chain issues, which is allowed under the rules of the USPTO, cannot alone lend the conclusion that there was a "material misrepresentation" to the Patent Office. Further, for the '494 Patent, Juniper has not plead facts of any misrepresentation, as Mr. Touboul did not state he was the sole inventor of all claims of the '494 Patent, perfectly consistent with Finjan's discovery responses in another litigation. Juniper did not plead facts to establish an "intent to deceive" because Juniper has no evidence that Finjan intentionally waited to file petitions or that Mr. Touboul's declaration—which was accurate—was submitted with the intent to deceive the Patent Office. Juniper's allegations of intent, all based solely on information and belief, cannot lead to the single most reasonable inference (as the Federal Circuit requires) that Finjan intended to deceive the Patent Office.

Third, Juniper's unclean hands affirmative defense is based on its inequitable conduct allegations, and fails for the same reasons its inequitable conduct claims are deficient, because Juniper's allegations do not amount to bad faith or egregious conduct.

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS        CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

Fourth, Juniper's ensnarement doctrine affirmative defense is comprised purely of the elements of the cause of action without ***any*** factual support.  Juniper does not dispute that it is devoid of factual allegations, and thus this defense fails to provide fair notice.

Finally, Finjan's motion is timely under the Ninth Circuit's flexible approach to considering 12(b)(6) Motions.

Therefore, the Court should dismiss Juniper's Third, Fourth, Fifth, and Sixth Counterclaims for failure to state a claim for relief, and strike Juniper's Tenth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses, which incorporate the allegations in Juniper's counterclaims.

## ARGUMENT

### I.  JUNIPER'S PROSECUTION LACHES ALLEGATIONS ARE CONCLUSORY AND FACIALLY IMPLAUSIBLE

Juniper's allegations of prosecution laches do not assert a delay sufficient to form the basis for this defense, and certainly not a delay that is "unreasonable and unexplained" or an "egregious misuse of the statutory patent system" as required under the law, despite the Federal Circuit's warning that prosecution laches should be used sparingly.  *See* Dkt. No. 92, ¶¶135, 168-178; *see also Symbol Techs, Inc. v. Lemelson Med., Educ. & Research Found., LP*, 422 F.3d 1378, 1384-85 (Fed. Cir. 2005); *Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 728-29 (Fed. Cir. 2010) (citation omitted).  Juniper does not dispute the facts or explanation set forth in Finjan's Motion (based on the patents, which are subject to judicial notice)[1] that Finjan continuously and diligently filed various patents following the timely filing and issuance of its patents.  Motion at 7–10.  Juniper also does not

---

[1] The patents, file histories, court filings, and other documents which Finjan has introduced to demonstrate the facial implausibility of Juniper's allegations do not contain material that is subject to reasonable dispute, because their contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *Oracle Corp. v. ORG Structure Innovations LLC*, No. C 11-3549 SBA, 2012 WL 12951187, at *4 (N.D. Cal. Mar. 30, 2012) (granting judicial notice on a Rule 12(b)(6) motion because such notice is proper where the request pertains to court filings and other matters of public record) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)).  Contrary to Juniper's assertion, Finjan is not asking the Court to take judicial notice of disputed facts.  Opp. at 5 (citing *Kaar v. Wells Fargo Bank, N.A.*, No. C 16-01290 WHA, 2016 WL 3068396, at *5 (N.D. Cal. June 1, 2016)); *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011).  Nor does Juniper identify any disputed facts within its Opposition.

2

dispute that Finjan **_is legally unable to_** monopolize its patents past the 20-year mark by filing

continuations, which removes the incentive to unreasonably delay to prolong prosecution. _Id._ at 8 n.5,

9 (citing _Nomadix, Inc. v. Hosp. Core Servs. LLC_, No. CV 14-08256 DDP (VBKx), 2015 WL

3948804, at *10-11 (C.D. Cal. June 29, 2015)) (inventor sat on his rights and sequentially filed one

application at a time to improperly extend patent monopoly).  As such, any purported delay, without

more, cannot be the basis to establish unreasonable or unexplained delay and thus Juniper's Third

Counterclaim and Eleventh Affirmative Defense for prosecution laches fail as a matter of law.

      Juniper's claims of prosecution laches are also insufficiently pled because pleading the dates of

filing of patents—as Juniper does here—is insufficient to establish delay for prosecution laches.

Motion at 8–9 (citing _Nomadix_, 2015 WL 3948804, at *11); _see also id._ at 10 (citing _Feit Elec. Co. v._

_Beacon Point Capital, LLC_, No. 13-cv-09339, 2015 WL 557262, at *3 (N.D. Ill. Feb. 9, 2015) (noting

that even a twenty year period of patent prosecution is "undoubtedly a long period of time, but without

more … [defendant] has failed to adequately allege unreasonableness of the delay.")); _Sonos, Inc. v._

_D&M Holdings Inc._, No. 14-1330-RGA-MPT, 2016 WL 4249493, at *7 (D. Del. Aug. 10, 2016).

      Further, Juniper does not dispute that Finjan prosecuted its patents within the procedures

permitted by the MPEP, which on its own is not a showing of bad faith.  Opp. at 6.  As the Federal

Circuit has explained, Finjan's "legitimate grounds for refiling a patent application [] should not

normally be grounds for a holding of laches."  Motion at 8 (citing _Symbol Techs_, 422 F.3d at 1385).

      Nor does Juniper dispute that the parent patent permits the presumption that the industry was

aware of the outline of subsequent patent claims. _Id._ at 9.  While Juniper relies on _Seaboard_ to

establish purported prejudice, the defendant in that case pled substantially more than Juniper's single

sentence of purported prejudice, which does not provide any specific facts about how Juniper was

prejudiced, which is completely in Juniper's possession.  _Compare_ Declaration of Kristopher Kastens

in Support of Finjan's Reply ("Kastens Reply Decl."), Ex. 1 (_Seaboard_ defendant's Amended Answer

at ¶24) _with_ Dkt. No. 92 (Juniper's Answer) at ¶176 ("During the delay, Juniper was prejudiced

because it spent considerable resources marketing, selling, and importing updated versions of the

accused products.").  Accordingly, Juniper's claim that it has been prejudiced is not sufficiently pled.

3

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS       CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

Juniper does not distinguish the cases Finjan cites in its Motion, and the cases Juniper relies on are inapplicable, confirming that there is no legal basis for Juniper's assertion of prosecution laches. Juniper's cases involve unexplained delays where the moving party was unable to provide any explanation for the delay.  Opp. at 10-11 (citing *Chiron Corp. v. Genentech, Inc.*, 268 F. Supp. 2d 1139, 1143-45 (E.D. Cal. 2002)) (evaluating prosecution laches at the summary judgment stage and holding that there were genuine issues of material fact as to prejudice and the reasonableness of the delay in prosecution); *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. 13-12418-DJC, 2014 WL 4804738, at *5 (D. Mass. Sept. 25, 2014) (noting an eighteen-year-delay and that denying dismissal would be consistent with the findings of an Illinois court in a parallel litigation also involving eCharge); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905-RMW, 2007 WL 4209386, at *4-5 (N.D. Cal. Nov. 26, 2007) (denying summary judgment as evidence was presented that the patents took longer to issue than 99.9% of similar patents and internal documents stated that continuations should be filed so that claims would encompass upcoming products).  Here, Juniper does not dispute that Finjan diligently prosecuted various patent applications during the relevant time period or that the act of filing continuation and continuation-in-part applications in the manner Finjan has is standard practice in patent prosecution.  Nor does Juniper attempt to distinguish from any of the cases identified by Finjan, including *Feit*, in which the court dismissed a prosecution laches claim with allegations of over 20 years of prosecution history.  Motion at 8–10.

Therefore, the Court should dismiss and strike Juniper's prosecution laches affirmative defense.

## II.   JUNIPER'S INEQUITABLE CONDUCT ALLEGATIONS REGARDING THE '494 AND '154 PATENTS ARE FACIALLY IMPLAUSIBLE

Juniper's inequitable conduct allegations are not facially plausible under the Federal Circuit's stringent standard because Juniper does not plead facts sufficient to establish a misrepresentation by Finjan, that such misrepresentation was material, or that Finjan intended to deceive the Patent Office. Dkt. No. 92, ¶¶138, 179-213; *see also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009).  To properly plead inequitable conduct, Juniper must allege: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS        CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the Patent Office." *Exergen*, 575 F.3d at 1327 n.3 (citations omitted).  Therefore, Juniper must plead inequitable conduct with particularized factual allegations under Rule 9(b), sufficient to establish a reasonable inference that there was intent to deceive the Patent Office by a material misrepresentation.  *See id.* at 1326-27.  In fact, Juniper must allege particular facts that demonstrate that specific intent to deceive is the ***most reasonable inference***, which Juniper cannot credibly contend.  *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011).  Instead, Juniper's defense is built on ***public*** information (subject to judicial notice), which actually disprove Juniper's argument of an intent to deceive because Finjan's actions during prosecution are permitted by the Patent Office.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) ("The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court.").  Juniper simply ignores or selects facts and adds an overarching accusation of suspicious activity, hoping that this suspicion alone changes the character of documents that are otherwise undisputed in meaning.

### A. The '494 Patent

#### 1. Juniper's Inequitable Conduct Counterclaim and Affirmative Defense Based on the File History and Prior Litigation Documents Are Not Facially Plausible.

Juniper does not dispute that there was no material misrepresentation when Ms. Bey filed a "Petition To Accept Unintentionally Delayed Claim of Priority Under 35 U.S.C. § 119(e) and § 120 For The Benefit Of A Prior-filed Application Filed Under 37 C.F.R. § 1.78(a)(3)" in accordance with the established rules of the USPTO.  Dkt. No. 92, ¶186; *see also* Dkt. No. 110-6, Declaration of Kristopher Kastens in Support of Finjan's Motion to Dismiss ("Kastens Decl."), Ex. 5 at FINJAN-JN 004959-60; Motion at 11–12.  Properly filing papers according to USPTO procedure is legally insufficient to establish a material misrepresentation with intent to deceive.

Rather, Juniper's Opposition rehashes the allegations in its counterclaim and affirmative defense, despite the fact that the Touboul Declaration contained no false statements or misrepresentation "that he was the sole inventor of the claims of the '494 Patent" as Juniper alleges.

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS   CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

Dkt. No. 92, ¶194.  Juniper cannot allege this conclusion without support and force the Court to accept it, because it cannot be reasonably inferred based on the content of documents subject to judicial notice.  Indeed, the Court should not accept allegations that are "unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  Here, Juniper cannot dispute that Mr. Touboul only stated that he is the sole inventor of ***some*** of the claims of the '494 Patent and that "[t]he remaining pending dependent claims were co-invented by or with one or more of the listed inventors":

> The declaration made herein is to establish that I had the ideas described in the patent application, and first developed a working system that is described in the patent application and in claims 1, 3, 4-6, 9, 10, 12-15, and 18 pending as of the signing of this declaration (hereinafter sole invention) prior to September 10, 1997, which is the filing date of U.S. Patent No. 5,983,348 to Ji ("the '348 patent").  I hereby declare that my sole invention was in my mind and developed by at least November 18, 1996.  ***The remaining pending dependent claims were co-invented by or with one or more of the listed inventors.***

Dkt. No. 110-6, Kastens Decl., Ex. 5 (Touboul Decl.) at FINJAN-JN 004421-22 (emphasis added). This statement is consistent with statements Finjan made in a prior litigation that others were involved in conception of some claims of the '494 Patent.  Motion at 9–12.  Thus, based on the lack of conflict between Mr. Touboul's statement and statements made by Finjan during litigation, it would not reasonable to infer any misrepresentation.

Rather than addressing this defect, Juniper claims that Finjan "quibbles over the weight of Juniper's allegations concerning Finjan's representations in the Symantec litigation."  Opp. at 8 However, Juniper's allegations rely on Finjan's interrogatory responses from the Symantec litigation to claim that there was a misrepresentation by named inventor Mr. Touboul ***years earlier*** during the prosecution of the '494 Patent ***to the Patent Office***.  As Finjan explained in its Motion, the discovery responses in the *Symantec* case do not contradict Mr. Touboul's statement that he was sole inventor of certain claims of the '494 Patent.  *See* Motion at 12–13.  Indeed, in an effort to avoid any doubt in the *Symantec* case, Finjan supplemented its interrogatory response to state that "[t]he date of conception for claims of U.S. Patent No. 8,677,494 ("the '494 Patent") began October 31, 1996 and continued through May 2000," and clarified that the "currently asserted claims" have a conception date of

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS        CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

October 31, 1996. *Id.* at 13-14 (citing Kastens Decl., Ex. 8 at 15). Thus, Finjan's statements in the *Symantec* litigation do not provide any basis for claiming that Mr. Touboul made a misrepresentation in his declaration.

Because there is no conflict between Mr. Touboul's statements and Finjan's statements in prior litigation, which are subject to judicial notice, there can be no misrepresentation. Thus, Juniper's inequitable conduct counterclaim and affirmative defense fail for these reasons.

### 2.   Juniper Does Not Allege Facts Supporting Materiality of Purported Misrepresentation.

Juniper's allegations of inequitable conduct are also not facially plausible because there was no *material* misrepresentation to the Patent Office. Dkt. No. 92, ¶¶193-194. The Patent Office expressly relied on the SurfinGate press release in allowing the rejected claims of the '494 Patent, stating:

> The Declaration filed on May 7, 2013 under 37 CFR 1.131(a) is sufficient to overcome the Ji, U.S. Patent 5,983,348 reference *wherein the submitted Exhibit A Surfingate$^{TM}$ product press release titled "Gateway Level Corporate Security for the New World of Java™ and Downloadables" shows a publication date of October 31, 1996 which is prior to September 10, 1997.* The rejection is hereby withdrawn and the claims are in conditions for allowance.

Dkt. No. 110-6, Kastens Decl., Ex. 5 at FINJAN-JN 004355 (emphasis added).

As shown above, the Examiner relied on the press release to establish the priority date, and Juniper includes no allegations that the date of this press release is inaccurate, so that the Examiner's reliance was unfounded. Instead, Juniper contends that the Court should accept its unreasonable inference of materiality as to Touboul's inventorship statements, even when the Examiner expressly stated that he relied on the attached document, not Mr. Touboul's statements. As such, but for materiality cannot be inferred because the examiner withdrew the rejection based on the press release, not based on any statements by Mr. Touboul. *Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, No. 16-cv-00791-RS, 2017 WL 2118314, at *3 (N.D. Cal. May 16, 2017) (striking inequitable conduct defense for failure to facially establish but-for materiality). Thus, contrary to Juniper's assertions, there is no factual dispute because the PTO withdrew its rejection based on the Surfingate press release, and it does not show that any other aspect of the Touboul declaration was relied on. Opp. at 8. Here, "the behavior alleged [the Touboul Declaration] simply cannot constitute inequitable conduct. The [patent

7

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS       CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

office] was not deceived by the Applicants' allegedly deceptive statement" because it did not rely on them at all. *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 859-60 (N.D. Cal. 2014) (striking as legally insufficient certain portions of an affirmative defense of inequitable conduct).

Juniper's cases do not help its position, and, in fact, demonstrate the inadequacies of its inequitable conduct allegations, because in those cases, the Federal Circuit and this Court held that the defendant failed to allege the circumstances that would give raise to a plausible claim for relief, as detailed above. Opp. at 7 (citing *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 41 U.S.P.Q.2d 1770, 1775 (Fed. Cir. 1997) (holding that, among other deficiencies, the defendant failed to allege the circumstances indicating intent to mislead, as the defendant merely pled that, on information and belief, there was intent to mislead); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (granting a motion to dismiss for failure to allege fraud with sufficient particularity under Rule 9(b)); *Sun Microsystems, Inc. v. Dataram Corp.*, No. CIV. 96-20708 SW, 1997 WL 50272, at *4 (N.D. Cal. Feb. 4, 1997) (holding that inequitable conduct allegations were insufficient); *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 999-1000 (Fed. Cir. 2007) (holding no inequitable conduct on summary judgment because there was no evidence of materiality or intent to deceive)).

Thus, not only was there no misrepresentation, it was also not material to the issuance of the '494 Patent.

### 3.   Juniper Alleges no Facts Supporting Finjan's Specific Intent to Deceive the Patent Office.

Even if Juniper was found to plead sufficient facts about the intent to deceive (which it has not), Juniper still relies on impermissibly statements "upon information and relief" and draws the conclusion that there was an intent to deceive without further support. Dkt. No. 92, ¶191. Juniper has not sufficiently alleged a basis for any allegation of intent where Mr. Touboul indicated that he is the sole inventor of certain claims of the '494 Patent. Indeed, intent to deceive cannot be inferred if it is "solely based upon failure to disclose known information, even if it is highly material." *Int'l Test Sols.*, 2017 WL 2118314, at *7 (striking inequitable conduct defense for failure to plausibly allege

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS       CASE NO.: 3:17-cv-05659-WHA
JUNIPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

specific intent to deceive) (citations omitted).  Based on Juniper's pleaded facts, that Mr. Touboul submitted a declaration indicating he is the inventor of certain claims of the '494 Patent does not lead to the single most reasonable inference that he had an intent to deceive the PTO because what he stated is true and Juniper provided no facts establishing otherwise.

Further, *SecurityProfiling* is inapposite, because there, the court denied dismissal of an inequitable conduct claim because the moving party raised legal arguments as to whether a prior art reference was anticipating.  Opp. at 10 (citing *SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-cv-01165-RWS-JDL, 2017 WL 5150682, at *3-4 (E.D. Tex. Mar. 21, 2017)).  In contrast, here, Juniper cannot muster plausible allegations of inequitable conduct because it fails to allege facts that would demonstrate a material misrepresentation to the PTO, as detailed above based on judicially noticeable documents.

Accordingly, Juniper's counterclaim and affirmative defense of inequitable conduct based on the Touboul Declaration should be dismissed and stricken.

### B.    The '154 Patent

#### 1.    Juniper Does Not Sufficiently Plead Misrepresentation, Material Misrepresentation.

For the '154 Patent, Juniper does not sufficiently plead that Ms. Bey made a material misrepresentation because she took the appropriate steps to claim the benefit of an earlier filing date based on the MPEP.  Motion at 16–17; *see* Dkt. No. 92, ¶¶197-213.  Juniper does not dispute that Finjan took the appropriate measures provided for during patent prosecution.  Rather, Juniper rehashes the same statements in its Fifth Counterclaim and Fourteenth Affirmative Defense, which do not give rise to the suggestion of misrepresentation.  Opp. at 9–10; Motion at 16–18; Dkt. No. 92, ¶¶138, 197-213.

Further, Juniper's arguments with regard to the materiality of the purported misrepresentation are nonsensical.  Contrary to Juniper's suggestion, Finjan did not state that the PTO is the "final arbiter of patent invalidity."  *See* Opp. at 10 (citing *Quad Envtl. Techs. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 876 (Fed. Cir. 1991) (concerning summary judgment of patent invalidity, not sufficiency of

9

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS          CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

inequitable conduct allegations).  That the PTAB still considered the Ross reference during the IPR, without relying on it for its decision, demonstrates that no but-for materiality exists.

Next, Juniper's discussion of its invalidity contentions is a red herring.  *Id*.  Specifically, Juniper asserts that the Ross reference renders the claims of the '154 Patent unpatentable in its invalidity contentions.  *Id*.  Because the Court will consider the viability of Juniper's invalidity contentions regarding the '154 Patent, there is no but-for materiality based on any purported misrepresentation during the prosecution of the '154 Patent.  Motion at 17.  As such, Juniper cannot credibly claim that there was a misrepresentation that had but-for materiality.  Accordingly, Juniper's counterclaim and affirmative defense of inequitable conduct are facially implausible.

### 2.   Juniper's Inequitable Conduct Counterclaim Does Not Sufficiently Plead Intent.

Similar to Juniper's claim of inequitable conduct of the '494 Patent, the Court need not consider the intent to deceive.  Nonetheless, as Finjan explained in its Motion, Juniper's allegations concerning Finjan's litigations, pre-licensing negotiations, and another IPR proceeding—based solely on information and belief—do not lead to the single most reasonable inference that Finjan intended to deceive the PTO.  Motion at 18; Dkt. No. 92, ¶206.

Therefore, Juniper's counterclaim and affirmative defense of inequitable conduct based on the Touboul Declaration should be dismissed and stricken.

## III.   JUNIPER'S UNCLEAN HANDS ALLEGATIONS ARE FACIALLY IMPLAUSIBLE

The Court should dismiss Juniper's Sixth Counterclaim and strike its Tenth Affirmative Defense for unclean hands, as Juniper fails to allege facts sufficient to demonstrate an egregious act of misconduct or act made in bad faith.  Motion at 18–20; Dkt. No. 92, ¶¶134, 214-242; *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244-45 (1933) (holding that the unclean hands doctrine is applicable where affirmative acts of egregious misconduct has occurred); *Gilead Sciences, Inc. v. Merck & Co.*, 88 F.3d 1231, 1239 (Fed. Cir. 2018) (holding that "unclean hands" included violations of conscience, inequity, or bad faith having an immediate and necessary relation to the matters brought before the court).  Significantly, Juniper does not dispute that Finjan's actions during the prosecution

of its patents were permitted by PTO procedures or that they are commonly employed (Motion at 19–20), but asserts that the Court should accept as true its allegations and that these amount to unclean hands.  Opp. at 6.  Juniper sidesteps the fact that the documentary evidence subject to judicial notice demonstrates that Juniper is asking the Court to draw an unreasonable inference of egregious misconduct from ***normal prosecution activity***, simply because it alleges, on information and belief, that these actions, without supporting facts to back them up, were "strategies of delay and misrepresentation with the USPTO to impermissibly extend the length of its patents." *Id*.  However, the Court need not accept as true such unwarranted deductions.  *See In re Gilead*, 536 F.3d at 1055 (stating that the Court need not accept as true any conclusory allegations, unwarranted deductions, or unreasonable inferences on a motion to dismiss); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in considering a Rule 12(b)(6) motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation omitted); *Dunn v. Castro*, 621 F.3d 1196, 1204 n.6 (9th Cir. 2010) (same).  Juniper does not deny that Ms. Bey's prosecution actions were permitted.  These truths alone make any inference of misconduct or bad faith unreasonable—let alone any inference of ***egregious*** misconduct as required to sufficiently plead unclean hands.

The cases that Juniper cites are irrelevant to this case, because the plaintiffs did not move to strike insufficient allegations under Rule 12(f).  Opp. at 6 (citing *Worldwide Home Prods., Inc. v. Bed Bath & Beyond, Inc.*, No. 11 CIV. 03633 LTS, 2013 WL 247839, at *2 (S.D.N.Y. Jan. 22, 2013) (denying a motion to strike where plaintiff moved based on an unmeritorious argument that an unclean hands defense can only be brought against "equitable claims" which was not properly based on Rule 12(f)); *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prod., LLC*, No. 09-C-0916, 2010 WL 3386599, at *1 (E.D. Wis. Aug. 25, 2010) (denying a motion to strike where plaintiff moved based on the argument that allegations constituted "surplus material" that was unrelated and irrelevant to the pleading)).

Further, because Juniper's unclean hands defense and counterclaim rest on its inequitable conduct allegations, its unclean hands allegations fail for the same reasons. Juniper's own case law corroborates this point. Opp. at 6 (citing *Collaboration Properties, Inc. v. Tandberg ASA*, No. C 05-01940 MHP, 2007 WL 205065, at *7 (N.D. Cal. Jan. 25, 2007) (denying in part a motion to amend, and noting that an "unclean hands defense will stand or fall with the inequitable conduct claim")).

## IV.   JUNIPER'S TWELFTH AFFIRMATIVE DEFENSE FOR ENSNAREMENT FAILS TO PROVIDE FAIR NOTICE

Juniper's ensnarement doctrine affirmative defense is a mere recitation of the legal requirement for establishing the defense, devoid of any factual support. Dkt. No. 92, ¶136. Juniper does not dispute that it fails to provide factual allegations for ensnarement. Rather, in two sentences, Juniper claims that its invalidity contentions—which are not even incorporated by reference into its Amended Answer—somehow excuse Juniper from complying with the fair notice requirement for ***pleadings***. In order to be properly considered, material outside the pleadings must be within or attached to the pleading, judicially noticeable, or incorporated by reference into the pleading. *Oracle Corp. v. ORG Structure Innovations LLC*, No. C 11-3549 SBA, 2012 WL 12951187, at *4 (N.D. Cal. Mar. 30, 2012) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (courts may consider, on a motion to dismiss, "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.")).

Neither of Juniper's cases discuss the ensnarement doctrine or demonstrate that Juniper has properly pled ensnarement here. Opp. at 11 (citing *ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at *13 (N.D. Cal. Dec. 29, 2011) (discussing the sufficiency of an invalidity defense); *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, No. SACV 16-00437-AG-JPRX, 2016 WL 7496742, at *2 (C.D. Cal. July 8, 2016) (same)). It is well-established that such conclusory allegations are insufficient, both before and after the *Twombly* and *Iqbal* standard. *See, e.g.*, *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1323 (Fed. Cir. 2000) (disallowing ensnarement defense because defendant was required to "allege that its device is in the prior art, or that a hypothetical claim covering its device would be unpatentable.") (citation omitted); *see also Grid Sys.*

*Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1041-42 (N.D. Cal. 1991) (holding that merely stating that patents are invalid based on one or more enumerated statutory provision is insufficient to give fair notice of the claim); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-96-0942 DLJ, 1996 WL 467273, at *3 (N.D. Cal. July 24, 1996) (same); *Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2001 WL 36043487, at *2 (N.D. Cal. Dec. 31, 2001) (holding that vague allegations that fail to indicate how to counter the claim must be amended or dismissed); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.") (citation omitted); *PB Farradyne, Inc. v. Peterson*, No. C 05-03447 SI, 2006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006) (refusing to permit mere "pleading a statute" because such pleading does not give fair notice); *Galindo v. Ocwen Loan Servicing, LLC*, 282 F. Supp. 3d 1193, 1201, n.2 (N.D. Cal. 2017) (noting that there was no notice of "the facts which underlie" the allegation where no specific facts were directed to the statutory language included in the pleading)(citation omitted).

Therefore, the Court should strike Juniper's affirmative defense of the ensnarement doctrine as insufficiently pled.

## V.  FINJAN'S MOTION TO DISMISS AND TO STRIKE IS TIMELY

Finjan's Motion to Dismiss is timely because the Ninth Circuit has adopted a flexible approach to Rule 12(b)(6) motions in the interests of "just, speedy, and inexpensive determination" of actions. *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318, 320 (9th Cir. 2017).  Contrary to Juniper's contention that Finjan has waived the ability to bring its Motion to Dismiss (Opp. at 4–5), courts routinely consider a Rule 12(b)(6) motion that is filed after a prior Rule 12 response, including a prior motion or responsive pleading, even though the same or similar allegations were at issue in an original pleading.  *In re Apple iPhone Antitrust Litig.*, 846 F.3d at 320 (noting that if the district court did not accept the merits of the motion, it would simply be litigated later as a different motion, delaying resolution without added benefit); *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 1456678, at *2 (N.D. Cal. Mar. 23, 2018) (holding that Rule 12(g) does not bar consideration of a motion to dismiss, even though the allegations at issue were present in the original pleading and not

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS      CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

1   raised in the first motion to dismiss); *Evans v. Arizona Cardinals Football Club, LLC*, 231 F. Supp. 3d

2   342, 351 (N.D. Cal. 2017) (noting that courts often exercise their discretion to consider successive

3   motions to dismiss); *Cover v. Windsor Surry Co.*, No. 14-cv-05262-WHO, 2016 WL 520991, at *4

4   (N.D. Cal. Feb. 10, 2016) ("But judicial economy favors proceeding with the motion on its merits

5   despite its technical deficiencies."); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. C 10-cv-

6   05696 CRB, 2011 WL 2690437, at *2 n.1 (N.D. Cal. July 8, 2011) (same).

7           Further, Juniper's case law is inapposite because the Court did not deny the Rule 12(b)(6)

8   motion outright on timeliness alone, despite the fact that the moving party had previously answered

9   and did not move to dismiss at that time.  *Fed. Agr. Mortg. Corp. v. It's a Jungle Out There, Inc.*, No.

10  C 03-3721 VRW, 2005 WL 3325051, at *4–5 (N.D. Cal. Dec. 7, 2005).  Rather, the Court considered

11  the merits of the Rule 12(b)(6) motion, but then stated it did not need to render a decision because of

12  the "fast-approaching trial date."  *Id.* at *6.  Here, similar to the moving party in *Federal Agricultural*

13  *Mortgage*, the Court may exercise its discretion to consider Finjan's motion, particularly because there

14  are no pressing issues of timeliness and since trial is not until July 8, 2019.  Dkt. Nos. 1, 35, 42.  Thus,

15  the motion to dismiss is timely and properly before the Court, and even if the Court was concerned

16  about a Rule 12(g) waiver, the Ninth Circuit has established an approach that favors judicial economy

17  and avoidance of repetitive motion practice.

18          The remainder of the cases do not apply here because they are out-of-district cases that concern

19  a different set of facts.  First, in *Inter-Tel*, the court did not reach a decision of whether to exercise its

20  discretion and consider a Rule 12(b)(6) motion after a previously-filed answer because the moving

21  party had expressly waived the opportunity to oppose the complaint.  *Inter-Tel, Inc. v. W. Coast*

22  *Aircraft Eng'g, Inc.*, No. 804CIV2224T17MSS, 2006 WL 890010, at *2 (M.D. Fla. Mar. 31, 2006).  In

23  *Townsend Farms*, the Court rendered its decision, recognizing that the Ninth Circuit had not yet ruled

24  on the issue.  *Townsend Farms v. Goknur Gida Madderleri Enerji Imalat Ithalat Ihracat Ticaret Ve*

25  *Sanayi A.S.*, No. SACV150837DOCJCGX, 2016 WL 10570248, at *5 (C.D. Cal. Aug. 17, 2016)

26  (noting that the Ninth Circuit had not "squarely addressed" the issue and looking to other districts for

27  guidance).  Juniper's final case directly conflicts with the flexible approach set forth by the Ninth

28

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS        CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

1   Circuit in *In re Apple iPhone Antitrust Litig.*  *Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir.

2   1974).

3          In the alternative, the Court may properly consider Finjan's motion as a motion for judgment

4   on the pleadings pursuant to Rule 12(c), which is not limited in time.  Fed. R. Civ. P. 12(c), (h)(2);

5   *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) (reviewing the district court's

6   dismissal of claims pursuant to Rule 12(b)(6), even though the moving party had filed an answer

7   previously, under the standard for a motion for judgment on the pleadings).

8          Should the Court deny Finjan's Motion to Dismiss, it may still consider Finjan's Motion to

9   Strike Juniper's Affirmative Defenses.  Juniper does not—nor can it—contend that Finjan's motion to

10  strike is untimely.  Fed. R. Civ. P. 12(f) (courts may consider striking material *sua sponte* or within 21

11  days of service with a pleading).

12  **VI.    JUNIPER SHOULD NOT BE GRANTED LEAVE TO AMEND**

13         Because Juniper cannot possibly plead other facts consistent with their allegations to cure the

14  deficiencies set forth above, Juniper should not be permitted to amend.  Juniper's Third, Fourth, Fifth,

15  and Sixth Counterclaims, and Tenth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses are

16  incurably flawed and should be dismissed with prejudice.  *Presidio Components, Inc. v. Am. Tech.*

17  *Ceramics Corp.*, No. 14-cv-2061-H (BGS), 2016 WL 7319533, at *17 (S.D. Cal. Feb. 10, 2016)

18  (dismissing with prejudice deficient inequitable conduct counterclaim that cannot be cured by

19  amendment).

20                                         **<u>CONCLUSION</u>**

21         For the foregoing reasons, the Court should dismiss Juniper's Third, Fourth, Fifth, and Sixth

22  Counterclaims, and strike Juniper's Tenth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses.

23

24

25

26

27

28

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS        CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES

Respectfully submitted,

Dated:  July 6, 2018                    By:  */s/ Kristopher Kastens*
                                             Paul J. Andre (State Bar No. 196585)
                                             Lisa Kobialka (State Bar No. 191404)
                                             James Hannah (State Bar No. 237978)
                                             Kristopher Kastens (State Bar No. 254797)
                                             KRAMER LEVIN NAFTALIS
                                             & FRANKEL LLP
                                             990 Marsh Road
                                             Menlo Park, CA 94025
                                             Telephone: (650) 752-1700
                                             Facsimile: (650) 752-1800
                                             pandre@kramerlevin.com
                                             lkobialka@kramerlevin.com
                                             jhannah@kramerlevin.com
                                             kkastens@kramerlevin.com

                                             *Attorneys for Plaintiff*
                                             FINJAN, INC.

16

FINJAN'S REPLY IN SUPPORT OF MOTION TO DISMISS         CASE NO.: 3:17-cv-05659-WHA
JUNPER'S COUNTERCLAIMS & STRIKE AFF. DEFENSES