IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7189

August 29, 2018

Hon. William Alsup
U.S. District Court, Northern District of California

  Re: *Finjan, Inc. v. Juniper Networks, Inc.*, Case No. 3:17-cv-05659-WHA

Dear Judge Alsup:

  In the Order Granting In Part Early Motion for Summary Judgment on '494 Patent dated August 24, 2018 (Dkt. No. 185), Your Honor states:

> Using ellipses, Juniper justifies the panel's dictum by quoting "all operations . . . which could ever be deemed potentially hostile" from the aforementioned embodiment, this to assert that the claimed list must refer to a pre-existing master list. This, however is a sleight of hand. Counsel's ellipses delete crucial limiting language, namely "in the Downloadable code," *i.e.*, the '194 patent actually says "a list of all operations *in the Downloadable code* which could ever be deemed potentially hostile."

Dkt. No. 185 at 9:20-25.

  Juniper wishes to clarify the record on this point: Juniper's counsel did not add (or modify) any ellipses to this quote. Rather, Juniper copied this quote verbatim from the PTAB's Final Written Decision (*i.e.*, Dkt. No. 126 (Opposition Brief) at 12:16-19; Dkt. No. 183 (Response to Court's Questions) at 7:23-24). The ellipses used in this quote were provided by the PTAB, and indicate the reasoning the PTAB used to support its construction of the claim. *See* Dkt. No. 183-1 at 11. Indeed, where Juniper quoted to the same portion of the specification elsewhere in its briefs (as opposed to the PTAB's Final Written Decision), Juniper included the complete quote from the '194 Patent Specification without any ellipses. *See* Dkt. No. 126 at 11:10-13 and Dkt. No. 183 at 6:22-24. Juniper's counsel intended no sleight of hand, and apologizes for not clarifying in our brief that the ellipses in the quotation were copied from the PTAB's Final Written Decision, not added by Juniper's counsel.

            Respectfully submitted,
            */s/ Jonathan S. Kagan*
            Jonathan S. Kagan
            IRELL & MANELLA LLP
            *Attorneys for Juniper Networks, Inc.*

10569970