PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
AUSTIN MANES (State Bar No. 284065)
amanes@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>　　　　Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**PLAINTIFF FINJAN, INC.'S LETTER BRIEF IN OPPOSITION TO JUNIPER'S REQUEST TO AMEND THE PROTECTIVE ORDER** |

Dear Judge Alsup:

Juniper's request to amend the Stipulated Protective Order to allow confidential information produced in this case to be used in *inter partes* review ("IPR") before the USPTO Patent and Trial Appeal Board ("PTAB"), including Finjan's response to Interrogatory No. 3, violates legal authority and would harm Finjan and its third party licensees.

**A. Juniper's Request to Amend the Stipulated Protective Order Would Cause Serious Harm**

Any information filed in an IPR, even under seal, has a high risk of public disclosure. "Under 35 U.S.C. § 316(a)(1) ["Conduct of *inter partes* review"], the default rule is that all papers filed in an *inter partes* review are open and available for access by the public." *Garmin v. Cuozzo*, IPR2012-00001, Paper 36; *Argentum Pharm. LLC v. Alcon Research, Ltd.*, IPR2017-01053, Paper 27 (accord, also noting the "strong public policy for making all information in an *inter partes* review open to the public"). This is especially true where the Patent Trial and Appeal Board ("PTAB") refers to such information in its decisions. "There is an expectation that information will be made public where the existence of the information is referred to in a decision to grant or deny a request to institute a review or is identified in a final written decision following a trial." Trial Practice Guide, 77 F.R. 48761 (Aug. 2012). Even "information subject to a protective order may become public if identified in a final written decision" and a motion to expunge or keep that information under seal "will not necessarily prevail over the public interest in maintaining a complete and understandable file history." Trial Practice Guide, 77 F.R. 48761 (Update Aug. 2018).

District courts and the PTAB all recognize this heightened risk of public disclosure of information filed in an IPR, even if filed under seal. "Compared to district courts, the PTAB has an intentionally narrower scope of discovery… Additionally, the PTAB has a corresponding narrower protection for the confidentiality of discoverable materials." *Ericsson Inc. v. D-Link Corp.*, No. 6:10-CV-473, 2013 WL 12171970, at *1 (E.D. Tex. Dec. 20, 2013). "[U]nlike in a civil action in district court… motions to seal in an *inter partes* review are made 'at trial'; therefore, information will be sealed by [sic] only upon a showing of 'good cause.'" *Argentum Pharmaceuticals, supra*, IPR2017-01053, Paper 27. Thus, Juniper's offer to file Finjan's confidential information under seal at the PTAB is a red herring because it offers significantly less protection than the Stipulated Protective Order entered by this Court and will not adequately protect Finjan's interests or the interests of its third party licensees.

Further, Finjan and Juniper agreed to the Protective Order that restricts the use of confidential information produced in this case "only for prosecuting, defending, or attempting to settle this litigation" and expressly prohibits using it for "any purpose other than prosecuting this litigation." Dkt. 149 at 1, 8. Finjan produced documents in reliance on this Protective Order. More significantly, Juniper stipulated to the protective order knowing it would likely petition for IPRs within the one-year filing deadline. Also, Juniper has no valid reason to amend it based on Finjan's response to Interrogatory No. 3, as explained below. Multiple courts have denied similar requests to the one Juniper makes here and held that amending a stipulated protective order to allow documents produced in litigation to be used in IPR would be prejudicial and improper. *See Ericsson*, 2013 WL 12171970, at *2 (denying a nearly-identical request because "granting Ericsson relief from the Protective Order in this case would undermine the negotiations which produced the Protective Order. Ericsson… was in the best position to negotiate whether it may disclose documents discovered during litigation in an IPR."); *Polaris Indus. Inc. v. Arctic Cat Inc.*, No. CV 15-4475 (JRT/FLN), 2017 WL 5172319, at *2 (D. Minn. Mar. 13, 2017) (accord, holding "under the clear language of the Amended Protective Order, any designated discovery obtained in the litigation before this Court shall be used only for purposes of this litigation. Polaris should employ the PTAB discovery procedures in order to seek the material in

defending its claims in the IPR."). At least one other court has found that the use of confidential information, produced in litigation, in an IPR violated a protective order and may warrant sanctions. *See* Letter Order, Jazz Pharm., Inc. v. Amneal Pharm., LLC, No. 13-cv-00391-ES-JAD (N.J.D., Jan. 22, 2016), ECF. No. 211. (threatening sanctions against a defendant for violating a Discovery Confidentiality Order by using confidential information produced in litigation to attempt to obtain discovery in IPR). Declaration of Austin Manes ("Manes Decl.") at Exhibit A. Thus, Juniper's proposed amendment to the Protective Order would subject Finjan and its third party licensees to serious harm from a high risk of public disclosure of their confidential information by the PTAB. Respectfully, the Court should follow the well-reasoned authority cited above and deny this motion.

**B. Finjan's Response to Interrogatory No. 3 is Confidential and Irrelevant to IPR**

Juniper also has not shown that Finjan's confidential response to Interrogatory No. 3 is necessary or relevant to its petitions for IPR. Finjan's response to Interrogatory No. 3 contains confidential information regarding Finjan's licensing practices and negotiations, which Finjan protects as confidential to its business. Manes Decl. at 1. The response also contains descriptions of Finjan's actual licenses with third parties and a quote from many of these licenses, which Finjan is contractually obligated to keep confidential. *Id.* Disclosure of this information will harm Finjan's business and future licensing negotiations, as well as the interests of third parties who are not involved in this action or in Juniper's IPRs. *Id.*

Juniper's motion rests on a single proposition: that whether Finjan's licensees admitted infringement while accepting a license to the patents in suit is relevant to secondary considerations of nonobviousness. Dkt. 199 at 2. But Juniper cites no caselaw to support this position. Instead, Juniper relies only on *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034 (Fed. Cir. 2016) for the basic principle that a proponent of secondary considerations bears the burden of showing a nexus between the consideration and the patent. *Apple* is inapposite because it does not address: IPRs; amending stipulated protective orders; the filing of confidential information produced in district court litigation with the PTAB; or licenses of any kind. And Juniper cites no caselaw showing that an admission of liability by a licensee is required for the license to be a secondary consideration. Moreover, because it is not relevant, Finjan does not contest the fact that its licensees do not admit infringement and Finjan will not contest that fact in IPR. So, there is no reason for Juniper to file Finjan's confidential interrogatory response with the PTAB just to prove this uncontested point.

Finally, the PTAB would also deny Juniper's request for this information. Contrary to the discovery allowed under the F.R.C.P., discovery in an IPR is generally limited to (1) cross-examining declarants and (2) other limited information shown to be "in the interests of justice." 35 U.S.C. § 316(a)(5). Congress intended to limit discovery during IPR and the threshold for obtaining it is high. "[I]t is anticipated that, regardless of the standards imposed in section [316 or] 329, PTO will be conservative in its grants of discovery." 154 Cong. Rec. S9989 (daily ed. Sept. 27, 2008) (statement of Sen. Kyl). As the court held in *Ericsson*: "Granting Ericsson's request for relief from the Protective Order would allow Ericsson to circumvent this balance between IPR discovery and confidentiality. In essence, Ericsson would be able to use the Court's broader Rule 26 'relevancy' standard for discovery, yet subject Dell and Toshiba to the PTAB's narrower protections of confidentiality." *Ericsson,* 2013 WL 12171970, at *1. Juniper cannot show good cause to amend the Protective Order in this case or that it would prevail on a similar motion to discover this information before the PTAB. *See Polaris,* 2017 WL 5172319, at *2 (denying a similar motion and ordering the litigant to pursue the PTAB's discovery procedures). This is especially true because Finjan produced plenty of public information regarding its licenses that Juniper can cite without compromising Finjan's confidential interrogatory responses. For example, Finjan produced at least five years of SEC filings that discuss the public aspects of its licenses at FINJAN-JN 040339-041223 and maintains press releases disclosing the public aspects of it licenses on its website. And as stated above, Finjan will not contest the fact that its licensees do not admit infringement in IPR. Thus, Juniper has not shown good cause to amend the

Protective Order to use Finjan's response to Interrogatory No. 3 in IPR, or that it is relevant or necessary to do so.

### C. Juniper's Motion Contradicts Its Discovery Positions

Juniper's request to use Finjan's confidential information in IPR contradicts the positions it maintains on its own discovery in this case. On September 19, 2018, Finjan's Chief Intellectual Property Officer requested permission from Juniper to review the damages report prepared by Finjan's expert, which contains Juniper's confidential financial information, in order to further settlement discussions between the parties. This use (settlement) is permitted under the Protective Order but Juniper refused Finjan's request.[1] Dkt. 149 at 1, 8. Juniper should not be permitted to use the Protective Order as a sword and shield as it sees fit.[2]

### D. At Minimum, Finjan Requests Additional Protection for Its Response to Interrogatory No. 3

If the Court remains inclined to allow such use, Finjan respectfully requests that the Court order Juniper to first obtain express assurance from the PTAB that Finjan's response to Interrogatory No. 3 will be filed under seal and will not be publicly disclosed. Finjan makes this request as a fair and consistent means to adequately protect its confidential business information and the promises it made to its licensees to keep the terms of their licenses confidential.

Sincerely,

*/s/ Austin Manes*
Austin Manes

*Attorney for Plaintiff Finjan, Inc.*

---

[1] Recently, Juniper has proposed some limited disclosure but has yet to explain what the limitations are or to disclose the requested information to Finjan.

[2] The parties have not met and conferred on the issues in this letter in person or by telephone. Contrary to Juniper's statements, counsel for Finjan did not refuse to meet and confer. *See* Exhibit 2 to Juniper's motion. Finjan responded to Juniper's request within two days and explained that its counsel was in trial the following day (a Friday) but that Finjan's counsel would be happy to meet and confer the following week. *Id*. at 2. Rather than meet and confer the following week, Juniper filed this motion.