IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

    Plaintiff,

  v.

JUNIPER NETWORK, INC.,

    Defendant.

No. C 17-05659 WHA

**ORDER RE MOTION FOR LEAVE TO AMEND AND VACATING HEARING**

## INTRODUCTION

In this patent infringement action, a prior order permitted accused infringer to seek leave to amend. Accused infringer now timely moves for leave to amend to include additional factual allegations to existing claims and defenses. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

Plaintiff Finjan, Inc., accuses defendant Juniper Networks, Inc., of infringing patents pertaining to malware-detection technology. Finjan's allegations have been summarized in a prior order (*see, e.g.*, Dkt. No. 30). On June 15, Finjan moved to dismiss various counterclaims and strike related affirmative defenses, which were based on prosecution laches, inequitable conduct, unclean hands, and ensnarement (Dkt. No. 110).

An order dated August 31 granted in part and denied in part Finjan's motion to strike and dismiss Juniper's answer and counterclaims (Dkt. No. 190). Specifically, the order granted Finjan's motion to dismiss Juniper's prosecution laches and inequitable conduct

counterclaims (and strike the related affirmative defenses) and strike Juniper's ensnarement affirmative defense (*id*. at 3–9). That order also gave Juniper opportunity to seek leave to amend within twenty-one days of the order.

Juniper now timely moves for leave to amend and submits a proposed amended responsive pleading. Its proposed amendment seeks only to add factual allegations in support of Juniper's already-existing counterclaims and affirmative defenses. Finjan opposes in part. This order follows full briefing. Pursuant to Civ. L.R. 7-1(b), this order finds Juniper's motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for November 1.

**ANALYSIS**

Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended their complaint. Futility alone can justify denying leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). For purposes of assessing futility on this motion, the legal standard is the same as it would be on a motion to dismiss under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

In the order dated August 31, the Court stated that the motion "must include a proposed amended responsive pleading (and a redlined copy) and must explain why the new pleading overcomes all deficiencies," including those the order did not reach (Dkt. No. 190 at 12). Finjan argues essentially that the proposed amendment is futile as to the inequitable conduct and prosecution laches allegations (*i.e.*, Juniper fails to cure the deficiencies) and that it would be prejudiced by such amendment.

1. **INEQUITABLE CONDUCT.**

In its proposed amended pleading, Juniper includes additional factual allegations to support its fourth and fifth counterclaims and fourteenth affirmative defense of inequitable conduct regarding United States Patent Nos. 8,677,494 ("the '494 patent") and 8,141,154 ("the '154 patent").

2

To state a claim for inequitable conduct, a party must allege that "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009).

"Inequitable conduct . . . must be pled with particularity under Rule 9(b)." *Id*. at 1326 (quotations and alterations omitted). This requires identification of "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id*. at 1328. "Although knowledge and intent may be alleged more generally, a party must still allege sufficient facts to justify an inference that a specific individual had knowledge of the material information withheld or the falsity of the material misrepresentation and withheld or misrepresented that information with the intent to deceive." *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 896–97 (N.D. Cal. 2011) (citing *Exergen*, 575 F.3d at 1328–29) (Judge Joseph Spero).

### A. Touboul Declaration.

As discussed in the August 31 order, Juniper's fourth counterclaim directed to the '494 patent alleges that Shlomo Touboul knowingly made false material misrepresentations before the PTO that he was the sole inventor of certain claims — including Claim 10 — thus backdating the priority date to November 18, 1996, for the purpose of avoiding the potentially invalidating Ji reference. That order found that Juniper's factual allegation raised in its original pleading regarding Finjan's interrogatory response in the *Symantec* case insufficient.

Juniper now seeks to amend the fourth counterclaim to include additional factual support showing, *inter alia*, the falsehood of Touboul's statement. Specifically, Juniper now alleges that David R. Kroll — one of the '494 patent's co-inventors — testified under oath in *Finjan, Inc. v. Blue Coat Systems, Inc.*, No. C 15-03295 BLF (N.D. Cal. Nov. 28, 2017) (Judge Beth Labson Freeman), that he contributed to Claim 10 (Dkt. No. 197-2 at 460:24–461:1):

> Q. Yes. You helped come up with the idea behind claim 10 during your time at Finjan; is that right?
>
> A. Yes.

3

1  Kroll further testified that he began working at Finjan in 1999 — at least three years *after*
2  Touboul's asserted priority date (*see id*. at 451:11–12). Finjan counters that "this single
3  statement" by Kroll in response to a "vague" question does not establish the falsehood of
4  Touboul's statement (Dkt. No. 202 at 3). Finjan's contention, however, is more appropriate at
5  a summary judgment stage. This order finds that at the pleading stage, the additional factual
6  allegations are sufficient to support a showing of the falsehood of Touboul's statement under
7  the heightened pleading standard.[1]

8  Finjan further argues that Touboul's intent to deceive the PTO based on statements
9  made by others is speculative (*id*. at 5). Knowledge and intent, however, may be alleged more
10 generally under Rule 9(b), and "[p]leading on 'information and belief,' " — as Juniper does
11 here — "is permitted under Rule 9(b) when essential information lies uniquely within another
12 party's control." *Exergen Corp.*, 575 F.3d at 1330. At the pleading stage, these additional
13 factual allegations, when taken together as true, sufficiently support a reasonable inference that
14 Touboul made material affirmative misrepresentations with the intent to deceive the PTO in
15 order to backdate potentially invalidating prior art.[2]

### B. Attorney Bey's Petitions.

17 Juniper further alleges that Finjan's patent prosecution attorney Dawn-Marie Bey filed
18 "unmistakably false" certified petitions before the PTO that her claims of priority were
19 "unintentionally" delayed with respect the '494 and '154 patents. It additionally alleges that
20 Attorney Bey filed such petitions with unusually high frequency for Finjan and incorporates by
21 reference Juniper's unclean hands counterclaim alleging Finjan's overarching scheme of

---

[1] Because this order finds Juniper's factual allegations regarding Kroll sufficient, it does not reach Finjan's argument regarding Juniper's additional allegations in connection with United States Patent No. 7,058,822. This additional allegation should be included in the final pleading.

[2] Finjan argues that Juniper "must prove that deceptive intent is the 'single most reasonable inference able to be drawn form the evidence' " (Dkt. No. 202 at 4 (citing *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011))). Such proof, however, is necessary to *prevail on the merits*, as "the accused infringer must prove both materiality and intent by clear and convincing evidence." *Exergen Corp.*, 575 F.3d 1312, 1329 n.5 (Fed. Cir. 2009). At the pleading stage, however, inference of deceptive intent need only be "reasonable and drawn from a pleading's allegations of underlying fact to satisfy Rule 9(b)." *Ibid*.

maximizing the value of its patents. Finjan argues that Juniper alleges no facts showing that Attorney Bey's filings are anything but ordinary actions by a patent prosecutor in charge of a busy docket (Dkt. No. 202 at 2). This order disagrees.

For example, with regard to the '154 patent, Juniper's proposed amendment further establishes a pattern of "unintentional" delayed claims of priority. This in turn further supports the reasonable inference of Attorney Bey's intentional delay "in order to maximize the value of the '154 patent during pre-suit licensing negotiations and only attempt[] to correct the claim of priority once it became clear that the '154 Patent would be subject to serious invalidity attacks in litigation," as Attorney Bey's petition "conspicuously coincided with a new campaign by Finjan to assert the '154 Patent" (Dkt. No. 197-5 ¶¶ 249, 251). *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009). And, Attorney Bey's alleged "unmistakably false" affidavits in the form of certified petitions of "unintentionally" delayed priority are *per se* material. *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 695 F.3d 1285, 1294 (Fed. Cir. 2012). These allegations, when taken together as true, sufficiently support a showing that Attorney Bey's petition of "unintentional" delay in connection with the '154 patent was false.

Finjan further argues that Juniper's allegations fail to adequately plead facts from which it may be reasonably inferred that Attorney Bey delayed with the specific intent to deceive the PTO (Dkt. No. 202 at 5). Again, "[p]leading on 'information and belief is permitted under Rule 9(b) when essential information lies uniquely within another party's control." *Exergen Corp.*, 575 F.3d at 1330. Moreover, Attorney Bey's submission of the allegedly false petitions in order to avoid prior art — and the alleged pattern of such false petitions — "raise[] a strong inference of intent to deceive." *Intellect Wireless, Inc. v. HTC Corp.*, 732 F.3d 1339, 1345 (Fed. Cir. 2013). As such, this order finds that Juniper's proposed amendment plead sufficient facts to support the reasonable inference that Attorney Bey delayed claim of priority with the intent to deceive the PTO.

Accordingly, Juniper's motion for leave to amend the fourth and fifth counterclaims and fourteenth affirmative defense is **GRANTED**.

5

## 2. PROSECUTION LACHES.

"The doctrine [of prosecution laches] 'may render a patent unenforceable when it has issued only after an unreasonable and unexplained delay in prosecution' that constitutes an egregious misuse of the statutory patent system under the totality of the circumstances." *Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 728 (Fed. Cir. 2010) (quoting *Symbol Techs., Inc. v. Lemelson Med., Educ. & Research Found.*, 422 F.3d 1378, 1385–86 (Fed. Cir. 2005)). Prosecution laches also requires a finding of actual prejudice to either the accused infringer or the public during the period of delay. *Id*. at 729. This doctrine "should be used sparingly lest statutory provisions be unjustifiably vitiated." *Symbol Techs., Inc. v. Lemelson Med., Educ. & Research Found.*, 422 F.3d 1378, 1385 (Fed. Cir. 2005). This order finds that Juniper's proposed amendment does not adequately plead prosecution laches.

Specifically, Juniper's proposed amendment does not plead adequate facts supporting a showing of prejudice. Juniper's prosecution laches allegation begins by listing the allegedly unreasonably delayed prosecution of five patents at issue. For example, Juniper alleges that (Dkt. No. 197-5 ¶ 207):

> 207. The '633 Patent claims priority to an application that was filed in March 2000. But Finjan did not file the non-provisional application that matured into the '633 Patent until June 2005, and the patent did not issue until January 2010, approximately ten years from the earliest priority application. Finjan did not provide the Patent Office with any reason or excuse for this long, ten-year delay in prosecuting the '633 Patent.

After repeating the above allegations of unreasonable and unexplained delay for each of the five patents at issue, Juniper simply pleads in a conclusory fashion that (Dkt. No. 197-5 ¶ 219):

> 219. During this period that Finjan was unreasonably delaying prosecution, Juniper invested substantial resources in developing its portfolio of security-related products, including the products in this action. Finjan's unreasonably delayed attempts to expand and reposition the asserted patents has prejudiced Juniper because Juniper could not account for these unissued patents in its product development planning.

This general allegation of prejudice is insufficient. Juniper does not specify *which* of the five patents and their related allegedly unreasonably delayed prosecution prejudiced Juniper insofar as to *which* of Juniper's accused products were affected during the period of delay. *See Cancer Research*, 625 F.3d at 729. Because this order finds that Juniper's proposed

6

amendment does not plead sufficient factual allegations of prejudice, it does not reach Juniper's other arguments. Accordingly, Juniper's motion for leave to amend the third counterclaim and eleventh affirmative defense is **DENIED**.

### 3. ENSNAREMENT.

Juniper's proposed amendment includes additional factual allegations supporting its ensnarement doctrine affirmative defense. Finjan does not oppose (Dkt. No. 202 at 1). Accordingly, Juniper's motion for leave to amend the twelfth affirmative defense is **GRANTED**.

### 4. NO PREJUDICE.

Finjan argues in one short paragraph that it will be prejudiced by Juniper's proposed amendment because (1) "it will be forced to engage in discovery in order to defend" against Juniper's "baseless" allegations, "particularly given that" each party is allotted "a set number of interrogatories," and (2) it has not been on full and fair notice of Juniper's counterclaims (Dkt. No. 202 at 7). Neither argument is persuasive. As Juniper notes, fact discovery does not close until end of March 2019 (Dkt. No. 35 ¶ 4). Even assuming that Finjan lacked full and fair notice of Juniper's counterclaims, it now has sufficient notice with which to conduct discovery within the remaining five months.

## CONCLUSION

For the foregoing reasons, Juniper's motion for leave to amend is **GRANTED IN PART** and **DENIED IN PART**. Juniper's amended pleading must comport with this order and must be filed and served by **NOVEMBER 5 AT NOON**. The answer must be filed and served within **FOURTEEN CALENDAR DAYS** thereafter.

**IT IS SO ORDERED.**

Dated: October 29, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7