IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

    Plaintiff,

  v.

JUNIPER NETWORK, INC.,

    Defendant.
                                       /

No. 17-05659 WHA

**FINAL PRETRIAL ORDER**

**FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions *in limine*:

1.     This case shall go to a **JURY TRIAL** on **DECEMBER 10**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. This order hereby **ADOPTS** defendant Juniper Network, Inc.'s position regarding the factual issues to be tried (Dkt. No. 262 at 7–8) except to the extent modified by orders *in limine*. This final pretrial order supersedes the complaint and answer with respect to Claim 10 of the United States Patent No. 8,677,494 ("the '494 Patent") except to the extent it does not reach the issues of prosecution laches, inequitable conduct, and unclean hands.

2.     Rulings on the motions *in limine* were made on the record at the pretrial conference and are summarized later in this order.

3.     Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed pretrial order less any excluded or limited by orders *in limine*.

Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the Federal Rules of Evidence.

    4.    The stipulations of facts set forth in the joint proposed pretrial order are approved and binding on all parties. As the parties further stipulated to during the final pretrial conference, the Court will decide the issue of Section 101 invalidity.

    5.    A jury of **EIGHT PERSONS** shall be used.

    6.    Each side shall have **SIX-AND-A-HALF HOURS** to examine witnesses (including direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Each side shall also have **THIRTY MINUTES** to present opening statements. Time allocated for closing arguments shall not count against these limits. If one side runs out of time despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, and it would be a miscarriage of justice to hold that side to these limits, then more time will be allotted.

    7.    The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

    8.    Beginning the day after jury selection, each side shall maintain a rolling, written list of the next seven or fewer witnesses it intends to call at trial. The list may be updated and shall be delivered to all counsel *and to chambers* by 5:00 p.m. each day. Witnesses need not be called in the sequence indicated but they must be on the most-current rolling list. Absent very good cause, a witness may be called only if they have been on the proponent's most-current list for at least 38 (not 48) hours. The seven-name limit and 38-hour leadtime may be changed if both sides agree in writing.

    9.    Each side shall please provide the Court a binder of their top ten documents by **DECEMBER 10 AT 7:30 A.M.**

    10.    The testimony of plaintiff Finjan, Inc.'s damages expert Kevin Arst is **EXCLUDED IN ITS ENTIRETY**. Finjan shall file a succinct formal offer of proof for its damages claim by **DECEMBER 7 AT 5:00 P.M.**

*************************

**RULINGS ON FINJAN'S MOTIONS *IN LIMINE***

- **MIL NO. 1 RE LATE DISCLOSURES (DKT. NO. 255).**

    The request to exclude Ms. Gupta as a witness is **DENIED**.

    The requests to exclude Mr. Icasiano as a witness, the reliance on iWeb invoices, and Dr. Rubin's reliance on non-infringing alternatives are **DENIED AS MOOT** in light of the *Daubert* order.

    The Court **DEFERS** ruling on the request to exclude reliance on the spreadsheet containing the number of free Sky ATP users.

    The request to exclude demonstrative exhibits and opinions regarding Section 101 invalidity issues in Dr. Rubin's rebuttal report is **DENIED AS MOOT** in light of the parties' stipulation to have the Court decide the Section 101 issue.

- **MIL NO. 2 RE CLAIM CONSTRUCTION TESTIMONY (DKT. NO. 256).**

    This motion is **DENIED**. If the witness's testimony is contrary to the legal standard, the Court will give the jury curative instructions accordingly.

- **MIL NO. 3 RE PORTIONS OF DR. RUBIN'S TESTIMONY (DKT. NO. 257).**

    The request to exclude mention of Claim 10 as abstract is **GRANTED** in light of the parties' stipulation to have the Court decide the Section 101 issue.

    The request to exclude arguments regarding prosecution history is **GRANTED IN PART**. Juniper may not mention the prosecution history of the '494 patent during opening statement. The Court defers ruling on whether or not Juniper may discuss the prosecution history in its case-in-chief or during cross-examination until the issue is teed up at trial.

    The request to exclude opinions regarding "opinions of anticipation and obviousness in guise of" damages or Section 101 analysis is **DENIED AS MOOT** in light of the discussion during the final pretrial conference.

    The request to exclude Dr. Rubin's "reliance on documents or systems that do not establish that Claim 10 was 'well-known, routine, and conventional' " is **DENIED**.

The Court **DEFERS** ruling on the request to exclude argument regarding piecemeal portions of claim elements.

- **MIL NO. 4 RE PREJUDICIAL INFORMATION (DKT. NO. 258).**

The request to exclude discussion of Juniper's patent is **GRANTED IN PART**. Juniper may not mention its patents during opening statement. The Court defers ruling on whether or not Juniper may discuss its patents in its case-in-chief or during cross-examination until the issue is teed up at trial.

The request to exclude discussion of co-pending lawsuits and pending PTAB proceedings is **DENIED AS MOOT** in light of the discussion during the final pretrial conference.

The request to exclude discussion of pejorative terms is **GRANTED IN PART**. In describing Finjan and its business model, Juniper may not use the term "patent troll." Juniper may, however, use the terms "patent assertion entity" and "non-practicing entity" — which the undersigned judge does not believe to be *per se* pejorative — *sparingly*.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# RULINGS ON JUNIPER'S MOTIONS *IN LIMINE*

- **MIL NO. 1 RE CYPHORT AND ATP APPLIANCE PRODUCT (DKT. NO. 263).**

Under FRE 403, the probative value of this evidence is substantially outweighed by the danger it would create of confusing the issues, misleading the jury, or wasting time. This motion is **GRANTED**.

- **MIL NO. 2 RE FINJAN'S PRIOR LITIGATION (DKT. NO. 265).**

This motion is **GRANTED** in light of the parties' stipulation to have the Court decide the Section 101 issue.

- **MIL NO. 3 RE NOVEMBER 24, 2015 CALL (DKT. NO. 266).**

This motion is **DENIED**.

4

- **MIL NO. 4 RE NON-INFRINGING ALTERNATIVES (DKT. NO. 267).**

    This motion is **DENIED AS MOOT** in light of the *Daubert* order.

- **MIL NO. 5 RE ARGUMENTS CONTRARY TO EXISTING CLAIM CONSTRUCTIONS (DKT. NO. 268).**

    The request to prevent Finjan from arguing that the Court's construction of "database manager" necessarily or logically requires the existence of the claimed "database" is **GRANTED**.

    The request to prevent Finjan from arguing that a "database schema" is not a "description of a database to a database management system (DBMS) in the language provided by the DBMS" is **DENIED**.

\*          \*          \*

Two caveats to the tentative rulings above: Any denial above does not mean that the evidence at issue in the motion is admitted — it must still be moved into evidence, subject to other possible objections, at trial. And, a grant of a motion *in limine* does not exclude the item at issue under any and all circumstances; the beneficiary of an order *in limine* may open the door to the disputed evidence, for example.

**IT IS SO ORDERED.**

Dated: December 6, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5