PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>          Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**PLAINTIFF'S FINJAN INC.'S MOTION TO EXCLUDE CERTAIN SLIDES OF DEFENDANT JUNIPER NETWORKS, INC.'S OPENING DEMONSTRATIVES**<br><br>Trial:           December 10, 2018<br>Courtroom:  12, 19th Floor<br>Before:        Hon. William Alsup |

# INTRODUCTION

Finjan objects to and seeks to exclude slides DDX01.05, 23, 25, 31, 32, 34, 36, and 38 of Juniper's proposed opening demonstrative slides because they refer to evidence that was previously withdrawn or excluded by Court. *See* Declaration of Kristopher Kastens filed herewith, Ex. 1. In particular, Finjan seeks to exclude portions of Juniper's opening demonstratives slides that (1) refer to Dr. Keith Ugone because Juniper offered his opinion only as a rebuttal to the opinions of Finjan's damages expert, Mr. Kevin Arst, who is not presenting his opinions at trial, (2) refer to Finjan's settlement agreements that the Court excluded in its *Daubert* Order (Dkt. No. 301), (3) refer to Juniper's purported non-infringing alternatives because Juniper only offered these alternatives in response to the damages theory put forth by Mr. Arst, who is not presenting his opinions at trial, and represented during the Final Pretrial Conference that it would therefore not present such evidence; and (4) mischaracterize evidence, refer to evidence not yet admitted, or are otherwise confusing, misleading or prejudicial as set forth herein.

The chart below illustrates Finjan's position for each of the disputed slides.

| Juniper's Slide | Improper Ugone Evidence | Evidence Excluded or Withdrawn | Undisclosed or non-admitted | Mischaracterization of Evidence |
|---|---|---|---|---|
| DDX01.05 | x | | | |
| DDX01.23 | | | | x |
| DDX01.25 | | | | x |
| DDX01.31 | | X | | |
| DDX01.32 | | X | | |
| DDX01.34 | x | | | |
| DDX01.36 | x | X | x | |
| DDX01.38 | | | x | x |

## I. The Court Should Exclude Juniper's Demonstratives Related to Dr. Ugone' Rebuttal Expert Opinions

Juniper's slides DDX01.05, 34, 36 should be excluded because they reference testimony from Dr. Ugone that Juniper only offered in rebuttal to the opinions of Mr. Arst, who is not presenting his opinions at trial.

Rebuttal expert testimony is permitted "solely to contradict or rebut evidence on the same subject matter" addressed by the other party's expert. *Int'l Bus. Machines Corp. v. Fasco Indus.*, Inc.,1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995) (citing Fed. R. Civ. P. 26); *Parenti v. Cty. of Monterey*, 2017 WL 1709349, at *5 (N.D. Cal. May 3, 2017) ("'[A] rebuttal expert cannot offer evidence that does not contradict or rebut another expert's disclosure.'") (quoting *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014)).  Because Mr. Arst is not presenting an opinion at trial (Dkt. No. 283), Dr. Ugone has no opinions to rebut. *See Humphreys v. Regents of Univ. of California*, No. C 04-03808 SI, 2006 WL 1867713, at *5 (N.D. Cal. July 6, 2006) (granting plaintiff's motion to exclude defendant's rebuttal expert because the exclusion of plaintiff's expert testimony rendered defendant's rebuttal expert testimony unnecessary).  To the extent Juniper claims that Dr. Ugone put forth an independent analysis that is not rebutting Mr. Arst's opinions, such analysis should be excluded because a rebuttal expert cannot put forth their own theories and must restrict their testimony to attacking the other party's theory. *Int'l Bus. Machines Corp.*,1995 WL 115421, at *3 ("'[R]ebuttal' experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts."); *Parenti*, 2017 WL 1709349, at *5; *Cruz v. Durbin, 2014* WL 4182334, at *2 (D. Nev. Aug. 21, 2014) ("[An] expert's rebuttal testimony may not introduce new, alternative or previously unconsidered theories."); *see also Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008) (stating that rebuttal experts cannot testify in case-in-chief and "cannot testify unless and until" the opinions for which they are designated to rebut has been presented).   As such, Juniper should not be able to present slides referencing Dr. Ugone's rebuttal opinions or including facts that were only disclosed through Dr. Ugone.

Specifically, Slide DDX01.5 is titled "Juniper's witnesses" and includes a picture of Dr. Ugone.  Because Finjan Mr. Arst is not testifying at trial, Dr. Ugone should not be allowed to testify regarding his rebuttal opinions.  Next, Slide DDX01.34 shows Dr. Ugone's rebuttal opinion regarding the purported "maximum royalty" Juniper and Finjan would have agreed to, however Dr. Ugone offered this opinion in rebuttal to the opinion of Mr. Arst– which will not be presented at trial.

Because Dr. Ugone cannot offer his opinion in Juniper's case-in-chief, Juniper should not be permitted to reference his testimony in its opening demonstratives.

Slide DDX01.36, which identifies numerous Finjan licensees and prior litigations, is objectionable for several reasons, including that Juniper only used this information through Dr. Ugone in forming his damages opinion. In addition, DDX01.36 is improper because it refers to Finjan's prior litigations and settlements with third-parties that the Court excluded in its *Daubert* Order (i.e. Sophos and Websense settlement) in its *Daubert* Order (Dkt. No. 301 at 10). Finally, DDX0.136 mischaracterizes certain of Finjan's licenses as "settlements," when, in fact, they were executed outside the context of litigation (i.e., F-Secure, Avast, Barracuda).

## II. The Court Should Exclude Juniper's Demonstratives Related to Excluded and Previously Withdrawn Evidence and Testimony

Juniper's Slides DDX01.31 and 32 should be excluded because they relate to non-infringing alternatives, which Juniper's counsel withdrew during the Final Pre-trial Conference. Juniper only offered its purported non-infringing alternatives in response to the damages opinion of Mr. Arst, who is not presenting his opinions at trial. As such, during the Final Pretrial Conference, Juniper's counsel represented to the Court that Finjan's motion *in limine* to exclude evidence on non-infringing alternative is moot "as long as plaintiff does not plan to introduce testimony through the technical expert …" Dkt. No. 300, Pretrial Hearing Tr. at 48: 24 – 49:7. Finjan agreed that it will not introduce such testimony on non-infringing alternatives through its technical experts. *Id*. at 49:9-10 ("That's correct. We are not going to do that."). Juniper should not be permitted to present opening demonstratives referencing non-infringing alternatives when it represented to the Court it will not present such evidence. *See Applera Corp.-Applied Biosystems Grp. v. Illumina, Inc.*, No. C 07-02845 WHA, 2008 WL 4810541, at *1 (N.D. Cal. Oct. 27, 2008)(a party's representation during the pretrial conference that it would not rely on noninfringing alternatives justified striking its rebuttal report as it related to noninfringing alternatives).

3

### III. The Court Should Exclude Juniper's Demonstratives Related to Trial Exhibits that are Not Yet Admitted

Finjan objects to slide DDX01.38 because it is an excerpt from Trial Exhibit 71, which is specific evidence that will not be admitted into the evidence at the time of the opening statement. Juniper should not be permitted to quote in its opening statement from a document that is not yet admitted into the evidence. *United States v. McCabe*, 131 F.3d 149 (9th Cir. 1997) ("Opening statement should not refer to matters that are not to be presented as evidence."). Finjan further objects this slide as prejudicial, not relevant and misleading to the jury because there is no foundation for the document at the time of opening statements and it has not yet been admitted into evidence.

### IV. The Court Should Exclude Juniper's Demonstratives That are Misleading

Finjan objects to Juniper's opening demonstratives that are misleading or mischaracterize evidence. The Court may exclude demonstratives whose prejudice outweighs its probative value. *See Dahlberg v. MCT Transp.*, LLC, 571 F. App'x 641, 647 (10th Cir. 2014) ("[A] demonstrative exhibit will be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, a propensity to mislead, or needlessly cumulative presentation."). Juniper's Slide DDX01.23 mischaracterizes evidence and is misleading because it presents a graph including a column showing a number of 57,142, and a number 300. In its legend, the word "sold" in "SRX Devices sold" is crossed out and instead changed to "enabled for SkyATP." This graph is misleading because it misstates the number of SRX Devices that were sold, and there is no basis or foundation for Juniper's crossing out of the word "sold." DDX01.25 should also be excluded because it mischaracterizes Juniper's revenues for the accused Sky ATP. Moreover, this information can only be derived from the spreadsheets that Juniper disclosed late and were subject to Finjan's Motion *in Limine*, which the Court reserved ruling on. Therefore, Juniper should not be permitted to reference these revenues during its opening statement.

### CONCLUSION

At least for the above mentioned reasons, Juniper's opening demonstrative slides DDX01.05, 23, 25, 31, 32, 34, 36, and 38 should be excluded.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| DATED: December 9, 2018 | By: | */s/ Kristopher Kastens* |
| | | Paul J. Andre (State Bar No. 196585) |
| | | Lisa Kobialka (State Bar No. 191404) |
| | | James Hannah (State Bar No. 237978) |
| | | Kristopher Kastens (State Bar No. 254797) |
| | | KRAMER LEVIN NAFTALIS |
| | |   & FRANKEL LLP |
| | | 990 Marsh Road |
| | | Menlo Park, CA 94025 |
| | | Telephone: (650) 752-1700 |
| | | pandre@kramerlevin.com |
| | | lkobialka@kramerlevin.com |
| | | jhannah@kramerlevin.com |
| | | kkastens@kramerlevin.com |
| | | |
| | | *Attorneys for Plaintiff* |
| | | FINJAN, INC. |