# IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

| 1800 AVENUE OF THE STARS, SUITE 900<br>LOS ANGELES, CA 90067-4276<br>TELEPHONE (310) 277-1010<br>FACSIMILE (310) 203-7199 | 840 NEWPORT CENTER DRIVE, SUITE 400<br>NEWPORT BEACH, CALIFORNIA 92660-6324 | TELEPHONE (949) 760-0991<br>FACSIMILE (949) 760-5200<br>WEBSITE: www.irell.com |

WRITER'S DIRECT
TELEPHONE (949) 760-5222
RCarson@irell.com

December 9, 2018

Hon. William Alsup
U.S. District Court, Northern District of California

    Re:    *Finjan, Inc. v. Juniper Networks, Inc.*, Case No. 3:17-cv-05659-WHA

Dear Judge Alsup:

    Defendant Juniper Networks, Inc. ("Juniper") writes to clarify its position regarding its defense of invalidity to Claim 10 of United States Patent No. 8,677,494 ("the '494 Patent"), in light of the Court's Final Pretrial Order (Dkt. 301, "Order") issued on December 6, 2018. In its Order, the Court stated "[t]his final pretrial order supersedes the complaint and answer with respect to Claim 10 of the '494 Patent except to the extent it does not reach the issues of prosecution laches, inequitable conduct, and unclear hands" but made no mention of Juniper's invalidity defenses under 35 U.S.C. §§ 102 and 103. Order at 1. As noted in the Joint Pretrial Statement (Dkt. 262 at 6 n. 3), Juniper did not raise defenses pursuant to §§ 102 and 103 in its opposition to Plaintiff Finjan's motion for summary judgment relating to Claim 10 of the '494 Patent because it believed factual disputes existed that might render summary judgment inappropriate on these grounds (and Finjan had not moved for summary judgment of no invalidity pursuant to §§ 102 or 103). While Finjan has argued that Juniper's decision to not move for summary judgment pursuant to §§ 102 and 103 waived these defenses (*see* Dkt. 262 at 6 n. 2), the Federal Circuit has made clear that "the issue of invalidity is a separate issue from infringement, and an alleged infringer's failure to raise it in opposition to a motion for summary judgment of infringement is not a waiver." *See Pandrol USA, LP v. Airboss Ry. Products, Inc.*, 320 F.3d 1354, 1365 (Fed. Cir. 2003).

    Juniper has been diligent in asserting its §§ 102 and 103 defenses in this litigation, including by serving 6 prior art grounds in its initial election of prior art on October 25, 2018, pursuant to an agreed upon schedule between the parties. *See* Ex. 1 (Juniper's Initial Election of Prior Art Grounds) at 3-4. Juniper thus has not waived such defenses but understands and agrees that these defenses will not be addressed at the trial in this action scheduled to begin on December 10, 2018.

Respectfully submitted,

*/s/ Rebecca L. Carson*
Rebecca L. Carson
IRELL & MANELLA LLP
*Attorneys for Defendant*
Juniper Networks, Inc.

10620464