# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7189

December 10, 2018

Hon. William Alsup
U.S. District Court
Northern District of California

Re:   *Finjan, Inc. v. Juniper Networks, Inc.*, Case No. 3:17-cv-05659-WHA

Dear Judge Alsup:

Finjan has informed Juniper that it wishes to play or read the deposition testimony from a number of witnesses whose deposition testimony is not allowed pursuant to Federal Rule of Civil Procedure 32. Specifically, Juniper objects to Finjan's request to present deposition testimony from Shlomo Touboul ("Touboul"), Raju Manthena ("Manthena"), and Scott Coonan ("Coonan") pursuant to Federal Rule of Civil Procedure 32(a).

## 1.   Touboul

Finjan seeks to play deposition testimony from its own inventor taken in a 2015 lawsuit that did not involve Juniper. Juniper was neither present nor represented at Touboul's deposition. Finjan should not be permitted to present this testimony, as it would violate Federal Rule of Civil Procedure 32(a)(1)(A)'s requirement that "the party [against whom the testimony seeks to be used] was present or represented at the taking of the deposition or had reasonable notice of it."

Moreover, on November 5, 2018, Finjan informed Juniper that Finjan did not intend to call Touboul at this trial. Juniper therefore agreed to postpone Touboul's deposition until after the trial. It would be unfair to allow Finjan to reverse course now.

## 2.   Manthena

Raju Manthena is a Juniper software engineer who reports to Chandra Nagarajan (whose deposition testimony will be presented at trial tomorrow). Rule 32(a)(3) would permit the use of Mr. Manthena's deposition only if he had been an "officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)," which he is not. When an individual is "required to seek higher approval of decisions of substance in regard to general operations of the corporation," that individual is likely not a managing agent. *Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 524 (D. Utah 2003). The burden of establishing that a witness is a managing agent is on the party seeking to introduce deposition testimony. *Juarez v. Autozone Stores, Inc.*, 2013 WL 12066127, at *3 (S.D. Cal. Nov. 8, 2013). Juniper has asked Finjan

repeatedly why it believes Mr. Manthena could qualify as an officer, director, or managing agent. To date, Finjan has not replied.

Here, Finjan has not carried its burden. Manthena is not Juniper's officer, director, managing agent, or designee, he is a principal software engineer. Manthena needs to seek higher approval for decisions because he reports to Chandra Nagarajan. The Court should not allow Finjan to play Mr. Manthena's deposition.

**3.      Coonan**

Coonan is an in-house attorney at Juniper who reports to Meredith McKenzie, Juniper's Deputy General Counsel. No other employee reports to him, and he does not have general authority to bind Juniper without approval from others. Accordingly, his deposition testimony is also not authorized by Rule 32(a)(3).

In addition, Juniper will be calling Coonan to testify in its-case. Juniper has offered to allow Finjan to go beyond the scope of Juniper's direct examination on its cross.

Additionally, Finjan has not complied with the Court's standing order. Under paragraph 20(a), Finjan needed to designate the testimony that Finjan intended to play at least five calendar days in advance. Finjan instead served its original designations on December 6, 2018, and made substantial revisions on December 7, 2018. Because Finjan has not complied with the standing order, Finjan cannot play Coonan's deposition at the trial.

Thus, the Court should deny Finjan's request to present Coonan's deposition.

In light of this reasoning, Juniper implores the Court to deny Finjan's request to show the depositions of Touboul, Manthena, and Coonan.

> Respectfully submitted,
> */s/ Joshua Glucoft*
> Joshua Glucoft
> IRELL & MANELLA LLP
> *Attorneys for Defendant Juniper Networks, Inc.*