IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

    Plaintiff,

  v.

JUNIPER NETWORKS, INC.,

    Defendant.

No. C 17-05659 WHA

**FINAL CHARGE TO THE JURY**

1.

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits which have been received into evidence;

3. The sworn testimony of witnesses in depositions, read into evidence; and

4. Any facts to which all the lawyers have stipulated here in the courtroom before you. You must treat any stipulated facts as having been conclusively proven.

3.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may

find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

4.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

> 1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
>
> 2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.
>
> 3. Objections by lawyers are not evidence. Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence. You should not be influenced by any question, objection, or the Court's ruling on it.
>
> 4. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

6.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have

testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence.

7.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness's present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness's testimony or between a witness's testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

9.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

10.

In this case, you have heard testimony that Scott Coonan recorded a phone call with John Garland while in North Carolina. As far as this case is concerned, there was nothing illegal about recording that phone call in that manner. Both parties to the call have accused each other of unethical behavior. You may take those allegations into account in determining the witnesses' credibilities and/or what occurred during the phone call. Again, however, there was nothing illegal about the recording of the call itself.

11.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, any bias of the witness, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

12.

In these instructions, I will often refer to a party's "burden of proof." Let me explain what that means. When a party has the burden of proof on any issue by a preponderance of the evidence, it means you must be persuaded by the evidence that the allegation is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

13.

On any issue, if you find that plaintiff carried its burden of proof as to each element of a particular issue, your verdict should be for plaintiff on that issue. If you find that plaintiff did not carry its burden of proof as to each element, you must find against plaintiff on that issue. This same principle also applies to defendant on issues for which it has the burden of proof.

14.

I will now turn to the law that applies to this case. Here is a brief summary of the issues and defenses in this case. As you know, in this lawsuit Finjan seeks money damages from defendant Juniper for allegedly infringing Claim 10 of the '494 patent. I will refer to Claim 10

<mark>United States District Court
For the Northern District of California</mark>

1 as the "asserted claim" or "claimed invention." You must assume that Claim 10 is valid. The
2 products that Finjan contends infringe the asserted claim are Juniper's (1) SRX Gateways used
3 in combination with Sky ATP, and (2) Sky ATP alone. I will refer to these products as the
4 "accused products." For purposes of this case for infringement, you will only need to determine
5 whether the accused products satisfy the last limitation of Claim 10.

6 Juniper denies infringement. Juniper further argues that Finjan cannot recover damages
7 because Finjan did not comply with the notice requirements under the Patent Act, which require
8 that Finjan show that it gave Juniper either constructive or actual notice of infringement. If you
9 find that notice was given, then any damages would be allowed after that date but not before.

10 Your job is to decide whether (1) Juniper's accused products infringe Claim 10, and (2)
11 Finjan complied with the notice requirements under the Patent Act. In the event that you find
12 that Claim 10 has been infringed and Finjan complied with the notice requirements, the issue of
13 damages is no longer an issue you need to decide. Instead, the Court will decide the issue of
14 damages. I will provide you with a special verdict form to help organize the questions you must
15 address.

15.

17 As you know, the patent claims are the numbered paragraphs at the end of each patent.
18 The claims are important because they specifically define the exclusive rights granted by the
19 Patent Office. The figures and the specification in the rest of the patent provide a description
20 and/or examples of the invention and provide a context for the claims but the claims define how
21 broad or narrow the patent holder's rights are. It is often the case that a patent specification and
22 its figures disclose more than the specific matter claimed as an invention, so it is important to
23 keep straight what the specification says versus what the claims say.

16.

25 I am required further to define the meaning of the claim terms in dispute. So, I have
26 already determined the meaning of certain terms of Claim 10 of the '494 patent. I am now
27 going to instruct you on the meaning of some of the words and phrases in the asserted claim.
28 You must accept and use this meaning in your deliberations.

<mark>7</mark>

*Downloadable*: The term "Downloadable" means an executable application program, which is downloaded from a source computer and run on the destination computer.

*Database manager*: The term "database manager" means a program or programs that control a database so that the information it contains can be stored, retrieved, updated and sorted.

*List of suspicious computer operations*: The term "list of suspicious computer operations" means list of computer operations in a received Downloadable that are deemed hostile or potentially hostile.

*Scanner*: The term "scanner" means software that searches code to identify suspicious patterns or suspicious computer operations.

*Database*: The term "database" means a collection of interrelated data organized according to a database schema to serve one or more applications.

You must accept these definitions as established for purposes of your deliberations and verdict. You may, however, consider all of the evidence in the case as to whether or not these definitions have been satisfied except that if a witness based his view on meanings of the terms contrary to my stated definition, you should discount that part of his testimony accordingly.

For a claim term for which I have not provided a definition, you should apply the ordinary meaning. You are to apply my definitions of these terms throughout this case. However, my interpretation of the language of asserted claim should not be taken as an indication that I have a view regarding issues such as infringement. Those issues are yours to decide.

17.

Finjan has the burden of proof on the issue of infringement. Finjan must persuade you that it is more likely than not that Juniper has infringed Claim 10.

18.

The first question on the special verdict form asks whether Finjan has proven by a preponderance of the evidence that Juniper's accused products meet the last limitation of Claim 10 of the '494 patent, namely, the last limitation that reads "a database manager coupled with

said Downloadable scanner, for storing the Downloadable security profile data in a database." The Court and the parties agree that all limitations of Claim 10 are met except the parties disagree whether the "database" limitation is met. You must decide whether the database limitation is met as that term is used in the claim.

19.

To decide whether Juniper's accused products infringe Claim 10, you must compare the product with the asserted claim and determine whether every requirement (or limitation) of the claim is included in that product. If so, Juniper's products infringe that claim. If, however, Juniper's products do not have every requirement in Claim 10, then Juniper's products do not infringe that claim.

20.

In the event you determine there is no infringement, then there is nothing left for you to decide, as noted in the special verdict form. But if you find that there is infringement, then you must determine the notice issue.

21.

Finjan is not entitled to seek damages for infringement if it did not give notice of infringement of the '494 patent. The second and third questions on the special verdict form address this issue. There are two ways Finjan, who bears the burden of proof, can show that it gave notice.

22.

The first way is to give constructive notice to the public in general by marking its products. Finjan can do this by placing on substantially all of the products it sold by itself and its '494 licensees that included the patented invention either (1) the word "patent" or the abbreviation "pat." with the patent number, or (2) "patent" or "pat." and a free internet address where there is a posting that associates the product with the patent number.

With respect to licensee products, Finjan bears the burden to prove that it is more likely than not that either (1) the products identified by Juniper do not practice the patented invention,

or (2) that it made reasonable efforts to ensure that these products were marked with the '494 patent.

This type of marking notice is effective from the date Finjan and its '494 licensees began to mark substantially all of their products that use the patented invention with the patent number. If Finjan and its '494 licensees did not mark substantially all of their products that use the patented invention with the patent number, then Finjan did not provide notice in this way.

23.

A second way Finjan can provide notice is to affirmatively communicate to Juniper a specific charge that Juniper's accused products infringe the '494 patent. This actual notice is effective from the time it is given.

24.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

25.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations.

26.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

    1. All of the exhibits received into evidence;

    2. A work copy of these jury instructions for each of you;

    3. A work copy of the verdict form for each of you; and

    4. An official verdict form.

You do not have to discuss the questions in the strict sequence indicated in the special verdict form, but you must, by the end, answer them unanimously as indicated in the form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels containing your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

27.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson, or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

28.

You have been required to be here each day from 7:45 a.m. to 1:00 p.m. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your

deliberations by 8:00 a.m. If you do not reach a verdict by the end of today, then you will resume your deliberations on Monday and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at all times the jury is deliberating.

29.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived, or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

30.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date, and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold on to the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: December 14, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>JUNIPER NETWORKS, INC.,<br><br>    Defendant. | No. C 17-05659 WHA<br><br>**SPECIAL VERDICT FORM** |

When answering the following questions and filling out this special verdict form, please follow the directions provided throughout this special verdict form and the final charge to the jury. Your answer to each question must be unanimous.

We, the jury, unanimously agree to the answers to the following questions as our verdict.

# INFRINGEMENT?

1. Has Finjan proven by a preponderance of the evidence that Juniper's accused products meet the "database" limitation as that term is used in Claim 10 of the United States Patent No. 8,677,494?

**YES** _____    **NO** _____

*If you answer "Yes," you will have found that Juniper's accused products infringe Claim 10, and you should go to Question No. 2. If "No," then you will have found that Juniper's accused products do not infringe and you are done — go to the end, sign, and date the form.*

# NOTICE?

2. Has Finjan proven by a preponderance of the evidence that Finjan and its '494 licensees marked substantially all of their products covered by the '494 patent and/or Finjan gave actual notice to Juniper that Juniper was infringing the '494 patent through the accused products?

**YES** _____    **NO** _____

*If you answer "Yes," then please answer the next question. If "No," then Finjan is not entitled to damages and you are done — please skip to the end, sign, and date the form.*

3. If you answered "Yes" to Question No. 2, please state the earliest date proven by Finjan by which such marking or actual notice occurred.

**DATE**: _____

*If you answer "Yes" to both Question Nos. 1 and 2 and supply a date for Question No. 3, then the issue of damages shall be for the judge. You need not concern yourself with that issue.*

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. Your presiding juror should then sign and date the verdict form in the spaces below and notify the judge (through the court security officer) that you have reached a verdict. The presiding juror should place the verdict form in the envelope provided and bring it when the jury returns to the courtroom to deliver the verdict.

Dated: December ___, 2018.

_____

PRESIDING JUROR