IRELL & MANELLA LLP
Jonathan S. Kagan (SBN 166039)
jkagan@irell.com
Alan Heinrich (SBN 212782)
aheinrich@irell.com
Joshua Glucoft (SBN 301249)
jglucoft@irell.com
Casey Curran (SBN 305210)
ccurran@irell.com
Sharon Song (SBN 313535)
ssong@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Rebecca Carson (SBN 254105)
rcarson@irell.com
Kevin Wang (SBN 318024)
kwang@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:17-cv-05659-WHA<br><br>**JUNIPER NETWORKS, INC.'S RESPONSE TO POST-TRIAL ORDER (DKT. NO. 348)**<br><br>Hon. William Alsup |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10629697

RESPONSE TO POST-TRIAL ORDER (DKT. NO. 348)
(Case No. 3:17-cv-05659-WHA)

Defendant Juniper Networks, Inc. ("Juniper") respectfully submits this response to the questions posed in the Court's post-trial Order (Dkt. No. 348).

**A.     Juniper's Section 101 Defense, Equitable Defenses And Counterclaims**

Despite the jury's verdict that Juniper's Sky ATP service alone or in combination with Juniper's SRX product does not infringe Claim 10 of the '494 Patent, Juniper's validity and equitable defenses and counterclaims are not moot. These defenses and counterclaims include:

- Juniper's Section 101 defense, which was briefed during early summary judgment and which the parties presented evidence on at the trial.

- Juniper's counterclaim for a declaratory judgment that the '494 Patent is invalid under 35 U.S.C. §§ 102 and 103 (Dkt. No. 218, ¶¶ 188-192), as well as Juniper's first affirmative defense (¶ 140). These counterclaims and affirmative defenses were not briefed during early summary judgment due to factual disputes and were therefore not presented at trial.

- Juniper's counterclaims for a declaratory judgment of the unenforceability of the '494 Patent due to unclean hands and inequitable conduct (Dkt. No. 218, ¶¶ 232-260 (unclean hands counterclaim), ¶¶ 193-212 (inequitable conduct counterclaim)), as well as Juniper's tenth, thirteenth and fourteenth affirmative defenses (¶¶ 150, 162-170). These counterclaims and affirmative defenses were not briefed during early summary judgment due to factual disputes and were therefore not presented at trial.

The defenses and counterclaims identified above remain live issues in this case for at least three reasons. ***First***, Finjan has informed Juniper that it intends to pursue its claims of infringement of the '494 Patent against the Cyphort/ATP Appliance product, which was not at issue in the first round of summary judgment and trial. *See* Ex. 1 (Glucoft/Kastens email chain) at 3. Accordingly, the Court's ruling on Juniper's Section 101 defense is not moot because there are still pending claims of infringement of Finjan's '494 Patent against Juniper. Moreover, if the Court does not invalidate the '494 Patent under Section 101, then Juniper's other defenses and counterclaims concerning the validity and unenforceability of the '494 Patent (*i.e.*, unclean hands,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10629697                                         - 1 -                    RESPONSE TO POST-TRIAL ORDER (DKT. NO. 348)
                                                                                    (Case No. 3:17-cv-05659-WHA)

inequitable conduct, and invalidity under §§ 102 and 103) will remain relevant to the case and should be addressed at the next trial in this matter.

***Second***, Finjan has indicated that it may appeal the verdict of non-infringement as to the products that were at issue in the December trial. *See* https://www.finjan.com/news-media/press-releases/detail/763/jury-finds-non-infringement-of-claim-10-of-finjans. In order to preserve its invalidity and unenforceability defenses and counterclaims in the event that the jury's verdict is overturned on appeal, Juniper would object to the dismissal of those defenses and counterclaims from the case. In particular, Juniper believes that it would be most efficient for the Court to issue its ruling on Juniper's Section 101 defense, given that the evidence on that defense has already been presented to the Court.

***Third***, rulings in Juniper's favor on its affirmative defenses and counterclaims remain relevant to the case because they may entitle Juniper to attorneys' fees, particularly favorable rulings on inequitable conduct and unclean hands. "Prevailing on a claim of inequitable conduct often makes a case 'exceptional' under § 285" (*In re Rembrandt Techs. LP Patent Litigation*, 899 F.3d 1254, 1272 (Fed. Cir. 2018) (quotations and alterations omitted)), and unclean hands can also make a case "exceptional" under § 285 (*see Ardisam, Inc. v. Ameristep, Inc.*, 343 F. Supp. 2d 726, 728 (W.D. Wis. 2004)). Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Therefore, Juniper's affirmative defenses and counterclaims regarding invalidity and unenforceability must still be decided because they are highly relevant factors in the Court's consideration of whether to award attorneys' fees.

Given Finjan's positions regarding the continued viability of the '494 Patent and the potential applicability of the outstanding issues to an attorneys' fees motion, Juniper respectfully requests that the Court issue an order on Juniper's Section 101 defense. *See* Dkt. No. 189 at 18-20 (Court holding that Claim 10 is directed to an abstract idea under Step One of the *Alice* test and waiting "to have the benefit of the trial record for determining whether Claim 10 contains an inventive concept such that it is patent eligible"). To the extent that the Court believes that post-trial briefing on Juniper's Section 101 defense would be helpful, Juniper proposes the following schedule (with page limits following the default rules for motions under L.R. 7-2 and 7-3):

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10629697.1 — - 2 - — RESPONSE TO POST-TRIAL ORDER (DKT. NO. 348)
(Case No. 3:17-cv-05659-WHA)

- February 1, 2018: Juniper's opening brief
- February 22, 2018: Finjan's opposition brief
- March 8, 2018: Juniper's reply brief

Juniper also respectfully requests that the Court issue a formal scheduling order, setting a trial for July 29 on Juniper's remaining invalidity and unenforceability defenses and counterclaims related to the '494 Patent, including inequitable conduct, unclean hands, and invalidity under §§ 102 and 103, which were properly pled, timely identified pursuant to P.L.R. 3-3,[1] and never waived.

### B.  Progress Report On Second Showdown Procedure

With respect to the second showdown procedure, the Court has ordered the parties to disclose their claim selection on or before January 24. *See* Dkt. No. 219. To comply with the Court's Order, Juniper recently requested that Finjan tell Juniper whether it maintained any claims of infringement of the '780 Patent given the Court's Order granting Juniper's Motion for Summary Judgment on Claim 1 of that patent. *See* Dkt. No. 180 (Summary Judgment Order). Juniper assumed that Finjan would drop these claims, in view of the fact that the other asserted claim (Claim 9) is nearly identical to Claim 1 and contains the exact same term that the Court construed in Juniper's favor and found dispositive on the infringement issue. Dkt. No. 180 at 5-10 (construing "performing a hashing function on the Downloadable and the fetched software components to generate a Downloadable ID"); Ex. 2 ('780 Patent) at Column 10, claims 1 and 9. Surprisingly, Finjan responded that "Claim 9 of the '780 Patent is an independent claim, therefore the Court's finding of no infringement for Claim 1 of the '780 Patent on summary judgment does not apply to this claim." Ex. 1 (Glucoft/Kastens email chain) at 1.

Finjan has also indicated that it is still pursuing both Claims 1 and 9 of the '780 Patent against the Cyphort/ATP Appliance product, which was not addressed during the first round of the showdown. *Id*. at 3; Dkt. No. 88 at ¶ 46 (First Amended Complaint added the ATP Appliance to the list of accused products). This is also surprising given that Finjan's infringement contentions

---

[1] On October 25, 2018, Juniper timely served its Initial Election of Prior Art Grounds, which identified six grounds under which the '494 Patent is anticipated and/or obvious among the many grounds identified in Juniper's initial invalidity contentions under P.L.R. 3-3.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10629697.1 - 3 - RESPONSE TO POST-TRIAL ORDER (DKT. NO. 348)
(Case No. 3:17-cv-05659-WHA)

for the Cyphort/ATP Appliance product make clear that its infringement theory rests on an interpretation of the claims that was rejected by the Court during the first showdown procedure. *See* Ex. 3 (Finjan Infringement Contentions) at 6-7 (asserting the same "dropped files" theory that Finjan pursued against Sky ATP and excerpting a data sheet which shows that a separate hash is created for the dropped file).

Juniper believes that Finjan's pursuit of Claim 1 of the '780 Patent against the Cyphort/ATP Appliance product and Claim 9 of the '780 Patent against all of Juniper's products (Sky ATP, SRX and Cyphort/ATP Appliance) is frivolous in view of the Court's prior Order, as will be discussed in further detail in Juniper's upcoming Motion for Sanctions.

Dated: January 10, 2019

Respectfully submitted,

IRELL & MANELLA LLP

By: */s/ Rebecca Carson*
    Rebecca Carson
    *Attorneys for Defendant*
    JUNIPER NETWORKS, INC.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10629697.1

- 4 -

RESPONSE TO POST-TRIAL ORDER (DKT. NO. 348)
(Case No. 3:17-cv-05659-WHA)