IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

Plaintiff,

v.

JUNIPER NETWORKS, INC.,

Defendant.
_____________________________________/

No. C 17-05659 WHA

**ORDER ON RENEWED MOTIONS FOR JUDGMENT AS A MATTER OF LAW, MOTION FOR NEW TRIAL, AND CERTIFICATION FOR INTERLOCUTORY APPEAL**

## INTRODUCTION

In this patent infringement action, both sides move for judgment as a matter of law. For the reasons stated below, patentee's motion is **DENIED** and accused infringer's motion is **HELD IN ABEYANCE**.

## STATEMENT

The parties bring these motions at the end of this action's first trial in the first "showdown" procedure regarding whether defendant Juniper Networks, Inc.'s accused products SRX Gateways with Sky ATP and Sky ATP alone infringe Claim 10 of plaintiff Finjan, Inc.'s United States Patent No. 8,677,494 ("the '494 patent").

By way of background, an order dated August 9, 2018, granted Juniper's motion for summary judgment for noninfringement of Claim 1 of the United States Patent No. 6,804,780 ("the '780 patent"). An order dated August 24, 2018, granted in part Finjan's motion for summary judgment for infringement of Claim 10 of the '494 patent, and found a triable issue

of fact. Trial was then set for December 10, 2018. A *Daubert* order dated December 3, 2018, struck Finjan's damages expert report (Dkt. No. 283).

The remaining issues left for trial were whether Juniper's accused products satisfied the "database" limitation within Claim 10's last element, "a database manager coupled with said Downloadable scanner, for storing the Downloadable security profile data in a database," and damages. As such, the jury was directed to decide, *inter alia*, whether the accused products store Downloadable security profile data in a "database." The parties agreed on (and the Court adopted) the following construction for the "database" limitation: "a collection of interrelated data organized according to a database schema to serve one or more applications" (Dkt. Nos. 126 at 6, 189 at 16).

On December 13, 2018, both sides filed motions for judgment as a matter of law — (1) Finjan for infringement, validity under Section 101, and damages, and (2) Juniper for noninfringement, lack of notice, and no damages (Dkt. Nos. 322, 323). On December 14, 2018, the jury found noninfringement in favor of Juniper (Dkt. No. 333). A post-trial order dated January 2, 2019, required the parties to file any post-trial briefing by January 10 (Dkt. No. 348), which the parties did (Dkt. Nos. 352–53). This order follows full briefing and oral argument.

## ANALYSIS

Under Rule 50(a), judgment as a matter of law is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue." A district court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

### 1. FINJAN'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, MOTION FOR NEW TRIAL, CERTIFICATION FOR INTERLOCUTORY APPEAL.

#### A. Renewed Motion for Judgment as a Matter of Law.

Finjan contends that Juniper failed to rebut its "overwhelming evidence" that the accused products infringe Claim 10 of the '494 patent such that the jury had no legally sufficient evidentiary basis to find noninfringement. This order disagrees.

United States District Court
For the Northern District of California

At trial, Finjan's technical expert Dr. Eric Cole pointed to various Juniper internal documents, which labeled ResultsDB as a "database." Dr. Cole further testified that those documents described ResultsDB as including a "schema" for stored information.

Contrary to Finjan's contention, Juniper's technical expert Dr. Aviel D. Rubin did not focus his arguments "on unsupported or legally irrelevant points" (Dkt. No. 353 at 7). Finjan complains that Dr. Rubin's testimony that the Juniper software engineers' referral to "results database" or "ResultsDB" was a misnomer and mere shorthand (at least in the context of the parties' agreed-upon construction of "database") was without evidentiary support (Dkt. No. 353 at 7). As Juniper points out, however, Dr. Rubin's testimony *itself* constitutes evidence upon which the jury could rely. *G. David Jang, M.D. v. Bos. Sci. Corp.*, 811 F.3d 1275, 1283–84.

And, Dr. Rubin's point that ResultsDB is not a "database" because Dr. Cole's identification of the "database" actually comprised of three distinct storage components — including MySQL, DynamoDB, and S3 databases — was not irrelevant, as Finjan contends. Rather, this point went to Dr. Rubin's noninfringement theory that the accused products do not use a database that *both* stores downloadable security profile data and satisfy the agreed-upon claim construction for "database." (On the other hand, Dr. Cole argued that all three storage components, which are collectively referred to as Results Database (ResultsDB), satisfied Claim 10.) The jury "had the right to rely upon" Dr. Rubin's testimony and "reject any testimony proffered by" Finjan to the contrary. *InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, 751 F.3d 1327, 1343 (Fed. Cir. 2014).

Finjan next asserts that Dr. Rubin "failed to rebut Finjan's substantial evidence that ResultsDB is a database organized according to a database schema," and argues that Dr. Rubin himself acknowledged that ResultsDB contained a schema, *e.g.*, JSON schema (Dkt. No. 353 at 9). Finjan complains that Dr. Rubin used "improper and arbitrary distinctions" that allegedly added unnecessary limitations to show that those schemas did not satisfy Claim 10's "database" and takes issue with various aspects of Dr. Rubin's testimony. The jury, however, was free to credit Dr. Rubin's testimony over Dr. Cole's testimony regarding whether the

accused products included a "database schema," and ultimately Dr. Rubin's noninfringement theory, and there was substantial evidence to do so.

At bottom, drawing all reasonable inferences in favor of Juniper (the nonmoving party), this order finds that there exists substantial evidence supporting the jury's verdict of noninfringement. Accordingly, Finjan's renewed motion for judgment as a matter of law is **DENIED**.

**B. Motion for New Trial.**

Finjan requests, in the alternative, for a new trial under Rule 59 based on (1) the issues it raised in connection with its renewed motion for judgment as a matter of law, and (2) Juniper's alleged improper conduct at trial, including (a) error for not instructing the jury on the construction of "database schema," (b) prejudice based on Juniper's presentation of irrelevant evidence comparing Claim 1 of the '494 patent to Claim 10, and (c) Juniper's "intentional[] and detrimental[] withh[olding of] information regarding its revenues for the accused products" (Dkt. No. 353 at 14). This order finds that none of these are grounds for a new trial. Again, Finjan continues to argue about Juniper's allegedly "overly restrictive definition" of "database schema" — an argument this order has already rejected. Nor does Finjan offer any evidence that Juniper's evidence of Claim 1's invalidity under Section 102 presented at trial prejudiced Finjan in any way. That is, there is no evidence that this testimony, which relates to *invalidity* rather than *noninfringement*, "confused and prejudiced the jury against Claim 10" in any way. And, Finjan fails to show how an issue related to *damages* could serve grounds for a new trial based on a verdict finding *noninfringement*.[1] The issue of damages is therefore moot. As such, Finjan has failed to show some miscarriage of justice such that it is entitled to a new trial. Accordingly, Finjan's motion for a new trial is **DENIED**.

---

[1] And, contrary to Finjan's repeated contention that the Court erred in capping Finjan's reasonable royalty amount to Juniper's actual revenues, the Court held, *in connection with Finjan's expert report*, that Finjan's asserted damages of $60–70 million simply was not credible in light of Juniper's $1.8 million in actual revenue (*see* Dkt. No. 283 at 4). The *Daubert* order striking Finjan's damages expert report had nothing to do with a *per se* capping of damages to Juniper's revenue. To repeat, that order simply found that Finjan's damages expert used an unreliable methodology. Moreover, Finjan was allowed to proceed with its damages case at trial, which it did, just without testimony from its damages expert. And, Juniper's Rule 50 motion regarding damages was granted because Finjan failed to apportion its damages from accused and non-accused features (Dkt. No. 339 at 837:17–838:25).

**C. Motion for Certification for Interlocutory Appeal.**

Finjan next requests in the alternative for certification of the orders (1) denying Finjan's motion for new trial on infringement, (2) granting Juniper's Rule 50 motion of no damages, and (3) granting Juniper's motion for summary judgment of nonfringement of Claim 1 of the '780 patent (Dkt. No. 353 at 21). It asserts that those orders "involve a controlling question of law," including whether Dr. Rubin's alleged use of his own claim construction can support a jury verdict, whether Finjan was entitled to a greater damages amount, and whether the Court properly construed Claim 1 of the '780 patent (Dkt. No. 365 at 15). Finjan also argues that there is "substantial ground for difference of opinion," such as other district courts' interpretation of Claim 1 of the '780 patent, which do not require a Downloadable ID to be a "single hash value." Therefore, according to Finjan, an "immediate appeal" can "materially advance the ultimate termination of the litigation" (*ibid*.). *See* 28 U.S.C. § 1292(b). As such, Finjan also requests a stay of the second showdown procedure currently underway.

For the reasons stated at oral argument, and based on the parties' joint letter dated March 8 (Dkt. No. 386), Finjan's request for certification for interlocutory appeal is **DENIED**.

**2. JUNIPER'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW.**

Juniper moves for a motion for judgment as a matter of law on the issue of notice (Dkt. No. 352). Finjan argues that this post-trial motion is defective, as the jury found for Juniper on the issue of noninfringement and thus the issue of notice is moot (Dkt. No. 357 at 1–2).

This order finds that Juniper's motion on the notice issue is premature and thus defers ruling on this issue. Accordingly, the motion is **HELD IN ABEYANCE**.

## CONCLUSION

For the foregoing reasons, Finjan's motion is **DENIED** and Juniper's motion is **HELD IN ABEYANCE**. We will continue on to the next round of claims for adjudication.

**IT IS SO ORDERED.**

Dated: March 11, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE