# Kramer Levin



**Paul Andre**
Partner
**T** 650-752-1700
**F** 650-752-1800
PAndre@KRAMERLEVIN.com

990 Marsh Road
Menlo Park, CA 94025-1949
**T** 650.752.1700
**F** 650.752.1800

March 18, 2019

Honorable William Alsup
U.S. District Court, Northern District of California
San Francisco Courthouse
Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:     *Finjan, Inc. v. Juniper Networks, Inc.*, Case No. 3:17-cv-05659-WHA

Dear Judge Alsup:

Plaintiff Finjan, Inc. ("Finjan") respectfully requests that Defendant Juniper Networks, Inc. ("Juniper") be ordered to make its source code available for inspection on either March 20th or 21st, 2019, so that Finjan and its expert can investigate allegations made by Juniper in its Opposition brief filed on March 14th, 2019.  Finjan timely requested to review this source code on March 13th, but Juniper has refused to make it available without any specific basis beyond stating it has generic "staffing" issues.  As a source code review can typically be easily accommodated, Finjan asked Juniper to state in writing what these staffing issues are and to confirm that they actually prevent Juniper from hosting a review, which Juniper has not done after three separate requests.  Finjan's immediate investigation of this source code is important because Juniper cites in its Opposition source code that it did not attach to its brief, to which Finjan did not cite in its opening brief, and to which Finjan does not have access without viewing on the source code review computer.  Finjan only has until April 1st to file its reply, and its expert, who is located in Boston, is only available on March 20th and 21st to review the source code.  While Finjan certainly wished to resolve this issued without involving the Court, the time sensitive nature unfortunately requires immediate intervention from the Court.  Juniper's failure to confirm that it could not actually host the review indicates that Juniper is intentionally frustrating Finjan's ability to review its source code before Finjan files its reply.

## I.      Background

On March 13th, 2019, Finjan timely requested to review Juniper's source code on March 20th, 2019, identifying that its expert and two attorneys would attend.  Ex. A at 10-

**Hon. William Alsup**
March 18, 2019



11.  In response, Juniper stated that it may be "problematic" to host a source code review that date.  Ex. A at 10.  Finjan responded, stating that its expert would be attending the review and has very little availability and asked Juniper to explain why it could not host the review that day.  Ex. A at 8.  Juniper again responded that it may not be able to host on the 20th because of "staffing logistics," without further explanation.  Ex. A at 7.  Finjan immediately responded, and yet again asked Juniper to confirm that this alleged staffing issue actually prevented it from hosting a source code review on the 20th, and stated, if so, Finjan would seek alternative dates.  Ex. A at 6.  Juniper responded that the issue was "a simple scheduling issue" without further explanation.  Ex. A at 5.  Juniper then responded at 4:18PM on Friday, March 15th, that "it appears unlikely that March 20" would work for a review and asked Finjan to provide alternative dates.  Ex. A at 4.  Finjan responded at 5:04PM that it could also review, at great inconvenience to its expert, on March 21st instead. Ex. A at 3.  Finjan called Juniper's counsel at around 5:15PM to discuss the scheduling issue that was preventing the source code review, and asked Juniper's for a call to discuss.  Ex. A at 3.  Juniper did not return Finjan's call, and responded to Finjan's email at 11:32 PM that night, stating that it was concerned that March 21st would also not work, and that Finjan should inspect the code in April.  Ex. A at 2.  Finjan responded that it needed to review before it filed its reply brief, and that it understood Juniper to be refusing to make its source code available to review on either the 20th or 21st, and to provide in writing the scheduling issue that prevented the review and whether Juniper represented that it cannot host the review on either March 20th or 21st, or Finjan would ask the Court to intervene. Ex. A at 1.  Juniper responded at 11:00 PM on March 17th that it would print out some of the source code cited by its expert, but did not respond to Finjan with any explanation for why the full source code was not available on March 20th or 21st.  Ex. A at 1.

## II.      Argument

Finjan timely requested to review Juniper's source code seven days before the requested inspection, as required under the protective order, and Juniper has refused to make the code available on either of the dates that Finjan has provided: March 20th or 21st.  Juniper has been unwilling to confirm that it has a legitimate reason for this refusal, instead of it being an unseemly tactic to frustrate Finjan's review.  Finjan's timely review is important, because Juniper cites source code in its opposition to Finjan's Motion for Summary judgment that Finjan does not have in its possession.  For example, Juniper's expert cites source code that Finjan did not cite in its opening brief, and which Juniper did not attach a copy of to its opposition brief.  See, e.g., Dkt. No. 390-1 at 12-13, 20, 22. While Juniper agreed to produce some of this source code late last night, Finjan should still be able to review it in the full context of the source code.  Furthermore, as Finjan just

**Hon. William Alsup**
March 18, 2019



received Juniper's opposition a few days ago, there may be additional issues that will require investigation into Juniper's source code.  Finjan should be able to review Juniper's source code with input from its expert in preparation of its reply brief.

It is not difficult for Juniper to make its code available for inspection—all that is required of Juniper is a single staff member to monitor the review.  This could be performed by any staff member at Juniper's office, including an attorney, although an attorney is not required.  Additionally, Juniper has availability on these dates, as it has repeatedly requested Dr. Mitzenmacher's deposition on the 20th and 21st.  Finjan has also given Juniper numerous opportunities to affirmatively state that it could not host the review on these dates, to which Juniper continually gives non-committal answers.  Given the circumstances, Finjan's is only able to conclude that Juniper's refusal to make the source code available on either the 20th or 21st is a smoke screen to frustrate Finjan's attempts to review its source code.  As such, Finjan requests that the Court order Juniper to make its source code available on either March 20th or the 21st for inspection.

**III.      Conclusion**

Finjan requests that the Court order Juniper to make the source code available for inspection on March 20th or 21st.


Sincerely,

Paul J. Andre
*Counsel for Plaintiff Finjan, Inc.*