IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
**NEWPORT BEACH, CALIFORNIA 92660-6324**

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (949) 760-5222
RCarson@irell.com

March 19, 2019

Hon. William Alsup
U.S. District Court, Northern District of California

Re:     *Dkt. No. 394, Finjan, Inc. v. Juniper Networks, Inc.,*
        *Case No. 3:17-cv-05659-WHA (N.D. Cal.)*

Dear Judge Alsup:

The Court should deny Finjan's letter brief regarding the source code computer because it is both premature and moot.

Because Finjan had already spent 13 days reviewing the source code computer in connection with the second round of early summary judgment and both parties have already filed opening and opposition briefs including expert declarations, Juniper assumed that Finjan's recent request to review source code was related to infringement allegations for patents not at issue in this round of early summary judgment.  And because the Court had previously vacated the fact discovery cut-off date for those other patents (Dkt. 348), Juniper did not believe there was an immediate need for source code review to occur this week.  Therefore, given staffing limitations,[1] Juniper preferred to host the next code review a week or two later than Finjan's originally requested dates of March 20th and 21st.  *See* Dkt. 394-1 at 4 (Juniper: "Because the Court vacated the fact discovery cutoff date, we should have no trouble finding mutually agreeable dates, even accommodating travel schedules.").

It was not until two days ago, on Sunday March 17th, that Finjan claimed its requested source code review relates to the current round of summary judgment motions.  Finjan's Sunday e-mail says that Finjan needs this immediate review in order to inspect code that Juniper allegedly "raised for the first time in [Juniper's] opposition before [Finjan] fil[es] its reply brief." Dkt. 394-1 at 1.  But this is clearly a pretext: Finjan requested the code review on March 13th— the day *before* Juniper filed its opposition.  *Compare*  Dkt. 394-1 at 10-11 (Finjan requesting on March 13th to review the source code) *with* Dkt. 390 (Juniper opposition brief filed March 14th). Thus, the calendar reveals that Finjan lied to Juniper and this Court about its "need" to review Juniper's source code on an expedited basis.  Finjan also failed to inform the Court that Finjan has suggested March 28th and 29th as additional dates for source code review, which would occur before Finjan's reply brief is due (Ex. 2), or that Juniper had informed Finjan that the 28th might work (Dkt. 394-1 at 1).

---

[1] Finjan's originally requested review dates of March 20th and 21st are logistically difficult for Juniper because some of Juniper's counsel's staff are on leave that week, so the staff member who normally proctors the source code review will be covering the reception desk.

IRELL & MANELLA LLP
A REGISTERED  LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Notwithstanding Finjan's dishonest attempt to manufacture a timing emergency, Juniper has been trying to work with Finjan to provide the requested source code.  Juniper acknowledged that its expert, Dr. Rubin, discussed several specific source code functions in his opposition declaration but only physically attached code for representative functions due to page limitations. Dkt. 389-6 at ¶ 56 (Rubin declaration: "The handle_verdict_code() function is representative of the others").  As a result, even though Finjan has already spent almost three weeks reviewing Juniper's source code—which includes all of the functions identified by Dr. Rubin—Juniper expressly agreed to print out and produce this code to Finjan.  Dkt. 394-1 at 1 (Juniper: "Dr. Rubin attached as an exhibit some representative code for specific functions; we will produce the other code for functions that Dr. Rubin specifically cited but did not attach due to page limits."). And Juniper agreed to do this the day before Finjan filed its motion.

In short, before Finjan filed its motion, Juniper had already agreed to produce the code discussed above, and Juniper expects to confirm at least one additional date for source code review (March 28th or 29th) by this Wednesday, March 20th—well before Finjan's reply is due on April 4th.[2]  Finjan's motion should therefore be denied as premature and moot.

Respectfully submitted,

 /s/ Rebecca L. Carson
Rebecca L. Carson
IRELL & MANELLA LLP
*Attorneys for Defendant*
Juniper Networks, Inc.

---

[2]  Possibly as part of its effort to manufacture a timing emergency, Finjan's letter brief incorrectly states that its reply brief is due April 1st (Dkt. 394 at 1); reply briefs are not actually due until April 4th.  *See* Dkt. 219 (reply briefs due April 4th).