# Kramer Levin



Paul Andre
Partner
T 650-752-1700
F 650-752-1800
PAndre@KRAMERLEVIN.com

990 Marsh Road
Menlo Park, CA 94025-1949
T 650.752.1700
F 650.752.1800

**March 22, 2019**

Honorable William Alsup
U.S. District Court, Northern District of California
San Francisco Courthouse
Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Finjan, Inc. v. Juniper Networks, Inc.*, Case No. 3:17-cv-05659-WHA

Dear Judge Alsup:

Plaintiff Finjan, Inc. ("Finjan") respectfully requests that Defendant Juniper Networks, Inc. ("Juniper") be compelled to comply with the Court's March 19th Order (Dkt. No. 399) and provide hard copies of the source code that it relies on for its Opposition.  Currently, an attorney for Finjan is scheduled to review Juniper's source code on the 28th, but this alone is insufficient.  Specifically, Finjan requires hard copies of this source code so it can be analyzed by Finjan's expert (who is unavailable on the 28th for an in-person review), used as an exhibit during the deposition of Juniper's expert, and attached as an exhibit for Finjan's Reply Brief.

### Background

In its March 18th Letter, Finjan requested that Juniper be compelled to make the source code available for inspection on either March 20th or 21st because Finjan timely requested a review, and Juniper cited source code in its opposition to which Finjan did not have access.  *See* Dkt No. 394 at 1-2.  The Court issued an order on March 19th, stating that "Juniper Networks, Inc. shall produce to Finjan all of the source code requested by Finjan with respect to the instant discovery request."  Dkt. No. 399 (emphasis added).  The Court then also ordered Juniper to also make the full source code repository available for inspection, stating that Juniper must also "give Finjan fair opportunity to review source code more broadly."  *Id*. (emphasis added).  Based on the Court's Order, Juniper was to produce printouts of the source code it relied on and also make the source code available for inspection.

Hon. William Alsup
March 22, 2019



On March 21st, Finjan identified the source code that Juniper cited in its Opposition to confirm that Juniper would be producing hard copies of these files on March 28th. Exhibit A attached hereto at 1-2. Juniper responded that it will only make its source code available for inspection on March 28th, but would not produce any hard copies of the identified source code. *Id.* at 1.

**Argument**

The Court should enforce its March 19th order, stating that "Juniper Networks, Inc. shall produce to Finjan all of the source code requested by Finjan with respect to the instant discovery request," Dkt. No. 399 (emphasis added), and compel Juniper to provide hard copies because Finjan requires these printouts for several reasons. First, Finjan's requires them so that its expert can analyze the code cited by Juniper. As Finjan stated in its March 18th Letter (Dkt. No. 394 at 1), its expert is unavailable to review on March 28th, and was only available on March 20th and 21st. Juniper knows full well that Finjan's expert cannot review on the 28th, because that is the very day that Juniper is taking his deposition in Boston. *See* Exhibit A at 3. Thus, Juniper's offer to review source code on March 28th, which was the only day that Juniper claims it can make its source code available, was intended to thwart Finjan's ability to review the source code, since Juniper knew that it was taking Finjan's expert deposition all day on March 28th on the other side of the country from where Juniper is making its source code available. Thus, Finjan will need hard copy printouts of the source code so Finjan's expert can provide his input. Additionally, Finjan will need hard copies to use during the deposition of Juniper's expert and potentially to attach as exhibits to its Reply brief. As such, Finjan requires these hard copy printouts to fully prepare its response to Juniper.

Finjan further requests that that when its attorney reviews the source code on March 28th, that Finjan will be allowed to print any source code referenced in Juniper's Opposition, and that these will not count against any limits on the number of pages that Finjan is allowed to print.

Sincerely,

*/s/ Paul Andre*
Paul Andre

2