1   IRELL & MANELLA LLP
Jonathan S. Kagan (SBN 166039)
2   jkagan@irell.com
Joshua P. Glucoft (SBN 301249)
3   jglucoft@irell.com
1800 Avenue of the Stars, Suite 900
4   Los Angeles, California 90067-4276
Telephone: (310) 277-1010
5   Facsimile: (310) 203-7199

6   Rebecca L. Carson (SBN 254105)
rcarson@irell.com
7   Ingrid M. H. Petersen (SBN 313927)
ipetersen@irell.com
8   Kevin Wang (SBN 318024)
kwang@irell.com
9   840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
10   Telephone: (949) 760-0991
Facsimile: (949) 760-5200

11

*Attorneys for Defendant*
12   JUNIPER NETWORKS, INC.

13                    **UNITED STATES DISTRICT COURT**

14                   **NORTHERN DISTRICT OF CALIFORNIA**

15                        **SAN FRANCISCO DIVISION**

16   FINJAN, INC.,                          ) Case No. 3:17-cv-05659-WHA
                                            )
17              Plaintiff,                   ) **DEFENDANT JUNIPER NETWORKS,**
                                            ) **INC.'S ADMINISTRATIVE MOTION TO**
18        vs.                                ) **FILE UNDER SEAL**
                                            )
19   JUNIPER NETWORKS, INC.,                 ) Judge: Hon. William Alsup
                                            )
20              Defendant.                   )
                                            )
21   _____

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10664264

JUNIPER'S ADMINISTRATIVE MOTION
TO FILE UNDER SEAL
(Case No. 3:17-cv-05659-WHA)

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Juniper Networks, Inc., ("Juniper") files this administrative motion to file under seal in light of the Court's order permitting each party to file one comprehensive motion by April 11 at Noon regarding Docket Numbers 90, 95, 97, 99, 112, 125, 127, 132, 136, 151, 153, 156, 170, 228, 229, 236, 238, 244, 246, 254, 261, 276, 304, 351, 359, and 364 (the "respective dockets"). *See* Dkt. 388. Attached Exhibit A lists the documents that Juniper previously filed that Juniper requests to seal. Attached Exhibit B lists the documents that Finjan, Inc., ("Finjan") previously filed that Juniper requests to seal.

This motion is based upon this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Ingrid Petersen (the "Sealing Declaration"); other evidence and arguments that the Court may consider; and all other matters of which the Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rules 7-11 and 79-5, Juniper hereby brings this administrative motion to seal or redact the documents in the respective dockets that disclose Juniper's confidential (1) source code, (2) license agreements, or (3) communications between Finjan and Cyphort that a nondisclosure agreement covers.

It is well established that the right to inspect and copy judicial records is not absolute but rather is subject to a number of exceptions to guard against harmful use of sensitive materials. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "'Compelling reasons' sufficient to outweigh the public's interest in disclosure exist when court records might become a vehicle for improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."[1] *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (internal quotations and alterations omitted) (quoting *Kamakana*, 447

---

[1] Not all of these documents are attached to dispositive motions, so Juniper needs to show only "good cause." But these documents meet the higher "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1179.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10664264

- 1 -

JUNIPER'S ADMINISTRATIVE MOTION
TO FILE UNDER SEAL
(Case No. 3:17-cv-05659-WHA)

F.3d at 1179).   Under Ninth Circuit law, trade secrets are "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."   *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting RESTATEMENT (FIRST) OF TORTS § 757 cmt. b); *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972).

Civil Local Rule 79-5 supplements the "compelling reasons" standard.   Under this rule, a party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law."   *Id.*   Additionally, "[t]he request must be narrowly tailored to seek sealing only of sealable material."   *Id.*

Juniper requests that the Court permit Juniper to seal three types of information because compelling reasons exist:  (1) confidential source code, (2) confidential license agreements, and (3) confidential settlement discussions between Finjan and Cyphort.

**A.    Confidential Source Code**

Courts within the Northern District of California have concluded that "[c]onfidential source code clearly meets the definition of a trade secret . . . [and therefore] meets the 'compelling reasons' standard."   *Fed. Trade Comm'n v. DIRECTV, Inc.*, No. 15-CV-01129-HSG, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017) (second alteration in original) (quoting *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012), *rev'd on other grounds*, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214 (Fed. Cir. 2013)); *see also Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *3 (N.D. Cal. Mar. 17, 2017).

Several of the documents in Exhibits A and B disclose Juniper's confidential source code—the computerized instructions describing exactly how Juniper's products work—so compelling reasons exist to seal or redact the documents.

For its source code, Juniper has accumulated significant research and development costs, and this sensitive trade secret is the foundation of Juniper's highly proprietary software.  By permitting competitors to receive this information without also spending development costs, public disclosure of Juniper's source code would materially impair Juniper's intellectual property rights

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10664264

- 2 -

JUNIPER'S ADMINISTRATIVE MOTION
TO FILE UNDER SEAL
(Case No. 3:17-cv-05659-WHA)

1  and business positioning.

2        Because the disclosure of Juniper's source code would cause serious competitive

3  consequences, Juniper takes numerous measures to maintain the secrecy of this information.  The

4  protective order in this action, for instance, details the significant lengths Juniper has taken to protect

5  its source code.  As the protective order describes, "[t]he source code shall be made available for

6  inspection on a PC which may be a laptop PC and which may be provided without USB ports."  Dkt.

7  No. 149 at 13.  Additionally, "[t]he secured computer may be placed in a secured room without

8  Internet access or network access to other computers, and the Receiving Party shall not copy,

9  remove, or otherwise transfer any portion of the source code onto any recordable media or

10  recordable device."  *Id.*  Juniper has also implemented strict screening procedures for visitors at its

11  engineering campus.

12        Perhaps most importantly, publicly exposing the source code presents a security risk.

13  Because the source code is at the center of Juniper's network security products, permitting the

14  disclosure of the source code could significantly harm the users of Juniper's products.

15        Although the trial did disclose some of Juniper's source code, *see* Trial Ex. 99, the parties

16  did not reveal the entire source code at trial.  The portions of source code that Juniper seeks to keep

17  sealed is still confidential, and the aforementioned harm will occur should the Court deny Juniper's

18  request.

19        **B.**    **Confidential License Agreements**

20        According to the Ninth Circuit, confidential terms of patent license agreements, such as

21  "pricing terms, royalty rates, and guaranteed minimum payment terms," satisfy the "compelling

22  reasons" standard.  *Elec. Arts*, 298 F. App'x. at 569-70 (holding district court erred by refusing to

23  seal confidential licensing information under the "compelling reasons" standard).  As the Ninth

24  Circuit noted, this information "plainly falls within the definition of 'trade secrets.'"  *Id.* at 569.

25        As listed in Exhibits A and B, several of the documents that Juniper seeks to seal or redact

26  contain information regarding confidential license agreements.  These documents disclose specific

27  details such as pricing, types of payments, and scope of licenses.  Because the parties did not reveal

28  these granular details at trial, they are still confidential.  Additionally, should third parties have

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10664264

- 3 -

JUNIPER'S ADMINISTRATIVE MOTION
TO FILE UNDER SEAL
(Case No. 3:17-cv-05659-WHA)

access to this information, Juniper will enter potential negotiations at a disadvantage.  Compelling

reasons therefore exist for sealing these documents.

**C.     Nondisclosure Agreement**

Additionally, several documents in Exhibits A and B contain discussions between Finjan

and Cyphort regarding patent licensing/settlement negotiations.  These discussions fall under the

protection of Federal Rule of Evidence 408 and the Nondisclosure Agreement between Finjan and

Cyphort.

Accordingly, "compelling reasons" exist for sealing the documents contained within

Exhibits A and B.  And by seeking to seal only the portions that contain the source code, license

agreements, or confidential negotiations, Juniper's request is narrowly tailored.  In light of the

foregoing reasons, Juniper respectfully requests that the Court issue an order sealing the disclosure

of Juniper's source code, license agreement terms, and confidential negotiations in the documents

identified in Exhibits A and B.

Dated:  April 11, 2019                               Respectfully submitted,

                                                      IRELL & MANELLA LLP

                                                      By:  */s/ Ingrid Petersen*
                                                           Ingrid Petersen
                                                           *Attorneys for Defendant*
                                                           Juniper Networks, Inc.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10664264                                    - 4 -

JUNIPER'S ADMINISTRATIVE MOTION
TO FILE UNDER SEAL
(Case No. 3:17-cv-05659-WHA)