# Kramer Levin



**Kris Kastens**
Partner
**T** 650.752.1715
**F** 650.752.1815
kkastens@kramerlevin.com

990 Marsh Road
Menlo Park, CA 94025-1949
**T** 650.752.1700
**F** 650.752.1800

### REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**April 11, 2019**

Honorable William Alsup
U.S. District Court, Northern District of California
San Francisco Courthouse
Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   Juniper's Assertion of Joint Defense Group Privilege
       Case No. 17-cv-05659-WHA

Dear Judge Alsup:

The Court should compel Juniper Networks, Inc. ("Juniper") to produce communications it had with third parties about Finjan, Inc. ("Finjan") and its patents that Juniper is improperly withholding as "privileged" under the guise of a joint defense group ("JDG" or "common interest") privilege. Juniper has provided no basis for asserting this privilege over Juniper's Privilege Log Entries 0162, 0163, 0164, 0166, 0167, 0171, 0174, and 0175 because Juniper does not have a JDG or common interest agreement with any of the third parties identified in these entries. Ex. 1 (Juniper's June 28, 2018, Privilege Log excerpt). In fact, both Juniper's Senior Director of IP Litigation and Strategy and Vice President and Deputy General Counsel testified that they were not aware of any such agreement. As these are the individuals who would be knowledgeable as to whether such an arrangement exists, Juniper cannot reasonably continue to assert privilege. Despite numerous meet and confers, Juniper has not identified any JDG Agreement and refuses to withdraw the privilege designation.

**I.    Background**

Juniper served a privilege log with several entries with the subject line of "FW: Finjan in-house JDG / SUBJECT TO COMMON INTEREST." *Id.* These communications all included Scott Coonan, Juniper's head of patent litigations, as well as representatives from Juniper's competitors Palo Alto Networks and Blue Coat. On November 16, 2018, Finjan deposed Mr. Coonan, and asked him if Juniper was part of a JDG or common interest agreement at the time of

**Honorable William Alsup**
April 11, 2019



these emails.  Mr. Coonan, who was the Juniper representative on these communications and is in charge of managing all of Juniper's intellectual property litigations, stated that he was unaware of Juniper being party to any joint defense agreement with these parties.  Mr. Coonan knew of a joint defense group against Finjan from conversations he had with some of the members, but denied that Juniper joined this particular joint defense group.  Ex. 2 (Coonan Nov. 16, 2018 Depo. Tr.) at 174:8-24 )(emphasis added).  Despite being identified as a recipient of the third party communications on Juniper's privilege log, Mr. Coonan denied having received any communications from members of the group. *Id.* at 193:25-194:2 ).

Mr. Coonan would know if Juniper entered into a joint defense agreement.  Mr. Coonan stated that he has authority to join defense groups on Juniper's behalf.  *Id.* at 234:8-15 )(emphasis added). Even Mr. Coonan's supervisor, Meredith McKenzie, admitted that she did not know if Juniper agreed to join the defense group against Finjan, but that Mr. Coonan would be the person to know if such an agreement exists.  Ex. 3 (McKenzie Nov. 14, 2018 Depo. Tr.) at 50:23-51:8 (emphasis added).  All of this confirms that Juniper never entered into an agreement to be part of the joint defense group against Finjan.

Given that there was no basis for Juniper's claim of privilege and work product over these communications, Finjan wrote a letter to Juniper's outside counsel on December 20, 2018, asking for Juniper's basis for its claim of privilege.  Ex. 4 (K. Kastens Dec. 17, 2018 letter to J. Kagan).  Finjan then met and conferred with Juniper on this issue, but Juniper was unable to provide a basis for the claim of privilege, and would not confirm that any agreement existed.  Finjan again met and conferred with Juniper about this issue on March 29, 2019, asking Juniper to identify any relevant JDG or common interest agreements.  Ex. 5 at 4 (Emails between Y. Caire and I. Peterson dated Mar. 22, 2019–Apr. 6, 2019).  Juniper again did not provide a basis for its claim of privilege.  *Id.* at 1-2.

**II.     Juniper Improperly Claims Privilege Under the Joint Defense Privilege**

Juniper cannot show that its communications with third-parties regarding Finjan are

**Honorable William Alsup**
April 11, 2019



covered under the common interest privilege because these communications were not made "in pursuit of a joint strategy in accordance with **some form of agreement** – whether written or unwritten." *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012)(emphasis added)(citation omitted)(declining to extend attorney client privilege over third party communications absent an agreement because "a shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within the exception."). In order for Juniper to assert privilege over these communications there "**must be some evidence of an actual agreement between the parties**." *United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA*, No. 14-MD-02521-WHO, 2016 WL 5906590, at *5 (N.D. Cal. Oct. 11, 2016)(emphasis added)(citation omitted)(holding that privilege did not apply where there was no evidence showing an agreement to protect the shared information).  Mr. Coonan testified that it is a good idea for the parties to a joint defense group to have an agreement in place to establish the rights and responsibilities of the parties, and that Juniper had entered into these types of formal agreements when joining defense groups in the past.  Ex. 2 (Coonan Nov. 16, 2018 Depo. Tr.) at 207:9-17; Tr. 210:3-12 ██████████████████████████████████████████████████████████).

While the subject line of the emails on Juniper's privilege log stated that they were "JDG / SUBJECT TO COMMON INTEREST," Juniper has not provided any evidence that there was actually any such agreement, even after several requests from Finjan.  And, Mr. Coonan – who was personally involved in the third-party communications according to the privilege log – was unaware of any agreement.  Since Juniper did not enter into the predicate agreement necessary for asserting common interest or joint defense privilege, Juniper cannot shield its relevant discussions with third-parties about Finjan.

Therefore, the Court should find that this material, and any other material Juniper is withholding under a claim of a common interest privilege, is not privileged, and is thus relevant and discoverable under Fed. R. Civ. P. 26(b)(1), and Juniper should be compelled to produce these documents.

Respectfully submitted,

*/s/ Kristopher Kastens*

Kris Kastens
Counsel for Plaintiff Finjan, Inc.