UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br>     Plaintiff, <br> v. <br> JUNIPER NETWORK, INC., <br>     Defendant. | Case No. 17-cv-05659-WHA (TSH) <br><br> **ORDER DENYING MOTION TO COMPEL** <br> Re: Dkt. No. 429 |

Plaintiff Finjan, Inc., moves to compel Defendant Juniper Network, Inc., to produce eight emails listed as entries 0162, 0163, 0164, 0166, 0167, 0171, 0174 and 0175 on Juniper's privilege log. The emails all included Scott Coonan, Juniper's head of patent litigation, as well as representatives from Juniper's competitors. The subject line of each email is: "RE: Finjan in-house JDG / SUBJECT TO COMMON INTEREST," except that 0175 says "FW" instead of "RE." It's undisputed that "JDG" stands for joint defense group.

Prior to this lawsuit, Finjan had sued a number of other companies on the same or similar patents. These other defendants had established a well-functioning joint defense group, and they had suggested to Juniper that it might want to join if Finjan sued it. After the dispute between Finjan and Juniper arose, but before the complaint in this case was filed, Coonan recalls having communications with Michael Ritter, Palo Alto Network's Chief Patent Counsel, about the joint defense group, and in particular about the experiences Ritter had had in the litigation. Coonan recalls these being oral conversations and does not recollect them being emails. Yet, looking at the privilege log, and in particular the people listed on the emails, the subject lines, and the dates – that's what these emails obviously were. Juniper ultimately decided not to join the joint defense group. So, are the emails nonetheless privileged under the common interest doctrine?

"Rather than a separate privilege, the 'common interest' or 'joint defense' rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other." *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). It applies "'where (1) the communication is made by separate parties in the course of a matter of common [legal] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (quoting *United States v. Bergonzi*, 216 F.R.D. 487, 495-96 (N.D. Cal. 2003)). "It has been applied beyond the joint client context to the joint defense context – for example, when the defendants are co-defendants in the same action or are defendants in separate actions sued by the same plaintiff." *Id*. "Moreover, the joint defense theory can extend to interested third parties who have a community of interests with respect to the subject matter of the communications." *Id*. (citations and quotation marks omitted).

These factors are satisfied here. Juniper had a common legal interest with the other defendants that had been sued for infringing the same or similar patents. The communications were designed to further that effort because they appear to relate to Juniper's potential participation in the joint defense group. And neither Juniper nor any of the other recipients have waived the privilege.

Finjan says this isn't good enough, citing Coonan's testimony that Juniper ultimately did not join the joint defense group. It is true that the common interest doctrine requires an agreement. "[T]he parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten." *In re Pacific Pictures Corp.*, 679 F.3d at 1129. But an agreement can be implied, and here it is implied by the subject line of the emails, which again states: "RE: Finjan in-house JDG / SUBJECT TO COMMON INTEREST." It would be difficult to find a clearer example of the parties' agreement that the emails are subject to a common interest agreement than a statement to that effect on the emails themselves. *See, e.g., U.S. v. Esformes*, No. 16-20549, 2018 WL 5919517, *12 (S.D. Fla. Nov. 13, 2018) ("The Court does not find the fact that the Moscowitzes did not sign the JDA [Joint Defense Agreement] dispositive. The parties, through counsel, exchanged confidential material,

2

frequently labeled their emails 'joint defense,' . . . . [¶] It is clear by their conduct, all parties operated under the assumption that their actions and statements were covered by a valid JDA."); *Abselet v. Leven Neale Bender Yoo & Brille L.L.P.*, No. CV 16-6263, 2017 WL 8236270, *3 (C.D. Cal. June 7, 2017) (that a "letter was marked 'Privileged Common Interest Communication' and confirmed counsel's agreement that 'our communications . . . are subject to the common interest privilege' [] demonstrates that the parties intended the letter to remain confidential.").

Accordingly, Finjan's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 25, 2019

THOMAS S. HIXSON
United States Magistrate Judge