I R E L L   &   M A N E L L A   LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
**NEWPORT BEACH, CALIFORNIA 92660-6324**

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (949) 760-5222
RCarson@irell.com

May 13, 2019

Honorable William Alsup
U.S. District Court Judge

Re:   *Dkt. No. 459, Finjan, Inc. v. Juniper Networks, Inc.*,
      Case No. 3:17-cv-05659-WHA (N.D. Cal.)

Dear Judge Alsup:

Given the Court's recent construction of the term "content processor" in U.S. Patent No. 8,141,154 ("the '154 Patent"), the Court should grant summary judgment of non-infringement with respect to all of the accused products (i.e., the SRX gateway, the Sky ATP cloud-based service, and the ATP Appliance) because there is no legitimate factual dispute regarding the operation of those products.

In its May 8, 2019 Order On Second Round Of Early Motions For Summary Judgment And Motion To Strike And Order To Show Cause, the Court correctly construed the term "content processor" as a "processor that processes modified content." Dkt. No. 459 at 11. The Court further noted that:

> Finjan offers no evidence that the accused products' alleged content processor processes modified content. Rather, the current record shows that those products process only unmodified content. Specifically, Dr. Rubin, Juniper's expert witness, affirmatively declared that "the accused products and the technology claimed . . . do not modify or 'instrument' content; as a result, they all process unmodified content received from the web server" (Dkt. No. 390-1 ¶ 38; *see also id*. at ¶¶ 28, 31, 34).

*Id.* (alterations in original).

The Court is correct that Finjan presented no evidence that the accused "content processors" process modified content. Finjan did not present this evidence because there is none. In fact, Finjan's expert, Dr. Mitzenmacher, never opined that any of the accused "content processors" process modified content, nor does his declaration even use the term "modified" or any related term, such as "substitute," "instrument," "hook," or "wrap"[1] to describe the content processed by the "content processors." *See generally* Dkt. No. 369-1 (Mitzenmacher Dec.). By contrast, Juniper's expert provided affirmative testimony that the accused "content processors" do ***not*** process modified content, both in his rebuttal declaration (as identified by the Court in the quoted section above) and also throughout his deposition. *See* Ex. 1 (Rubin Depo. Tr.) at 121:24-122:2, 180:18-181:11, 208:9-

---

[1] "Instrument," "hook," and "wrap" are terms of art related to the concept of substituting functions in source code and modifying content. *See* Dkt. No. 390-1 (Rubin Dec.) at ¶ 28; *see also, e.g.*, IPR2019-00031, Exhibit 1004 (expert declaration) at ¶¶ 23-26 (discussing the terms "instrumenting," "hooking," and "wrapping").

10678823                                  - 1 -

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

209:19 (Dr. Rubin uniformly testifying at his deposition that the accused "content processors" do not process modified content).  Finjan did not attempt to contest any of this evidence either in its reply brief or in any of Dr. Mitzenmacher's testimony, instead electing to base its infringement theory on a questionable claim construction issue.  Having lost this dispositive issue, there is no basis for Finjan to continue litigating the '154 Patent against Juniper.

In sum, Finjan has never alleged an infringement theory in which the accused "content processors" process modified content.  Nor could it, because Juniper's accused "content processors" process only *un*modified content—something Finjan knows full well given that Finjan has thoroughly examined Juniper's source code.  There is no legitimate factual dispute that Juniper's accused "content processors" do not process modified content, so the Court should grant Juniper summary judgment of non-infringement of the '154 Patent.

Respectfully submitted,

 */s/ Rebecca L. Carson*
Rebecca L. Carson
IRELL & MANELLA LLP
*Attorneys for Defendant*
Juniper Networks, Inc.