**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**
**DECLARATION OF DR. MICHAEL MITZENMACHER**

I, Michael Mitzenmacher, hereby declare that:

1. I have been asked by Plaintiff Finjan, Inc. to submit a supplemental expert declaration on whether Juniper, Inc.'s SRX Gateways, Sky ATP and ATP Appliance products infringe claim 1 of U.S. Patent No. 8,141,154 (the "'154 Patent") when the Court's construction of "content processor" is applied from the claim construction order. Dkt. No. 369-1. I relied on the documents cited herein, including the Court's Order on Second Round of Early Motions for Summary Judgment and Motion to Strike and Order to Show Cause, the '154 Patent, the file history of the '154 Patent, the source code, the deposition transcripts of Juniper's employees (including the transcripts of Tenorio, Manthena, Nagarajan, Manocha, and Khurram Islah), the trial transcript for this case, exhibits thereto, Finjan's Infringement Contentions, and Juniper's Discovery Responses. I have reviewed the opinions that I provided in my previous declaration for the Second Round of Early Motions for Summary Judgment and found that Juniper's accused products still infringe Claim 1 of the '154 Patent under the Court's construction of "content processor" as a "a processor that processes modified content."

## I. EXPERIENCE AND QUALIFICATIONS

2. I received a Ph.D degree in Computer Science from the University of California at Berkeley in 1996. I am currently employed as a Professor of Computer Science at Harvard University. I have published over 200 research papers in computer science conferences and journals, many of which have explored computer securities and computer networks, such as algorithms and data structures for communication networks and data transmission. I regularly serve on program committees for conferences in networking, algorithms, and communication, including SIGCOMM, NSDI, and CoNEXT. I have also taught graduate courses relating to computer networking.

3. My rate of compensation for my work in this case is $750 per hour plus any direct expenses incurred. My compensation is based solely on the amount of time that I devote to activity related to this case and is in no way affected by any opinions that I render. I receive no other compensation from work on this action. My compensation is not dependent on the outcome of this case.

## II. LEGAL STANDARDS

4. Counsel for Finjan has informed me of the following legal standards that I have used as

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

a framework in forming my opinions contained herein.

5.       I have been informed that claim construction is a legal issue for the Court to decide.  I understand that the Court had construed "content processor" as "a processor that processes modified content."

6.       I have been informed that infringement is determined on a claim by claim basis.  A product may infringe a claim either literally or under the doctrine of equivalents.

7.       I have been further informed that literal infringement is found if an accused product, system or method meets each and every element of a single claim.  Direct infringement is found if a party, or its agents, makes, uses, sells, or offers for sale a product or system that contains all elements of a claimed system or performs all of the steps of a claimed method.  I have been informed that a party can be found to use the patented system even if that party does not exercise physical or direct control over every element of the system.  I have been informed that for elements that are not subject to the physical or direct control of the party, that party is still deemed to be using that component or part of the patented system where the party (i) puts the component into service – that is, the party causes it to work for its intended purpose and (ii) receives the benefit of that purpose. I have been informed that direct infringement can be found in a multinational system claim where elements of such system are located in multiple countries, when the place where control of the accused system is exercised and where beneficial use of the system is obtained are both within the United States.

8.       I have been informed that infringement under the doctrine of equivalents is found if an accused product, system or process contains parts or steps that are identical or equivalent to each and every element of a single claim.  A part or step is equivalent if a person of ordinary skill in the art ("POSITA") would conclude that, at the time of infringement, the differences between the product or method step and the claim element were not substantial. One common test to determine if the difference between a component or method step and a claim element is not substantial is to determine whether the component or step performs substantially the same function, in substantially the same way, to achieve substantially the same result.

9.       Based on review of the Asserted Patents and consideration of the abovementioned factors, it is my opinion that a person of ordinary skill in the art at the time of the invention of the

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Asserted Patents would be someone with a bachelor's degree in computer science or related field, and either (1) two or more years of industry experience and/or (2) an advanced degree in computer science or related field. I understand that claim 1 of the '154 Patent claims a priority date of December 12, 2005. But if the '154 Patent is found to have another priority date it would not materially affect my analysis.

## III.   SUMMARY OF DECLARATION

10.     I have been asked by counsel for Finjan to consider if Juniper infringes claim 1 of the '154 Patent. I have assumed that claim 1 of the '154 Patent is valid and enforceable. I have not considered damages related issues associated with this infringement.

11.     The language of claim 1 is set forth in the '154 Patent at 17:31-44.

12.     I have been asked by counsel for Finjan to consider the following infringement scenarios with respect to claim 1 of the '154 Patent: (1) SRX Gateways ("SRX") by themselves, (2) Sky ATP by itself, (3) ATP Appliance by itself. My opinion on the current product features is based on the information available, including source code, release notes, Juniper's documents, and deposition testimonies of Juniper's employees. I have also considered the Court's Order on Claim 1 of the '154 Patent and applied the Court's construction is reaching my conclusion.

## IV.   OVERVIEW OF THE '154 PATENT

13.     The '154 Patent describes protecting a computer system from dynamically generated malicious content. *See* '154 Patent, Abstract. Many types of documents (such as PDF, Office, HTML) allow for generating content dynamically. As one example, a document may be modified so that it is embedded with a JavaScript ("JS") script, which is able to call a link from which to download a file. As another example, an iFrame (which is another HTML document embedded into the main HTML page) inserts external content into the main HTML page, and thereby allows for dynamically generated malicious content. As a further example, an email or a document may be modified to include an HTTP link to a site. The HTTP link by default is associated with an HTTP function (such as an HTTP GET request), which allows a computer to automatically communicate with the site hosted by the HTTP link upon the activation of the HTTP link.

14.     The ability to dynamically generate content allows malicious code to evade detection

3

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

through obfuscation.  Obfuscation is a mechanism which allows malicious code to be encoded or reformatted in a string that it appears to be benign, but the encoded or reformatted string is later decoded or reformatted to generate the malicious code for execution.  *See* '154 Patent at 3:31-64 (describing how dynamically generated content would result in malicious code being inserted).  Obfuscation is one way in which activation of a seemingly benign link may result in malicious code being injected into a document or causing a malware to be downloaded.  Dynamically generated malicious content typically comes in the form of a multi-stage attack such as a drive-by Download, or through a link on a webpage or email.  Dkt. No. 369-16, FINJAN-JN 045339 at 41 (describing the mechanism of a drive-by Download attack); Ex. 7,[1] FINJAN-JN 045326 at 29-30 (describing different ways ransomware infects a computing system).  The dynamically generated malicious code cannot be detected by conventional reactive content inspection or gateway level analysis because the malicious code is not present in the content before runtime, which is when the malicious code is generated.  '154 Patent at 3:65-4:8.  Claim 1 of the '154 Patent describes the use of a content processor to process content which includes a call to a first function and the call has an input. *See id*., Claim 1. The '154 Patent also recites sending the input to a security computer for inspection.  *See id.*  Claim 1 also recites invoking a second function with the input only if a security computer indicates that it is safe to invoke the second function.  *Id.*  By utilizing "behavioral analysis technologies," Claim 1 of the '154 Patent allows a security system to detect "day-zero" threats which escape the detections by traditional security technologies.

**V.      OVERVIEW OF THE ACCUSED PRODUCTS**

     **A.      SRX Gateways**

     15.      ██████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

---

[1] All "Ex." citations are to the Declaration of Kristopher Kastens ("Kastens Decl.") filed herewith.

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

HIGHLY CONFIDENTIAL – SOURCE CODE
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

26.    The ATP Appliance will determine whether content is safe or malicious based on its processing.

## VI.    ANALYSIS OF CLAIM 1 OF THE '154 PATENT

### A.    Overview of Juniper's Infringement

27.    Juniper sells, builds, and tests SRX, Sky ATP, and ATP appliance in the United States. Juniper infringes Claim 1 of the '154 Patent because SRX, Sky ATP, and ATP appliance each meets every element of the claim.

28.

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1  ██████████████████████████████████████████████████████

2  ██████████████████████████████████████████████████████

3  ██████████████████████████████████████████████████████

4  ████████████████████████████████████.

5      **B.**    **Preamble of Claim 1 of the '154 Patent**

6      31.    The preamble of claim 1 of the '154 Patent recites "[a] system for protecting a computer

7  from dynamically generated malicious content, comprising:".  While I understand that a preamble is not

8  typically limiting, it is my opinion that the preamble of claim 1 is met by SRX, Sky ATP, and ATP

9  Appliance.  I incorporate by reference my summary of the products for this section.

10      32.    ███████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  ████████████████████████████████████████████

13  ████████████████████████████████████████████

14  ██████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████

20  ██████████████████████████████████████████████████

21  ██████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████

24  ██████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████

26  ██████████████████████████████████████████████████

27  ██████████████████████████████████████████████

28  ██████████████████████████████████████████████

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

### 1.      Element 1(a) of the '154 Patent

35.     The Accused Products include "a content processor (i) for processing content received over a network, the content including a call to a first function, and the call including an input, and (ii) for invoking a second function with the input, only if a security computer indicates that such invocation is safe." It is my opinion that SRX, Sky ATP, and ATP Appliance each includes a content processor which performs the claimed functions. I incorporate by reference my summary of the products for this section.

### a)      SRX by Itself Infringes Element 1(a) of the '154 Patent.

36.

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

40.



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



50.

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ       CASE NO. 3:17-cv-05659-WHA

HIGHLY CONFIDENTIAL – SOURCE CODE
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ       CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

66.



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



**2.    Element 1(b) of the '154 Patent**

77.    The Accused Products include "a transmitter for transmitting the input to the security computer for inspection, when the first function is invoked; and."  It is my opinion that SRX, Sky ATP, and ATP Appliance each includes a transmitter which performs the claimed functions.  I incorporate by reference my summary of the products for this section.

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

   a)      **SRX By Itself Infringes Element 1(b) of the '154 Patent**

78.

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ       CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

HIGHLY CONFIDENTIAL – SOURCE CODE
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

88.



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

HIGHLY CONFIDENTIAL – SOURCE CODE
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

    c)        **ATP Appliance By Itself Infringes Element 1(b) of the '154 Patent**

92.

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ       CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



### 3.     Element 1(c) of the '154 Patent

98.     The Accused Products include "a receiver for receiving an indicator from the security computer whether it is safe to invoke the second function with the input." It is my opinion that SRX, Sky ATP, and ATP Appliance each includes a receiver which performs the claimed functions.  I incorporate by reference my summary of the products for this section.

### a)     SRX By Itself Infringes Element 1(c) of the '154 Patent

99.

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ        CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ      CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA

**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



**HIGHLY CONFIDENTIAL – SOURCE CODE**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21     I declare under penalty of perjury under the laws of the United States that the foregoing is true

22 and correct.  Executed on May 12, 2019 in Lexington, Massachusetts.

23

24                                                  Dr. Michael Mitzenmacher

25

26     In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

27 document has been obtained from any other signatory to this document.

28                                                  /s/ Kristopher Kastens
                                                    Kristopher Kastens

MITZENMACHER DECL. IN SUPPORT OF FINJAN'S MSJ          CASE NO. 3:17-cv-05659-WHA