PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

Attorneys for Plaintiff
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>         Plaintiff,<br><br>   v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>         Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**PLAINTIFF FINJAN, INC.'S CORRECTED RESPONSE TO ORDER TO SHOW CAUSE**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT ........................................................................................................1

     A.   ████████████████████████████████████████████

          █ ██ █████████████████████████████████████████

          █ ██ ██████████████████████████████████████

          █ ██ ████████████████████████████████████████

          █ ██ ████████████████████████████████████

          █ ██ █████████████████████████████████████████

          █ ██ ███████████████████████████████████

          █ ██ █████████████████████████████████████████

          █ ██ █████████████████████████████████████████

          █ ██ █████████████████████████████████████████

          █ ██ ██████████████████████████████████████

          █ ██ █████████████████████████████████████

          █ ██ ██████████████████████████████████████

          █ ██ ████████████████████████████████████████

          █ ██ █████████████████████████████████

     B.   Juniper Sandbagged Finjan by Adding "Modified Content" to its Construction of
          "Content Processor" .......................................................................... 11

III. CONCLUSION .....................................................................................................14

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Graver Tank & Manufacturing Co. v. Linde Air Products Co.,*
   339 U.S. 605 (1950)................................................................................................................ 9

5

6

**Other Authorities**

7

P.L.R. 3-6................................................................................................................................ 11

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF FINJAN'S RESPONSE TO
ORDER TO SHOW CAUSE

CASE NO. 3:17-cv-05659-WHA

## I.    INTRODUCTION

Finjan, Inc. ("Finjan") has cause to present a case regarding Juniper Networks, Inc.'s ("Juniper") infringement of Claim 1 of U.S. Patent No. 8,141,154 (the "'154 Patent") because: (1) Juniper's accused products infringe under the Court's new construction of "content processor"; and (2) a granting of summary judgment for nonmovant Juniper is procedurally improper because Juniper sandbagged Finjan by springing a new construction of "content processor" after Finjan had already submitted its summary judgment briefing and expert declaration.  As such, Finjan has cause to present Claim 1 of the '154 Patent at trial because triable issues of fact remain.

## II.    ARGUMENT



PLAINTIFF FINJAN'S RESPONSE TO                    CASE NO. 3:17-cv-05659-WHA
ORDER TO SHOW CAUSE



PLAINTIFF FINJAN'S RESPONSE TO
ORDER TO SHOW CAUSE

CASE NO. 3:17-cv-05659-WHA



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[1] All exhibits are to the Declaration of Kristopher Kastens filed herewith.

PLAINTIFF FINJAN'S RESPONSE TO                    CASE NO. 3:17-cv-05659-WHA
ORDER TO SHOW CAUSE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF FINJAN'S RESPONSE TO
ORDER TO SHOW CAUSE

CASE NO. 3:17-cv-05659-WHA



PLAINTIFF FINJAN'S RESPONSE TO
ORDER TO SHOW CAUSE

CASE NO. 3:17-cv-05659-WHA

PLAINTIFF FINJAN'S RESPONSE TO
ORDER TO SHOW CAUSE

CASE NO. 3:17-cv-05659-WHA

PLAINTIFF FINJAN'S RESPONSE TO
ORDER TO SHOW CAUSE

CASE NO. 3:17-cv-05659-WHA



PLAINTIFF FINJAN'S RESPONSE TO
ORDER TO SHOW CAUSE

CASE NO. 3:17-cv-05659-WHA



PLAINTIFF FINJAN'S RESPONSE TO
ORDER TO SHOW CAUSE

CASE NO. 3:17-cv-05659-WHA



PLAINTIFF FINJAN'S RESPONSE TO
ORDER TO SHOW CAUSE

CASE NO. 3:17-cv-05659-WHA

1
2
3
4
5
6
7 .

### B.   Juniper Sandbagged Finjan by Adding "Modified Content" to its Construction of "Content Processor"

In addition to the fact that Juniper infringes Claim 1 of the '154 Patent under the Court's Construction of "content processor," Finjan also has cause because it would be procedurally unfair to exclude Finjan from presenting a full infringement case for Claim 1 of the '154 Patent when Juniper did not raise the claim construction argument of "modified content" for a "content processor" until *after* Finjan had already filed its Motion for Summary Judgment and submitted its expert declaration on infringement.  Before this, Juniper had raised a range of proposed constructions for "content processor," including that a content processor was just a processor at a "client" and arguing in its Inter *Partes Review* ("IPR") petition that a content processor was a "web browser or Java virtual machine." As such, the equities weigh in favor of allowing Finjan the opportunity to prepare and present a full expert report under the Court's construction of "content processor."

Juniper continually hid the construction of "content processor" that it intended to use during summary judgment and waited to spring its construction that the content processor processes modified content until after Finjan had already submitted it open Motion for Summary Judgment and supporting expert declaration.  First, despite being required to present its final proposed construction of "content processor" in the Joint Claim Construction Statement filed on June 22, 2018, Juniper did not raise that the content processor must process "modified content."  Instead, Juniper presented the following as its final proposed construction for "content processor":

PLAINTIFF FINJAN'S RESPONSE TO                                   CASE NO. 3:17-cv-05659-WHA
ORDER TO SHOW CAUSE

| Claim Term | Juniper's June 22, 2018 Proposed Construction |
|---|---|
| A content processor (i) for processing content received over a network, the content including a call to a first function, and the call including an input, and (ii) for invoking a second function with the input, only if a security computer indicates that such invocation is safe | A processor on a client computer for processing content received over a network, the content including a call to a first function, and the call including an input, and for invoking a second function with the input, only if a security computer indicates that such invocation is safe |

Dkt. No. 115 at 4. As shown, Juniper's initial proposed construction did not mention, nor suggested, that the content processor was required to process modified content.

Then, on August 20, 2018, after receiving Finjan's opening claim construction brief, Juniper drastically changed its proposed construction for "content processor" in the brief it filed in response. This time, Juniper offered new and different construction for "content processor," but one that still did not required it to process modified content:

| Claim Term | Juniper's August 20, 2018 Proposed Construction |
|---|---|
| A content processor … | A processor on a client computer |

Dkt. No. 182 at 20.

Shockingly, on October 3, 2018, Juniper presented *yet another* proposed construction for this term in its IPR Petition for the '154 Patent, a construction that was entirely different from what Juniper had presented in the litigation. In its IPR Petition, Juniper argued the following proposed construction for the term:

| Claim Term | Juniper's October 3, 2018 Proposed Construction |
|---|---|
| content processor | web browser or Java virtual machine |

IPR2019-00031, Petition for IPR at 14-15. In the IPR Petition, Juniper argued that a "content processor" could be a standard "web browser or Java virtual machine." *Id.* Furthermore, the PTAB determined that Juniper's Petitions on Claim 1 of the '154 Patent was so weak that it did not even institute a trial and did not rely on the content processor processing "modified content" in its decision. IPR2019-00031, Decision Denying Institution at 35 ("We determine that [Juniper] has not established

a reasonable likelihood of prevailing on its assertion that claim 1 of the '154 patent is unpatentable based on the asserted ground …").

In its opening Motion for Summary Judgment and expert declaration for Claim 1 of the '154 Patent filed on February 14, 2019, Finjan's expert did not opine on a theory where the content processor processes "modified content," given that neither party had ever proposed this as a construction.  Furthermore, Finjan had no reason to guess Juniper change its construction, as Juniper's consistent position throughout the case did not require this.  Dkt. No. 368-6 at Pars. 59-60 (Finjan's expert discussing Juniper's proposed construction of "a processor on a client computer" and how Juniper still infringed under this construction).

Instead, Juniper waited until its Opposition to Finjan's Motion for Summary Judgment on March 14, 2019, to raise this new construction.  Dkt. No. 390 at 6.  Therefore, and despite its previous positions on the meaning of "content processor," Juniper drastically modified it proposed construction during summary judgment briefing to reference "modified content" for the first time:

| Claim Term | Juniper's Propose Construction |
|---|---|
| Content Processor | Plain and ordinary meaning, which is a processor on a client/user computer that processes modified content |

Dkt. No. 390 at 6.  However, when Juniper's Opposition was filed, Finjan had already submitted its expert declaration supporting its infringement case based on Finjan's proposed construction and the construction that Juniper had presented throughout claim construction.

As such, Finjan did not have the opportunity to fully address this proposed construction through its briefing or through an expert declaration.  Given Juniper's shifting claim construction position on this term, Finjan has cause to present a full infringement case for Claim 1 of the '154 Patent, as it would be procedurally unfair to Finjan to grant a motion to summary judgment of non-infringement for a non-moving party based on a claim construction position that the party did not raise until its Opposition.  Such a bait and switch on Juniper's part was highly prejudicial to Finjan.  Indeed, because Juniper did not cross-move on noninfringement, Finjan had only 15-pages of briefing and 20-pages of exhibits to respond to all of Juniper's noninfringement arguments, including Juniper's

13

entirely new claim construction and non-infringement positions, which Juniper should have raised

during claim construction so that Finjan could have addressed it in its Open Motion for Summary

Judgment.

**III.    CONCLUSION**

Therefore, and for the reasons discussed above, Finjan has shown cause that summary

judgment of noninfringement cannot be shown for nonmovant Juniper.


Respectfully submitted,

Dated:  May 13, 2019                     By:  */s/ Kristopher Kastens*
                                              Paul J. Andre (SBN 196585)
                                              Lisa Kobialka (SBN 191404)
                                              James Hannah (SBN 237978)
                                              Kristopher Kastens (SBN 254797)
                                              KRAMER LEVIN NAFTALIS
                                               & FRANKEL LLP
                                              990 Marsh Road
                                              Menlo Park, CA  94025
                                              Telephone:  (650) 752-1700
                                              Facsimile:   (650) 752-1800
                                              pandre@kramerlevin.com
                                              lkobialka@kramerlevin.com
                                              jhannah@kramerlevin.com
                                              kkastens@kramerlevin.com

                                              Attorneys for Plaintiff
                                              FINJAN, INC.

PLAINTIFF FINJAN'S RESPONSE TO                    CASE NO. 3:17-cv-05659-WHA
ORDER TO SHOW CAUSE