IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CALIFORNIA 92660-6324

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (949) 760-5222
RCarson@irell.com

May 15, 2019

Honorable William Alsup
U.S. District Court Judge

Re: *Dkt. No. 459, Finjan, Inc. v. Juniper Networks, Inc.*,
Case No. 3:17-cv-05659-WHA (N.D. Cal.)

Dear Judge Alsup:

Pursuant to this Court's Order dated May 8, 2019 (Dkt. No. 459), Juniper Networks, Inc. ("Juniper") submits this letter identifying issues that remain to be addressed at or before the October trial.

While this letter identifies the outstanding issues for all remaining claims in this case, Juniper is aware that the Court indicated at the hearing on May 9, 2019, it will order Finjan to specifically limit and identify the issues it plans to present at the October trial. This will drastically reduce the number of issues that need to be addressed at the October trial. In addition, it will help focus the resources of the parties and the Court on those issues that will actually be in dispute—both at trial and for pre-trial activities. To best conserve party and Court resources, Juniper requests that the Court set a deadline for Finjan to notify the Court and Juniper of the claims Finjan intends to pursue at the October trial by no later than May 30, 2019. Once Finjan provides this notification, the parties can submit a proposed case schedule (based off the October 21, 2019 trial date) with deadlines for fact discovery, expert reports, dispositive motions, *Daubert* motions, and all other pre-trial deadlines by June 7, 2019. Based on the currently unlimited list of claims Finjan could pursue at the October trial, Juniper identifies the following list of claims and defenses related to all claims that were not finally resolved during the two rounds of the Patent Showdown:

**Global Defenses/Counter-Claims**

**Inequitable Conduct/Unclean Hands**: Juniper's affirmative defenses and counter-claims that the '926, '633, '731, '494, and '154 Patents are unenforceable due to inequitable conduct and/or unclean hands have yet to be addressed by the Court. *See* Dkt. No. 218 (Juniper's First Amended Answer). Given that these equitable defenses and counterclaims may be dispositive on all but one of the patents-in-suit remaining,[1] Juniper believes it would be prudent for the Court to address Juniper's equitable defenses and counter-claims at a bench trial prior to the October jury trial.

**Failure to Comply With 35 U.S.C. § 287**: With regard to the remaining patents-in-suit, Juniper maintains that Finjan is either precluded from obtaining damages or that the damages period is severely limited due to lack of pre-suit notice. Juniper believes that this issue is dispositive on

[1] Juniper understands that the Court's recent Order on Finjan's failure to comply with 35 U.S.C. § 287 with respect to the ATP Appliance disposes of all remaining claims under the '780 Patent. Thus, the only remaining patent that is not subject to Juniper's equitable counterclaims and defenses is the '844 Patent.

several of Finjan's remaining claims, and thus should be addressed on summary judgment. For example, Finjan failed to identify the '926 Patent to either Juniper or Cyphort before filing its lawsuit against Juniper on September 29, 2017. Because the '926 Patent expired in January 2017, Finjan's claims against all of the accused products under the '926 Patent are barred for the same reasons that this Court recently found that Finjan's claims under the '780 Patent are barred.

Similarly, Finjan failed to provide Juniper with any notice of the '844 Patent prior to filing its lawsuit, much less communicate a specific charge of infringement of that patent regarding the SRX or Sky ATP. Because the '844 Patent expired in January 2017, Finjan's claims against the SRX and Sky ATP under the '844 Patent are barred.

Finjan also failed to provide pre-suit notice to either Juniper or Cyphort concerning the '633 Patent, which expires on November 8, 2019, or the '731 Patent, which expired on April 27, 2019. As such, the damages periods are limited to September 29, 2017 (for SRX and Sky ATP)/March 8, 2018 (ATP Appliance) to November 8, 2019 for the '633 Patent, and May 25, 2018 to April 27, 2019 for the '731 Patent.[2]

The damages period for Finjan's claims concerning the ATP Appliance under the '844 and '494 Patents are also severely limited, as there is no dispute that Finjan failed to provide Cyphort with notice of those patents any earlier than January 28, 2016.

**Patent-Specific Issues**

In addition to the issues identified above that apply to all of the remaining patents, Juniper identifies the following additional issues, which are patent-specific. To the extent that Finjan chooses to narrow the claims that it is asserting against Juniper, some of these issues may no longer need to be litigated at the October trial.

- **U.S. Patent No. 6,154,844 ("the '844 Patent")**: Juniper denies that any accused product infringes any asserted claim of the '844 Patent, which includes claims 1, 15, and 41. In addition, Juniper asserts that these claims are invalid under 35 U.S.C. §§ 102, 103, and 112. Juniper notes that the PTAB instituted IPR proceedings brought by Juniper for the '844 Patent on April 9, 2019, and a Final Written Decision is expected by April 9, 2020.

- **U.S. Patent No. 7,613,926 ("the '926 Patent")**: Juniper denies that any accused product infringes the asserted claim of the '926 Patent, which is claim 22. In addition, Juniper asserts that this claim is invalid under 35 U.S.C. §§ 101, 102, 103, and 112.

- **U.S. Patent No. 7,647,633 ("the '633 Patent")**: Juniper denies that any accused product infringes any asserted claim of the '633 Patent, which includes claims 1, 8, 14, and 19. In addition, Juniper asserts that these claims are invalid under 35 U.S.C. §§ 101, 102, 103, and 112. Juniper notes that the PTAB instituted IPR proceedings brought by Cisco for the '633 Patent on June 5, 2018, and a Final Written Decision is expected by June 5, 2019.

- **U.S. Patent No. 7,418,731 ("the '731 Patent")**: Juniper denies that any accused product infringes any asserted claim of the '731 Patent, which includes claims 1 and 17. In

[2] The '731 Patent was added via a motion for leave filed on May 31, 2019, and thus the original complaint did not contain any specific charge of infringement as to the '731 Patent.

addition, Juniper asserts that these claims are invalid under 35 U.S.C. §§ 101, 102, 103, and 112.

- **U.S. Patent No. 8,677,494 ("the '494 Patent")**: The first round of the Patent Showdown in which the jury found that Juniper does not infringe the '494 Patent only addressed the SRX and Sky ATP products because Finjan did not add the ATP Appliance to the case until July 27, 2018. Thus, unless Finjan agrees to drop its claims against the ATP Appliance product, or unless the Court chooses to rule on Juniper's § 101 defense (which was tried at the December 2018 trial but which the Court has yet to rule on), then there is the issue of whether the ATP Appliance infringes the asserted claims of the '494 Patent, as well as the invalidity of those claims under 35 U.S.C. §§ 101, 102, 103, and 112 will need to be tried at the October trial. Finjan's remaining claims under the '494 Patent may also be narrowed if the Court chooses to rule on Juniper's motion for judgment as a matter of law on the issue of notice, which the Court held in abeyance (Dkt. No. 387).

**<u>Claims That Are Moot In View Of The Patent Showdown Procedures</u>**

Given the Court's Orders on both rounds of the Patent Showdown proceedings (Dkt. Nos. 177, 185, and 459), Juniper understands that the following claims have been resolved:

- Finjan's claims against Sky ATP and SRX under all asserted claims of the '780 Patent (claims 1 and 9) have been disposed of via the Court's order of summary judgment of non-infringement.

- Finjan's claims against the ATP Appliance under all asserted claims of the '780 Patent (claims 1 and 9) have been disposed of via the Court's order of summary judgment of no damages due to lack of constructive or actual notice.

- Finjan's claims against SRX and Sky ATP under all asserted claims of the '494 Patent (claims 1, 14, and 18) have been disposed of via the jury verdict on December 14, 2018, and the Court's ruling on December 14, 2018 granting Juniper's motion for judgment as a matter of law on damages.

- Juniper further believes that Finjan's submission on the Court's order to show cause why summary judgment should not be granted for Juniper on the asserted claim of the '154 Patent (claim 1) is meritless, and thus requests that the Court enter summary judgment of non-infringement on the '154 patent. Additional details as to why Finjan's position is meritless will be provided in Juniper's response to Finjan's submission, which is due March 16. In the event that the Court does not enter summary judgment of non-infringement on the '154 Patent, then the issues of infringement and invalidity will need to be addressed at the October 2019 trial.

Respectfully submitted,

*/s/ Rebecca L. Carson*
Rebecca L. Carson
IRELL & MANELLA LLP
*Attorneys for Defendant*
Juniper Networks, Inc.