PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FINJAN, INC., a Delaware Corporation,

Plaintiff,

v.

JUNIPER NETWORKS, INC., a Delaware Corporation,

Defendant.

Case No.: 3:17-cv-05659-WHA

**PLAINTIFF FINJAN, INC. REPLY TO DEFENDANT JUNIPER NETWORKS, INC. LETTER TO COURT RE DKT. NO. 459**

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

FINJAN'S REPLY TO JUNIPER'S LETTER TO COURT RE DKT. NO. 459 CASE NO.: 3:17-cv-05659-WHA

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. JUNIPER INFRINGES CLAIM 1 OF THE '154 PATENT UNDER THE COURT'S CONSTRUCTION ........ 2

1. THERE ARE MATERIAL ISSUES OF TRIABLE FACT FOR THE SRX GATEWAY ........ 2

2. THERE ARE MATERIAL ISSUES OF TRIABLE FACT FOR SKY ATP ........ 4

3. THERE ARE MATERIAL ISSUES OF TRIABLE FACT FOR THE ATP APPLIANCE ........ 7

4. THERE ARE MATERIAL ISSUES OF TRIABLE FACT ON WHETHER JUNIPER INFRINGES UNDER DOE ........ 9

B. JUNIPER MISREPRESENTS THE RECORD ........ 11

C. JUNIPER MISCONSTRUES ITS OWN EXPERT'S TESTIMONY ........ 13

III. CONCLUSION ........ 14

## I. INTRODUCTION

Finjan, Inc. ("Finjan") established that there are numerous material issues of triable fact that preclude a finding of summary judgment of noninfringement for nonmovant Juniper Networks, Inc. ("Juniper"). As set forth in Finjan's opening response (Dkt. No. 473-4)[1], Juniper infringes Claim 1 of the '154 Patent under the Court's new construction of "content processor" because the accused products all include content processors that process "modified content." Finjan provided evidence and an expert declaration (Dkt. No. 473-4) demonstrating that Juniper's products infringe under the Court's construction, establishing that summary judgment of noninfringement cannot be granted.

Juniper makes the preposterous claim that Finjan should have known of its new construction that contained the concept of "modified content" for the first time when it filed for its Motion for Summary Judgment ("Motion"), even though Juniper never identified such a construction in the case and only did so for the first time ***after*** Finjan had already filed its Motion. Juniper did not identify such a construction in the case because Juniper concocted this new construction solely for responding to Finjan's Motion for Summary Judgment, evident from the fact that it never advocated for such a construction in the case previously.

Indeed, Juniper put forward ***three*** different constructions for "content processor" before Finjan filed its Motion, and none of Juniper's proposed constructions stated that the content processor processes "modified content." Juniper first introduced the concept of "modified content" in its opposition to Finjan's Motion that Juniper filed on March 14, 2019, and which the Court used as the basis for deny infringement in its May 8, 2019 Order on Second Round of Early Motions for Summary Judgment. Dkt. No. 459 at 5-11 ("May 8, 2019 Order"). As such, Finjan and its expert ***could not*** have addressed this construction because ***neither party*** had advocated for such a construction until well after Finjan submitted its Motion and accompanying expert declaration. As such, triable issues of fact remain and Juniper's response should be disregarded.

[1] Finjan's corrected Response was filed on May 14, 2019. *See* Dkt. Nos. 473-4, 474.

## II. ARGUMENT

### A. Juniper Infringes Claim 1 of the '154 Patent under the Court's Construction

There are material issues of triable facts to be decided that preclude summary judgment of noninfringement because Juniper's accused products, the SRX Gateway, Sky ATP, and ATP Appliance (collectively, "Accused Products"), process modified content and therefore infringe Claim 1 of the '154 Patent under the Court's construction of "content processor" as a "processor that processes modified content." Dkt. No. 469-6, Mitzenmacher Decl. at ¶¶35-76. In fact, all of Juniper's Accused Products [redacted]. *Id.* Additionally, Juniper also infringes the "content processor" element under the doctrine of equivalents ("DOE"). *Id.*, at ¶¶110-111. Finjan has attached the declaration of Dr. Mitzenmacher in support of its position, who establishes that every element of Claim 1 of the '154 Patent is met under the Court's new construction of "content processor." *Id.* at ¶¶35-109. Dr. Mitzenmacher's declaration in response to the court's order to show cause is also completely consistent with the declaration he submitted in support of Finjan's Motion for Summary Judgment because modified content is a type of content, which Dr. Mitzenmacher did address in his previous testimony, even though he did not specifically use the word "modified."

#### 1. *There are Material Issues of Triable Fact for the SRX Gateway*

The SRX Gateway processes modified content because it: (1) [redacted]; (2) [redacted]; and (3) [redacted]. *Id.*, Mitzenmacher Decl. at ¶¶35-46.

The SRX Gateway receives and processes modified content [redacted]. *Id.* at ¶39; Dkt. No. 470-3 at

2-4 ([redacted]); *see also* Declaration of Kristopher Kastens (“Kastens Decl.”), Ex. 1, JNPR-FNJN_29002_00172622 at 2630 ([redacted]). [redacted]. Dkt. No. 469-6, Mitzenmacher Decl. ¶39; Dkt. No. 470-4 at 4-9 ([redacted]).

The SRX Gateway also receives and processes content that [redacted]. Dkt. No. 470-5 at FINJAN-JN 005323-25 ([redacted]); Kastens Decl., Ex. 2, JNPR-FNJN_29007_00009469 at 9506-9507 (describing that SRX inspects SSL and TLS traffic). [redacted]. Dkt. No. 470-6 at 18-19. [redacted]. Dkt. No. 470-6 at 3 [redacted]).

Additionally, the SRX Gateway receives and processes [redacted]. Dkt. No. 469-6, Mitzenmacher Decl. at ¶38; Dkt. No. 470-5 at FINJAN-JN 005338 ([redacted]). This content is modified content because [redacted]. *See* Dkt.No. 469-8, Ex. 5, [redacted]

[redacted]; Dkt. No. 470-8 at 2-3 ([redacted]).

A content processor in the SRX Gateway will also process modified content because [redacted]. Dkt. No. 470-5 at FINJAN-JN 005323 [redacted]; Kastens Decl., Ex. 2, JNPR-FNJN_29007_00009469 at 9506-9507 (describing how SRX Gateways serves as an SSL proxy to perform SSL inspection). In particular, [redacted]. Dkt. No. 469-6, Mitzenmacher Decl. at ¶36; *see also* Dkt.No. 469-8, Ex. 5, [redacted] Kastens Decl., Ex. 3, Tenorio Tr. at 19:2-13 ([redacted]).

Therefore, there are material issues of triable fact because the SRX Gateway operates as a content processor that processes modified content.

2. *There are Material Issues of Triable Fact for Sky ATP*

Sky ATP also processes modified content. Dkt. No. 469-6, Mitzenmacher Decl. ¶¶47-60. Specifically, Sky ATP process modified content because it: [redacted].

Sky ATP processes content that [redacted]. *Id.*, Mitzenmacher Decl. at ¶52; Kastens Decl., Ex. 4, Nagarajan Tr. at 15:6-23 (stating that [redacted]

"). . Dkt. No. 470-3 at 2-4 ( ). As discussed above, . Dkt. No. 469-6, Mitzenmacher Decl. at ¶52; Dkt. No. 470-3 at 2-4; Dkt. No. 470-4 at 4-9; *see also* Kastens Decl., Ex. 4, Nagarajan Tr. at 22:7-15 ( ).

Sky ATP also processes content . It is undisputed that . Dkt. No. 469-6, Mitzenmacher Decl. at ¶47; Dkt. No. 470-5 at FINJAN-JN 005286 ); Kastens Decl., Ex. 5, FINJAN-JN 044832 at 044837 ("[t]he connection between the SRX and the Cloud is encrypted"); *see also* Kastens Decl., Ex. 6, FINJAN-JN 005438 at 5439; Dkt. No. 470-15, Ex. 13 at JNPR-FNJN_29002_00173302 (describing that an encrypted connection is provided between SRX and Sky ATP). Furthermore, Sky ATP includes specific functionality for the processing for encrypted content in the file. Dkt. No. 470-5, at FINJAN-JN 005271 ); Kastens Decl., Ex. 6, FINJAN-JN 005438 at 5439 (stating that Sky ATP supports HTTPS protocol); *see also* Dkt. No. 469-14, JNPR-FNJN_29008_00528472 at 8498-8499, 8553 ( ). Similarly, Sky ATP also processes content Dkt. No. 470-5 at FINJAN-JN 005338.

Sky ATP receives modified content because . Dkt. No. 469-6, Mitzenmacher Decl. at ¶48; Dkt. No. 469-8, Ex. 5, ; *see also* Dkt.No. 469-8, Ex. 5, ); Dkt. No. 470-15, Ex. 13 at JNPR-FNJN_29002_00173302 ( . Dkt. No. 469-6, Mitzenmacher Decl. at ¶49; Dkt.No. 469-8, Ex. 5, . *See also* Kastens Decl., Ex. 7, FINJAN-JN 044744 at 044761 (stating that SRX Series device "[s]ubmits extracted file content for analysis" by Sky ATP).

Furthermore, Sky ATP receives modified content . Dkt. No. 469-6, Mitzenmacher Decl. at ¶50; Kastens Decl., Ex. 8, JNPR-FNJN_29017_00553620 at JNPR-FNJN_29017_00553665 (" ").

Therefore, there are material issues of triable fact because the Sky ATP processes modified content.

*3. There are Material Issues of Triable Fact for the ATP Appliance*

ATP Appliance processes modified content. Dkt. No. 469-6, Mitzenmacher Decl. at ¶¶61-76. Specifically, ATP Appliance processes modified content because it: [redacted].

ATP Appliance also processes content [redacted]. Dkt. No. 469-6, Mitzenmacher Decl. at ¶66; *see also* Dkt. No. 470-11, FINJAN-JN 045339 at 5341 (describing the mechanisms of drive-by-downloadable which include how malicious code injected into content is able to redirect to attacker's website); *id.* at 5344-5345 (describing how ATP appliance is able to detect drive-by-download). [redacted] Dkt. No. 469-6, Mitzenmacher Decl. at ¶66; Dkt. No. 470-9 at FINJAN-JN 045334; Dkt. No. 470-14, FINJAN-JN 045074 at 5075 (stating that ATP appliance monitors network traffic and identifies threats such as exploits and command and control communications). Therefore, [redacted]

[redacted]. Dkt. No. 469-6, Mitzenmacher Decl. at ¶62; Dkt. No. 469-10, Ex. 8 at JNPR-FNJN_29018_00975661-62 ([redacted]). Furthermore, [redacted]

[redacted] Dkt. No. 469-6, Mitzenmacher Decl. at ¶62; Dkt. No. 470-9 at FINJAN-JN 045334-35; *see also* Dkt. No. 470-11 at FINJAN-JN 045344 ([redacted].). [redacted] Dkt. No. 469-6, Mitzenmacher Decl. at ¶63; Dkt. No. 470-9 at 045332 ([redacted]); Dkt. No. 469-10, JNPR-FNJN_29018_00975646 at 5670-5671 ([redacted]).

Therefore, [redacted] meets the Court's new claim construction of the term. ATP Appliance receives and processes modified content [redacted]. Dkt. No. 469-6, Mitzenmacher Decl. at ¶¶64-65; Dkt.No. 469-8, Ex. 5, [redacted] Kastens Decl., Ex. 9, JNPR-FNJN_29018_00962784 at 962791 ([redacted]); jatp-traffic-collector-quick-start-guide.pdf at 15 ("Juniper ATP Appliance Traffic Collectors continuously monitor and inspect all network traffic for malware objects; extracting and sending objects to the Core for Windows or Mac OS X object analysis and detection"). ATP Appliance also received modified content [redacted]. Dkt. No. 469-6, Mitzenmacher Decl. at ¶¶63-64; Kastens Decl., Ex. 9, JNPR-FNJN_29018_00962784 at 962791.

It is undisputed that ATP Appliance [redacted] Dkt. No. 469-6, Mitzenmacher Decl. at ¶¶63-64; Dkt. No. 469-8, Ex. 5, [redacted]

[redacted] Dkt. No. 469-6, Mitzenmacher Decl. at ¶¶63-64; Dkt.No. 469-8, Ex. 5, [redacted].

Furthermore, ATP Appliance receives modified content [redacted]. Dkt. No. 469-6, Mitzenmacher Decl. at ¶65; Kastens Decl., Ex. 9, JNPR-FNJN_29018_00962784 at 962791 ([redacted]).

Therefore, there are material issues of triable fact because the ATP Appliance processes modified content.

4. *There are Material Issues of Triable Fact on Whether Juniper Infringes under DOE*

Juniper would also still infringe under DOE because the accused products performs the same function as the construed content processor element, perform this function the same way, and obtains the same result. Dkt. No. 469-6, Mitzenmacher Decl. at ¶110. Therefore, there are material issues of triable fact regarding Juniper's infringement of Claim 1 of the '154 Patent for this additional reason.



First, the Accused Products infringe under DOE because . *Id.* The Accused Products perform the same function performed as a "content processor" because . *Id.* The Accused Products perform this function the same way because . *Id.* Finally, the result of the content processor in the Accused Products is the same, as . *Id.*

Second, the Accused Products also meet the element of "modified content" under DOE because . Dkt. No. 469-6, Mitzenmacher Decl. at ¶111. This is accomplished by the Accused Products . *Id.* The Accused Products perform the same function as given in claim element, in that . *Id.* The Accused Products function in the same way as in the claim element in that . *Id.* The Accused Products obtain the same

result as the claim element, as [redacted]. *Id.*

As such, summary judgment of noninfringement cannot be granted to nonmovant Juniper because there are material issues of triable fact.

B. Juniper Misrepresents the Record

Juniper claims that Finjan and its expert should have somehow (1) anticipated that Juniper was going to change its construction yet again for "content processor," (2) speculated that Juniper would disregard its previous constructions Juniper argued for in the case and use the construction was of "a processor on a client/user computer ***that processes modified content***," which it never disclosed to Finjan or argued for in the case, and (3) prove infringement under this new construction that is not supported by the intrinsic evidence. There was no way Finjan could have known that Juniper would disregard the two different constructions that it advocated for in this case for this claim term—first in its construction in the June 22, 2018 Joint Claim Construction Statement (Dkt. No. 115 at 4) and later in its Juniper's August 20, 2018 reply to Finjan's Opening Claim Construction Brief. Dkt. No. 182 at 20. Juniper's third construction for "content processor" was in its October 3, 2018 submission to the Patent Trial and Appeal Board ("PTAB") in connection with its October 3, 2018 "Petition for *Inter Partes* Review" seeking to challenge the validity of the '154 Patent. IPR2019-00031 ("Juniper's IPR Petition").[2] Juniper never presented its construction it proposed in its IPR Petition in this litigation. Ultimately, Finjan only learned of Juniper's new construction with Juniper's March 14, 2019 opposition to Finjan's Motion (Dkt. No. 390 at 6), which was a month ***after*** Finjan had already submitted its Motion and accompanying expert declaration on February 14, 2019.

Being diligent, Finjan, in its Motion and accompanying expert declaration, specifically addressed Juniper's infringement applying the two constructions that Juniper advocated for during the claim construction phase of the litigation some six to eight months earlier in the claim construction

---

[2] As discussed in Finjan's response to the Order to Show Cause, Juniper is continually changing range of proposed constructions for "content processor," but never argued under any previous construction before filing its opposition that the "content processor" processed "modified content." Dkt. No. 473-4 at 11-14.

phase of the case. Dkt. No. 368-4 at 23:14-17 (Finjan's arguing Juniper's proposed constructions; Dkt. No. 368-6 at ¶¶ 59-60 (Finjan's expert describing how Juniper infringes under its own proposed constructions). And, Juniper's previous three constructions did not include "modified content" in the construction, which only appeared in Juniper's March 14, 2019 opposition to Finjan's Motion. *See* Dkt. No. 390 at 6-8 ("Opposition"). Juniper's concealment of an entirely new construction of "content processor" after disclosing different constructions to Finjan prior to the filing of Juniper's Opposition, only to spring it on Finjan well after Finjan submitted its Motion and accompanying expert declaration, is extremely prejudicial and unfair. Therefore, Juniper's allegation that Finjan's expert did not address this construction is a red herring, as it is Juniper who is attempting to cover up its shifting and inconsistent positions regarding the "content processor" claim element and Juniper's arguments should be disregarded.

Moreover, the equities further demonstrate that there are no grounds for a noninfringement determination on the '154 Patent. This is not Juniper's first offense in seeking to belatedly disclose its positions and discovery to Finjan, which has unfairly prejudiced Finjan. First, Juniper did not disclose that it made an audio recording of the call between Finjan's representative and Juniper's representative until filing its opposition brief in the first early motion for summary judgment. Dkt. No. 153-4 at 14-15 (outlining Juniper's misconduct is not producing the audio recording during discovery, but instead waiting until its opposition to Finjan's first motion for early summary judgment). This, even though Finjan specifically asked for all documents and things reflecting these discussion that were maintained by Juniper months earlier. Second, Juniper claimed throughout discovery that it did not maintain [REDACTED], but then only ***after*** Finjan had served its opening expert reports, was able to provide such information requested this information months prior. Dkt. No. 254-3, Finjan's MIL No. 1 at 2-3 (outlining how Juniper waited to provide discovery on [REDACTED] until opposition expert report, even though this information was specifically requested). Third, Juniper did not produce invoices related to the cost of servers for Joe Sandbox until after Finjan had served its opening expert report on damages despite the fact they were requested during discovery. *Id.*, Finjan's MIL No. 1 at 4 (outlining how Juniper produced documents on the cost

of [REDACTED] after Finjan served its opening expert report on damages, even though this information was specifically requested). Fourth, Juniper also waited until two business days before Finjan's expert report was due to disclose that it [REDACTED] even though it had previously represented it did not keep this information. *Id.*, Finjan's MIL No. 1 at 4 (outlining how Juniper produced [REDACTED] two business days before expert reports were to be served). Lastly, Juniper withheld documents showing that there was a database in [REDACTED] that met its own expert's definition of a database, even though Finjan had requested these document by name a year prior, and Juniper had represented that it had completed its collection of these documents. Dkt. No. 411-4, Finjan's Motion for Relief from Judgment at 3-8 (describing Juniper's withholding of key technical documents showing infringement until after the trial on the '494 Patent, even though they were specifically requested). Juniper should not be permitted to continue such tactics without consequence, as they have been highly prejudicial to Finjan.

Furthermore, Juniper cannot argue that its new construction was necessary because Finjan somehow modified its positions from what was disclosed in its infringement contentions because Finjan never stated in its contentions that the content processed was required to be "modified content." *See* Dkt. No. 390 at 7, n.6. In fact, Finjan had nothing in its infringement contentions about the content processor being required to process "modified content." *See* Dkt. Nos. 391-3, 391-4, and 391-5 (Finjan's Infringement Contentions, E-1, E-2, and E-3). In fact, what Finjan included in its infringement contentions the exact same infringement it addressed in its Motion for Summary Judgment.

C. Juniper Misconstrues its Own Expert's Testimony

As an initial matter, the statements of Juniper's expert are irrelevant because Juniper changed its position on "content processor' in its Opposition, so that they could not be addressed by Finjan's expert. However, Juniper is incorrect that its expert consistently stated that the accused products do not process modified content. Instead, [REDACTED]

 [REDACTED]. Dkt. No. 468, Ex. 1 (Rubin Tr.) at 209:17-22 [REDACTED] [REDACTED].”). Thus, Juniper’s expert is reading a limitation that does not exist in the claim language, as the claim does not require the content processor to be a user machine. Therefore, Juniper’s non-infringement argument that its expert presented is not one that applies to the ‘154 Patent claims because his testimony on noninfringement related to a requirement that does not exist in the claim language, namely that [REDACTED] [REDACTED]

In fact, Juniper cites nothing that supports its position that Sky ATP or the ATP Appliance do not process modified content. Instead, the deposition transcripts cited in Juniper’s letter all dealt with Dr. Rubin’s testimony [REDACTED]. *See* Dkt. No. 468 citing Ex. 1 (Rubin Tr.) at 121:24-122:2, 180:18-181:11, 208:9-209:19. However, Finjan identified Sky ATP and the ATP Appliance as the “content processor” also. Dr. Rubin’s declaration [REDACTED] [REDACTED] [REDACTED] [REDACTED] *See* Dkt. No. 389-6 at pgs. 27-28, 35-36. Given the substantial documentation identified above that is Juniper’s technical documents that state otherwise, Dr. Rubin’s unsupported and conclusory declaration lends no support to Juniper’s argument.

## III. CONCLUSION

As such, Juniper’s response to the Court’s order to show cause does not establish that there are no triable issues of fact, and therefore summary judgment of infringement to nonmovant Juniper cannot be granted.

Respectfully submitted,

Dated: May 16, 2019

By: */s/ Lisa Kobialka*

Paul J. Andre (State Bar No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
Kristopher Kastens (State Bar No. 254797)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.