IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

    Plaintiff,

v.

JUNIPER NETWORKS, INC.,

    Defendant.

No. C 17-05659 WHA

**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Both sides in this patent infringement action have filed administrative motions to file under seal in connection with plaintiff Finjan, Inc.'s motion to set aside the verdict and defendant Juniper Networks, Inc.'s motion for sanctions (Dkt. Nos. 411, 431, 434, 439, 441).

In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related" to the merits — as here, where Finjan moves to set aside a jury verdict and order denying its motion for judgment as a matter of law — bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). Since Juniper's motion for sanctions bore no relation to the merits, however, only "good cause" is required to justify sealing. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172,

1179–80 (9th Cir. 2006). Furthermore, Civil Local Rule 79-5(b) requires administrative motions to file under seal to "be narrowly tailored to seek sealing only of sealable material."

### 1. FINJAN'S MOTION TO SET ASIDE THE VERDICT.

Juniper moves to seal portions of its opposition brief and various exhibits based on third-party Joe Security LLC's confidentiality designations (Dkt. No. 434). Juniper served the unredacted versions of those documents on Joe Security (Dkt. No. 436), who has not filed any declaration in support of sealing as required by Civil Local Rule 79-5(e). Accordingly, Juniper's motion to seal is **DENIED**.

Finjan moves to seal portions of its opening and reply briefs, declarations, and various exhibits (Dkt. Nos. 411, 441). Finjan's former motion to seal is based on Juniper's confidentiality designations (Dkt. No. 411) and its latter motion to seal is based on both Juniper and Joe Security's confidentiality designations (Dkt. No. 441).

With respect to Finjan's former motion to seal (Dkt. No. 411), Juniper filed a declaration in support of sealing Exhibit 7 (in its entirety) and Exhibit 13 (pages 1–2) only (Dkt. No. 418 ¶ 3). Juniper declares that Exhibit 7, which consists of a confidential license agreement, constitutes a trade secret (*id*. ¶ 10). *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Juniper also declares that the portions of Exhibit 13 it seeks to seal contain confidential source code and that disclosure of said source code "would materially impair Juniper's intellectual property rights and business positioning" (*id*. ¶¶ 6–8). It further declares that disclosure of the source code would also present a security risk (*id*. ¶ 9). Compelling reasons having been shown, Finjan's motion to seal Exhibit 7 in its entirety and portions of Exhibit 13 (page 1 (JNPRFNJN_29040_01462103); page 2 (JNPRFNJN_29040_01462104)) in connection with its motion to set aside the verdict (Dkt. No. 411) is **GRANTED**. The motion is otherwise **DENIED**.

With respect to Finjan's latter motion to seal (Dkt. No. 441), no relevant party has filed a declaration in support of sealing. Moreover, to the extent Joe Security's confidentiality interests are at play (as it does not appear that Finjan served Joe Security its motion), those

interests are rendered moot in light of the unsealing of Juniper's filings as ruled above. Accordingly, Finjan's motion is **DENIED**.

### 2. JUNIPER'S MOTION FOR SANCTIONS.

Finjan moves to seal portions of its opposition brief and various exhibits based on Juniper's confidentiality designations (Dkt. No. 431). Juniper moves to seal portions of its reply brief and various exhibits based on Joe Security's confidentiality designations and a prior order currently filed under seal by the Court pending Finjan's appeal of that sealing order (Dkt. No. 439). Neither Juniper nor Joe Security (on whom Juniper served the unredacted versions of the relevant documents (Dkt. No. 444)) has filed a declaration in support of sealing. Moreover, as to the portion Juniper seeks to seal due to the current sealed status of a prior order from which that portion quotes (page 3:11–15 of the reply brief), that portion relates to information already made public (*see* Dkt. No. 335 at 8:4–25). Accordingly, both motions are **DENIED**.

\* \* \*

Each movant shall file unredacted versions of their documents on the public docket in comport with this order by **MAY 30 AT NOON**.

**IT IS SO ORDERED.**

Dated: May 22, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3