IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

Plaintiff,

v.

JUNIPER NETWORKS, INC.,

Defendant.

No. C 17-05659 WHA

**ORDER RE REMAINING TRIABLE ISSUES**

The Court thanks both parties for their submissions regarding the identification of the remaining issues to be addressed at or before the October trial (Dkt. Nos. 476–77).

Plaintiff Finjan, Inc. shall identify in writing the specific patents and claims it intends to assert against defendant Juniper Networks, Inc. by **JUNE 6 AT NOON**. Any claims not identified by that time will be deemed waived for purposes of the instant action. The parties should bear in mind that each side will be given **18 HOURS** during trial. If Finjan later abandons or fails to pursue any of the asserted claims identified by June 6, its time at trial will be correspondingly reduced.

With respect to motions for summary judgment, each side may bring up to **TWO** motions, with each motion abiding by the 25-page limit. If Finjan chooses to bring a motion for summary judgment on infringement, it is limited to move on one claim of one patent only. If Juniper chooses to bring a motion for summary judgment on the issue of notice, that motion will count towards one of the two motions it is currently entitled to bring.

In preparing the damages claim, the parties must designate damages on a patent-by-patent basis.  With respect to the damages issue, the Court will use these numbers as a rule of thumb in determining whether this action is "exceptional" within the meaning of Section 285.  That is, Finjan shall state the amount claimed, patent by patent, and Juniper shall state the amount it concedes would be due as damages in the event liability is established, patent by patent.  If after trial and after all Rule 50 motions, Finjan recovers less than half of its claimed amount *and* recovers less than twice the amount of Juniper's conceded amount, then the Court may presume that the maintenance of the infringement action on that patent qualifies as "extraordinary."  In the event that Finjan recovers more than half of its claimed damages *and* more than twice the conceded amount, then the Court may presume that Juniper must pay attorney's fees associated with that patent.  The foregoing will apply only to exceptional conduct with respect to damages.

The start of trial will remain on October 21.  To repeat, Finjan's witness(es) with a trial conflict may appear by video.  Counsel for Finjan are also free to explain to the jury that its witness(es) are unavailable due to another trial.  All issues, including equitable claims, will be presented during this trial, subject to further order.

The parties shall jointly submit in writing a proposed case schedule by **JUNE 14 AT NOON** that is fully consistent with the above.  Do not try to enlarge the motion practice.  Do not try to change the trial date.

**IT IS SO ORDERED.**

Dated:  May 23, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE