IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>JUNIPER NETWORKS, INC.,<br><br>    Defendant. | No. C 17-05659 WHA<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |

    Both parties have filed administrative motions to file under seal various briefs, declarations, exhibits, and portions thereof submitted in connection with the second motion for early summary judgment (Dkt. Nos. 368, 370, 389, 392, 396, 407, 414, 416). In our circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). To seal records in connection with a "dispositive" motion, or one "more than tangentially related to the merits of a case," requires "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *See id.* at 1178–79 (quotations and citations omitted); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

    Civil Local Rule 79-5 requires that administrative motions to file under seal be accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the]

1  strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc.
2  v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant
3  sealing for "sources of business information that might harm a litigant's competitive standing,"
4  especially where the public has "minimal interest" in the information because it "is not
5  necessary to the public's understanding of the case." *See Nixon v. Warner Commc'ns, Inc.*,
6  435 U.S. 589, 598 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221–22
7  (Fed. Cir. 2013) (applying the law of our circuit). Furthermore, Civil Local Rule 79-5(b)
8  requires administrative motions to file under seal to "be narrowly tailored to seek sealing only
9  of sealable material."

10  With the foregoing principles in mind, the Court rules as follows. The parties shall file
11  unredacted versions of the relevant documents in comport with this order by **JUNE 7**.

\*                  \*                  \*

**1.   FINJAN'S MOTION FOR SUMMARY JUDGMENT RE CLAIM 1 OF THE '154 PATENT (DKT. NO. 368).**

| DOCUMENT SOUGHT TO BE SEALED | REQUESTED PORTION TO BE SEALED | RULING | REASONING |
|---|---|---|---|
| Finjan, Inc.'s Second Motion for Early Summary Judgment Re Claim 1 of the '154 patent | Highlighted portions | **DENIED WITHOUT PREJUDICE.** | Juniper states that the highlighted portions at pages 4–6 and 9–25 "reflect the technical underpinnings and development of Juniper's highly proprietary software and contain much information that Juniper maintains as trade secrets" (Dkt. No. 373 ¶ 4). But the portions Juniper seeks to seal (which amount to at least half the brief) are clearly overbroad, particularly in light of the rulings below (where Juniper does not seek to seal similar information (*see, e.g.*, Dkt. No. 389)). Juniper has until **MAY 31** to file a narrowly tailored motion to seal, failing which Finjan shall file the unredacted version of this document by June 7. |

2

United States District Court
For the Northern District of California

| Exhibits 2–6, 9–12, 14, 16, 18–20 | Entirety | **GRANTED.** | Juniper states that these exhibits contain "highly confidential documents or source code" and that these documents "have never been made public and contain information related to the technical underpinnings and development of Juniper's highly proprietary software — which includes much information that Juniper maintains as trade secrets" (Dkt. No. 373 ¶ 3) |
|---|---|---|---|
| Mitzenmacher Declaration | Highlighted portions | **DENIED WITHOUT PREJUDICE.** | Juniper states that the highlighted portions at pages 4–33 of the Mitzenmacher declaration "reflect the technical underpinnings and development of Juniper's highly proprietary software and contain much information that Juniper maintains as trade secrets" (Dkt. No. 373 ¶ 4). Again, the portions Juniper seeks to seal (nearly the whole declaration) is clearly overbroad, particularly in light of the rulings below (where Juniper does not seek to seal similar information (*see, e.g.*, Dkt. No. 389)).  Juniper has until **MAY 31** to file a narrowly tailored motion to seal, failing which Finjan shall file the unredacted version of this document by June 7. |

3

2. **JUNIPER'S MOTION FOR SUMMARY JUDGMENT RE CLAIM 9 OF THE '780 PATENT (DKT. NO. 370).**

| DOCUMENT SOUGHT TO BE SEALED | REQUESTED PORTION TO BE SEALED | RULING | REASONING |
|---|---|---|---|
| Juniper's Motion for Summary Judgment | Highlighted portions | **DENIED.** | Finjan claims that this highlighted portion at p. 24, ll. 15–16, contains "confidential business and licensing practices — specifically the identification of Finjan's licensing practices and negotiations"; that if "such provisions were made public, it could negatively impact Finjan's bargaining positions in future licensing negotiations with competitors"; and "no public interest will be served by disclosing this information publicly" (Dkt. No. 375 ¶¶ 3–4). To the contrary, this portion goes directly to the issue of constructive notice, which is of strong public interest. Finjan's general assertion of potential public harm is insufficient to state compelling reason to seal this information. |
| Exhibit 6 | Highlighted portions | **DENIED.** | Finjan claims that this highlighted portions at p. 48 ll. 2–25 and p. 49 ll. 1–19, contain confidential business and licensing practices (Dkt. No. 375 ¶¶ 3, 5). Denied for the same reasons stated above. |
| Exhibit 8 | Highlighted portions | **DENIED.** | No supporting declaration filed as required under Civil Local Rule 79-5(e) (*see* Dkt. No. 375 ¶ 3). |
| Exhibit 9 | Highlighted portions | **DENIED.** | Finjan claims that this highlighted portions at p. 88 ll. 3–4, contain confidential business and licensing practices(Dkt. No. 375 ¶¶ 3,6). Denied for the same reasons stated above. |

| Rubin Declaration | Highlighted portions | **GRANTED.** | Juniper states that the highlighted portions contain "confidential information that relate to the technical underpinnings and development of Juniper's highly proprietary software — which includes much information that Juniper maintains as trade secrets" (Dkt. No. 370-1 ¶ 9). |

### 3. JUNIPER'S OPPOSITION TO FINJAN'S MOTION FOR SUMMARY JUDGMENT RE CLAIM 1 OF THE '154 PATENT (DKT. NO. 389).

| DOCUMENT SOUGHT TO BE SEALED | REQUESTED PORTION TO BE SEALED | RULING | REASONING |
| --- | --- | --- | --- |
| Juniper's Opposition to Finjan's Motion for Summary Judgment | Portions of 20:11, 14; 28:10–15, 20; 30:22–28; 31:9, 32:16–17; 34:3–5, 6, 8–9; 35:1–6; 39:6–10, 13 | **GRANTED.** | Juniper states that the highlighted portions contains confidential source code, which are Juniper's trade secrets (Dkt. No. 389-1 ¶¶ 8–12). |
| Exhibit B | Portions of 65:10; 66:1; 69:23; 78:5; 112:10, 24; 113:1, 11; 158:21; 159:3–4 | **GRANTED.** | Juniper states that the highlighted portions contains confidential source code, which are Juniper's trade secrets (Dkt. No. 389-1 ¶¶ 8–12). |
| Exhibit J | Entirety | **GRANTED.** | Juniper states that the document contains confidential source code, which are Juniper's trade secrets (Dkt. No. 389-1 ¶¶ 8–12). |
| Rubin Declaration | Portions of ¶¶ 29, 31, 34–36, 54–56, 60–61, 73, 78, 85, 92–93, 98, 102–03, 116; footnote 2 | **GRANTED.** | Juniper states that the highlighted portions contains confidential source code, which are Juniper's trade secrets (Dkt. No. 389-1 ¶¶ 8–12). |
| Jas Declaration | Portions of ¶¶ 7–9 | **GRANTED.** | Juniper states that the highlighted portions contains confidential source code, which are Juniper's trade secrets (Dkt. No. 389-1 ¶¶ 8–12). |

5

**United States District Court**
**For the Northern District of California**

4. **FINJAN'S OPPOSITION TO JUNIPER'S MOTION FOR SUMMARY JUDGMENT RE CLAIM 9 OF THE '780 PATENT (DKT. NOS. 392, 396).**

| DOCUMENT SOUGHT TO BE SEALED | REQUESTED PORTION TO BE SEALED | RULING | REASONING |
|---|---|---|---|
| Finjan's Opposition to Juniper's Motion for Summary Judgment | Highlighted portions at p. 1, lines 10–11; p. 4, lines 7–8; p. 11, lines 6–26; p. 13, lines 3–6, 20, 22–26; p. 15, lines 10–17, 25-26; p. 16, lines 25–27; p. 17, lines 1, 5–6; p. 19, lines 7–28; p. 32, lines 12–24; p. 33, line 1; p. 36, lines 10–12 | **GRANTED IN PART AND DENIED IN PART.** | Juniper states that the highlighted portions at p. 17, lines 5–6; p. 19, lines 20–23, contain confidential source code, which it maintains as highly proprietary information and that disclosure would harm its business positioning and present a security risk (Dkt. No. 397 ¶¶ 3, 6–9). The motion to seal these portions is **GRANTED**.<br><br>As to the other portions Finjan seeks to seal in its opposition, Finjan merely states at a general level that the information pertains to settlement discussions protected under Rule 408 (Dkt. No. 392-1 ¶¶ 2–3). It does not give any specific citation for this general assertion. Nor does Finjan identify a specific harm that would arise from disclosure other than the boilerplate assertion that third parties *may* try to wrongfully use the information in future negotiations (Dkt. No. 392 at 3). Finjan has not shown a compelling reason to seal this information. Accordingly, to the motion to seal is otherwise **DENIED** except to the extent stated above. |

6

| | | | |
|---|---|---|---|
| Mitzenmacher Declaration | Highlighted portions at p. 14, lines 7–17; p. 15, lines 7–9, 17–18, 28; p. 16, lines 1–19; p. 17, line 18 to p. 18, line 6; p. 18, line 13 to p. 19, line 26; and p. 20, lines 9–22 | **GRANTED IN PART AND DENIED IN PART.** | Juniper states that the highlighted portions at p. 14, lines 10–17; p. 16, lines 7–8; p. 18, lines 4, 15–21; p. 19, lines 1, 23, contain confidential source code, which it maintains as highly proprietary information and that disclosure would harm its business positioning and present a security risk (Dkt. No. 397 ¶¶ 3, 6–9).  The motion to seal these portions is **GRANTED**.  The motion to seal is otherwise **DENIED**. |
| Exhibit 1 | Entirety | **GRANTED IN PART AND DENIED IN PART.** | Juniper states that the highlighted portions at p. 78, line 9; p. 86, line 6, contain confidential source code, which it maintains as highly proprietary information and that disclosure would harm its business positioning and present a security risk (Dkt. No. 397 ¶¶ 3, 6–9).  The motion to seal these portions is **GRANTED**.  The motion to seal is otherwise **DENIED**. |
| Exhibit 2 | Entirety | **DENIED.** | Juniper does not designate any portion of this exhibit to be under seal (Dkt. No. 397 ¶ 3). Finjan generally states that this exhibit contains its "licensing/settlement negotiations that are within the ambit of Rule 408 . . . or subject to Non-Disclosure Agreement, and also deposition transcript covered by separate Protective Orders" (Dkt. No. 392-1 ¶ 7).  This is nowhere near sufficient to show a compelling reason to seal the *entire* deposition transcript excerpt. |

| Exhibits 4–11 | Entirety | **DENIED.** | Finjan again generally states that these exhibits contain its "licensing/settlement negotiations that are within the ambit of Rule 408 . . . or subject to Non-Disclosure Agreement, and also deposition transcript covered by separate Protective Orders" (Dkt. No. 39May 28, 20192-1 ¶ 7).  No specific harm to Finjan is identified other than boilerplate assertions (*see* Dkt. No. 392 at 3).  Moreover, the public has a strong interest in accessing these documents, as they go to the issue of notice. |
| --- | --- | --- | --- |
| Exhibit 14 | Entirety | **DENIED.** | Juniper does not designate any portion of this exhibit to be under seal (Dkt. No. 397 ¶ 3). |
| Exhibit 15 | Entirety | **GRANTED IN PART AND DENIED IN PART.** | Juniper states that the highlighted portions at bates no. JNPR-FNJN 29018 00975675; JNPRFNJN 29018 00975676; JNPR-FNJN 29018 00975677; JNPR-FNJN 29018 00975678; JNPRFNJN 29018 00975679, contain confidential source code, the disclosure of which would cause "serious competitive consequences" and a security risk (Dkt. No. 396-1 ¶¶ 8, 10–12).  The motion to seal is **GRANTED** to the extent stated above.  The motion is otherwise **DENIED**. |
| Exhibit 16 | Entirety | **GRANTED IN PART AND DENIED IN PART.** | Juniper seeks to seal the highlighted portions at bates no. JNPR-FNJN 29018 00962784; JNPRFNJN 29018 00962791, for the same reasons stated above (Dkt. No. 396-1 ¶¶ 8, 10–12). For the same reasons stated above, the motion to seal these portions is **GRANTED**. The motion to seal is otherwise **DENIED**. |

8

| Exhibit 17 | Entirety | **DENIED.** | Juniper does not designate any portion of this exhibit to be under seal (Dkt. No. 397 ¶ 3). |
|---|---|---|---|
| Exhibit 18 | Entirety | **DENIED.** | Juniper does not designate any portion of this exhibit to be under seal (Dkt. No. 397 ¶ 3). |
| Exhibits 21, 23–24 | Entirety | **DENIED.** | Finjan generally states that these exhibits "contain (1) the parties' licensing/settlement negotiations that are within the ambit of Rule 408 of the Federal Rules of Evidence; (2) confidential terms in license/settlement agreements between Finjan and Finjan's licensees" (Dkt. No. 392-1 ¶ 6). Again, Finjan identifies no specific harm that would outweigh the public's strong interest in accessing the information. |
| Exhibit 26 | Entirety | **DENIED.** | Juniper does not designate any portion of this exhibit to be under seal (Dkt. No. 397 ¶ 3). |
| Exhibit 28 | Entirety | **DENIED.** | Juniper does not designate any portion of this exhibit to be under seal (Dkt. No. 397 ¶ 3). |

5.  **FINJAN'S OPPOSITION TO JUNIPER'S MOTION TO STRIKE (DKT. NO. 407).**

| DOCUMENT SOUGHT TO BE SEALED | REQUESTED PORTION TO BE SEALED | RULING | REASONING |
|---|---|---|---|
| Finjan's Opposition to Juniper's Motion to Strike | Highlighted portions | **DENIED.** | No supporting declaration filed as required under Civil Local Rule 79-5(e). |
| Kastens Declaration | Highlighted portions | **DENIED.** | No supporting declaration filed as required under Civil Local Rule 79-5(e). |
| Exhibit B | Highlighted portions | **DENIED.** | No supporting declaration filed as required under Civil Local Rule 79-5(e). |

9

| Exhibit D | Highlighted portions | **DENIED.** | No supporting declaration filed as required under Civil Local Rule 79-5(e). |

6. **FINJAN'S REPLY TO JUNIPER'S MOTION FOR SUMMARY JUDGMENT RE CLAIM 9 OF '780 PATENT (DKT. NO. 414).**

| **DOCUMENT SOUGHT TO BE SEALED** | **REQUESTED PORTION TO BE SEALED** | **RULING** | **REASONING** |
|---|---|---|---|
| Finjan's Reply | Highlighted portions | **GRANTED IN PART AND DENIED IN PART.** | Juniper states that the highlighted portions at 7:8, 7:9, 7:15, 8:9, 8:10, 8:11, 10:14, 10:16, contain Juniper's confidential source code, the disclosure of which would "cause serious competitive consequences" and a "security risk" (Dkt. No. 419 ¶¶ 6–9). The motion to seal these portions is **GRANTED**. The motion to seal is otherwise **DENIED**. |
| Exhibit 1 | Entirety | **DENIED.** | Juniper does not designate any portion of this exhibit to be under seal (Dkt. No. 419 3). |

7. **JUNIPER'S REPLY TO FINJAN'S MOTION FOR SUMMARY JUDGMENT RE CLAIM 1 OF '154 PATENT (DKT. NO. 416).**

| **DOCUMENT SOUGHT TO BE SEALED** | **REQUESTED PORTION TO BE SEALED** | **RULING** | **REASONING** |
|---|---|---|---|
| Juniper's Reply | Highlighted portions at pages 8:6–13; 9:3. | **GRANTED.** | Juniper states that these portions contain Juniper's confidential source code and thus seeks to seal for the same reasons stated above (Dkt. No. 416-2 ¶¶ 8–12). |

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| Juniper's Reply | Highlighted portions at pages 13:28; 14:2–4. | **DENIED.** | Finjan states that this portion "contains references to confidential email communications between Finjan and Juniper (which acquired Cyphort) regarding licensing and negotiation information," and that disclosure *could* harm Finjan's business (Dkt. No. 421 ¶ 4). This noncommittal assertion of harm is insufficient to show a compelling reason to seal. Nor do mere references to an NDA and Rule 408 by themselves provide a sufficiently compelling showing of confidentiality warranting sealing. |
| Jas Declaration | Highlighted portions of Paragraphs 3 and 5 | **GRANTED.** | Juniper states that these portions contain Juniper's confidential source code and thus seeks to seal for the same reasons stated above (Dkt. No. 416-2 ¶¶ 8–12). |
| Exhibit 1 | Highlighted portions at 82:20–21; 83:14–18 | **GRANTED.** | Juniper states that these portions contain Juniper's confidential source code and thus seeks to seal for the same reasons stated above (Dkt. No. 416-2 ¶¶ 8–12). |
| Exhibit 3 | Entirety | **GRANTED.** | Juniper states that these portions contain Juniper's confidential source code and thus seeks to seal for the same reasons stated above (Dkt. No. 416-2 ¶¶ 8–12). |
| Exhibit 4 | Entirety | **GRANTED.** | Juniper states that these portions contain Juniper's confidential source code and thus seeks to seal for the same reasons stated above (Dkt. No. 416-2 ¶¶ 8–12). |
| Exhibit 5 | Entirety | **GRANTED.** | Juniper states that these portions contain Juniper's confidential source code and thus seeks to seal for the same reasons stated above (Dkt. No. 416-2 ¶¶ 8–12). |

| | | | |
|---|---|---|---|
| Exhibit 6 | Entirety | **GRANTED.** | Juniper states that these portions contain Juniper's confidential source code and thus seeks to seal for the same reasons stated above (Dkt. No. 416-2 ¶¶ 8–12). |
| Exhibit 7 | Entirety | **GRANTED.** | Juniper states that these portions contain Juniper's confidential source code and thus seeks to seal for the same reasons stated above (Dkt. No. 416-2 ¶¶ 8–12). |

**IT IS SO ORDERED.**

Dated: May 29, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California