UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>JUNIPER NETWORK, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-05659-WHA (TSH)<br><br>**ORDER REGARDING SHLOMO TOUBOUL'S DEPOSITION**<br><br>Re: Dkt. No. 510 |

    The parties have filed a joint discovery letter brief concerning whether Finjan may depose its founder, Schlomo Touboul at all, and if so, whether it may do so in Israel. ECF No. 510.

    Juniper argues that Finjan is supposedly flouting a ruling by Judge Alsup in December 2018, but the Court is unable to understand that argument. During the first trial, Finjan tried to introduce videotaped deposition testimony Touboul provided in another lawsuit, and Judge Alsup said no. Trial Tr. at 204:21-23 ("The Court: No way we're going to let that. You've got to bring him yourself. You can't get away with a deposition from some other case.") & Tr. 205:14-17 ("The Court: That's what it is, and you're not going to get away with an in-the-can – the key guy, an in-the-can presentation from some guy who deposed him in the year 2015 in a different case. That's beyond the pale."). Whether a deposition in a different lawsuit can be admitted at trial has nothing to do with whether or where Touboul should be deposed in this case.

    Next, Juniper contends that this deposition would put Finjan above its 10-deposition limit in Federal Rule of Civil Procedure 30. Both sides agree Finjan has deposed eight individual

1   witnesses. Both sides also agree that Finjan has also deposed two Rule 30(b)(6) witnesses
2   (Icasiano and Gupta) in depositions where Finjan's questioning was less than three and a half
3   hours. Under Judge Alsup Standing Order, those do not count toward the deposition limit.
4   Standing Order ¶ 32(b) ("Each witness-designee deposed for *one half-day or more* in a FRCP
5   30(b)(6) deposition shall count as a single deposition for purposes of the deposition limit under
6   FRCP 26 or under any case management order setting a limit on the number of depositions. . . . If
7   two designees, to take another example, are interrogated, *each for one half-day or more*, then they
8   count as two depositions") (emphasis added). Juniper's concern that this could allow for large
9   numbers of short 30(b)(6) depositions is not correct because the preceding paragraph of the
10  Standing Order limits a party to ten subjects for the entire case. Standing Order ¶ 32(a).

The parties disagree on whether Finjan has deposed another Rule 30(b)(6) witness (Islah) for a half-day or more. The Court has reviewed the time-stamped transcript (ECF No. 514) and concludes that Finjan's examination fell just short of three and a half hours. Therefore, Finjan has taken a total of eight depositions.

Accordingly, Finjan can depose Touboul without going over the 10-deposition limit. The next question is where. Judge Alsup's Standing Order requires the parties "to schedule depositions at mutually-convenient times and places." Standing Order ¶ 26. Israel might be convenient for Finjan and Touboul, but it is not *mutually* convenient because it is inconvenient and expensive for Juniper. In addition, the parties early on stipulated "that depositions of party employees will occur in a mutually agreeable location *within the Northern District of California*, unless otherwise agreed." Joint Case Management Statement, ECF No. 31 at 7 (emphasis added). Finjan's argument that Touboul, who is the founder of the company, is not an "employee" within the meaning of that agreement because he is a "consultant and advisor" to Finjan, being paid more than [REDACTED], is overly technical hairsplitting. Finjan is wrong that it lacks control over Touboul. His consulting agreement with the company states that he "[REDACTED]," ECF No. 509-8 ¶ 2.3 (emphasis added).

Accordingly, the Court **ORDERS** that (1) Finjan may depose Touboul, and (2) the deposition must take place in the Northern District of California unless Juniper agrees to a

different location.

**IT IS SO ORDERED.**

Dated: June 6, 2019

> THOMAS S. HIXSON
> United States Magistrate Judge