# EXHIBIT 6
# (FILED UNDER SEAL)

HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4                        --oOo--
 5   FINJAN, Inc., a Delaware
 6   corporation
 7             Plaintiff,
 8        vs.                 Case No. 3:17-cv-05659-WHA
 9   JUNIPER NETWORKS, INC., a
10   Delaware corporation
11             Defendant.
12   _____
13
14     HIGHLY CONFIDENTIAL, OUTSIDE ATTORNEYS EYES ONLY
15
16            30(b)(6) VIDEOTAPED DEPOSITION OF
17                      JOHN GARLAND
18                 Thursday, May 24, 2018
19
20
21   Reported by:
22   COREY W. ANDERSON
23   CSR No. 4096
24   Job No. 2923791
25   Pages 1 - 258
```

Page 1

**Page 46**

```
 1        THE WITNESS: It's really outside my         09:50:51
 2   scope.                                           09:50:52
 3        BY MS. CARSON:                              09:50:52
 4        Q. Before Finjan filed those lawsuits, did  09:50:58
 5   Finjan do anything to confirm it had a reasonable 09:51:00
 6   basis for asserting infringement of the patents that 09:51:02
 7   were at issue in those lawsuits?                 09:51:05
 8        MS. KOBIALKA: Objection, form.              09:51:07
 9        THE WITNESS: Yeah, I think that's outside   09:51:09
10   my scope where I'm handling licensing. But I can 09:51:10
11   say that Finjan complies with everything it's    09:51:14
12   required to comply with.                         09:51:17
13        BY MS. CARSON:                              09:51:18
14        Q. Is it Finjan's policy to only maintain   09:51:26
15   patent infringement claims in a lawsuit when it has 09:51:28
16   a reasonable basis for maintaining those claims? 09:51:30
17        MS. KOBIALKA: Objection, form.              09:51:33
18        THE WITNESS: I'm not sure, I -- I mean, I   09:51:36
19   can continue to answer these questions, but I'm  09:51:38
20   really questioning how we are talking about notice 09:51:40
21   for marking. The topic of the deposition is notice 09:51:45
22   and marking and I'm getting questions about      09:51:49
23   litigation where I'm a licensing executive.      09:51:51
24        BY MS. CARSON:                              09:51:54
25        Q. Can you answer the question?             09:51:54
```

**Page 47**

```
 1        MS. KOBIALKA: I'm going to object to        09:51:56
 2   form.                                            09:51:57
 3        THE WITNESS: I need the question            09:51:58
 4   repeated.                                        09:51:58
 5        (Whereupon, the reporter read back          09:51:58
 6        the record as follows:                      09:51:58
 7        "Is it Finjan's policy to only              09:51:59
 8        maintain patent infringement claims         09:51:59
 9        in a lawsuit when it has a                  09:51:59
10        reasonable basis for maintaining            09:51:59
11        those claims?")                             09:51:59
12        MS. KOBIALKA: I object to the form of       09:52:16
13   that question.                                   09:52:18
14        THE WITNESS: I -- I can't answer the        09:52:21
15   question.                                        09:52:21
16        BY MS. CARSON:                              09:52:22
17        Q. You don't know one way or another?       09:52:22
18        MS. KOBIALKA: Objection to form.            09:52:24
19        THE WITNESS: I think, you know, you are     09:52:26
20   starting to get into privilege and we are starting 09:52:29
21   to get into, you know, beyond my scope of        09:52:30
22   responsibilities.                                09:52:34
23        BY MS. CARSON:                              09:52:35
24        Q. Does Finjan have standard terms for its  09:52:44
25   licenses?                                        09:52:48
```

**Page 48**

```
 1        A. Can you be more specific?                09:52:50
 2        Q. Does Finjan have a set of standard terms 09:52:58
 3   that it prefers to use in its licenses that it   09:53:01
 4   enters into with parties for the patents-in-suit? 09:53:04
 5        MS. KOBIALKA: Objection to form.            09:53:09
 6        THE WITNESS: So I mean, we have a -- we     09:53:12
 7   have a stand -- what I'll call maybe a standard  09:53:21
 8   license agreement. But you know, obviously it's a 09:53:24
 9   negotiation, so it gets adjusted and tweaked through 09:53:26
10   the back and forth with the licensee.            09:53:29
11        BY MS. CARSON:                              09:53:32
12        Q. Does Finjan's standard form include any  09:53:33
13   provisions related to marking?                   09:53:36
14        MS. KOBIALKA: Objection to form.            09:53:40
15        THE WITNESS: So most of the license         09:53:46
16   agreements I'm unfamiliar with the licensee usually 09:53:47
17   requires this no admission of liability whether they 09:53:51
18   have been found to infringe by the Federal Circuit 09:53:55
19   or not. I mean, they have -- it seems to be a    09:53:58
20   common practice now at least in the industry or, you 09:54:01
21   know, by licensees to have this no admission of  09:54:07
22   liability clause.                                09:54:11
23        So it's -- I don't know if it's standard    09:54:12
24   or not. But it's -- if it's -- if it's admitted by 09:54:15
25   Finjan, it's usually added by the licensee.      09:54:19
```

**Page 49**

```
 1        BY MS. CARSON:                              09:54:21
 2        Q. Okay. So I don't know that that answers  09:54:23
 3   my question. I wasn't asking about a provision   09:54:25
 4   regarding whether the licensee admits liability. 09:54:27
 5        I was asking whether Finjan has any         09:54:32
 6   marking provisions in any of its licenses with its 09:54:35
 7   licensees.                                       09:54:39
 8        MS. KOBIALKA: Objection to form.            09:54:40
 9        THE WITNESS: Yeah, and I'm saying the       09:54:41
10   practice is the companies -- you know, they wouldn't 09:54:42
11   accept it. They are basically asking for no      09:54:45
12   admission of liability versus an acceptance to mark 09:54:48
13   their products and services.                     09:54:52
14        BY MS. CARSON:                              09:54:53
15        Q. So are you aware of any license that     09:54:54
16   Finjan has with a licensee that includes a marking 09:54:55
17   provision?                                       09:55:00
18        MS. KOBIALKA: Objection to form.            09:55:04
19        THE WITNESS: I'm not aware of any.          09:55:07
20        BY MS. CARSON:                              09:55:10
21        Q. Does Finjan know whether any of its      09:55:13
22   licensees practice the patents-in-suit?          09:55:17
23        MS. KOBIALKA: Objection to form.            09:55:25
24        THE WITNESS: It would depend.               09:55:27
25        BY MS. CARSON:                              09:55:29
```

```
 1   no or you don't know.                        15:59:49
 2           I'm not trying to direct his answer, but   15:59:50
 3   I'm trying to work through the privilege.  If you  15:59:52
 4   are going to object, Counsel, I'll just stop and   15:59:53
 5   I'll just make an instruction.               15:59:57
 6           MS. CARSON:  So I'm just trying to think   16:00:02
 7   through the issue because if he took like          16:00:03
 8   contemporaneous notes with a phone call he had with 16:00:05
 9   Juniper, I'm not sure how that would fall within the 16:00:08
10   scope of privilege.                          16:00:11
11           MS. KOBIALKA:  If his question's for       16:00:13
12   counsel, absolutely.  I think absolutely if you    16:00:14
13   would take notes for purposes of getting legal     16:00:17
14   advice, I do think that those notes --             16:00:19
15           MS. CARSON:  Hmm.                          16:00:24
16           MS. KOBIALKA:  -- would be privileged,     16:00:24
17   especially like if these are the issues I need to  16:00:25
18   talk about with counsel.                     16:00:27
19           MS. CARSON:  Okay.  Well, we'll just start 16:00:29
20   with a yes or no, do they exist.             16:00:30
21           MS. KOBIALKA:  She is just asking whether  16:00:32
22   or not they exist.  You can answer that yes or no if 16:00:33
23   you know one way or the other, you don't know, and 16:00:35
24   then we'll take from it there.  I don't want you to 16:00:38
25   expound on it, is -- because I think that does get 16:00:40

                                                Page 222
```

```
 1   into privilege issues.                       16:00:43
 2           THE WITNESS:  I documented the summary of  16:00:52
 3   that call --                                 16:00:53
 4           MS. KOBIALKA:  Well, okay, so now, I want  16:00:54
 5   you to very careful because it starts to get into  16:00:56
 6   privilege issues.                            16:01:00
 7           So you can answer the question yes or no   16:01:00
 8   or if you don't know, one way or the other.  But I 16:01:03
 9   don't want to get --                         16:01:06
10           THE WITNESS:  I'm not going to get into    16:01:08
11   substance, but just --                       16:01:09
12           MS. KOBIALKA:  She is only asking does it  16:01:10
13   exist.  Otherwise I'm going to instruct you not to 16:01:11
14   answer.                                      16:01:14
15           THE WITNESS:  Yes, it exists.             16:01:17
16           MS. KOBIALKA:  Okay.                       16:01:18
17           BY MS. CARSON:                             16:01:18
18       Q.  Did you review it before your deposition  16:01:18
19   today?                                       16:01:20
20           MS. KOBIALKA:  Objection to form.          16:01:26
21           THE WITNESS:  Uh-huh.                      16:01:29
22           BY MS. CARSON:                             16:01:30
23       Q.  Did it refresh your recollection as to    16:01:30
24   what occurred on the call?                   16:01:31
25           MS. KOBIALKA:  Objection to form.          16:01:33

                                                Page 223
```

```
 1           THE WITNESS:  That call's pretty bright.   16:01:37
 2   That call's pretty bright, unique.           16:01:39
 3           BY MS. CARSON:                             16:01:41
 4       Q.  So that wasn't an answer to the question. 16:01:41
 5           Did reviewing your notes from the call    16:01:43
 6   refresh your recollection as to what occurred on the 16:01:45
 7   call?                                        16:01:48
 8           MS. KOBIALKA:  Objection to form.          16:01:48
 9           THE WITNESS:  Yes.  Given it's November of 16:01:52
10   2015, yes.                                   16:01:54
11           MS. CARSON:  Okay.  So Counsel, we would  16:01:56
12   request that that be produced given that it  16:01:57
13   refreshed the recollection of the Rule 30(b)(6)    16:01:58
14   witness.                                     16:02:01
15           MS. KOBIALKA:  He just said his memory was 16:02:02
16   very bright from the call.  He didn't say --       16:02:04
17           MS. CARSON:  But he also said yes, it did  16:02:06
18   refresh his recollection.  We can take it up       16:02:08
19   after -- after the deposition.               16:02:10
20       Q.  Are you aware of any evidence that Juniper 16:02:52
21   had notice of the '780 patent prior to Finjan filing 16:02:54
22   this lawsuit?                                16:02:59
23           MS. KOBIALKA:  Objection to form.          16:03:00
24           THE WITNESS:  I need the question again,   16:03:06
25   sorry.                                       16:03:07

                                                Page 224
```

```
 1           (Whereupon, the reporter read back         16:03:07
 2           the record as follows:                     16:03:07
 3           "Are you aware of any evidence that        16:03:07
 4           Juniper had notice of the '780             16:03:07
 5           patent prior to Finjan filing this         16:03:07
 6           lawsuit?")                                 16:03:07
 7           THE WITNESS:  Only Mr. Coonan's            16:03:23
 8   representation that he had done an invalidity      16:03:24
 9   analysis on the entire Finjan portfolio and as     16:03:29
10   mentioned in the interrogatory about the '968 and  16:03:33
11   the relationships of the patents.            16:03:35
12           BY MS. CARSON:                             16:03:40
13       Q.  You are not aware of any instance where   16:03:40
14   Finjan told Juniper either orally or in writing    16:03:43
15   about the '780 patent and its infringement        16:03:46
16   contentions related to that.                 16:03:48
17           Correct?                                   16:03:51
18       A.  Correct.                                   16:03:52
19           MS. KOBIALKA:  Objection to form.          16:03:53
20           BY MS. CARSON:                             16:03:54
21       Q.  Are you aware of any evidence that Juniper 16:04:00
22   had notice of the '926 patent prior to this lawsuit 16:04:01
23   being failed?                                16:04:04
24           MS. KOBIALKA:  Objection, form.            16:04:06
25           THE WITNESS:  Only what's in the           16:04:13

                                                Page 225
```

Pages 222 to 225