# EXHIBIT 8
# (FILED UNDER SEAL)

UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**<br><br>**PLAINTIFF FINJAN, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT JUNIPER NETWORKS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-10)** |

by the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or orders of the Court governing these proceedings.

11.     Finjan objects to each of Defendant's Definitions and Instructions Nos. 1-31 to the extent that they impose obligations inconsistent with the Amended Case Management Order entered at Dkt. No. 35 or the protective order or ESI order to be entered in this case.

12.     Finjan objects to each of Defendant's Definitions and Instructions Nos. 1-31 to the extent that they are they are overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.

13.     Finjan objects to each of Defendant's Definitions and Instructions Nos. 1-31 to the extent that they are vague, ambiguous and/or unintelligible.

## INTERROGATORY RESPONSES

Subject to and without waiving its general objections and objections to Definitions and Instructions set forth above, each of which is specifically incorporated into the specific Responses contained below, Finjan hereby responds to Defendant's Interrogatories as follows:

**INTERROGATORY NO. 1:**

For each Patent-in-Suit, identify all entities or persons which have or ever have had a direct or indirect ownership interest, license interest, or other interest in the Patents-in-Suit, including all dates of ownership, transfer of ownership, or license.

**RESPONSE TO INTERROGATORY NO. 1:**

Finjan objects to this Interrogatory as overbroad, unduly burdensome, and oppressive to the extent it seeks information not relevant to any claim or defense of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Finjan objects to this Interrogatory to the extent it is compound because it is comprised of multiple discrete subparts. Finjan objects to this Interrogatory to the extent it calls for a legal conclusion. Finjan objects to this Interrogatory to the extent that it seeks confidential, business, financial, proprietary or sensitive information or trade secrets of third parties, which is subject to pre-existing protective order(s) and/or confidentiality agreements; Finjan will not disclose any information subject to a confidentiality agreement without the express consent of the

concerned third party. Finjan also objects to this Interrogatory as vague and ambiguous, including the terms "direct or indirect ownership interest" or "other interest."

Subject to and without waiving the foregoing general and specific objections, Finjan responds as follows:

Finjan is the owner of each of the Patents-in-Suit. The following parties have licensed the Patents-in-Suit:

- Microsoft
- Intel
- McAfee
- Symantec
- Blue Coat
- Webroot
- Panda
- M86 Security
- TrustWave
- FireEye
- Websense
- AVAST
- AVG
- Avira
- Barracuda
- F-5 Networks
- F-Secure
- Proofpoint
- Armorize Technologies
- Sophos
- Veracode
- Carbon Black
- Secure Computing

Finjan incorporates by reference the information set forth in Finjan's Initial Disclosure of Asserted Claims and Infringement Contentions and Document Production Pursuant to Patent Local Rules 3-1 and 3-2 (served on March 8, 2018), and in particular the disclosures made pursuant to Patent Local Rules 3-2(F) and 3-2(G).

continuing until today (See https://www.finjanmobile.com/). Finjan marked the VitalSecurity Browser with the '494 Patent starting on or around October 2016. As it was impractical to mark the VitalSecurity Browser application, Finjan has marked its software for its product on its website (i.e., virtual patent markings), listing the patents that its software product practiced. Example documents related to this marking with the '154 and '494 Patents can be found at FINJAN-JN 045244-91.

Finjan incorporates by reference the information set forth in Finjan's Initial Disclosure of Asserted Claims and Infringement Contentions and Document Production Pursuant to Patent Local Rules 3-1 and 3-2 (served on March 8, 2018), and in particular the disclosures made pursuant to Patent Local Rules 3-1(G) and 3-2(I). Furthermore, Finjan also identifies Yuval Ben-Itzhak and Phil Hartstein as having knowledge related to this Interrogatory.

Additional information responsive to this Interrogatory can be found in the August 9, 2007 Deposition of Yuval Ben-Itzhak, the August 10, 2007 Deposition of Yuval Ben-Itzhak, the November 2, 2007 Deposition of Yuval Ben-Itzhak, the March 14, 2012 Deposition of Yuval Ben-Itzhak and the March 15, 2012 Deposition of Yuval Ben-Itzhak, the December 17, 2014 Deposition of Yuval Ben-Itzhak., the November 12, 2015 Deposition of Phil Hartstein, the June 9, 2017 Deposition of Phil Hartstein, the November 10, 2015 Deposition of Michael Kim, all of which have either been produced or are in the process of being produced based on consent of third parties.

Contractual obligations for Finjan's licensees can be determined from their patent license. As such, Finjan incorporates by reference the information set forth in Finjan's Initial Disclosure of Asserted Claims and Infringement Contentions and Document Production Pursuant to Patent Local Rules 3-1 and 3-2 (served on March 8, 2018), and in particular the disclosures made pursuant to Patent Local Rule 3-2(G), which identifies the licenses to the asserted patents.

Finjan's investigation of this matter is ongoing and it will comply with Fed. R. Civ. P. 26(e) should additional information become known to it.

**INTERROGATORY NO. 4:**

For each Finjan Product or Licensee Product that was not marked, describe in detail (including identification of all relevant facts, documents, evidence, and persons with knowledge) whether any

14

FINJAN'S OBJECTIONS & RESPONSES TO JUNIPER'S
FIRST SET OF INTERROGATORIES (NOS. 1-10)

CASE NO.: 3:17-cv-05659-WHA

current or prior owner of the Patents-in-Suit or the inventors of the Patents-in-Suit ever contended that such product practiced the claims of each Patent-in-Suit, and whether Finjan currently contends that such product need not be marked on the grounds that it does not practice any claim of the Patents-in-Suit.

**RESPONSE TO INTERROGATORY NO. 4:**

Finjan objects to this Interrogatory as overbroad, unduly burdensome, and oppressive to the extent it seeks information not relevant to any claim or defense of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Finjan objects to this Interrogatory to the extent that it seeks confidential, business, financial, proprietary or sensitive information or trade secrets of third parties, which is subject to pre-existing protective order(s) and/or confidentiality agreements; Finjan will not disclose any information subject to a confidentiality agreement without the express consent of the concerned third party. Finjan objects to this Interrogatory to the extent it seeks information beyond Finjan's actual knowledge, custody, or control. Finjan objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine or immunity. Finjan objects to this Interrogatory to the extent it seeks information within Defendants' possession, custody or control, or to the extent it seeks information in the public domain; Defendant can ascertain such information from its own records or from other sources at least as readily as Finjan. Finjan objects to this Interrogatory to the extent it is compound because it is comprised of multiple discrete subparts. Finjan also objects to this Interrogatory as vague and ambiguous, including the terms "ever contended" or "practice the claims of each Patent-in-Suit." Finjan objects to this Interrogatory to the extent it requests a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Finjan responds as follows:

Finjan has consistently and continuously marked its products that practice its patents. Finjan marked Vital Security appliances version 7.0 and later with the '844 and '780 Patents sometime in or around 2004 and continuing until Finjan's products line merged with M86 Security on or around 2009. Finjan consistently marked documents provided with the Vital Security appliances version 7.0 and

later, including user manuals, administration guides, and promotional material related to Vital Security appliances version 7.0 and later.

Finjan marked the FinjanMobile VitalSecurity Browser (later renamed FinjanMobile VitalSecurity VPN Browser) ("VitalSecurity Browser") with the '154 Patent starting around April 2016 and continuing until today (See https://www.finjanmobile.com/). Finjan marked the VitalSecurity Browser with the '494 Patent starting on or around October 2016 and continuing until on or around January 29, 2017. Example documents related to this marking with the '154 and '494 Patents can be found at FINJAN-JN 045244-91. Finjan incorporates its response to Interrogatory No. 3.

Finjan is unaware of the extent to which products of third parties have marked their products with the Finjan patents.

Finjan's investigation of this matter is ongoing and it will comply with Fed. R. Civ. P. 26(e) should additional information become known to it.

**INTERROGATORY NO. 5:**

For each of the Asserted Claims, state the complete legal and factual basis for any contention that the priority date is earlier than the filing date, including an identification of the alleged conception date; a detailed description of the circumstances of conception, diligence, and reduction to practice for such claim; the alleged filing priority date; activities constituting diligence; date of first reduction to practice; and any facts, test results, documents, evidence, and persons with knowledge relating to or corroborating any dates or contentions included in Your response.

**RESPONSE TO INTERROGATORY NO. 5:**

Finjan objects to this Interrogatory as overbroad, unduly burdensome, and oppressive to the extent it seeks information not relevant to any claim or defense of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Finjan objects to this Interrogatory to the extent it seeks information beyond Finjan's actual knowledge, custody, or control. Finjan objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine or immunity. Finjan objects to this Interrogatory to the extent it seeks information within Defendants' possession, custody or control, or to