UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br> Plaintiff, <br> v. <br> JUNIPER NETWORK, INC., et al., <br> Defendants. | Case No. 17-cv-05659-WHA (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. Nos. 530, 532 |

Pending before the Court are two joint discovery letter briefs, ECF Nos. 530, 532. The Court held a telephonic hearing on them this morning and now issues this order.

**A.  ECF No. 530**

**1.  Sales and Revenue Information for the SRX Devices**

Finjan contends that Juniper should provide updated revenue information for the SRX devices used with Sky ATP, as well as revenue information for the SRX devices by themselves, since both are accused products. Specifically, Finjan requests the dates, revenues, customer identification numbers, and invoice/purchase order numbers for sales to customers that purchased the accused products and services. In the letter brief, Juniper appeared to argue that Finjan's notice of claims to be tried, ECF No. 516, includes only the standalone SRX as an accused product, so revenue information for the SRX devices used with Sky ATP is no longer relevant. However, at oral argument Juniper clarified that if the '154 patent remains in the case, then SRX devices used with Sky ATP would remain relevant. Juniper does argue that producing updated

revenue information for the SRX devices is premature because Judge Alsup has issued an order to show cause why judgment should not be entered against Finjan on the '154 patent, which if granted would remove the SRX as an accused product in the case. Further, Juniper contends that customer identification numbers and invoice/purchase order numbers are not responsive to interrogatory No. 16, which Finjan is moving to compel on.

If Judge Alsup enters judgment against Finjan on the '154 patent, that will end Juniper's discovery obligations with respect to that patent. However, until that event happens, the patent is still in the case, and Juniper is obligated to produce relevant discovery on it. Further, the close of fact discovery is less than a month away, ECF No. 536, so it is too late to call any fact discovery "premature."

However, the Court agrees with Juniper that Finjan is seeking in this motion some information that is not requested by interrogatory No. 16.

Accordingly, the Court **ORDERS** Juniper to provide updated revenue information for the standalone SRX device and the SRX device used with Sky ATP. Specifically, Juniper must provide the categories of information specified in interrogatory No. 16, which do not include customer identification numbers or invoice/purchase order numbers.

### 2. Convoyed/Derivative Sales

Finjan moves to compel Juniper to produce revenue information concerning convoyed or derivative sales, that is, sales of non-accused products such as power cords and other accessories sold in bundles with the accused products, or customer support licenses for other products that customers must purchase in order to use the free version of Sky ATP. However, the Court agrees with Juniper that this information is not responsive to RFPs 31 or 122. RFP 31 asks for documents sufficient to show what products or services are sold, offered for sale, marketed or bundled with the accused products. It doesn't ask for revenue information. And RFP 122 asks for documents sufficient to identify the revenues for customer support licenses, fees or service "for the Accused Products," not for non-accused products bundled with them. Finjan's motion to compel with respect to convoyed or derivative sales is **DENIED**.

**B.     ECF No. 532**

Finjan requests an order compelling Juniper to install certain tools used for searching and analyzing source code on its source code review computer. Specifically, Finjan wants Juniper to install CLOC (which stands for "Count Lines of Code") and certain functionality in the Cygwin package (Find, Sort, Uniq, Join, Xargs, Cat, WC, SED and SHA1SUM). Finjan states that these tools will allow it to analyze the source code more quickly and to provide a precise counting of source code lines that relate to the accused technology. In addition to facilitating its experts' review in general, Finjan argues that a more efficient way to count the lines of code associated with the accused functionality is relevant to damages because it may be relevant to the cost of developing the technology at issue. Finjan also asserts that this analysis may be relevant to assessing Juniper's arguments concerning ways it could design around the patents, as well as to answering Juniper's interrogatory asking why its proffered non-infringing alternatives are not viable.

Juniper expresses doubt about Finjan's relevance arguments, but that's not the primary basis for its opposition. It argues, first, that the Stipulated Protective Order in this action, ECF No. 149, was a highly negotiated and final agreement concerning Finjan's access to Juniper's source code. Juniper says the Protective Order itself specifies what review tools will be provided and that Finjan is not free to revisit this agreement. Second, Juniper contends that the tools Finjan seeks to use could potentially raise security concerns.

The Court finds that Finjan has provided a satisfactory explanation for why the addition of these tools is relevant. The assertion that the tools would help its experts analyze the source code is itself a reasonable justification for the request. Further, counting of lines of code may also be relevant to damages and the viability of design-arounds.

Juniper's argument that the tools specified in the Protective Order were intended as a final list that cannot be revisited later does not pass muster. Paragraph 14.1 of the Protective Order states: "Nothing in this Order abridges the right of any person to seek its modification by the court in the future." ECF No. 149 at 18. That is what Finjan is seeking now.

At the oral argument the Court discussed with the parties Juniper's security concerns,

3

which need to be taken seriously. Juniper has started analyzing CLOC and represented that it could complete its security analysis within a week. Accordingly, the Court **ORDERS** Juniper to analyze CLOC for potential security concerns, including if they could be mitigated (for example, because the source code review computer is not connected to another computer or to the internet) within one week. If Juniper determines that the installation of CLOC does not pose security concerns that cannot be mitigated, it must install the tool on the source code review computer for Finjan's use. If Juniper determines there are security concerns that cannot be appropriately mitigated, then within one week it must identify them to Finjan with as much specificity as possible. If Finjan disputes those concerns, the parties should promptly file a joint letter brief. At the oral argument, Finjan complained that this process introduces delay, which is of concern given that fact discovery closes in less than a month. However, the reason for this is that Finjan waited until May 29, 2019 to ask Juniper to install CLOC, so Finjan is primarily responsible for this delay.

With respect to Cygwin, the Court agrees with Juniper that Finjan's request is vague. The nine Cygwin functionalities that Finjan refers to in the letter brief do not correspond to any of the named Cygwin packages. Juniper is entitled to analyze any of the tools that Finjan requests to be put on the source code review computer to determine if they present security risks, but it cannot do that without a precise identification of what Finjan wants installed. At oral argument, Finjan stated it could identify the specific packages it wants installed in a day or two. Juniper was unsure how long it would for it to analyze those packages for security concerns, but thought it could likely do it in a week if the packages were not unduly complex. Accordingly, the Court **ORDERS** Finjan to specify to Juniper which Cygwin packages it wants installed within two days, and Juniper shall use best efforts to determine within one week if they present security concerns that cannot be mitigated, and so inform Finjan. If Juniper determines that some or all of the requested Cygwin packages do not pose security concerns that cannot be mitigated, it must install the non-problematic ones on the source code review computer for Finjan's use. For any that Juniper determines do pose security concerns that cannot be appropriately mitigated, it must identify the concerns to Finjan with as much specificity as possible. If Finjan disputes those concerns, the

4

parties should promptly file a joint letter brief. While the timing of this is getting close to the end of fact discovery, even as of the hearing this morning, Finjan had never specifically told Juniper which Cygwin packages it wants installed.

**IT IS SO ORDERED.**

Dated: June 20, 2019

_____
THOMAS S. HIXSON
United States Magistrate Judge