IRELL & MANELLA LLP
Jonathan S. Kagan (SBN 166039)
jkagan@irell.com
Harry Mittleman (SBN 172343)
hmittleman@irell.com
Alan Heinrich (SBN 212782)
aheinrich@irell.com
Joshua P. Glucoft (SBN 301249)
jglucoft@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Rebecca L. Carson (SBN 254105)
rcarson@irell.com
Ingrid M. H. Petersen (SBN 313927)
ipetersen@irell.com
Kevin Wang (SBN 318024)
kwang@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JUNIPER NETWORKS, INC.,<br><br>　　　　Defendant. | Case No. 3:17-cv-05659-WHA<br><br>**DEFENDANT JUNIPER NETWORKS, INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. NO. 518]**<br><br>Judge: Hon. William Alsup |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10698770

JUNIPER'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE
Case No. 3:17-cv-05659-WHA

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72-2, defendant Juniper Networks, Inc. ("Juniper") respectfully moves for relief from the non-dispositive pretrial order of Magistrate Judge Thomas S. Hixson (Dkt. No. 518) regarding the interpretation of paragraph 32(b) of this Court's Supplemental Order To Order Setting Initial Case Management Conference In Civil Cases Before Judge William Alsup, which reads:

> Each witness-designee deposed for one half-day or more in a FRCP 30(b)(6) deposition shall count as a single deposition for purposes of the deposition limit under FRCP 26 or under any case management order setting a limit on the number of depositions. A corporate designee may, immediately after being deposed on the stated subject, be deposed in his or her individual capacity. Both such sessions shall count together as a single deposition (although they should be separately transcribed). If two designees, to take another example, are interrogated, each for one half-day or more, then they count as two depositions.

In particular, Magistrate Judge Hixson interpreted this provision to mean that a Rule 30(b)(6) deposition where the noticing party spends just slightly less than 3 hours 30 minutes—seemingly, even one second less—does not count at all toward the 10-deposition limit under FRCP 30. *See* Dkt. No. 518 at 2.

Plaintiff Finjan, Inc. ("Finjan") has already taken the Rule 30(b)(6) depositions on three topics of two Juniper designees,[1] Mr. Alex Icasiano and Mr. Khurram Islah. *See* Dkt. No. 510 at 1, 4. By anyone's count, each of those witnesses was questioned by Finjan for at least three hours but just slightly under 3.5 hours.[2] *See id.* at 1. Rather than combining the amount of time Finjan spent questioning each of these witnesses to determine how to count them, Magistrate Judge Hixson

---

[1] Juniper does not contend for purposes of this motion that Ms. Gupta's second deposition in December 2018 should count towards any total. *See* Dkt. No. 510 at 1 n. 2.

[2] Juniper believes that Mr. Islah's deposition lasted more than 3.5 hours, however Magistrate Judge Hixson found that Mr. Islahs' deposition "fell just short of three and a half hours," *i.e.*, one-half day, by a matter of only seconds. Dkt. no. 518 at 2. Although Juniper respectfully disagrees with this time count, Juniper does not move herein for reconsideration of that time count, but rather seeks broader clarification about the proper interpretation of this Court's own Supplemental Order as it applies to FRCP 30(b)(6) depositions generally.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10698770

- 1 -

JUNIPER'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE
Case No. 3:17-cv-05659-WHA

interpreted this Court's Supplemental Order to mean that neither of them counts *at all* towards Finjan's limit on the number of depositions: "Under Judge Alsup['s] Standing Order, those do not count toward the deposition limit." Dkt. No. 518 at 2. In other words, the more than six-and-one-half hours of collective deposition testimony that Finjan has already taken from Mr. Icasiano and Ms. Islah as FRCP 30(b)(6) witnesses was not counted at all; it was as if those depositions had simply never been taken for purposes of the 10-deposition limit merely because each of them was (purportedly) slightly under 3.5 hours. Respectfully, Juniper does not believe that this seemingly arbitrary result accords with what the Court wrote and intended in its Supplemental Order.

Consider the striking contrast between the following two scenarios. On one hand, when two FRCP 30(b)(6) designees are each deposed for 3 hours and 30 minutes, that clearly counts as two depositions under the Court's Supplemental Order at paragraph 32(b) ("If two designees, to take another example, are interrogated, each for one half-day or more, then they count as two depositions."). On the other hand, if those same two FRCP 30(b)(6) designees are each deposed for 3 hours and 29 minutes, then that apparently counts as zero depositions under Magistrate Judge Hixson's interpretation of the Court's Supplemental Order. Respectfully, Juniper does not believe that such an outcome was intended by this Court's Supplemental Order.

Unless reversed by this Court, Judge Hixson's ruling creates a gaping loophole for Finjan to obtain grossly excessive testimony. Specifically, Finjan believes that it is entitled to take up to seven more FRCP 30(b)(6) depositions (limited only by the number of topics) so long as Finjan questions each such witness for less than 3 hours 30 minutes. Ex. 1 at 1 ("Finjan's position is that a 30(b)(6) depositions [*sic*] of under 3.5 hours does not count as a deposition…."). This approach, when combined with the more than 6.5 hours of FRCP 30(b)(6) testimony that Finjan already took from Mr. Icasiano and Mr. Islah, would yield over 34 hours on the record with FRCP 30(b)(6) testimony without *any* of that counting towards the default limit of 10 depositions. Magistrate Judge Hixson addressed Juniper's objection in his Order but rejected it: "Juniper's concern that this could allow for large numbers of short 30(b)(6) depositions is not correct because the preceding paragraph of the Standing Order limits a party to ten subjects for the entire case." Dkt. No. 518 at 2. Respectfully, a limit of over 34 hours of FRCP 30(b)(6) testimony that does not even count towards

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10698770

- 2 -

JUNIPER'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE
Case No. 3:17-cv-05659-WHA

1  the 10-deposition ceiling is hardly a limit at all, let alone one that restricts discovery to what is
2  proportional to the needs of the case.
3        Juniper respectfully requests that this Court clarify Magistrate Judge Hixson's Order to state
4  that the two FRCP 30(b)(6) witnesses whom Finjan previously deposed (Mr. Icasiano and Mr. Islah)
5  should count as one deposition towards Finjan's 10-deposition limit under FRCP 30(a)(2)(A)(i), and
6  further that multiple FRCP 30(b)(6) depositions, each lasting less than one-half day, can collectively
7  count as a single deposition until reaching the 7-hour time limit set by the Federal Rules.

9  Dated: June 20, 2019　　　　　　　　　　　　Respectfully submitted,

11  　　　　　　　　　　　　　　　　　　　　　By:　　/s/ Joshua Glucoft
　　　　　　　　　　　　　　　　　　　　　　　　　Joshua Glucoft
12  　　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant*
　　　　　　　　　　　　　　　　　　　　　　　　　Juniper Networks, Inc.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10698770　　- 3 -　　JUNIPER'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE
Case No. 3:17-cv-05659-WHA