UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br>　　　　Plaintiff,<br>　v.<br>JUNIPER NETWORK, INC., et al.,<br>　　　　Defendants. | Case No. 17-cv-05659-WHA (TSH)<br><br>**ORDER COMPELLING PRODUCTION**<br>Re: Dkt. No. 543 |

The Court had a telephonic hearing on June 27, 2019 concerning the parties' joint discovery letter brief at ECF No. 543. This is Juniper's motion to compel concerning RFPs 3-4, 10, and 12-15, which are about Finjan's relationship with and lawsuit against Trustwave.

In 2009, Finjan divested its operating division to a company called M86 Security, Inc. *See* https://en.wikipedia.org/wiki/Finjan. As part of that spin-off, Finjan licensed its patents to M86 so that M86 could sell Finjan's products that were covered by Finjan's patents. In 2012, Trustwave acquired M86. *See* https://en.wikipedia.org/wiki/M86_Security. Finjan and Trustwave amended and restated the patent license agreement to account for the transfer of ownership. *See* ECF No. 554 (*Finjan v. Trustwave* Complaint), ¶ 6. In 2015, Singtel acquired Trustwave. *Id*. ¶ 8; *see generally* ECF No. 336 at 255-57 (Finjan's CEO's testimony about these transactions).

At the December trial in this action, Finjan's CEO Phillip Hartstein testified that the original code developed by Finjan is still included in the Trustwave boxes being sold today. ECF No. 336 at 326-27. Finjan also contends that it is entitled to an injunction in part because it "indirectly compete[s with Juniper] through Finjan's licensees and prospective licensees" and that "Finjan's technology that was sold and licensed to M86 Security, and subsequently Trustwave, is still actively sold in the market in competition with Juniper." ECF No. 542, Ex. A at 25 (response

to interrogatory no. 8). And Finjan points to its licensees – including Trustwave – as evidence of the "commercial success" of the patents in support of its contentions concerning secondary considerations of non-obviousness. *Id*. at 30 (response to interrogatory no. 9).

In April 2018, Finjan sued Trustwave for breach of contract. ECF No. 554. Finjan alleges that Trustwave failed to make certain royalty payments that became due upon the acquisition by Singtel. Finjan also alleges that Trustwave breach the 2012 license by failing to cooperate with KPMG's audit, which determined that an additional $1.5 million was due in royalty payments. Trustwave moved to dismiss, asserting, among other arguments, that Finjan's complaint failed to adequately plead that any Trustwave products actually did embody any valid Finjan patent. ECF No. 554-1 at 8-10. The motion appears to raise both the factual issue of whether any Trustwave products that use the Finjan technology were identified (*see id*. at 8 n.3 & 9) and the legal question of whether, if so, those patents are valid. *See id*. at 9-10. Thus, there is a dispute in that action over whether Trustwave's products actually use Finjan's patented technology.

With that as background, the Court turns to the specific RFPs at issue. RFPs 3-5 and 13-14 seek communications and documents regarding any agreements between Finjan and Trustwave involving the patents-in-suit (RFP 3), any efforts to license the patents to Trustwave (RFP 4), the negotiation or performance of any agreement (including any discussion of royalty rates or payments amounts) (RFP 5), the negotiations over Trustwave's obligation to pay royalties (RFP 13), and any communications referenced in Finjan's complaint filed against Trustwave (RFP 14). For RFP 3, Finjan agreed to provide documents leading up to the 2009 license with M86 and nothing after. For RFP 14, Finjan agreed to produce nothing. The responses to the other RFPs do not clearly say what Finjan will or will not produce.

RFPs 10 and 12 seek sales and revenue information concern the Trustwave products that allegedly embody Finjan's patents. For RFP 10, Finjan says no, and for RFP 12, Finjan's response is unclear. RFP 15 seeks documents relating to KPMG's audit of Trustwave concerning royalties allegedly owed to Finjan. In response, Finjan refuses.

The Court finds that these RFPs seek relevant information. Finjan has put its relationship with Trustwave at issue by claiming that Trustwave's products use Finjan's patented technology,

and then using this alleged fact in support of its claim for injunctive relief and as secondary evidence of non-obviousness. RFPs 3-5 and 13 assume that Finjan's assertions about Trustwave using its patents are true and then seek documents that are relevant to determining the degree of comparability between the Trustwave license and the hypothetical negotiation in this case, as well as to calculating a reasonable royalty. The documents sought by RFPs 10, 12, 14 and 15 are relevant to determining the extent to which it is actually true that Trustwave's products embody Finjan's patents.

Finjan argues that documents about its lawsuit against Trustwave are not relevant to Juniper's damages in this case. However, that argument is a straw man. The documents Juniper is seeking about that lawsuit relate to the extent to which Trustwave uses Finjan's patented technology, which as stated above, is relevant to Finjan's injunction claim and to the commercial success of Finjan's patents.[1]

Finjan asserts that none of the requested documents are relevant to secondary considerations of non-obviousness. However, the extent to which Trustwave's sales reflect the commercial success of Finjan's patents is very much at issue in the lawsuit between Finjan and Trustwave, and that issue is relevant to non-obviousness. Likewise, Finjan is probably correct that whether Trustwave still sells products that embody its patents "does not dispose of Finjan's irreparable harm claims," but information need not be dispositive to be discoverable, merely relevant.

Finjan alternatively argues that in the event the Court determines that these documents are relevant, it should deny the motion to compel anyway because Juniper has pending ESI requests that may result in the production of these documents. The Court finds that argument confusing. The Court is ordering Finjan to produce responsive documents but not telling Finjan how to do it. If Finjan can locate responsive documents through an ESI search, it is free to produce them that way.

---

[1] The Court agrees with Finjan that none of these RFPs is relevant to Juniper's marking defense given Finjan's representation that is not alleging constructive notice at the upcoming trial. ECF No. 543-3.

3

Finjan also argues that Juniper can subpoena some of this information from Trustwave. However, party discovery is typically easier and faster than non-party discovery.

Finally, Finjan asserted other objections in its RFP responses but does not argue any of them in the letter brief. Accordingly, the Court considers those objections waived.

The Court **ORDERS** Finjan to produce non-privileged documents responsive to RFPs 3-5, 10 and 12-15.

**IT IS SO ORDERED.**

Dated: July 1, 2019

THOMAS S. HIXSON
United States Magistrate Judge