IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> JUNIPER NETWORKS, INC., <br><br> Defendant. | No. C 17-05659 WHA <br><br> **ORDER ON MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER RE MOTION TO QUASH AND ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

On June 6, per the discovery referral in this action, Magistrate Judge Thomas Hixson denied defendant Juniper Network, Inc.'s motion to quash plaintiff Finjan, Inc.'s noticed deposition of Shlomo Touboul (Finjan's founder and named inventor of certain patents-in-suit). Juniper now moves for relief from that order regarding the interpretation of paragraph 32(b) of the undersigned's Supplemental Order To Order Setting Initial Case Management Conference In Civil Cases pursuant to Civil Local Rule 72 (Dkt. No. 544). Finjan opposes thereto (Dkt. No. 556). The motion is **GRANTED** to the extent stated below.

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

Juniper argued before Judge Hixson that, *inter alia*, Finjan's deposition of Touboul would put Finjan above its 10-deposition limit imposed by Rule 30. At that point, Finjan indisputably had already deposed eight individual witnesses. Finjan had also additionally

deposed two Rule 30(b)(6) witnesses, with each deposition lasting less than three and a half hours. Judge Hixson ruled that, under the undersigned's standing order, these latter two depositions did not count toward the deposition limit and thus Finjan could depose Touboul (Dkt. No. 518 at 2). In so holding, the discovery order looked to paragraph 32(b) of the standing order, which stated as follows (Standing Order ¶ 32(b) (emphasis added)):

> (b) Each witness-designee deposed for *one half-day or more* in a FRCP 30(b)(6) deposition shall count as a single deposition for purposes of the deposition limit under FRCP 26 or under any case management order setting a limit on the number of depositions. A corporate designee may, immediately after being deposed on the stated subject, be deposed in his or her individual capacity. Both such sessions shall count together as a single deposition (although they should be separately transcribed). If two designees, to take another example, are interrogated, *each for one half-day or more*, then they count as two depositions.

Because the two depositions at issue each lasted just under three and a half hours, Judge Hixson interpreted the standing order to mean that neither of those two depositions counted at all as a single deposition for the purposes of the deposition limit (*ibid.*). He further looked to paragraph 32(a) of the standing order, which limited parties to 10 subject matters for the entire case, to overrule Juniper's concern that this reading of the standing order could lead to a large numbers of short 30(b)(6) depositions (*ibid.*).

Juniper now argues that Judge Hixson failed to combine the total amount of time Finjan spent deposing the two witnesses for purposes of the deposition limit (Dkt. No. 544 at 1–2). It contends that Judge Hixson's interpretation of paragraph 32(b) of the standing order allows for an excessive number of additional short Rule 30(b)(6) depositions, none of which would count towards the deposition limit (*id*. at 2–3). This order agrees. The combination of the Rule 30(b)(6) depositions in this manner is hardly "arbitrary" or "illogical," as Finjan contends (Dkt. No. 556 at 2). Rather, as Juniper points out, a limit of over thirty hours of Rule 30(b)(6) testimony that do not count towards the 10-deposition limit simply because each testimony lasted just short of three and a half hours, even if within the 10-subject matter limit, fails to provide a meaningful limit under these circumstances. As such, simply because the undersigned's standing order explicitly limits Rule 30(b)(6) depositions by topic does not

2

mean that the undersigned would not further limit depositions by the total number of hours as well.

Finjan attempts to sidestep Juniper's concern by arguing that Juniper assumes that each witness will be designated on a single topic and deposed for less than three and a half hours. But, according to Finjan, Juniper has already designated multiple topics for one of its employee witness, thereby giving Finjan seven hours to depose that employee both in his personal capacity and on five 30(b)(6) topics (*id*. at 2–3). Finjan thus contends that Juniper has "consolidated half of the topics permitted" under the standing order "into a single deposition, which, in turn, will likely cut into" that witness's time in his personal capacity (*id*. at 3). Finjan further asserts that Juniper's interpretation "is ripe for abuse" inasmuch as it could incentivize a party to put "numerous people on their initial disclosures, thereby requiring the other party to depose them as fact witness, there will be no depositions left over for 30(b)(6) witnesses" (*ibid*.).

In light of Juniper's real concern, however, Finjan's opposing concerns are outweighed here. (This is, of course, without prejudice to whether such abuse by Juniper does in fact occur.) Accordingly, for clarity, both sides shall each be limited to **70 HOURS** total for all depositions, including Rule 30(b)(6) witnesses and all other witnesses, in the instant action. That is, all depositions shall count towards the 70-hour limit. The 10-deposition limit under Rule 30 is hereby suspended in favor of the total 70-hour limit.

\*        \*        \*

Finjan filed an administrative motion to file under seal portions of its response and exhibit attached thereto to the underlying motion pursuant to Juniper's confidentiality designation (Dkt. No. 555). No supporting declaration by Juniper, however, has been filed. Accordingly, Finjan's motion to file under seal is **DENIED**. Finjan shall publicly refile the relevant documents by **JULY 5**.

**IT IS SO ORDERED.**

Dated: July 2, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3