UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br>        Plaintiff,<br>v.<br>JUNIPER NETWORK, INC., et al.,<br>        Defendants. | Case No. 17-cv-05659-WHA (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 560 |

The Court held a telephonic hearing this morning on the parties' joint discovery letter brief at ECF No. 560. This order now follows.

**A.     Finjan's Interrogatory No. 4**

This interrogatory asks Juniper to identify the number of units of the accused instrumentalities sold, and the number of users each year for each of the accused instrumentalities, including the number of users for any specific component and/or technology. Juniper does not dispute the relevance or proportionality of the requested information but contends that its Federal Rule of Civil Procedure 33(d) references to certain spreadsheets provide the answer. Finjan says the spreadsheets are indecipherable.

Federal Rule of Civil Procedure 33(d) states in relevant part that "if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . ."

During the hearing, the Court had an extensive discussion with the parties concerning how the requested information could be ascertained from the referenced spreadsheets. Finjan raised a number of questions concerning what is depicted on the spreadsheets and how they relate to each

other. Juniper had some answers to these questions, but indicated uncertainty as to other questions. During the course of the hearing it became clear that the parties need to meet and confer further about what specific questions Finjan has and how the answers can be derived from the spreadsheets, including whether additional explanation may need to be provided in the narrative portion of the interrogatory response. Accordingly, the Court **ORDERS** the parties to meet and confer further with respect to this interrogatory. If they are not able to resolve their dispute, they may file an additional letter brief following this further meet and confer.

**B.     Finjan's Requests for Production Nos. 119-21**

Finjan's RFPs 119-21 ask for documents sufficient to identify the total number of files submitted to or processed by Sky ATP, or processed using each adapter in Sky ATP, from October 2015 to the present. Juniper says it does not have any documents that contain this information.[1] What it does have is access to the raw data that could be used to generate reports of this type. Accordingly, Juniper extracted this raw data from its active Sky ATP deployment identifying each file submitted to and processed by Sky ATP, as well as the analysis results (that show which adapters processed each file), so Finjan can do its own reports. Juniper says it should not have to do anything more than this, at least as to the RFPs, because "[a] party . . . is not required to create a document where none exists." *Ujhelyi v. Vilsack*, 2014 WL 4983550, *4 (N.D. Cal. Oct. 6, 2014) (citations and quotation marks omitted). Finjan makes no argument that any responsive documents exist that Juniper has failed to produce and does not respond to the argument that a party is not required to create new documents in response to an RFP. Accordingly, the Court **DENIES** Finjan's motion to compel as to RFPs 119-21.

**C.     Finjan's Interrogatory No. 5**

This interrogatory requests: "For each of the Accused Instrumentalities, since the time of the first sale of the instrumentalities, identify the number of files scanned by the Accused Instrumentalities, the number of files that are classified by the Accused Instrumentalities, the number of threats received by the Accused Instrumentalities, and identify any valuations or pricing

---

[1] At the hearing Juniper added that on July 1 it produced some additional analysis that it performed using this raw data.

2

options that exist from Juniper or a third party based on the number of files scanned, the number of files that are classified or the number of threats or malware received or detected by the accused instrumentalities."

Juniper's response is a Rule 33(d) reference to the raw data discussed above, plus a narrative statement concerning the number of samples the Sky ATP deployments analyzed and how many of those had a verdict score of 7 or greater. (Sky ATP does not make a yes/no threat determination but ranks a file from 1 to 10 in terms of risk.) Finjan says the raw data is indecipherable and that the narrative response does not answer the interrogatory. (The portion of the interrogatory that asks about pricing options is not at issue.)

For the most part the Court agrees with Finjan. The interrogatory asks about the number of "files" "scanned" and "classified," whereas the response states how many "samples" were "analyzed," without explaining if a sample is the same as or different from a file, and how scanning or classifying are similar to or different from analyzing. Juniper is not obligated to use the exact words in its interrogatory response that are in the interrogatory because, for example, they might not be accurate. However, if it uses different words, it must explain how those words answer the interrogatory. For example, interrogatory No. 5 asked how many threats the Sky ATP received, and in the letter brief Juniper explained that it does not make the ultimate conclusion that something is a threat. But then it also went on to identify how many samples had a verdict score of 7 or greater (meaning they were high risk), in other words, giving Finjan the thrust of what it asked for, even if Finjan did not use the exact right words. Juniper failed to do that for the number of files scanned or classified, giving a response that used different vocabulary and that left it unclear what the answer to Finjan's question is. There is also no indication that Finjan can find it in the Rule 33(d) reference. Accordingly, the Court **ORDERS** Juniper to state how many files Sky ATP scanned or classified, using words that make clear what the answer is to the thrust of Finjan's question. The Court **DENIES** Finjan's request that Juniper be ordered to state how many files were scanned or classified by different scanners because the interrogatory does not ask for that information.

### D. Finjan's Requests for Production Nos. 107-110, 112-13 and 125

These RFPs ask for: Documents sufficient to show the in-licensing or out-licensing of patents or technology related to the Accused Instrumentalities (RFP 107); all licenses Juniper has with any third-party regarding patents, technology or know-how related to or comparable to the technology disclosed in the Asserted Patents (RFP 108); all communications between Juniper and Palo Alto Networks regarding patents, technology, or know-how related to or comparable to the technology disclosed in the Asserted Patents (RFP 109); all agreements between Juniper and Palo Alto Networks regarding patents, technology or know-how related to or comparable to the technology disclosed in the Asserted Patents (RFP 110); all agreements between Juniper and Palo Alto Networks relating to patents, technology or know-how related to firewalls, secure routers, or malware identification (RFP 112); all agreements between Juniper and Palo Alto Networks relating to patents, technology or know-how related to Netscreen technology (RFP 113); and documents sufficient to identify all licenses, royalties and fees from any third party for cloud fees services (RFP 125).

Finjan says these documents are relevant to damages, including the costs that Juniper incurs and amounts it is willing to pay for use of similar technology. Juniper says it has produced all comparable licenses involving the technologies incorporated into the accused products. Juniper also says that Finjan's requests for communications with third parties violates the Stipulated ESI Order because Finjan has exhausted the number permissible custodians, and any responsive communications would be custodial in nature.

Finjan's request is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** Juniper to provide documents in response to RFPs 107, 108, and 110. These RFPs are related to the accused products or the patents-in-suit. They are not burdensome because they are limited to the production of licenses and agreements. The Court **ORDERS** Juniper to produce documents responsive to RFP 109 **EXCEPT** to the extent that doing so would exceed Juniper's obligations under the Stipulated ESI Order. These documents are relevant because they relate to the patents at issue. The production is not burdensome because it seeks the communications between two specific companies, not between Juniper and any third party. However, the Court will not impose

4

any ESI obligations on Juniper that exceed what is contemplated by the Stipulated ESI Order. RFPs 112, 113 and 125 are overbroad because they are in no way limited to the accused products or patents at issue. Further, if the Court narrowed these RFPs to a relevant scope, they would just duplicate RFPs 107, 108 and 110. Accordingly, the Court **ORDERS** that Juniper need not produce documents in response to RFPs 112, 113 and 125.

**IT IS SO ORDERED.**

Dated: July 3, 2019

THOMAS S. HIXSON
United States Magistrate Judge