PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 3:17-cv-05659-WHA<br><br>**PLAINTIFF FINJAN, INC.'S MOTION FOR LEAVE TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS**<br><br>Date:   August 22, 2019<br>Time:   8:00 a.m.<br>Judge:  Hon. William H. Alsup |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on August 22, 2019 at 8:00 a.m., or as soon thereafter as counsel may be heard by the Honorable William Alsup in Courtroom 12, 19th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Finjan, Inc. ("Finjan") will and hereby does move the court for an order granting Finjan leave to supplement its infringement contentions which were provided to Defendant Juniper Networks, Inc. ("Juniper") on June 25, 2019. This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Kristopher Kastens ("Kastens Decl."), the proposed order submitted herewith, the pleadings and papers on file in this action, any evidence and argument presented to the Court at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

**STATEMENT OF ISSUES**

Whether Finjan should be granted leave to supplement its Infringement Contentions for the '154 Patent based on the Court's claim construction.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The Court should grant Finjan's leave to supplement its Infringement Contentions for the U.S. Patent No. 8,141,154 (the "'154 Patent") pursuant to Local Patent Rule 3-6, based on the Court's recent construction of the phrase "a content processor" that was different from the construction put forward by Finjan. Finjan's proposed supplemental infringement contentions is attached hereto as Ex. A, where Finjan has added only a single paragraph to its contention for each accused product and an update to Finjan's Doctrine of Equivalents ("DOE") theory to address the new construction of "content processor" at issue in the Court's Claim Construction Order. *See* Ex. A[1] (Appendix E-1) at 10-12, Ex. A (Appendix E-2) at 7-9, Ex. A (Appendix E-3) at 9-11. Patent Local Rule 3-6 specifically provides that Finjan has good cause for such a supplementation because the Court entered a claim construction "different from

---

[1] Unless otherwise noted, all exhibits to this motion are attached to Declaration of Kristopher Kastens, filed herewith.

1

FINJAN'S MOTION FOR LEAVE TO SUPPLEMENT                                        CASE NO.: 3:17-cv-05659-WHA
INFRINGEMENT CONTENTIONS

that proposed by the party seeking amendment." Additionally, Finjan has good cause to supplement its infringement contentions because Finjan could not have addressed the construction earlier, as the construction issued by the Court was not proposed by either party during claim construction in this case, but was first adopted by Juniper in its Opposition to its Motion for Summary Judgment. Juniper's delay in arguing this construction establishes that Finjan was not previously on notice that the Court's construction was a possibility, and now has good cause to supplement based on this new construction.

Finjan has been diligent in seeking the amendment after the Court's claim construction (Dkt. No. 459) and notifying the Court and Juniper in Finjan's response (Dkt. No. 474 at 10-11) to the Court's order to show cause that it would seek leave to amend its infringement contentions after the Court ruled on its Order to Show Cause, which would determine if Claim 1 of the '154 Patent was still in the case. While the Court has not ruled on its Order to Show Cause, Finjan brings this Motion out of the abundance of caution to request a supplementation of Finjan's Infringement Contentions in view of the Court's new construction of the content processor term. Finjan's supplementation will not prejudice Juniper because it only clarifies Finjan's infringement contentions based on the court's new claim construction. Furthermore, Juniper will not be prejudiced because it has been aware of Finjan's positions since Finjan attached a declaration from Dr. Mitzenmacher, which included the substance of the supplement that Finjan requests, establishing that there is no surprise to Juniper of Finjan's position. Dkt. Nos. 469-6, 474. Finally, Finjan's supplementation will not disrupt the case schedule as there will be no additional discovery taken a result of the supplementation, as Juniper has been aware of Finjan's position at least since Finjan's response to the Court's order to show cause (Dkt. Nos. 470, 474). As such, Finjan should be provided leave to supplement its infringement contentions to address the Court's new claim construction.

## II. FACTUAL BACKGROUND

Pursuant to the Court's second showdown procedure (Dkt. No. 219), Finjan filed a summary judgment of infringement on the '154 Patent (Dkt. No. 369) on Juniper's SRX Gateways, Sky ATP, and ATP Appliances products. Prior to the summary judgment, Finjan has proposed the term "content processor" to be accorded its plain and ordinary meaning, namely a component that processes content

downloaded across a network. Dkt. No. 176 (Finjan's Opening Claim Construction Brief) at 17-18. Juniper, on the other hand, has proposed a number of different constructions for "content processor" in various different briefings in this Court and also in an IPR petition. However, none of the constructions proposed by Juniper required "content processor" to process "modified content." *See* Dkt. No. 115 at 4; Dkt. No. 182 at 20; *Juniper Networks, Inc. v. Finjan, Inc.*, Case No. IPR2019-00031, Paper 2 (Petition) at 14-15 (P.T.A.B. Oct. 3, 2018).

For the first time, in Juniper's opposition to Finjan's summary judgment, Juniper inserted the limitation that a content processor must process "modified" content. The Court then adopted a version of Juniper's new claim construction to require the content processor to process modified content, after Finjan already put forth its infringement case based on Juniper's previous claim construction. Dkt. No. 459 at 11. With its issuance of this claim construction order, the Court simultaneously ordered that Finjan show cause for why Juniper's products still infringe under the Court's claim construction. *See* Dkt. Nos. 470, 474 ("Resp. Order to Show Cause"). In response to this Order to Show Cause, Finjan submitted a declaration of its technical expert, Dr. Mitzenmacher, which included several bases for Juniper's infringement of Claim 1 of the '154 Patent under this construction. In particular, Finjan established that the content processors in the accused products process content that has been modified. *See, e.g.,* Dkt. No. 469-6 (Mitzenmacher Decl.) at ¶¶ 36-76. In this same response to the Order to Show Cause, Finjan also stated that it would supplement its infringement contentions to account for the Court's claim construction when the Court rules on its order to Show Cause, because if the Court ruled against Finjan the issue would be mooted. Dkt. No. 474 at 10-11.

On June 7th, as the Court had not yet issued an order on its Order to Show Cause, Finjan reached out to Juniper about whether it would stipulate to Finjan's supplementing its infringement contentions in response to the Court's new claim construction Order. Ex. B at 3. In response, Juniper's counsel stated that they would consider stipulating to Finjan serving a supplementation, but that they wanted to see the exact proposed supplementation. *Id.* at 2. Finjan provided Juniper's counsel with Finjan's supplemental infringement contentions on June 25, which updated Finjan's infringement contentions to address the Court's claim construction Order. *Id.*; *see also* Ex. A (proposed supplemental infringement

contentions). Finjan's proposed supplementations were narrow in nature, and specifically addressed the new construction provided by the Court. Ex. A, (Appendix E-1) at 10-12, Ex. A (Appendix E-2) at 7-9, Ex. A (Appendix E-3) at 9-11 (the word version of these charts were attached to Ex. B, June 25th Attachments to Email to Glucoft). On June 27th, Juniper stated that there was no good cause to amend because: (1) Finjan should have known that Juniper would adopt a new construction it had never previously adopted because the construction was included in PTAB decision and (2) because Juniper believed the supplementation were futile. *See* Ex. B at 1. Finjan requested a meet and confer on July 3rd, and the parties have not been able to meet and confer. *Id.*; Kastens Decl. at ¶ 4. Thus, Finjan is left with no choice but to bring this Motion as the close of fact discovery is fast approaching.

## III.   ARGUMENT

Under the Patent Local Rule, a party may amend its Infringement Contentions "by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "The good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *24/7 Customer, Inc., v. Liveperson, Inc.*, No. 3:15-cv-02897-JST-KAW, 2016 WL 6673983, at *2 (N. D. Cal. Nov. 14, 2016) (citation omitted). The Patent Local Rules specifically set forward as an example of good cause being a claim construction of a term that is "different from that proposed by the party seeking amendment." Patent L.R. 3-6(a).

### 1.   Finjan Has Good Cause to Supplement

Finjan has good cause to supplement its Infringement Contentions because the claim construction adopted by the Court is different from the construction proposed by Finjan during claim construction, namely, that a "content processor" must process "modified content." *See* Dkt. No. 459 at 6 (listing Finjan's construction followed the plain and ordinary meaning of "content processor" and not requiring it to process modified content). The Patent Local Rules are clear that good cause is found where, as was done here, "a claim construction by the Court [is] different from that proposed by the party seeking amendment." Patent L.R. 3-6(a); *see also MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*, No. 2:13-cv-02538-ODW (SHX), 2014 WL 5810363, at *3 (C.D. Cal. Nov. 6, 2014) (holding that

4

FINJAN'S MOTION FOR LEAVE TO SUPPLEMENT                      CASE NO.: 3:17-cv-05659-WHA
INFRINGEMENT CONTENTIONS

it was reasonable to wait to move to amend infringement contentions until after claim construction order; noting "[n]either party had any way of predicting how the Court would rule on the claim construction dispute before it issued the Claim–Construction Order."). Especially here, the Court did not exactly adopt either exact construction, but adopted a revised version of the construction requested by Juniper. In this type of scenario, "Courts generally have granted leave to amend following a claim construction order." *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-cv-01161-HSG (DMR), 2017 WL 1278744, at *4 (N.D. Cal. Apr. 6, 2017) (citations omitted).

Finjan's proposed supplementations set forth in Exhibit A are also all directly related to the new construction adopted by the Court. *See* Ex. A. Finjan has added a single paragraph of new description, as well as updating its theory under the Doctrine of Equivalents. Finjan made no other changes to its infringement contentions. An example of the supplementation for Juniper's SRX Gateway product is provided below, and as shown, is directly responsive to the Court's Order on Claim Construction:



Ex. A (Appendix E-1) at 10.  The proposed supplementations for the other two accused products, Sky ATP and the ATP Appliance, are similar in scope, and are also directly responsive to the Court's construction.  *Id.* (Appendix E-2) at 7-8; *id.*, (Appendix E-3) at 9-11.  Similarly, Finjan has supplemented its DOE theories to address the new construction that a content processor in the claims must process modified content.  As such, Finjan has good cause for the scope of the supplementation requested, as it directly addresses the Court's construction.

### 2. Finjan Has Been Diligent in Supplementing Its Infringement Contentions

Finjan has been diligent in seeking leave to supplement.  *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2014 WL 491745, at *3 (N.D. Cal. Feb. 5, 2014).  Diligence consists of two steps: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered."  *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-cv-01745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015) (citation omitted).  Finjan has established its diligence in both steps because: (1) it did not learn of the new construction until the Court issued its Order and (2) Finjan has diligently sought to supplement its infringement contentions, even though the Court has not yet ruled on whether Claim 1 of the '154 Patent will remain in the case.

First, "[i]n considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence."  *Radware Ltd. v. F5 Networks, Inc.*, No. C-13–02041-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014) (citation omitted).  Finjan first discovered the basis for supplementation when the Court issued its claim construction on May 8, 2019, which modified Juniper's claim construction first proposed on March 14, 2019.  Finjan could not have anticipated that the Court adopted this modified version of Juniper's new claim construction because Juniper's new construction was procedurally improper, and was never proposed nor briefed as part of the parties' claim construction briefing occurred last year.  In addition, neither party proposed this claim construction prior to Finjan's motion for summary judgment.  Finjan could not have anticipated that Juniper changed in its claim construction positions this late in the game,

6

as none of Juniper's constructions in this case, and in front of the PTAB includes a limitation of "processing modified content".

Moreover, Juniper's argument that Finjan should have somehow guessed Juniper would request this construction because it was in a single IPR decision—even Juniper gave no indication of this during claim construction—is without any basis.  Even if Finjan could have somehow divined the Court's ultimate construction of the term "content processor," there is no requirement that a party must include every possible claim construction position in its infringement contentions in the alternative, even if the construction is not advocated by the party.  In fact, this goes against the Patent Local Rules specifically stating that there is good cause when a claim construction different from what the moving party requested is ordered.  As such, even if the Court's construction was included in a single IPR decision, Finjan was not required to use that construction, particularly since Court's in this district of used different constructions of the term.

Despite of the prejudice that Juniper has inflicted on Finjan by its late change in construction of the term "content processor," Finjan has been diligent in seeking the amendment.  Within 3 business days after learning the Court's construction on May 8, 2019, Finjan notified the Court and Juniper in its response to the Court's order to show cause that Finjan intended to supplement its Infringement Contentions based on the Court's new construction and provided the substance of these supplements in an expert declaration.  Dkt. No. 474 at 10-11; Dkt. No. 469-6 (Mitzenmacher Decl.).  At the time when Finjan filed the response, there was not a discovery cut-off and many uncertainties with respect to how the subsequent trial will be conducted.  Thus, Finjan stated that "it will seek to amend its contentions based on the Court's construction of 'content processor' when the Court rules on its Order to Show Cause," (Dkt. No. 474 at 10-11) which was proper because the Court's decision on its Order to Show Cause would establish whether Claim 1 of the '154 Patent was still in the case and the issue was not moot.  However, as a case schedule was later set and expert reports will be due soon, Finjan move to supplement its infringement contentions out of an abundance of caution, even though the Court has not ruled on the Order to Show Cause.

### 3. Juniper Will Not be Unduly Prejudiced

Juniper will not be prejudiced by Finjan's supplementation, as "[p]rejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders," and no such disruption will occur here. *Karl Storz Endoscopy-Am. v. Stryker Corp.*, No. 14-cv-0087-RS (JSC), 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016) (citation omitted). Juniper has been well aware of Finjan's positions, as they were disclosed in an expert declaration attached to Finjan's response to the Order to Show Cause on May 13, 2019.

Finjan's supplementation will not disrupt the case schedule or the court orders because it only clarifies Finjan's contentions for one patent based on the Court's new claim construction, and does not add any new patent claims or products. *See Brandywine Commc'ns Techs., LLC v. AT & T Corp.*, No. C 12-2494 CW, 2014 WL 1569544, at *16 (N.D. Cal. Apr. 18, 2014) (permitting "supplemental contentions [that] essentially expand on [plaintiff's] previous infringement contentions and do not add any new patent claims or products"). As no new discoveries are needed, the case schedule will not be disrupted. *MLC Intellectual Property, LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2019 WL 978766, at *5 (N.D. Cal. Feb. 28, 2019) (finding no prejudice to non-moving party where no new theories of liability are added and no additional discovery is needed). Furthermore, even if new evidence was required to address Finjan's supplementation, Juniper has had Finjan's infringement positions at least since Finjan filed its response to the Order to Show Cause, allowing Juniper plenty of time to investigate this issue or otherwise seek discovery. Furthermore, as this construction was first advocated by Juniper, Juniper had ample time to investigate its infringement under its own construction, even if it never actually raised this proposed construction with Finjan.

Finally, Juniper cannot show it was prejudiced when Finjan seeks to supplement in response to Juniper's own shifting claim construction. *See Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 4:16-cv-00119-HSG-KAW, 2018 WL 5619743, at *3-6 (N.D. Cal. Oct. 29, 2018) (no prejudice where non-moving party's own witness disclosed new information, the case schedule would not be interrupted by the amendment and expert discovery was still ongoing). Juniper had numerous opportunities to raise this construction during claim construction, or when it filed an IPR related to the '154 Patent, and never

did. The lack of any prejudice to Juniper is further coupled to the fact that Finjan's supplement contains the same theories that were previously set forth in the response to the Court's order to show cause, and thus Juniper was already aware of the infringement theories in the supplemental Infringement Contentions.

### IV. CONCLUSION

For the reasons set forth above, Finjan respectfully requests that the Court grant it leave to supplement its Infringement Contentions pursuant to Local Patent Rule 3-6.

Respectfully submitted,

Dated: July 11, 2019

By: */s/ Kristopher Kastens*
Paul J. Andre (State Bar No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
Kristopher Kastens (State Bar No. 254797)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.