PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

IRELL & MANELLA LLP
Jonathan S. Kagan (SBN 166039)
jkagan@irell.com
Joshua Glucoft (SBN 301249)
jglucoft@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Rebecca Carson (SBN 254105)
rcarson@irell.com
Dennis Courtney (SBN 307646)
dcourtney@irell.com
Ingrid Petersen (SBN 313927)
ipetersen@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JUNIPER NETWORKS, INC., <br><br> Defendant. | Case No. 3:17-cv-05659-WHA <br><br> **JOINT STIPULATION REGARDING 35 U.S.C. § 287; [PROPOSED] ORDER** <br><br> Hon. William H. Alsup |

Plaintiff Finjan, Inc. ("Finjan") and Defendant Juniper Networks, Inc. ("Juniper"), hereby stipulate as follows:

WHEREAS, for purposes of this litigation only, Finjan admits that it must establish compliance with either the constructive or actual notice requirement of 35 U.S.C. § 287 in order to obtain damages from Cyphort or Juniper on each of the claims that will be addressed at the October 2019 trial;

WHEREAS, for purpose of this litigation only, Finjan does not intend to assert that it complied with the constructive notice requirements of 35 U.S.C. § 287, and instead intends to assert that it complied with the actual notice requirements of 35 U.S.C. § 287;

WHEREAS, for purposes of this litigation only, the parties agree that the damages period for Juniper or Cyphort's alleged infringement for each of the claims that will be addressed at the October 2019 trial shall begin on the date that Finjan can establish that it provided Juniper or Cyphort with actual notice under § 287(a);

NOW, THEREFORE, by and through their respective counsel of record, the parties hereby stipulate and agree as follows:

- For purposes of this litigation only, the damages period for Juniper's alleged infringement shall begin on the date that Finjan can establish it provided Juniper with actual notice under § 287(a).  If Finjan is unable to establish that it provided Juniper with actual notice under § 287(a) before patent expiration, Finjan will not be entitled to damages for that patent.

- For purposes of this litigation only, the damages period for Cyphort's alleged infringement shall begin on the date that Finjan can establish it provided Cyphort with actual notice under § 287(a).  If Finjan is unable to establish that it provided Cyphort with actual notice under § 287(a) before patent expiration, Finjan will not be entitled to damages for that patent.

1 **IT IS SO STIPULATED.**

2 Dated: July 12, 2019          KRAMER LEVIN NAFTALIS & FRANKEL LLP

3                               By:    */s/ Lisa Kobialka*
                                       Lisa Kobialka
4                                      *Attorneys for Plaintiff*
                                       FINJAN, INC.
5

6 Dated: July 12, 2019          IRELL & MANELLA LLP

7                               By:    */s/ Rebecca Carson*
                                       Rebecca Carson
8                                      *Attorneys for Defendant*
                                       JUNIPER NETWORKS, INC.
9

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties, it is hereby ORDERED that, for purposes of this litigation only, no damages shall be recovered by Finjan except on proof that Finjan satisfied the actual notice requirements of § 287(a) before patent expiration, in which event damages may be recovered only for infringement occurring after such notice.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 16, 2019.

_____
Hon. William H. Alsup
United States District Court Judge