# Exhibit 2

# IRELL & MANELLA
## LLP

# Alan J. Heinrich
Partner

1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
t: +1.310.203.7958 | f: +1.310.203.7199 | aheinrich@irell.com

## Practice Areas

- Appellate
- Intellectual Property Litigation
- Litigation
- Patent Office Trials

## Education

- Loyola Law School (J.D., 2000), summa cum laude; Valedictorian
- State University of New York at Buffalo (Ph.D., 1996)
- Washington and Lee University (B.A., 1990), magna cum laude; Phi Beta Kappa

## Admissions

- California, 2001
- U.S. Court of Appeals for the Federal Circuit
- U.S. District Court for the Central and Northern Districts of California
- U.S. Court of Appeals for the Ninth Circuit

## Clerkships

- Hon. Diarmuid F. O'Scannlain, U.S. Court of Appeals for the Ninth Circuit

Alan Heinrich's practice focuses on intellectual property litigation. He has extensive experience litigating patents in the fields of biotechnology, medical devices and high tech. He has been a member of trial teams that have obtained multi-hundred million-dollar judgments on behalf of patent owners and have also successfully defended against multi-hundred million-dollar damages claims on behalf of accused infringers.

Alan previously served on Irell & Manella LLP's Executive Committee and as chair of the firm's Hiring Committee. He is an adjunct faculty member at the University of California, Los Angeles, where he teaches Patent Intensive, an advanced patent law seminar, and has also taught Patent Law and Federal Courts at Loyola Law School.

## Experience

- *Koninklijke Philips N.V. et al. v. ZOLL Medical Corp. (D. Mass.)*. Represented ZOLL Medical Corp. in a patent infringement lawsuit brought by its competitor Philips relating to external defibrillator technology. Irell took over the case from other counsel in 2014 after a loss at the liability phase. Philips initially sought over $900 million in damages. After Irell succeeded in knocking out some claims on appeal of the liability judgment, Philips reduced its damages claim to $217 million. In August 2017, after a seven-day jury trial, the jury returned a verdict in which it rejected Philips's claim for lost profits damages, found that ZOLL did not willfully infringe and awarded Philips a net of $7.1 million in damages, less than four percent of Philips's claimed damages.

- *Kite Pharma v. Sloan Kettering Institute for Cancer Research (PTAB)*. Represented Sloan Kettering Institute for Cancer Research, an affiliate of Memorial Sloan Kettering Cancer Center, and its exclusive licensee, Juno Therapeutics, a clinical-stage biotechnology company developing cellular immunotherapies for the treatment of cancer, in an inter partes review (IPR) proceeding before the Patent Trial and Appeal Board (PTAB). Juno's competitor Kite sought to invalidate all claims of U.S. Patent No. 7,446,190, which covers, among other things, a construct for a chimeric T cell receptor that includes a specific CD28 co-stimulatory domain and targets the

Page 1

IRELL & MANELLA
LLP

# Alan J. Heinrich

- antigen CD-19 for the treatment of B cell cancers, such as leukemia and lymphomas. The PTAB upheld the validity of all claims of the patent in a final written decision, which the Federal Circuit summarily affirmed in June 2018.
- *Alnylam Pharmaceuticals, et al. v. Whitehead Institute for Biomedical Research, et al (D. Mass.).* Represented Alnylam and the Max Planck Institute in a complex patent dispute concerning rights to fundamental technology covered in two families of patent applications in the field of RNA interference (gene silencing). The case was successfully resolved on favorable terms through a creative settlement that used co-ownership rights and other cooperative mechanisms to overcome U.S. Patent and Trademark Office (USPTO) rejections in both patent application families, leading to a robust estate of issued patents.
- *University of Utah v. Alnylam Pharmaceuticals, et al. (D. Mass.).* Represented Alnylam, Max Planck Institute, Whitehead and Massachusetts Institute of Technology in a dispute over inventorship rights to fundamental patents in the RNA interference (gene silencing) field co-owned by the defendants. In this case, Irell represented all of the parties involved in the lawsuit listed above, including parties who were adverse to Alnylam and Max Planck Institute in that lawsuit. The district court granted summary judgment against the University of Utah and in favor of the defendants on all claims. University of Utah did not appeal the district court's ruling.
- *University of Pennsylvania, et al. vs. St. Jude Children's Research Hospital, et al. (E.D. Pa.).* Represented Juno Therapeutics in a lawsuit against the University of Pennsylvania and Novartis Corporation. The lawsuit involved patent and contract claims concerning a novel cancer immunotherapy treatment developed by St. Jude Children's Research Hospital and exclusively licensed to Juno. The treatment uses a "chimeric antigen receptor" that re-programs a patient's own immune cells to identify and destroy cancerous B cells to treat diseases such as leukemia and lymphoma. The case settled favorably after several years of litigation, with Juno receiving upfront and milestone payments from Novartis as well as ongoing royalties.
- *Wisconsin Alumni Research Foundation v. Intel Corp. (W.D. Wis.).* Represented WARF in litigation against Intel. WARF alleged that Intel's flagship Core Microarchitecture infringed a patent that arose from research at the University of Wisconsin, Madison. Three days before trial, Intel and WARF settled the case for a $110 million payment to WARF.
- *St. Jude Medical v. Access Closure, Inc. (W.D. Ark.).* Represented St. Jude Medical in a patent case alleging infringement of St. Jude's patents relating to vascular closure devices. In December 2010, the jury returned a verdict of willful patent infringement and awarded St. Jude $27.1 million in damages, reportedly the largest jury verdict in any area of law in the U.S. District Court for the Western District of Arkansas. The Federal Circuit affirmed the damages judgment on appeal.
- *Unwired Planet (f/k/a Openwave Systems) v. BlackBerry (ITC and D. Del.).* Represented BlackBerry in patent litigation regarding mobile internet technology. Unwired Planet initially instituted proceedings in the U.S. International Trade Commission (ITC) against Blackberry. Unwired Planet stipulated to noninfringement and withdrew its complaint on the eve of trial, after the ITC issued a claim construction order under which Unwired Planet admitted that there was no infringement. In subsequent proceedings in the U.S. District Court for the District of Delaware, the district court entered the identical claim construction, and Unwired Planet again stipulated to judgment of noninfringement. The Federal Circuit affirmed the district court's judgment of noninfringement.
- Represented BlackBerry on intellectual property issues in connection with its $777 million investment in a consortium that acquired a substantial majority of the former Nortel Networks patent portfolio for $4.5 billion. The

# Alan J. Heinrich

- portfolio consisted of approximately 4,000 patent assets related to a broad array of networking, communications and internet technologies. The deal was one of the largest public sales of intellectual property assets in history and was the recipient of the 2012 *International Financial Law Review* "M&A Deal of the Year Award."
- *Immersion Corp. v. Sony Computer Entertainment (N.D. Cal.).* Represented Immersion Corporation, a leading developer of "haptic" technologies that allow people to interact with computers using their sense of touch, in a patent infringement lawsuit alleging that various PlayStation game products infringe two Immersion patents relating to computer-controlled vibrotactile technologies. In September 2004, after a five-week trial, the jury returned a verdict in favor of Immersion, finding all asserted patent claims valid and infringed and awarding $82 million in damages. In February 2007, after Immersion prevailed in a series of post-trial proceedings, Sony paid Immersion more than $150 million, which included Sony's satisfaction in full of the judgment, as well as payment of interest, compulsory license fee and future royalties. Also represented Immersion in patent litigation against Microsoft Corporation, which settled in July 2003.
- *Peer Communications v. eBay and Skype (E.D. Tex.).* Represented defendants eBay and Skype in a patent infringement suit related to internet communications, including what is known as VoIP (voice over internet protocol). The plaintiff was a subsidiary of Acacia Research Corp. After claim construction, the district court entered judgment for eBay and Skype based on patent invalidity and dismissed the case with prejudice. The judgment was affirmed by the Federal Circuit.
- *Net2Phone v. eBay and Skype (D.N.J.); eBay v. IDT and Net2Phone (W.D. Ark.).* Represented eBay and Skype in several patent infringement lawsuits related to internet communications, including VoIP (voice over internet protocol) and calling card technology. Net2Phone first filed suit in New Jersey. eBay subsequently filed suit in Arkansas against Net2Phone and its parent IDT. Although filed two years later, eBay's case in Arkansas was scheduled for trial well before Net2Phone's case in New Jersey. Both cases settled successfully shortly before trial.
- *Avago Technologies Ltd. v. PixArt Imaging, Inc. (N.D. Cal.).* Represented Avago Technologies in a patent infringement case involving optical navigation technology for optical computer mouse applications. The accused products were PixArt's CMOS optical mouse sensors. The case settled successfully for Avago, with PixArt agreeing to take a worldwide license to certain Avago intellectual property.

## Honors & Awards

- Selected to the Southern California Super Lawyers list in the area of intellectual property litigation (2013-2020)
- Selected to the Southern California Rising Stars list in the area of intellectual property litigation (2006-2011)

## Publications

- "The Myriad Reasons to Hit 'Reset' on Patent-Eligibility Jurisprudence," 47 *Loyola of Los Angeles Law Review* 117 (2013)