# Exhibit 4

# IRELL & MANELLA
### LLP



# Ingrid Petersen
Associate

840 Newport Center Drive
Suite 400
Newport Beach, CA 92660-6324
t: +1.949.760.5122 | f: +1.949.717.6359 | ipetersen@irell.com

## Practice Areas

Intellectual Property Litigation

Litigation

## Education

University of California, Irvine School of Law (J.D., 2016), summa cum laude; Research editor, *UC Irvine Law Review*; Faculty Award (highest performance in a course); Dean's Award (second highest performance in a course)

University of California, Irvine (B.A., Political Science and Drama, 2012) magna cum laude and cum laude, respectively; Phi Beta Kappa; School of Social Sciences Order of Merit Recognition; Department of Political Science Honors Program

## Admissions

California

U.S. District Court for the Northern District of California

## Clerkships

Hon. Karen Nelson Moore, U.S. Court of Appeals for the Sixth Circuit

Hon. James V. Selna, U.S.

Ingrid Petersen's practice focuses on intellectual property litigation, with an emphasis on high-stakes patent infringement suits involving complex technology and biotech disputes.

Before joining Irell, Ingrid clerked for the Hon. Karen Nelson Moore of the U.S. Court of Appeals for the Sixth Circuit and for the Hon. James V. Selna of the U.S. District Court for the Central District of California.

During law school at University of California, Irvine School of Law, Ingrid was a research editor for the *UC Irvine Law Review*, and she received the Faculty Award (highest performance in a course) for her work in Constitutional Analysis, Evidence, and Advanced Domestic Violence Clinic. She also earned the Dean's Award (second highest performance in a course) for her work in Employment Discrimination, Torts, International Legal Analysis, Criminal Procedure, and Domestic Violence Clinic.

## Experience

- *Juno Therapeutics, Inc. et al. v. Kite Pharma, Inc. (C.D. Cal.).* Served as part of the team that scored a $752 million jury award for Sloan Kettering Institute for Cancer Research and Juno Therapeutics in a patent suit against Kite Pharma. The jury also found that Kite willfully infringed the patent for cancer immunotherapy. The court subsequently enhanced the award to $1.2 billion.

- *Optis Wireless Technology LLC et al. v. Apple Inc.(E.D. Tex.).* Served as part of the team that secured a $506.2 million jury verdict for PanOptis in a patent trial against Apple involving 4G LTE technology. The jury found Apple infringed claims of the five patents at issue, determined all asserted claims were valid, and found Apple's infringement was willful. The case was the first in-person patent jury trial in the nation since the pandemic began.

- *Continental Automotive Systems Inc. v. Avanci LLC et al. (N.D. Tex.).* Representing PanOptis, served as part of the team that persuaded a judge to dismiss with prejudice an antitrust and unfair competition suit filed by Continental Automotive Systems involving licensing practices for patents covering cellular technology.

Page 1

# IRELL & MANELLA
LLP

# Ingrid Petersen

District Court for the
Central District of California

- *Finjan Inc. v. Juniper Networks, Inc. (N.D. Cal.).* Successfully defended Juniper against a patent infringement lawsuit, convincing a jury in the U.S. District Court for the Northern District of California that Juniper did not infringe a malware detection patent held by Finjan Inc. Finjan asserted seven computer security patents against Juniper. The judge ordered each party to select the patent claim it felt was the strongest and move for early summary judgment on that claim in a proceeding the judge called a "Patent Showdown." Juniper prevailed on summary judgment for the claim it selected, and defeated Finjan's summary judgment motion – setting up the trial on what Finjan had selected as its strongest claim. During the trial, Irell persuaded the court that Finjan, which sought $60 million in damages, had not presented sufficient evidence to support a damages claim. The eight-member jury also delivered a unanimous finding of non-infringement for Juniper. After the trial, the judge ordered a second round of the "Patent Showdown." Once again, Juniper obtained summary judgment on the claim it selected. Not only did Juniper defeat Finjan's motion, but it also convinced the court to enter summary judgment in Juniper's favor on that claim. Shortly after the ruling, Finjan voluntarily dismissed its remaining claims against Juniper. The Federal Circuit issued a summary affirmance on appeal.

## Honors & Awards

- Recognized on the list of Best Lawyers: Ones to Watch (2021)

Page 2