Juanita R. Brooks (CA SBN 75934), brooks@fr.com
Frank J. Albert (CA SBN 247741), albert@fr.com
Oliver J. Richards (CA SBN 310972), ojr@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Robert Courtney (CA SBN 248392), courtney@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
Tel: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff, FINJAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| FINJAN, INC., | Case No. 3:17-cv-05659-WHA |
|---|---|
| Plaintiff, | FINJAN, INC.'S MOTION TO SEAL DAUBERT ORDER |
| v. | Date: February 18, 2021 |
| JUNIPER NETWORKS, INC., | Time: 8:00 a.m., Telephonic Hearing |
| | U.S. District Judge William H. Alsup |
| Defendant. | Courtroom 12 |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on February 18, 2021, at 8:00 a.m. or as soon thereafter as counsel may be heard by the Honorable William H. Alsup via telephonic conference, Plaintiff Finjan, LLC will and hereby does move for an order sealing twelve lines of the Court's December 3, 2018 order on *Daubert* motions (Dkt. 283).

## STATEMENT OF RELIEF BEING SOUGHT

Finjan seeks to seal twelve lines of the *Daubert* order so as to prevent publication of sealable information therein, in accordance with Civil Local Rule 79-5. Apart from these lines, Finjan has no objection to the order's publication, and a suitably redacted version is submitted herewith.

## INTRODUCTION

Twelve lines of the *Daubert* order contain sealable confidential information of Finjan. Specifically, there exists good cause to seal the following material:

| Identification of Documents or Portions of Document to be Sealed | Portion of Document to Be Sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| Order on *Daubert* Motions (Dkt. 283) | Page 9, lines 8–14<br><br>Page 10, line 7 | Finjan | The portions sought to be sealed contain confidential license terms and contents of confidential license-related correspondence between Finjan and non-party licensees. Public disclosure of this information would case harm to Finjan. (*See* Declaration of Robert Courtney ¶ 3; Declaration of Julie Mar-Spinola ¶¶ 2–3.) |

The material identified above comprises Finjan's confidential business information and is sealable, as described in more detail below, and in the accompanying Declaration of Robert Courtney and Declaration of Julie Mar-Spinola (attached as Exhibit B to the Courtney Declaration).

**ARGUMENT**

In the Ninth Circuit, district courts decide whether to seal court records based on balancing the interest of the party seeking to seal against the public's interest in open access to court proceedings. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Courts in the Ninth Circuit, including in this District, frequently seal confidential details relating to licensing (e.g., confidential license terms, confidential correspondence relating to licensing) upon demonstration that disclosure of the material would enact a significant competitive harm on the licensing parties, while conferring little benefit to the public. *See, e.g.*, *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 3283478, at *7 (N.D. Cal. Aug. 9, 2012). The Court may seal documents and information in a non-dispositive motion where a party demonstrates that "good cause" exists. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A request to seal material "must be narrowly tailored to seek sealing only of sealable material." L.R. 79-5(b).

Good cause exists to seal the identified information. The information sought to be sealed relates to confidential license terms and license negotiations between Finjan and its third-party licensees. Publication of this information would enact a significant competitive harm on Finjan of at least two types. First, it would diminish future potential licensees' willingness to enter into private negotiation with Finjan due to uncertainty about the long-term confidentiality of such negotiations. Second, it would give future potential licensees insight into Finjan's confidential licensing strategies and objectives that potential licensees would not otherwise have, and without giving Finjan complementary insight into the licensees' strategies or objectives. *See generally* Declaration of Robert Courtney; Declaration of Julie Mar-Spinola. Finjan marked this information as confidential under the protective order, and now respectfully seeks to seal this information as it appears in the *Daubert* order.

The public has minimal interest in gaining access to the confidential license terms and

negotiation correspondence addressed by the twelve lines of the *Daubert* order Finjan seeks to seal. Finjan makes information about its licensing program available to the public in a variety of ways, including on its web site finjan.com, and via SEC filings and investor presentations. Finjan is aware of no actual interest by the general public in the confidential details of Finjan's past licenses and past license negotiations. As such, Finjan respectfully proposes that the interests supporting sealing—the business interests of Finjan and its third-party licensees—outweigh the public's interest in access as to the twelve lines that Finjan seeks to seal. Indeed, prior orders in this District have specifically recognized that confidential licensing information similar to this is sealable. *Apple*, 2012 WL 3283478, at *7. Additionally. Finjan's request is narrowly tailored to seal only confidential information for which good cause to seal exists.

Pursuant to Civil Local Rule 79-5, Finjan has filed a version of the *Daubert* order with sealable information redacted on the public record, attached to this motion, along with an unredacted copy of the order indicating the requested redactions. Pursuant to Civil Local Rule 7-11(a), Finjan certifies that the parties have met and conferred, and Juniper does not oppose the requested relief, but was unable to execute a stipulation as to the sealability of the material at issue. Courtney Decl. ¶ 5.

## **CONCLUSION**

For the reasons set forth above, Finjan respectfully moves that the Court grant Finjan's motion and seal the lines of the *Daubert* order discussed herein.

Dated: January 7, 2021                   Respectfully Submitted,

By:  /s/ *Juanita R. Brooks*
Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Frank J. Albert (CA SBN 247741) albert@fr.com
Oliver J. Richards (CA SBN 310972) ojr@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

1 Robert Courtney (CA SBN 248392), courtney@fr.com
FISH & RICHARDSON P.C.
2 60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
3 Tel: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff FINJAN, INC.