UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

      Plaintiff,

v.

JUNIPER NETWORK, INC., et al.,

      Defendants.

No. C 17-5659 WHA

**ORDER DENYING MOTION TO SEAL DAUBERT ORDER**

A *Daubert* order on the eve of a patent-infringement trial in December 2018 excluded patent owner's damages expert for reliance on a belated infringement theory but rejected the challenge to defendants' counter expert (Dkt. No. 283). A companion order denied Finjan's request to seal references to its patent valuation and licensing activity in the latter half of that order (Dkt. No. 284). The Court of Appeals for the Federal Circuit vacated and remanded the order for more particularized findings, specifically a conscientious balancing of the interests of Finjan and its third-party negotiation partners against the public interest in disclosure. 826 Fed. App'x 928 (Fed. Cir. 2020). Finjan moves anew to seal the material. The third parties have waived their interests, and Juniper has abandoned the Court to evaluate the matter alone.

The material will be disclosed. To begin, Finjan mistakenly cites *Center for Auto Safety v. Chrysler Group, LLC* for the proposition that the "nondispositive" *Daubert* order might be sealed merely for good, as opposed to compelling, cause. Not so. Were Finjan to read further along it would have seen that our court of appeals explicitly rejected a mechanical

"dispositive" versus "nondispositive" distinction in deciding what level of scrutiny to impose on sealing requests. Rather, the boundary between requiring compelling or good cause is "whether the motion is more than tangentially related to the merits of a case." Our court of appeals specifically noted *Daubert* orders as "technically nondispositive" matters which nonetheless "significantly affect the disposition of the issues in the case." Indeed, the present *Daubert* order on damages experts presaged Finjan's ultimate failure on damages at trial (Dkt. No. 393 at 6–8). Compelling reasons, which outweigh the public interest in disclosure, will be required to seal the material at issue here. 809 F.3d 1092, 1096–1101 (9th Cir. 2016).

Finjan asserts that disclosure of its patent valuation and licensing negotiations will compromise its leverage in future negotiations and dissuade future negotiants wary of confidentiality concerns. Aside from the fact that no third-party has appeared to assert any confidentiality interest, despite ample opportunity to do so, and even accepting that disclosure may hamper future patent-licensing negotiations, Finjan has little (if any) right to bury its patent-assertion activities from public scrutiny. As the undersigned recently explained:

> The United States Supreme Court "has long recognized that the grant of a patent is a matte[r] involving public rights." A patent is not a private agreement between private parties. Rather, as a creature of statute, *the national government grants* the patent in derogation of the usual free flow of goods and ideas.
>
> \*      \*      \*
>
> Because [a patentee's] rights flow directly from this government-conferred power to exclude, the public in turn has a strong interest in knowing the full extent of the terms and conditions involved in [the patentee's] exercise of its patent rights and in seeing the extent to which [the patentee's] exercise of the government grant affects commerce.
>
> \*      \*      \*
>
> The impact of a patent on commerce is an important consideration of public interest. One consideration is the issue of marking by licensees. Another is recognition of the validity (or not) of the inventions. Another is in setting a reasonable royalty. In the latter context, patent holders tend to demand in litigation a vastly bloated figure in "reasonably royalties" compared to what they have earned in actual licenses of the same or comparable patents. There is a public need to police this litigation gimmick via more public access. *We should never forget that every license has force and*

> *effect only because, in the first place, a patent constitutes a public grant of exclusive rights.*

*Uniloc USA, Inc. v. Apple, Inc.*, No. C 18-00358 WHA, 2020 WL 7626518, at *1–2 (N.D. Cal. Dec. 22, 2020) (citations omitted).

Finjan offers no compelling interest that outweighs the public's own *compelling* interest in disclosure. The motion is **DENIED**. This order shall be stayed until 28 days after all appeals of this order are exhausted. The parties shall please advise the Court when this period has run and remind the Court to effect the unsealing.

**IT IS SO ORDERED.**

Dated: February 10, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE