Juanita R. Brooks (CA SBN 75934), brooks@fr.com
Frank J. Albert (CA SBN 247741), albert@fr.com
Oliver J. Richards (CA SBN 310972), ojr@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Robert Courtney (CA SBN 248392), courtney@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
Tel: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff, FINJAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., | Case No. 3:17-cv-05659-WHA |
| Plaintiff, | **FINJAN'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION ON FEES** |
| v. | |
| JUNIPER NETWORKS, INC., | U.S. District Judge William H. Alsup |
| Defendant. | Courtroom 12 |

## TABLE OF CONTENTS

Page(s)

FACTUAL BACKGROUND .................................................................................................. 1

LEGAL STANDARDS........................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

    I.     *Goodyear* and *Rembrandt* Do Not Permit "All Fees" Awards
          Absent a Determination of Exceptionality as of the Filing of the
          Complaint, and the Special Master's Recommended Award of
          Fees Accrued Since the Complaint Should Be Set Aside ..................................... 4

    II.    *Goodyear* and *Rembrandt* Do Not Permit Recovery of Fees That
          Would Have Been Incurred Regardless of the Exceptional
          Conduct, and the Special Master's Recommended Award of
          Unrelated Fees Should Be Set Aside ................................................................... 7

          A.    As to the '494 Patent, There is No Causal Connection
               Between Finjan's Damages Case and Case Proceedings
               on Liability ................................................................................... 7

          B.    As to the '780 Patent, There is No Causal Connection
               Between the Conduct Held Exceptional and Finjan's
               Liability Case Against "ATP Appliance" ................................... 9

CONCLUSION ....................................................................................................................... 9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Chambers v. NASCO,*
    501 U.S. 32 (1991) ................................................................................................ 4

*Goodyear Tire & Rubber Co. v. Haeger,*
    137 S. Ct. 1178 (2017) ............................................................ 3, 4, 5, 6, 7, 9

*Large Audience Display Sys., LLC v. Tennman Prods., LLC,*
    745 F. App'x 153 (Fed. Cir. 2018) ................................................................ 5

*Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.,*
    895 F.2d 1403 (Fed. Cir. 1990) ...................................................................... 8

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.,*
    726 F.3d 1359 (Fed. Cir. 2013) ................................................................ 3, 5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
    572 U.S. 545 (2014) ........................................................................................ 3

*In re PersonalWeb Techs., LLC Patent Litig.,*
    No. 18-md-02834-BLF, 2021 WL 796356 (N.D. Cal. Mar. 2, 2021) ...................... 5

*In re Rembrandt Techs. LP Patent Litig.,*
    899 F.3d 1254 (Fed. Cir. 2018) ............................................................ 3, 4, 5, 6, 7, 9

*SAP Am., Inc. v. Insvestpic, LLC,*
    No. 3:16-cv-02689-K, 2018 WL 6329690 (N.D. Tex. Dec. 4, 2018) .................... 5

*Straight Path IP Group v. Cisco Systems, Inc.,*
    411 F. Supp. 3d 1026 (N.D. Cal. 2019) ........................................................ 6

*Straight Path IP Grp. v. Cisco Sys., Inc.,*
    No. C 16-03463 WHA, 2020 WL 2539002 (N.D. Cal. May 19, 2020) .................... 6

**Statutes**

Patent Act Section 285 ................................................................ 1, 2, 3, 5, 6, 7, 8, 9

The Special Master's report (D.I. 658) does not conform to controlling authority for § 285 fee-shifting.  The report reasons, erroneously, that Juniper is entitled to receive nearly all attorney fees incurred in opposing Finjan's infringement claims under the '494 and '780 Patents, from the day of the Complaint until final disposition.  That reasoning contravenes long-settled law.  § 285 does not permit such sweeping fee-shifting except in extraordinary circumstances not present here.  Any fee award in this case should restore only those fees incurred to address the specific parts of the litigation held to have been exceptional.  § 285 does not authorize a windfall of all fees relating to the '494 and '780 Patents; rather, it permits recovery of only those fees related to the conduct held to have been exceptional.  For these reasons, and as set forth below, Finjan respectfully requests that the Court set aside the Special Master's overly broad recommendation and remand for recomputation of those fees particularly related to the conduct held exceptional.

## FACTUAL BACKGROUND

The Complaint in this case was filed September 29, 2017.  (D.I. 1)  The case evolved into a seven-patent dispute with a high-speed schedule.  (*See generally* D.I. 170-4 (final asserted patents); D.I. 35 ¶¶ 4, 14 (setting rapid discovery and trial schedule))  This was also a "patent showdown."  (D.I. 44, at 7:4)  The Court ordered two rounds of single-claim summary judgment motions, both during fact discovery.  (D.I. 35 ¶ 11; D.I. 219)  Proceedings during and after those "showdowns" formed the basis of the § 285 determination at issue here.

**First showdown, concluding August 2018.**  The June showdown involved the '494 and '780 Patents, and had a split result.  On Juniper's motion, the Court entered summary judgment that Juniper's "SRX Gateway" and "Sky ATP" products did not infringe claim 1 of the '780 Patent.  (D.I. 177)  In doing so, the Court made claim construction determinations that it acknowledged differed from those by another judge in this District.  (*Id.* at 7–8; *see also* D.I. 648, at 4)  As to Finjan's motion, the Court substantially granted it, entering summary judgment that Juniper infringed all limitations of '494 claim 10 save one.  (D.I. 185)  The Court set trial for December 2018 to address the remaining '494 claim limitation and '494 damages.  (D.I. 191) Thus, as to the '494 Patent, Finjan and Juniper in pre-trial preparations before the close of fact discovery.

FINJAN'S OBJS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION ON FEES

1  **The '494 trial in December 2018.**  A week before trial began, the Court excluded all '494

2  damages opinions of Kevin Arst, Finjan's expert (D.I. 283), but permitted Finjan to present a fact-

3  only damages case to the jury (D.I. 335 at 12–13).  After the close of Finjan's presentation, the

4  Court held that that Finjan's presentation failed to meet apportionment requirements and entered

5  JMOL of zero damages.  (D.I. 330-1; *see also* D.I. 338 at 638–39; D.I. 339 at 837–39)  The

6  liability trial continued, and the jury returned a verdict of no infringement.  (D.I. 333)  After the

7  Court denied Finjan's post-trial motions, proceedings on the '494 patent ended.

8  **Second showdown, concluding May 2019.**  In the second showdown, Juniper moved

9  again on the '780 Patent, addressing claims and products that had survived the first showdown.

10  The Court granted Juniper's motion, as follows:

| Claim | Accused Product | Ruling |
|---|---|---|
| **'780 claim 9** | SRX Gateway | No infringement |
|  | Sky ATP | No infringement |
|  | ATP Appliance | No damages (infringement held moot) |

14  (D.I. 459, at 18)  Finjan's submission in the second showdown concerned the '154 Patent, not at

15  issue here.  After '154 proceedings concluded with summary judgment of no infringement, Finjan

16  voluntarily dismissed its remaining claims.

18  **Fees order of January 2021.**  Finjan appealed; the Federal Circuit affirmed.  On a motion

19  by Juniper, the Court determined that parts of the case were exceptional under § 285.  It found

20  Finjan's assertion of the '494 Patent exceptional "in certain respects."  (D.I. 648 at 1 ["the § 285

21  Order"]).  It held Finjan's '494 damages case—e.g., its expert's opinions (ultimately excluded)

22  and its attempt to put on a "fact-only" trial presentation—a "fiasco" and "woefully inadequate."

23  The § 285 Order did not find or discuss exceptionality for the liability case, except to note that the

24  jury had rejected the merits of Finjan's '494 infringement claim.  (*Id.* at 3)  As to the '780 Patent,

25  the Court held that Finjan should have dropped the patent after the first showdown rather than

26  requiring further motion practice on liability or damages.  (*Id.* at 3–4)  In view of these

27  exceptionality determinations, the Court held fee-shifting appropriate as to the '494 and '780

28  Patents, and referred the issue of computing fees to the Special Master.  (*Id.* at 4–5; D.I. 654)

**Special Master's report.**  The Special Master took the view that Juniper was entitled to all fees incurred in its entire defense on the '494 and '780 Patents, and not only those fees specifically related to the conduct identified by the § 285 Order.  (D.I. 658 at 3–4)  Thus the Special Master's report recommended an award of $5,914,156 in fees, which covered work from the date of the Complaint up until final disposition of the '494 and '780 Patents.  (*Id.* at 1)

## LEGAL STANDARDS

Section 285 of the Patent Act authorizes district courts to award attorney fees in exceptional patent cases.  35 U.S.C. § 285.  District courts assess § 285 exceptionality on a totality of the circumstances.  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  A case is exceptional if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Id.*  Upon finding exceptionality, a district court makes a discretionary determination as to the amount of attorney fees to be awarded.  *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1278 (Fed. Cir. 2018).

Courts' discretion in setting § 285 fee awards must reflect two principles.  First, "[a]ttorney fees under § 285 are compensatory, not punitive."  *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1278 (Fed. Cir. 2018).  A § 285 fee award "may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior."  *Id.* (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal quote marks omitted)).

Second, and relatedly, the amount of a fee award "must bear some relation to the extent of the misconduct."  *Rembrandt*, 899 F.3d at 1278.  "Even if [a party's] misconduct, taken as a whole, render[s] the case exceptional, . . . [there must be] at least some 'causal connection' between the misconduct and the fee award."  *Id.* at 1281 (quoting *Goodyear*, 137 S. Ct. at 1187).  Only in extraordinary circumstances does § 285 support sweeping fee awards, such as upon evidence of "extensive misconduct . . . compris[ing] an abusive pattern or a vexatious strategy that was pervasive enough to infect the entire litigation."  *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1369 (Fed. Cir. 2013).

FINJAN'S OBJS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION ON FEES

# ARGUMENT

Neither the record nor the law supports awarding Juniper all fees incurred in defense of Finjan's '494 and '780 infringement claims.  Because the Special Master's report erroneously assumes Juniper should receive all fees on those patents, the Court should set the report aside and remand to the Special Master for recomputation of only those fees specifically related to the conduct that the Court found exceptional.

## I. *Goodyear* and *Rembrandt* Do Not Permit "All Fees" Awards Absent a Determination of Exceptionality as of the Filing of the Complaint, and the Special Master's Recommended Award of Fees Accrued Since the Complaint Should Be Set Aside

The U.S. Supreme Court has made clear that fee awards must comport with the timing of the "sanctioned conduct."  *Goodyear*, 137 S. Ct. at 1187.  The Special Master's award of all fees for the '494 and '780 Patents contravenes that instruction.  There has been no determination of misconduct as of the date of the Complaint for either the '494 or '780 Patent, nor at any time prior to the Court's case-dooming orders in mid-to-late 2018.  The Special Master's award of fees incurred more than a year before those orders is therefore incorrect and should be set aside.

In extraordinary circumstances, a district court may shift "all of a party's fees . . . in one fell swoop."  *Id*.  But that is possible only where the record indicates, and the court finds, misconduct from the start.  *Id*. ("In exceptional cases, the but-for standard even permits a trial court to shift all of a party's fees, *from either the start or some midpoint of a suit*[.]" (emphasis added).)  Both *Goodyear* and *Rembrandt* give examples of the extraordinary, from-the-start misconduct that would warrant shifting of all fees from the complaint forward.  Review of those examples confirms that no such situation existed here.  *Goodyear* describes how in *Chambers v. NASCO*, 501 U.S. 32 (1991), "literally everything the defendant did—'his entire course of conduct' throughout and indeed preceding the litigation—was 'part of a sordid scheme' to defeat a valid claim."  *Goodyear*, 137 S. Ct. at 1187–88 (quoting *Chambers*, 501 U.S. at 51).  *Goodyear*'s second example is hypothetical: "[I]f a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may again make a blanket award."  *Id*. at 1188.  Neither of those circumstances resembles this case, as described below.

Case No. 3:17-cv-05659-WHA
FINJAN'S OBJS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION ON FEES

Similarly, *Rembrandt* describes how in *Monolithic Power*, both a district court and the Federal

Circuit "held 'that the party's rampant misconduct so severely affected every stage of the litigation

that a full award of attorney fees was proper.'"  *Rembrandt*, 899 F.3d at 1279 (quoting *Monolithic

Power*, 726 F.3d at 1369)).  Again, this case is far different.

Other courts implementing *Rembrandt* and *Goodyear* have consistently required that

awards reflect the conduct held exceptional.  A recent opinion from this District described how

*Goodyear* required that any fee award "exclude requested fees not directly traceable to . . . [the]

egregious conduct."  *In re PersonalWeb Techs., LLC Patent Litig.*, No. 18-md-02834-BLF, 2021

WL 796356, at *4 (N.D. Cal. Mar. 2, 2021).  Conversely, courts awarding all fees have

emphasized that *Rembrandt* requires a determination of exceptionality from the date of the

complaint.  *E.g.*, *Large Audience Display Sys., LLC v. Tennman Prods., LLC*, 745 F. App'x 153,

157–58 (Fed. Cir. 2018) (recounting misconduct from earliest days, infecting "every stage of the

litigation" (quoting *Rembrandt*, 899 F.3d at 1279)); *SAP Am., Inc. v. Insvestpic, LLC*, No. 3:16-cv-

02689-K, 2018 WL 6329690, at *3 (N.D. Tex. Dec. 4, 2018) (awarding all fees because subject-

matter eligibility defects were "readily apparent" pre-filing).

Nothing in the Court's § 285 Order determined that at the time of the September 2017

Complaint (D.I. 1), Finjan was enmeshed in a "sordid scheme" or "complete bad faith"

(contemplated by *Goodyear*), or "rampant misconduct" (contemplated by *Rembrandt*).  To the

contrary, the § 285 Order describes how the exceptionality determination rested on events about a

year after the Complaint, for both patents.

As to the '494 Patent, the Order primarily criticizes Finjan's trial approach to damages.[1]

(D.I. 1 at 2–3)  Nothing therein identifies, or even suggests, exceptional conduct dating back to the

filing of the Complaint.  The § 285 Order begins discussion of '494 exceptionality by describing

conduct "on the eve of trial" (i.e., December 2018), and how the *Daubert* order held Finjan's trial

plan improper, yet Finjan "pressed ahead."  (*Id.* at 3)  There is no discussion, anywhere, of

misconduct before that time, nor could any "causal connection" (*Rembrandt*, 899 F.3d at 1281)

---

[1] Finjan acknowledges that the § 285 Order is binding before this Court.  Finjan reserves its right
to seek appellate relief as to that Order's legal holdings and factual determinations.

1    exist between the damages issues cited in the § 285 Order and preceding events.  This is

2    particularly true in a "showdown" case like this, where the exceptionality was found within the

3    "showdown," and not in other case phases.  On such a record, the Special Master's

4    recommendation to award all fees on the '494 Patent dating back to the September 29, 2017

5    Complaint is irreconcilable with the Order, with *Goodyear*, and with *Rembrandt*.

6         A similar situation exists for the '780 Patent.  The § 285 Order reasons, "Finjan should

7    have dropped the '780 patent ***after*** that first round patent showdown[.]"  (D.I. 648 at 3 (emphasis

8    added))  On such reasoning, the Special Master's recommendation to award all fees on the '780

9    Patent dating back to the Complaint is improper.  The Court should also set the recommendation

10   aside as to the '780 Patent.

11        *Straight Path IP Group v. Cisco Systems, Inc.*, 411 F. Supp. 3d 1026 (N.D. Cal. 2019),

12   cited in the § 285 Order, is consistent.  As the Court knows, *Straight Path*'s dispositive issue was

13   claim interpretation, and the Court's interpretation reflected Straight Path's own statements to the

14   PTAB and the Federal Circuit.  *See* 411 F. Supp. 3d at 1029–30.  When considering

15   exceptionality, the Court focused on "Straight Path's duplicitous machinations in telling the

16   Federal Circuit one thing and telling this Court the opposite on a critical point[.]"  *Id.* at 1031.  It

17   described how "the patent owner saved its patents from invalidity by making clear-cut

18   representations to the Federal Circuit—representations that it cannot now disavow in order to

19   prove its infringement case[.]"  *Id.*  It was because Straight Path, from its complaint onward,

20   attempted "to escape the consequences of its own representations," *id.* at 1032, that the Court held

21   Straight Path's entire case "objectively baseless," *id.* at 1034–35.  This led to an award of

22   substantially all fees relating to claims having the problem limitation.  *See also Straight Path IP*

23   *Grp. v. Cisco Sys., Inc.*, No. C 16-03463 WHA, 2020 WL 2539002, at *3 (N.D. Cal. May 19,

24   2020) (describing award of "comprehensive fees").

25        This case is very different from *Straight Path*.  None of the Court's exceptionality

26   determinations pivot on determinations that Finjan was inconsistent between tribunals, nor any

27   other suggestion that Finjan was proceeding in bad faith at the time of its Complaint.  As to the

28   '494 Patent, the § 285 Order rests on case-specific disputes surrounding the damages case, which

issues were specific to this dispute and manifested shortly before trial.  As to the '780 Patent, the § 285 Order notes that the Court's first showdown order "disagreed with prior claim constructions from another esteemed judge in this district" as to the meaning of a crucial limitation.  (D.I. 648 at 4)  Again, there is no determination that Finjan did, or even could have, anticipated that development when filing its Complaint.

Because the Special Master's recommended award improperly covers fees for the '494 and '780 Patents reaching back to the Complaint, and because Supreme Court and Federal Circuit precedent do not permit such an award here, the Court should set the recommendation aside and remand for recomputation such that the proposed award encompasses no fees for the '494 Patent prior to December 3, 2018 (the date of the *Daubert* order), and no fees for the '780 Patent prior to August 9, 2018 (the date of the first showdown order).

## II.    *Goodyear* and *Rembrandt* Do Not Permit Recovery of Fees That Would Have Been Incurred Regardless of the Exceptional Conduct, and the Special Master's Recommended Award of Unrelated Fees Should Be Set Aside

*Goodyear* and *Rembrandt* also impose subject-matter limitations on § 285 fee awards. *Goodyear* applies a but-for test: "The court's fundamental job is to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct."  137 S. Ct. at 1187.  *Rembrandt* accords.  899 F.3d at 1280 ("[T]he district court was required to establish at least some causal connection between the misconduct and the fee award." (internal quote marks omitted)).  The Special Master's recommendation reflects neither.

### A.    As to the '494 Patent, There is No Causal Connection Between Finjan's Damages Case and Case Proceedings on Liability

The § 285 Order identifies Finjan's "damages fiasco" as the basis for the exceptionality determination on the '494 Patent.  (D.I. 648 at 2–3)  Though Juniper's motion on fees spent several pages urging exceptionality as to '494 liability, the § 285 Order takes up none of those arguments and makes no such determination.  (*Compare* D.I. 634 at 12–13 (urging exceptionality as to liability) *with* D.I. 648 at 2–3)

1     On such a record, there is no basis to award fees on the '494 Patent unconnected to the

2  damages issues.  To the extent Juniper contends that a case exceptional as to damages moots

3  liability, and so is exceptional in its entirety, such a contention would be wrong as a matter of law.

4  A failure of proof on damages, even an exceptional one, does not moot liability because proof of

5  liability is *per se* proof of damage.  *See Lindemann Maschinenfabrik GmbH v. Am. Hoist &*

6  *Derrick Co.*, 895 F.2d 1403, 1406–07 (Fed. Cir. 1990) ("In patent law, the fact of infringement

7  establishes the fact of damages because the patentee's right to exclude has been violated.").  In

8  other words, even if Finjan presented no damages evidence at all, it would still have had a legal

9  right to a reasonable royalty upon proving infringement.  *Apple Inc. v. Motorola, Inc.*, 757 F.3d

10  1286, 1326–30 (Fed. Cir. 2014) ("[A] finding that a royalty estimate may suffer from factual flaws

11  does not, by itself, support the legal conclusion that zero is a reasonable royalty.").

12     Here, the record indicates Finjan's '494 liability case, though ultimately unsuccessful, was

13  within typical patent litigation standards.  Indeed, the Court's '494 showdown order confirmed as

14  a matter of law that Juniper's accused products practiced all but one limitation of '494 claim 10.

15  (D.I. 185 at 16–17)  The remaining limitation, of course, went to trial and was hotly disputed, and

16  Juniper prevailed.  But as the Court noted, "Losing, in itself, does not make a case exceptional."

17  (D.I. 648 at 2)  If Finjan's '494 liability case was, on its own, unexceptional—as Finjan contends,

18  and as the § 285 Order indicates—then case expenses necessitated by the liability claims are non-

19  recoverable because they would have been incurred regardless of the damages issues.[2]

20     The Special Master's report fails to reflect these requirements of § 285 law.  The report

21  makes no division between the damages-only issues held exceptional by the Court, and the myriad

22  of non-damages-related fees sought by Juniper.  For example, the Special Master's

23  recommendation would shift fees as to the '494 Patent on non-damages issues such as

24  (1) discovery on '494 infringement issues, (2) discovery on '494 validity issues, (3)

25  correspondence and motion practice on pleadings, (4) case management issues such as protective

26

27  [2] The situation applies with even more force to Finjan's liability claims under the '494 Patent for
   Juniper's "ATP Appliance" accused product, which were not part of the December 2018 trial
28  and were never litigated to resolution at all before Finjan voluntarily dismissed them to
   prepare the case for appeal.  (D.I. 601 at 1 (Jt. Stip. Dismissal))

1    order negotiations, (5) pre-trial, trial, and post-trial practice on '494 liability issues, and

2    (6) Juniper's case planning and strategizing on '494 validity issues, amid others.  None of these

3    are recoverable under *Goodyear* and *Rembrandt* because none are connected to the damages issues

4    held exceptional for the '494 Patent.  The Court should set aside the Special Master's

5    recommendation and remand for recomputation as to the '494 Patent for this reason as well.

6         **B.     As to the '780 Patent, There is No Causal Connection Between the Conduct
              Held Exceptional and Finjan's Liability Case Against "ATP Appliance"**

7

8              The § 285 Order notes that the '780 first showdown order did not resolve every accused

9    product.  (D.I. 648 at 4)  Claims relating to Juniper's "ATP Appliance" product survived, due in

10   part to the timing of their entry into the case.  The Order found Finjan's damages case as to ATP

11   Appliance exceptional (due to notice issues), but neither that Order nor any of the Court's prior

12   orders addressed liability as to ATP Appliance.  As discussed *supra*, even assuming exceptionality

13   as to '780 damages, nothing in the record suggests that Finjan's liability case on ATP Appliance

14   was exceptional.  The Court should set aside the Special Master's recommendation on the '780

15   Patent and remand for recomputation.

16                                    **CONCLUSION**

17             For the reasons set forth herein, Finjan respectfully submits that the Court should set aside

18   the Special Master's report and recommendation and remand for recomputation of those fees for

19   which recovery is actually supported by the Court's exceptionality determinations.

20

21   Dated:  June 10, 2021                    Respectfully Submitted,

22
                                              By:  */s/ Robert Courtney*
23                                                  Juanita R. Brooks (CA SBN 75934) brooks@fr.com
                                                    Frank J. Albert (CA SBN 247741) albert@fr.com
24                                                  Oliver J. Richards (CA SBN 310972) ojr@fr.com
                                                    FISH & RICHARDSON P.C.
25                                                  12860 El Camino Real, Suite 400
                                                    San Diego, CA 92130
26                                                  Phone: (858) 678-5070 / Fax: (858) 678-5099

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robert Courtney (CA SBN 248392),
courtney@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
Tel: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff FINJAN, INC.

Case No. 3:17-cv-05659-WHA
FINJAN'S OBJS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION ON FEES