UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

      Plaintiff,

v.

JUNIPER NETWORK, INC., et al.,

      Defendants.

No. C 17-05659 WHA

**ORDER RE MOTION TO SEAL**

    Juniper Network, Inc. moves to seal three documents filed in conjunction with its objections to the special master's report and recommendation on fees (Dkt. No. 660).

    There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). To seal records in connection with a "dispositive" motion, or one "more than tangentially related to the merits of a case," requires "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure"; sealing records connected with non-dispositive motions requires a showing of good cause. *See ibid.* (quotations and citations omitted); *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). A classic example of a compelling reason is "business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir.

2016) (quotations and citations omitted). "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).

*First*, Exhibit D to the declaration of Jonathan S. Kagan in support of Juniper's request for fees and expenses contains redactions of personal home addresses for attorneys and experts involved in this litigation. This order finds these narrow redactions of private, personal information compelling, and the motion to seal excerpts of Exhibit D is accordingly **GRANTED**.

*Second*, pursuant to Civil Local Rule 79-5(e), Juniper conditionally filed under seal the entirety of Finjan's brief regarding Juniper's submission on fees and the declaration of Robert Courtney supporting Finjan's brief regarding Juniper's submission on fees. Finjan has not filed a declaration establishing that the designated material is sealable. Accordingly, the motion to seal as to Finjan's brief and the supporting Courtney declaration is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 7, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE